Aaron Greenspan (*Pro Se)*
956 Carolina Street
San Francisco, CA 94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

AARON GREENSPAN,

Plaintiff,

v.

OMAR QAZI, SMICK ENTERPRISES, INC., ELON MUSK, and TESLA, INC.,

Defendants.

Case No. 3:20-cv-03426-JD

**PLAINTIFF'S OPPOSITION TO DEFENDANT ELON MUSK AND TESLA, INC.'S MOTION TO SET BRIEFING SCHEDULE AND EXTEND PAGE LIMITS PURSUANT TO L.R. 6-3 AND 7-11**

Judge: Hon. James Donato
Complaint Filed: May 20, 2020

## I. INTRODUCTION

It is fitting that the very first motion filed by Defendants Tesla, Inc. and Elon Musk (collectively, the "Tesla Defendants") violates a Civil Local Rule[1] and contains a block of redacted text, because already the Tesla Defendants have attempted to mislead the Court by obscuring the full story. While Plaintiff is perfectly amenable to *part* of what the Tesla Defendants have proposed insofar as page limits are concerned, and while Plaintiff understands the value of judicial efficiency, counsel for the Tesla Defendants attempted to link a variety of separate issues in one package deal while refusing to communicate in a timely or reliable manner, as explained below. Now, some of the issues raised are already moot.

[1] The Tesla Defendants' motion does not contain a Certificate of Service in violation of Civil Local Rule 5-5(a). Defendants Qazi and Smick Enterprises, Inc. are not registered for CM/ECF.

## II. FACTUAL BACKGROUND

The initial Complaint in this case was filed on May 20, 2020. Plaintiff requested that the Tesla Defendants waive service on May 21, 2020, but received no response after 20 days. On June 10, 2020, Plaintiff engaged KMS Process Servers ("KMS") in Los Angeles, California to serve Defendant Tesla, Inc. ("Tesla") and properly provided the specific Summons directed at Tesla to KMS via e-mail. On June 12, 2020, pursuant to Federal Rule of Civil Procedure 4(h)(1)(B), KMS's process server Isaura Flores-Betancourt served CT Corporation, Defendant Tesla's registered agent in Los Angeles, in person. The same day, CT Corporation attempted to scan the papers it had received on Defendant Tesla's behalf and sent an e-mail transmission containing an Adobe Acrobat PDF file generated by its scanner to legal@teslamotors.com. On June 19, 2020, KMS provided its proof of service documents to Plaintiff and Plaintiff filed those documents with the Court. ECF No. 12. Five days later, on June 24, 2020, Candace Jackman, counsel for the Tesla Defendants, e-mailed Plaintiff stating, "you have not effectuated service on Tesla, and your certificate of service is improper" allegedly because "the summons that you served on Tesla's registered agent was not directed to Tesla, but rather, to certain of Tesla's co-defendants." Ms. Jackman also demanded that Plaintiff "withdraw [the] certificate of service as to Tesla (Dkt. No. 12)." She provided no contact information aside from her e-mail address.

Plaintiff responded to Ms. Jackman via e-mail approximately one hour later pointing out that the proper Summons had been provided to KMS and that she had offered no evidence that service was improper. Ms. Jackman offered no response. At 5:30 P.M., Plaintiff e-mailed Ms. Jackman again pointing out that, "It is now 5:30 P.M. and I have not heard from you in light of my prior response. I will take this to mean that Tesla concedes that it was properly served on June 12, 2020 and will be responding to the Complaint accordingly." Again, Ms. Jackman offered no immediate response.

Six days later, on June 30, 2020, Ms. Jackman finally responded, claiming that Plaintiff's e-mail had been "team blocked" by "Tesla's information security team," even after Plaintiff had sent Tesla a formal Notice of Intent to Sue and Evidence Preservation Notice on October 9, 2019

via e-mail. ECF No. 20-5. As supposed evidence of Plaintiff's defective service, Ms. Jackman attached a 321-page PDF document stripped of metadata purporting to be CT Corporation's notification of service to Defendant Tesla. The first two pages contained CT cover sheets, and the remaining 319 (some rotated or upside-down) were scanned from the papers received, reflecting numerous pages missed by CT Corporation's scanner relative to the at least 326 double-sided pages actually served. Referring to Defendant Musk, Ms. Jackman also requested that Plaintiff "withdraw [his] costs motion immediately" and that Plaintiff accept a combined proposal to waive service for both Defendants Musk and Tesla and stipulate to extended deadlines and expanded page requirements.

In light of her allegation about blocked e-mails, Plaintiff first sought to ensure a reliable line of communication and sent Ms. Jackman a test message in reply, to which Ms. Jackman again failed to respond. Ms. Jackman provided *no other method* by which Plaintiff could communicate with her until she appeared via CM/ECF on July 1, 2020, which finally made an associated telephone number visible to Plaintiff.[2]

On June 19, 2020, a reminder e-mail from Plaintiff sent only to Defendant Musk and Tesla Acting General Counsel Al Prescott resulted in each recipient clicking on a link contained in the message according to server logs, indicating that Plaintiff's e-mails were *not* "blocked" in the relevant timeframe, and that Ms. Jackman's representations to that effect were false.

In light of these factors and unsure of Defendant Tesla's ability or willingness to reliably communicate, on June 30, 2020, Plaintiff declined the Tesla Defendants' combined proposal.

On July 1, 2020, Ms. Jackman appeared before this Court and together with co-counsel filed the instant Administrative Motion, omitting and redacting this contextual information.

On July 2, 2020, Plaintiff filed a First Amended Complaint.

[2] Given the unreliability of Tesla's e-mail infrastructure as alleged by the Tesla Defendants' counsel, Plaintiff attempted to reach Ms. Jackman via Tesla's main Fremont telephone number on June 30, 2020, but that phone tree did not offer a dial-by-name directory. Ms. Jackman lists no contact information aside from a mailing address with the State Bar of California.

## III. ARGUMENT

While claiming a desire to "enhance judicial and party efficiency," the Tesla Defendants deliberately made communication between parties difficult, even claiming that they went out of their way to block e-mail traffic that might have made this motion completely unnecessary. Nonetheless, Plaintiff does agree to a less inflated version of Tesla Defendants' request for expanded page limits: 20 pages for the opening brief in a hypothetical motion to dismiss, 20 pages for Plaintiff's opposition, and 10 pages for a reply.

The issues as to timing are more nuanced. Now that Plaintiff has filed a First Amended Complaint, pursuant to Federal Rule of Civil Procedure 15(a)(3), "Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." The present deadline for a responsive pleading for all parties is therefore July 16, 2020. This renders the Tesla Defendants' proposal as to timing largely moot.

Plaintiff believes that the Tesla Defendants were properly served. To the extent that the Tesla Defendants protest otherwise, "'Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.' *Direct Mail Specialists*, 840 F.2d at 688 (quoting *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)); see also *Long*, 2019 U.S. Dist. LEXIS 185432, at *5." *Garcia v. Doe White Trucking Company et al*, Case No. 3:20-cv-00134-SI (N.D. Cal., March 10, 2020). There is no debate as to whether Defendant Tesla, Inc. received sufficient notice of the complaint. It did, and its counsel have now appeared in this case in the company's defense.

Furthermore, CT Corporation has been involved in a similar service dispute before this Court in recent months:

> "CT Corporation was aware it was served as the registered agent on behalf of Meritor, Inc., and not as an individual. This is evidenced by the fact that CT Corporation forwarded the SAC, summons, and other documents to Meritor, Inc. Additionally, the explicit indication in handwriting on the summons made it clear Meritor, Inc. was being sued, not an individual. In this case, both the summons and the surrounding circumstances leave no doubt Meritor, Inc. was served and its registered agent, CT Corporation, accepted the summons on its behalf. Meritor,

> Inc. was therefore adequately put on notice of the lawsuit and alerted to its duty to defend."

*Id.* at 8. Here, CT Corporation's cover page stated in giant, bold, capital letters, "**CT / PLEASE NOTE: SERVICE TAKEN FOR: TESLA, INC**" leaving no ambiguity whatsoever.

Plaintiff is willing to accept the Tesla Defendants' offer of an extremely belated waiver of service, far past the 30-day deadline set in Rule 4(d)(1)(F), provided that A) Plaintiff is properly compensated for the unnecessary service on Defendant Musk pursuant to Rule 4(d)(2), based on the facts contained in Plaintiff's June 25, 2020 Motion for Costs and Expenses (ECF No. 14); and B) the Tesla Defendants honor the responsive pleading deadline of July 16, 2020 pursuant to Rule 15(a)(3) now that a First Amended Complaint has been filed. Had Ms. Jackman given Plaintiff any certainty that his messages were being received at all, let alone responded to in a reasonable timeframe, the Court's involvement here might have been avoided.

## IV. CONCLUSION

For the reasons stated above, the Tesla Defendants' motion should be granted in part and denied in part in light of Plaintiff's filing of a First Amended Complaint, and the Court should determine that service upon Tesla, Inc. was proper pursuant to Rule 4 such that Tesla can devote more of its pages to substantive issues.

Dated: July 2, 2020

Respectfully submitted,

Aaron Greenspan
956 Carolina Street
San Francisco, CA 94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 2, 2020, he caused this **PLAINTIFF'S OPPOSITION TO DEFENDANT ELON MUSK AND TESLA, INC.'S MOTION TO SET BRIEFING SCHEDULE AND EXTEND PAGE LIMITS PURSUANT TO L.R. 6-3 AND 7-11** to be served via First Class Mail by depositing this document, postage pre-paid, in the U.S. Mail addressed to:

Omar Qazi
2625 Hyde Street
San Francisco, CA 94109
*Defendant and Officer of Defendant Smick Enterprises, Inc.*

All other parties are registered for the CM/ECF system and have been served electronically.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 2, 2020.

Dated: July 2, 2020

Aaron Greenspan