Aaron Greenspan (*Pro Se*)
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON GREENSPAN,<br><br>      Plaintiff,<br><br>      v.<br><br>OMAR QAZI, SMICK ENTERPRISES, INC., ELON MUSK, and TESLA, INC.,<br><br>      Defendants. | Case No. 3:20-cv-03426-JD<br><br>**PLAINTIFF'S MOTION FOR CLARIFICATION OF CLERK'S DECLINATION OF DEFAULT ON OMAR QAZI AND SMICK ENTERPRISES, INC. PURSUANT TO CIVIL LOCAL RULE 7-11**<br><br>Judge: Hon. James Donato<br>Complaint Filed: May 20, 2020 |

Pursuant to Civil Local Rule 7-11, Plaintiff Aaron Greenspan hereby moves for an Order compelling the Clerk of Court to further explain and/or reconsider its declination of default against Defendants Omar Qazi and Smick Enterprises, Inc. entered on July 1, 2020.  ECF No. 16. The Clerk of Court's current explanation—totally absent from the document itself but available on the docket as, "Affidavit of service does not meet requirements of California Code of Civil Procedure 417.10 and Civil L.R. 4-2."—is vague and confusing to the point where Plaintiff cannot remedy any perceived defect without more specific information.

To be absolutely clear, Plaintiff is *not* seeking legal advice from the Court or the Clerk. Any plaintiff is entitled to interact with the Clerk of Court regarding administrative and procedural matters whether or not he or she represented by counsel.

Pursuant to Federal Rule of Civil Procedure 55(a), Plaintiff applied for entry of default against Defendants Omar Qazi and Smick Enterprises, Inc. on June 30, 2020.  ECF No. 15.  That

application and the declaration attached to it specifically invoked "Rule 4(e)(2)(A)" of the Federal Rules of Civil Procedure with regard to Omar Qazi, and "Rule 4(h)(1)(B)" of the Federal Rules of Civil Procedure with regard to Smick Enterprises, Inc. Both of these sub-sections of Rule 4 are *federal* authorities for service of process—in contrast with Rule 4(e)(1)(A) and Rule 4(h)(1)(A), which Plaintiff did *not* cite or otherwise rely upon to invoke *state* (here, California) law.

Nonetheless, the Clerk of Court's cryptic rejection message cited an "affidavit" not in compliance with "California Code of Civil Procedure 417.10 and Civil L.R. 4-2." First, no affidavit was filed, so the exact offending document is unclear: it could be either the declaration or one or both proof of service filings. Plaintiff's declaration contained copies of the proof of service documents as its Exhibits B and C. Second, Plaintiff did not rely upon state law for service of process, yet the Clerk cites the entirety of California Code of Civil Procedure § 417.10, a state statute with six sub-sections. It is unclear which provision(s) of § 417.10 the Clerk believes are not being complied with or how, or why the statute would be relevant in the first place. Third, Plaintiff did comply with this Court's Civil Local Rule 4-2 in serving all Defendants, but neither that Rule nor the commentary thereupon requires plaintiffs to make any sort of written certification to that effect. Rather, it is up to defendants to contest service if they believe that the Rule has not been complied with, which has not taken place here because the Rule was followed.

Based upon the Ninth's Circuit's interpretation of Federal Rule of Civil Procedure 4, Rule 4 *can* delegate authority to state law if and only if Rule 4(e)(1) or Rule 4(g) is invoked, and it is inoperative prior to removal of a case to federal court, but Rule 4 stands on its own in cases such as this one:

> "The Federal Rules of Civil Procedure govern service of process in federal court, *see* Fed. R. Civ. P. 4, and apply to a civil action after removal, *see* Fed. R. Civ. P. 81(c)(1). 'Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.' *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (quoting *United Food & Commercial Workers Union v. Alpha Beta*

*Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)).  Thus, unlike Washington law, federal law does not require strict compliance with service requirements."

*Whidbee v. Pierce County*, 857 F. 3d 1019, 1023 (9th Cir. 2017).  Simply put, it appears that the Clerk of Court may have made a mistake by misreading a "(2)" as a "(1)" or a "(B)" as an "(A)".  However, if the Clerk's declination was not a mistake and was in fact intentional, it still needs to explain exactly which sub-section(s) of California Code of Civil Procedure § 417.10 is/are not being complied with, how, and what it believes that Civil Local Rule 4-2 further requires beyond service of the appropriate documents.

Finally, Plaintiff notes that the form of the application it filed is functionally identical to other applications in past cases where the Clerk of Court approved entry of default with no concerns.  Whereas other proof of service documents in those cases may have been filed pursuant to state law, Plaintiff's were not.  Plaintiff attempted to raise these issues with the Clerk directly, but was told to make a request in writing to the judicial officer, or to contact the Legal Help Center.  To the extent that the Clerk is discriminating against a *pro se* litigant by refusing to correct its own error or even clarify its own decision out of fear of being perceived as offering "legal advice," this is unacceptable.

Dated: July 2, 2020                                    Respectfully submitted,

*[signature: Aaron Greenspan]*

Aaron Greenspan
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 2, 2020, he caused this **PLAINTIFF'S MOTION FOR CLARIFICATION OF CLERK'S DECLINATION OF DEFAULT ON OMAR QAZI AND SMICK ENTERPRISES, INC. PURSUANT TO CIVIL LOCAL RULE 7-11** to be served via First Class Mail by depositing this document, postage pre-paid, in the U.S. Mail addressed to:

Omar Qazi
2625 Hyde Street
San Francisco, CA  94109
*Defendant and Officer of Defendant Smick Enterprises, Inc.*

All other parties are registered for the CM/ECF system and have been served electronically.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 2, 2020.


Dated: July 2, 2020

Aaron Greenspan