CANDACE A. JACKMAN (267599)
LINDSEY ADAMS-HESS (260600)
AUSTIN J. MARSH (299757)
TESLA, INC.
901 Page Ave.
Fremont, CA  94538
Email: cjackman@tesla.com
Email: ladamshess@tesla.com
Email: aumarsh@tesla.com

Attorneys for Defendants
ELON MUSK and TESLA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON GREENSPAN,<br><br>Plaintiff,<br><br>v.<br><br>OMAR QAZI, SMICK ENTERPRISES, INC., ELON MUSK, and TESLA, INC.,<br><br>Defendants. | Case No.  3:20-cv-03426-JD<br><br>**ELON MUSK AND TESLA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR COSTS AND EXPENSES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(D)(2) FOR SERVICE ON ELON MUSK**<br><br>Judge: Hon. James Donato<br><br>Date Action Filed: May 20, 2020 |

## I. INTRODUCTION

Tesla, Inc. ("Tesla") and Elon Musk (together, "Defendants") respect and are fully aware of Rule 4(d)'s mandate that parties "avoid unnecessary expenses of serving the summons." They also recognize the benefits of waiving service, which affords them additional time to respond to a lawsuit (which they had to seek from the court here, *see* Dkt. 18), and avoids the intrusion of having a process server visit their home or workplace, as happened here (*see* Dkt. 14-1, ¶ 13). Accordingly, Defendants waive service of process, as a matter of course, in virtually every federal lawsuit in which they are asked. (*See, e.g.*, *Wochos v. Tesla, Inc., et al.*, No. 3:17-cv-05828-CRB, Dkt. 25 (N.D. Cal.); *Yeager v. Tesla, Inc., et al.*, No. 3:18-cv-04912-EMC, Dkt. 9 (N.D. Cal.); Pl.'s Mot. for Costs and Expenses ("Mot."), Dkt. 14 at 3 n.2.)

Mr. Musk did not respond to Plaintiff's waiver request here for a simple reason: **he did not receive it.** This, in turn, was because Tesla's information security and information technology teams long ago blocked Plaintiff's emails from reaching individual Tesla recipients' inboxes, after Tesla received numerous harassing, unsolicited emails from Plaintiff beginning in 2018. Because of the block, neither Mr. Musk nor Tesla's Acting General Counsel, Alan Prescott, received Plaintiff's emails related to the waiver request, and as explained below, they had no reason to know they existed.

Costs should not be shifted under Rule 4(d)(2) if a defendant can show "good cause" for the failure to return a waiver request. Under hornbook law, described below, the "most obvious illustration of good cause would be never having received the notice and request for waiver and the complaint." Wright & Miller, 4A Fed. Prac. & Proc. Civ. § 1092.1 (4th ed.). Because Mr. Musk did not receive the waiver request here, the Court should not require him to pay Plaintiff's costs of service, and the motion should be denied.

## II. BACKGROUND

Since 2018, Plaintiff has repeatedly sent unsolicited emails to Mr. Musk, Tesla's board of directors, and other Tesla employees. His emails are harassing, vitriolic, and inflammatory, and are, much like his First Amended Complaint ("FAC"), full of unequivocally false, fanciful, and meritless claims of fraud and wrongdoing. The exhibits to the FAC are illustrative. (*E.g.*, Dkts. 20-1, 20-5,

20-12, 20-13 (reflecting unsolicited emails from Plaintiff to Tesla recipients, some copying third parties, like the news media and employees of SpaceX and Twitter).)

Between 2018 and August 9, 2019, Plaintiff sent at least a dozen distinct emails to Tesla personnel, and because he frequently copied many Tesla recipients, more than three dozen copies of Plaintiff's emails hit the inboxes of Tesla recipients by August 9, 2019. (Declaration of Lisa Rager ("Rager Decl.") ¶ 3.)[1] Plaintiff's emails were a nuisance, not useful to Tesla, and they wasted people's time.

As a result of Plaintiff's unwanted spamming, Tesla's information security and information technology teams blocked his emails from reaching individual recipients at Tesla. (Rager Decl. ¶ 4.) Instead, beginning on or about August 9, 2019, Tesla routed Plaintiff's emails from the aaron.greenspan@plainsite.org email address (and starting on August 14, 2019, all emails from the @plainsite domain) to an account and mailbox managed only by members of Tesla's information security team. (Id. ¶¶ 2, 4.) These emails did not reach the inboxes of individual Tesla recipients and were not available to them. (Id. ¶ 6.) Once routed to the information security team's account, emails were monitored for physical threats to Tesla's employees and facilities, but generally were not forwarded to their intended recipients. (Id. ¶ 2.)[2]

Plaintiff emailed Mr. Musk and Mr. Prescott, requesting a waiver of service, on May 21. He followed up several times. (Id. ¶ 5; Dkt. 14, Ex. A.) Tesla's records show that all of these emails were re-routed to the information security team and never reached either Mr. Musk's or Mr. Prescott's inboxes. (Id. ¶¶ 5-8 & Ex. 1.) Although members of Tesla's information security team may have opened some of these emails,[3] they did not forward them to Mr. Musk or Mr. Prescott (or

---

[1] These numbers do not account for emails sent to non-Tesla domains, such as Plaintiff's emails to members of Tesla's board of directors. (Rager Decl. ¶ 3; see, e.g., FAC, Ex. A (Dkt. 20-1).)

[2] Tesla did not block emails from Plaintiff's greenspan@post.harvard.edu email, which is how Mr. Musk responded to certain of those emails, as alleged in the FAC. (Dkt. 20, ¶ 66 & Exs. E-F (Dkts. 20-5, 20-6).)

[3] In his declaration opposing Tesla's July 1 administrative motion, Plaintiff accuses Tesla's in-house counsel of lying, and speculates that "Tesla, Inc. was not blocking my emails" because, for one email sent on June 19, his server log data shows the emails were "Received OK" and that "[t]wo individuals . . . on Tesla's network . . . using the same IP address range" as Tesla's in-house counsel "clicked on the link" in the email "immediately after it was sent" (Dkt. 21-1 at ¶¶ 12-15). Plaintiff

anyone else), or otherwise inform them (or anyone else) the emails had been received. (*Id.* ¶ 6.) Mr. Musk and Mr. Prescott would have had no reason to know Plaintiff's emails existed. (*Id.* ¶¶ 6-8.) Nobody outside of the information security team would either. (*Id.*)

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 4(d)(2) imposes a duty on parties "to avoid unnecessary expenses of serving the summons," and provides a procedure by which the plaintiff can formally "request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1).

Rule 4 provides a carrot to the defendant—more time to respond to the complaint. Fed. R. Civ. P. 4(d)(3). But it also prods with a stick: "If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, **the court shall impose the costs subsequently incurred in effecting service** on the defendant **unless good cause for the failure be shown.**" Fed. R. Civ. P. 4(d)(2) (emphasis added). As the advisory notes to Rule 4 explain, "[a] defendant failing to comply with a request for waiver shall be given an opportunity to show good cause for the failure, but sufficient cause should be rare." Fed. R. Civ. P. 4, adv. comm. notes 1993. The comments go on to state, however, that "[s]ufficient cause **not to shift** the cost of service would exist . . . **if the defendant did not receive the request**[.]" *Id.* (emphasis added); *see also, e.g.*, *Moran v. Beale*, No. SACV0701057, 2008 WL 11409861, at *3 n.15 (C.D. Cal. Mar. 17, 2008) (quoting and applying same).

### IV.   LEGAL ARGUMENT

Mr. Musk plainly has "good cause" for his failure to return the waiver request: he simply did not receive it. As explained above, because of Plaintiff's past, harassing emails, which long predated this lawsuit, emails sent from Plaintiff's account to Tesla recipients were re-routed to Tesla's information security team, who performed only a cursory review for physical and security threats. Neither Mr. Musk nor Tesla's Acting General Counsel were ever sent copies of Plaintiff's emails related to the waiver request, and neither was otherwise told about them. (Rager Decl. ¶¶ 6-8.)

---

misunderstands. His emails were not blocked from reaching Tesla; they were blocked from reaching individual Tesla employees and re-routed to information security. (*See* Rager Decl. ¶¶ 2, 4.) These emails may well have been opened shortly after they were sent, but that would have been done by Tesla's information security team, not Mr. Musk or Mr. Prescott. (*See* Rager Decl. ¶¶ 2, 5-6.)

The law is crystal clear: service costs must not be imposed under Rule 4 "if the defendant did not receive the request." Fed. R. Civ. P. 4, adv. comm. notes 1993; Wright & Miller, 4A Fed. Prac. & Proc. Civ. § 1092.1 (4th ed.) ("The most obvious illustration of good cause [under Rule 4(d)] would be never having received the notice and request for waiver and the complaint."); *Suggs v. Cent. Oil of Baton Rouge, LLC*, No. CIV.A. 13-25, 2014 WL 3374719, at *2 (M.D. La. July 9, 2014) ("Any application of Rule 4(d)(2) contemplates a sufficient showing that the request was sent **and received** by Defendant." (emphasis added)).

The facts here plainly present the "rare circumstances" in which imposing service costs would not be appropriate. *See, e.g., Leonard v. Daniel*, No. 1:13-CV-600, 2016 WL 1073258, at *2 (E.D. Tex. Feb. 18, 2016), *adopted*, 2016 WL 1055786 (E.D. Tex. Mar. 16, 2016) (denying Rule 4(d)(2) motion because there was no evidence "defendants ever actually received the waiver of service documents," and "defendants provide[d] an affidavit in response stating they never received plaintiff's waiver of service documents and had no knowledge he attempted to have them waive service"); *Brigham v. Tex. Dep't of Crim. Justice*, No. 1:15-CV-440, 2017 WL 4212307, at *2 (E.D. Tex. July 26, 2017), *adopted*, 2017 WL 4181405 (E.D. Tex. Sept. 20, 2017) (same because "there is nothing in the present record to show the defendants actually received the notice and request"); *Moran*, 2008 WL 11409861, at *3 n.15 (same where defendant "did not receive [the waiver] request because he was no longer employed at the [office where it was delivered]"); *Grim v. Baltimore Police Dep't*, No. CV 18-3864, 2019 WL 5865561, at *32 (D. Md. Nov. 8, 2019) (same where there was no showing that defendant "received actual notice of the Waiver" or was told about it).

That Tesla's information security team had access to Plaintiff's waiver-request emails does not change the outcome. As courts have recognized, the dispositive question is whether the **defendant** received the waiver request. *See, e.g., Suggs*, 2014 WL 3374719, at *2 (explaining that Rule 4(d)(2) contemplates the waiver request was actually "received by Defendant"). Indeed, courts have rejected similar arguments even where the defendant's lawyer received the waiver request, as opposed to the defendant himself. *See, e.g., Villarreal v. DeWitt*, No. 1:16-CV-00163, 2019 WL 1434657, at *4 (E.D. Ark. Mar. 29, 2019) (declining to impute lawyer's knowledge of waiver request to defendants, and declining to impose costs, absent evidence that "defendants themselves

received the waiver requests"); *Justice v. White*, No. 5:13-CV-548, 2014 WL 687658, at *7 (E.D.N.C. Feb. 10, 2014) (denying costs where waiver form "was not sent to [the defendants] personally," but instead was sent "improperly to their counsel"); *Kiddie Acad. Domestic Franch'g, LLC v. Wonder World Learning, LLC*, No. CV 17-3420, 2019 WL 6117410, at *18 (D. Md. Nov. 15, 2019) (denying costs where waiver form was sent to corporation, not individual officer defendants).

There also can be no suggestion that Mr. Musk or Tesla, by imposing the block, was trying to evade service-waiver requests from Plaintiff or others subject to blocks.  The block on Plaintiff's emails was in place long before this litigation was threatened or filed, as discussed above, and long before much of the conduct alleged in the Complaint and FAC.  (*E.g.*, Compl., ¶ 162 (alleging defamation in October 2019).)  It was established to protect Tesla, Mr. Musk, and Tesla employees from Plaintiff's unwanted and inflammatory emails (Rager Decl. ¶¶ 2, 4)—not for some untoward purpose.  And again, Tesla and Mr. Musk routinely respond to requests for waiver of service; they are well aware of the benefits of waiving service, as well as the potential costs if they decline.

Simply put, had Mr. Musk received Plaintiff's request to waive service, he would have complied.  But neither he nor Mr. Prescott received Plaintiff's request, owing to the complicated history here.  As courts, commentators, and the advisory committee on Rule 4 have all recognized, this is an obvious illustration of good cause for why service costs should not be imposed.

## V.  CONCLUSION

Defendants respectfully request that Plaintiff's motion to impose costs on Mr. Musk be denied.

Respectfully submitted,

Dated:  July 9, 2020                TESLA, INC.


By:  */s/ Candace Jackman*
          Candace A. Jackman

Attorneys for Defendants Elon Musk and Tesla, Inc.