1    CANDACE A. JACKMAN (267599)
     LINDSEY ADAMS-HESS (260600)
2    AUSTIN J. MARSH (299757)
     TESLA, INC.
3    901 Page Ave.
     Fremont, CA  94538
4
     Attorneys for Defendants
5    ELON MUSK and TESLA, INC.

6

7

8                          UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                          SAN FRANCISCO DIVISION

11

12   AARON GREENSPAN,                      Case No.  3:20-cv-03426-JD

13              Plaintiff,                 **DECLARATION OF LISA RAGER IN
                                           SUPPORT OF ELON MUSK AND
14        v.                               TESLA, INC.'S OPPOSITION TO
                                           PLAINTIFF'S MOTION FOR COSTS
15   OMAR QAZI, SMICK ENTERPRISES,         AND EXPENSES PURSUANT TO
     INC., ELON MUSK, and TESLA, INC.,     FEDERAL RULE OF CIVIL
16                                         PROCEDURE 4(D)(2) FOR SERVICE
              Defendants.                  ON ELON MUSK**
17
                                           Judge: Hon. James Donato
18                                         Complaint Filed: May 20, 2020

19

20

21

22

23

24

25

26

27

28

1    I, Lisa Rager, declare as follows:

2        1.      I am a Manager of Information Security Risk Management for Tesla, Inc. ("Tesla").  I

3    joined Tesla in June 2018.  At that time, my title was Manager, Global Security Response, Analysis

4    Team.  I held that title and role until my promotion to Manager of Information Security Risk

5    Management in March 2020.  Except where otherwise stated, the facts in this declaration are based

6    on my personal knowledge, and if called upon, I could and would completely testify to them.

7        2.      My job responsibilities at Tesla include protecting Tesla and its employees from

8    online/virtual harassment and threats.  Among other things, I manage a team of Tesla information

9    security employees who review certain communications sent to Tesla personnel that appear

10   harassing, abusive, or threatening.  Although uncommon, in some cases communications from

11   individuals contacting Tesla personnel are so voluminous, abusive, or otherwise concerning, that

12   Tesla will block further inbound email correspondence from specific accounts from reaching the

13   intended recipient(s) within Tesla.  In such cases, email correspondence from such accounts is

14   redirected to an account and mailbox owned and monitored by members of our information security

15   team.  The email address associated with this account is security29@tesla.com.  Generally speaking,

16   the team monitoring this mailbox performs only a limited review for imminent threats to Tesla and

17   its employees.  Generally, the team will only take further action (for example, notifying appropriate

18   authorities or the intended recipient) if standing instructions for handling are in place (e.g.,

19   instructions that particular emails be handled in a particular way) or if we perceive an imminent risk

20   of physical harm to Tesla personnel or facilities.

21       3.      Tesla's records show that, by August 9, 2019, Plaintiff had already sent at least a

22   dozen distinct emails to numerous Tesla personnel.  Because he often copied multiple Tesla

23   recipients, this amounted to more than three dozen copies of Plaintiff's emails being delivered to

24   Tesla inboxes during that same period.  In total, prior to filing this motion on June 25, 2019, Plaintiff

25   had sent at least thirty (30) distinct emails addressed to various Tesla personnel.  These numbers do

26   not account for emails on which Plaintiff copied non-Tesla recipients or emails sent to non-Tesla

27   domains.

28

RAGER DECL. ISO DEFENDANTS' OPP.
TO MOTION FOR COSTS AND EXPENSES
CASE NO. 3:20-CV-03426-JD

4.      On or about August 9, 2019, because of the volume and abusive nature of the correspondence sent from the aaron.greenspan@plainsite.org account, Tesla's information technology team implemented a protocol to block further emails from aaron.greenspan@plainsite.org from reaching intended recipients in the manner described above, redirecting such correspondence to the security29@tesla.com account.  On or about August 14, 2019, Tesla's information technology team further blocked and redirected all emails from any @plainsite.org email account from reaching their intended Tesla recipients, also redirecting those emails to the security29@tesla.com account.  This block was in place across Tesla until about June 25, 2020, which I understand was the date that Plaintiff filed the motion at issue.

5.      I understand that Plaintiff alleges that, on May 21, 2020, Plaintiff, via aaron.greenspan@plainsite.org, sent multiple emails to Mr. Musk and Tesla's Acting General Counsel, Alan Prescott, including two that apparently request a waiver of service related to this lawsuit.  Plaintiff alleges he sent another email to Mr. Musk and Mr. Prescott concerning the same subject on June 19, 2020.  I understand that Plaintiff attached copies of these emails as Exhibit A to his motion ("Exhibit A").  (Dkt. 14, Ex. A.)

6.      Because Tesla had blocked emails from aaron.greenspan@plainsite.org from reaching individual recipients, Plaintiff's emails in Exhibit A were automatically redirected to the security29@tesla.com account and mailbox, and were not delivered to the original addressees.  At the time, there were three information security team members, including myself, responsible for monitoring this account and mailbox.  I have spoken with the two other members of the team, who each confirmed that they did not forward or provide the relevant emails to others at Tesla or discuss them with anyone outside of the information security team.  I did not do any of those things either.

7.      In connection with the preparation of my declaration, I requested records to confirm that Plaintiff's emails in Exhibit A were redirected in the manner described above.  Our information technology team uses a program called Mimecast to, among other things, log and analyze the metadata associated with inbound, outbound, and internal email correspondence.  My team and I regularly utilize and interpret information from Mimecast in the course of our work at Tesla.

RAGER DECL. ISO DEFENDANTS' OPP.
TO MOTION FOR COSTS AND EXPENSES
CASE NO. 3:20-CV-03426-JD

1         8.      Attached as **Exhibit 1** is a table prepared by our information technology team

2   containing metadata for the emails referenced in Exhibit A, including the subject of the email, date

3   received, sender, and recipient.  In **Exhibit 1**, the "To" column identifies the account to which each

4   email was delivered.  **Exhibit 1** shows that all of the emails in Exhibit A were delivered only to the

5   security29@tesla.com account and mailbox.  Because each of these emails was addressed to two

6   Tesla recipients (Mr. Musk and Mr. Prescott), security29@tesla.com is listed twice in the "To"

7   column for each email, once for each Tesla recipient.  **Exhibit 1** shows that the emails in Exhibit A

8   were redirected to security29@tesla.com and were not delivered to the mailboxes for Mr. Musk or

9   Mr. Prescott.  In addition, I asked our information technology team to confirm, using Mimecast

10  records, that these emails were not forwarded or otherwise replied to, which are events for which

11  metadata would be captured and reflected in Mimecast.  I have confirmed with the information

12  technology team that Tesla's Mimecast records do not contain any record that the emails in Exhibit

13  A were forwarded or replied to after receipt, prior to June 25, 2020, which I understand was the date

14  that Plaintiff filed his motion.

15        I declare under penalty of perjury that the foregoing is true and correct.

16        Executed on July 9, 2020, at Oakland, California.

17

18                  By:  */s/ Lisa Rager*
                          Lisa Rager

19

20  **ATTESTATION PURSUANT TO GENERAL ORDER 45**

21        Pursuant to General Order 45, I attest that concurrence in the filing of the document has

22  been obtained from each of the other signatories, or from the single signatory (in the case, e.g., of a

23  declaration) which shall serve in lieu of their signature(s) on the document.

24  Dated:  July 9, 2020

25                  By:  */s/ Candace Jackman*
                          Candace Jackman

26

27

28

**RAGER DECL. ISO DEFENDANTS' OPP.
TO MOTION FOR COSTS AND EXPENSES
CASE NO. 3:20-CV-03426-JD**