Aaron Greenspan (*Pro Se*)
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AARON GREENSPAN,<br><br>    Plaintiff,<br><br>    v.<br><br>OMAR QAZI, SMICK ENTERPRISES, INC., ELON MUSK, and TESLA, INC.,<br><br>    Defendants. | Case No. 3:20-cv-03426-JD<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT ELON MUSK AND TESLA, INC.'S MOTION TO SET BRIEFING SCHEDULE PURSUANT TO L.R. 6-3 AND 7-11**<br><br>Judge: Hon. James Donato<br>Complaint Filed: May 20, 2020 |

## I.      INTRODUCTION

After an ironic plea to "enhance judicial and party efficiency," for the second time in ten days, Defendants Elon Musk and Tesla, Inc. (the "Tesla Defendants") have filed an Administrative Motion under Civil Local Rules 6-3 and 7-11 to ask for more time to respond to a lawsuit they now admit under oath that they sat on for *over a month* while covering their eyes and plugging their ears.  ECF No. 35-1.  Even after June 24, 2020, when inside counsel for the Tesla Defendants scrambled to figure out why Elon Musk, Acting General Counsel Al Prescott, two security personnel actively monitoring e-mails, their supervisor Lisa Rager, at least three in-house lawyers, and at least one paralegal had all failed to note the lawsuit, it took the Tesla Defendants an additional two weeks just to decide to engage outside counsel.  While Tesla Defendants previously wanted only until July 20, 2020 to respond—a wish that was mostly granted when Plaintiff filed his First Amended Complaint ("FAC") on July 2, 2020, triggering

Federal Rule of Civil Procedure 15(a)(3) and setting the deadline at July 16, 2020—they now insist that it is absolutely impossible to respond any earlier than July 31, 2020. The goalposts keep moving as the team apparently still struggles to even see the field.

## II.  FACTUAL BACKGROUND

The initial Complaint in this case was filed on May 20, 2020. Plaintiff requested that the Tesla Defendants waive service on May 21, 2020, but received no response after 20 days. On June 10, 2020, Plaintiff engaged KMS Process Servers ("KMS") in Los Angeles, California to serve Defendant Tesla, Inc. ("Tesla") and properly provided the specific Summons directed at Tesla to KMS via e-mail. On June 12, 2020, pursuant to Federal Rule of Civil Procedure 4(h)(1)(B), KMS's process server Isaura Flores-Betancourt served CT Corporation, Defendant Tesla's registered agent in Los Angeles, in person. The same day, CT Corporation attempted to scan the papers it had received on Defendant Tesla's behalf and sent an e-mail transmission containing an Adobe Acrobat PDF file generated by its scanner to legal@teslamotors.com. On June 19, 2020, KMS provided its proof of service documents to Plaintiff and Plaintiff filed those documents with the Court. ECF No. 12. Five days later, on June 24, 2020, Candace Jackman, counsel for the Tesla Defendants, e-mailed Plaintiff stating, "you have not effectuated service on Tesla, and your certificate of service is improper" allegedly because "the summons that you served on Tesla's registered agent was not directed to Tesla, but rather, to certain of Tesla's co-defendants." Ms. Jackman also demanded that Plaintiff "withdraw [the] certificate of service as to Tesla (Dkt. No. 12)." She provided no contact information aside from her e-mail address. ECF No. 21-1.

Plaintiff responded to Ms. Jackman via e-mail approximately one hour later pointing out that the proper Summons had been provided to KMS and that she had offered no evidence that service was improper. Ms. Jackman offered no response. At 5:30 P.M., Plaintiff e-mailed Ms. Jackman again pointing out that, "It is now 5:30 P.M. and I have not heard from you in light of my prior response. I will take this to mean that Tesla concedes that it was properly served on

June 12, 2020 and will be responding to the Complaint accordingly." Again, Ms. Jackman offered no immediate response. *Id*.

Six days later, on June 30, 2020, Ms. Jackman finally responded, claiming that Plaintiff's e-mail had been "team blocked" by "Tesla's information security team." As supposed evidence of Plaintiff's defective service, Ms. Jackman attached a 321-page PDF document stripped of metadata purporting to be CT Corporation's notification of service to Defendant Tesla. The first two pages contained CT cover sheets, and the remaining 319 (some rotated or upside-down) were scanned from the papers received, reflecting numerous pages missed by CT Corporation's scanner relative to the at least 326 double-sided pages actually served. Referring to Defendant Musk, Ms. Jackman also requested that Plaintiff "withdraw [his] costs motion immediately" and that Plaintiff accept a combined proposal to waive service for both Defendants Musk and Tesla and stipulate to extended deadlines and expanded page requirements. ECF No. 21-1.

In light of her allegation about blocked e-mails, Plaintiff first sought to ensure a reliable line of communication and sent Ms. Jackman a test message in reply, to which Ms. Jackman again failed to respond. Ms. Jackman provided no other method by which Plaintiff could communicate with her until she appeared via CM/ECF on July 1, 2020, which finally made an associated telephone number visible to Plaintiff.[1]

On June 19, 2020, a reminder e-mail from Plaintiff sent only to Defendant Musk and Tesla Acting General Counsel Al Prescott resulted in the recipients[2] clicking on a link contained in the message according to server logs, indicating that Plaintiff's e-mails were *not* "blocked" in the relevant timeframe, and that Ms. Jackman's representations to that effect were false. On July 9, 2020, a filing before this Court signed by Ms. Jackman confirmed that, "[Plaintiff's] emails were not blocked." ECF No. 35, Footnote 3. Rather, the messages were deliberately re-routed.

---

[1] Given the unreliability of Tesla's e-mail infrastructure as alleged by the Tesla Defendants' counsel, Plaintiff attempted to reach Ms. Jackman via Tesla's main Fremont telephone number on June 30, 2020, but that phone tree did not offer a dial-by-name directory. Ms. Jackman lists no contact information aside from a mailing address with the State Bar of California. On July 8, 2020, Ms. Jackman mistakenly forwarded one of Plaintiff's own e-mail messages *back to him* and included her *unaltered* e-mail signature which did, in fact, include her telephone number.

[2] The Tesla Defendants now admit tampering with the message recipients. ECF No. 35-2.

---

In light of these factors and unsure of Defendant Tesla's ability or willingness to reliably communicate, on June 30, 2020, Plaintiff declined the Tesla Defendants' combined proposal.

On July 1, 2020, Ms. Jackman appeared before this Court and together with co-counsel filed an Administrative Motion requesting an extension until July 20, 2020 to respond to the initial Complaint, while omitting and redacting this contextual information. ECF No. 18.

On July 2, 2020, Plaintiff filed the FAC. ECF No. 20. On July 6, 2020, the Tesla Defendants withdrew their initial motion seeking an extension of time to respond. ECF No. 24. On July 8, 2020, the Tesla Defendants engaged Cooley LLP as outside counsel. On July 9, 2020, two Cooley LLP attorneys entered their appearances. Also on July 9, the Tesla Defendants filed the instant second Administrative Motion seeking an extension of time until July 31, 2020.

### III. ARGUMENT

There are three potentially reasonable arguments for affording the Tesla Defendants extra time to respond. The first is that a FAC was filed, necessitating review. This argument is anticipated by the Federal Rules of Civil Procedure as it is a routine occurrence, and so 14 days were already added to the Tesla Defendants' deadline. Rule 15(a)(3). The second is that the Tesla Defendants hired outside counsel. Plaintiff offered a one-day extension to account for this fact, which the Tesla Defendants rebuffed. When Plaintiff attempted to negotiate further, the Tesla Defendants refused to budge even one day from their arbitrary desired response date of July 31, 2020. ECF No. 34-5. The third is that the FAC is supported by evidence, which also merits review. Yet this is often the case in federal litigation and is hardly unusual.

The counter-arguments to granting an extension of time are more compelling. The record now shows that through a combination of willful ignorance, internal confusion and sheer incompetence, the Tesla Defendants dithered away at least six weeks that they could have spent assisting an outside law firm with preparation of their response. Instead, they waited that long just to hire one. The Tesla Defendants' compounded ineptitude and laziness[3]—far from "good cause"—should not be leveraged to further disadvantage Plaintiff. In addition, now that outside

---

[3] The Tesla Defendants attempt to smear Plaintiff as a threat, hoping to justify their failed blockage of e-mails. This outrageous nonsense will be addressed in the reply to ECF No. 35.

counsel has been engaged, there is a considerable mismatch between the two sides in this case. Plaintiff is proceeding *pro se*. The Tesla Defendants presently have at least five attorneys and one paralegal receiving CM/ECF notifications on this case, not counting the additional resources available to a $283 billion[4] corporation and one of Silicon Valley's top-tier law firms. While they moan about the "more than 1,500 pages of exhibits," 826 of those pages are Tesla, Inc.'s own attorney-prepared SEC filings and press releases, 437 are Tesla, Inc.'s own invoices, and 19 are mostly blank divider pages, comprising 85% of that purportedly large number. Especially when split between five full-time lawyers, the FAC is entirely manageable.

## IV.  CONCLUSION

Plaintiff has been willing to stipulate to reasonable accommodations, such as combined briefing by the Tesla Defendants and increased page limits. In contrast, good reason for substantial delay is absent. The Tesla Defendants deliberately fed their dog the homework and now have come running to the teacher for leniency. Forgiving such antics runs contrary to the interests of justice. Plaintiff seeks to avoid unnecessary delays and departures from the Federal Rules of Civil Procedure and Civil Local Rules and should not be blamed for Tesla Defendants' failures. Accordingly, Plaintiff respectfully requests that the Court enter an order that: the Tesla Defendants shall file their consolidated response to the FAC on or before July 17, 2020, with Plaintiff's opposition due July 31, 2020, and the Tesla Defendants' reply due August 7, 2020.

Dated: July 10, 2020            Respectfully submitted,

Aaron Greenspan
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

---

[4] Tesla's market capitalization has increased $63 billion since the FAC was filed eight days ago.

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 10, 2020, he caused this **PLAINTIFF'S OPPOSITION TO DEFENDANT ELON MUSK AND TESLA, INC.'S MOTION TO SET BRIEFING SCHEDULE PURSUANT TO L.R. 6-3 AND 7-11** to be served via First Class Mail by depositing this document, postage pre-paid, in the U.S. Mail addressed to:

Omar Qazi
2625 Hyde Street
San Francisco, CA  94109
*Defendant and Officer of Defendant Smick Enterprises, Inc.*

All other parties are registered for the CM/ECF system and have been served electronically.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 10, 2020.

Dated: July 10, 2020

Aaron Greenspan