1  **KRONENBERGER ROSENFELD, LLP**
   Karl S. Kronenberger (Bar No. 226112)
2  Jeffrey M. Rosenfeld (Bar No. 222187)
   150 Post Street, Suite 520
3  San Francisco, CA 94108
   Telephone: (415) 955-1155
4  Facsimile: (415) 955-1158
5  karl@KRInternetLaw.com
   jeff@KRInternetLaw.com

7  Attorneys for Defendants Omar Qazi
   and Smick Enterprises, Inc.

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **AARON GREENSPAN**, | Case No. 3:20-cv-03426-JD |
| Plaintiff, | |
| v. | **DEFENDANTS OMAR QAZI AND SMICK ENTERPRISES, INC.'S NOTICE OF MOTION AND MOTION TO LIFT CLERK'S ENTRY OF DEFAULT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| **OMAR QAZI**, et al., | |
| Defendants. | |
| | Time:    10:00 a.m. |
| | Date:    August 20, 2020 |
| | Before:  The Hon. James Donato |
| | Ctrm:    11, 19th Floor |

Case No. 3:20-cv-03426-JD                    **SMICK DEFENDANTS' NTC OF MTN AND MTN TO LIFT DEFAULT; MPA**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 20, 2020, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the above-titled Court, in Courtroom 11, 19th Floor, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Omar Qazi and Smick Enterprises, Inc. ("Defendants"), by and through counsel, will and hereby do move the Court to lift the default entered by the Clerk on July 7, 2020.

The Court should grant Defendants' motion because Defendants were not properly served with the original Complaint, and Plaintiff has now filed an Amended Complaint.

This motion is based on this notice of motion and motion, the supporting memorandum of points and authorities and declaration, the pleadings and other papers on file in this action, and any other evidence that may be offered at a hearing if necessary.

Respectfully Submitted,

DATED: July 16, 2020

**KRONENBERGER ROSENFELD, LLP**

By: ____s/ Karl S. Kronenberger____
      Karl S. Kronenberger

Attorneys for Defendants Omar Qazi and Smick Enterprises, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Defendants Omar Qazi and Smick Enterprises, Inc. ("Defendants") request that the Court lift the default against them, which was requested and entered on July 7, 2020 on the original Complaint of Plaintiff Aaron Greenspan. The Court should lift default against Defendants because Defendants were not properly served with the original Complaint, and in any event, Plaintiff filed an Amended Complaint on July 2, 2020 (prior to seeking the effective default on the original Complaint).

While Defendants requested that Plaintiff stipulate to the relief requested, Plaintiff refused to stipulate.

### STATEMENT OF THE ISSUE

Whether default against Defendants should be lifted or deemed mooted?

### STATEMENT OF FACTS

On May 20, 2020, Plaintiff filed his original Complaint for defamation, copyright infringement, securities claims, and other causes of action against Defendants as well as Defendants Elon Musk and Tesla, Inc. [D.E. No. 1.] Plaintiff claims that he emailed a waiver of service form to Defendants on May 21, 2020. However, Defendants did not actually learn about this lawsuit until around July 3, 2020 when a co-Defendant contacted them about it. (Declaration of Omar Qazi in Support of Motion to Lift Clerk's Entry of Default ("Qazi Decl.") ¶4.)

Plaintiff filed a proof of service stating that Defendants were served with the Complaint at 2625 Hyde Street, San Francisco, CA 94109 on June 7, 2020. [D.E. No. 11.] Defendants were not served as stated; Defendant Qazi has not lived at the listed address since April 2019. (Qazi Decl. ¶2.) On June 30, 2020, Plaintiff applied for default against Defendants [D.E. No. 15], but his application was denied. [D.E. No. 16.]

Thereafter, on July 2, 2020, Plaintiff filed an Amended Complaint. [D.E. No. 20.] On July 7, 2020, Plaintiff again applied for default against Defendants on the *original Complaint* [D.E. No. 26], and the application was granted. [D.E. No. 27.] While the

1  Amended Complaint asserts a new claim for relief against Defendants under 17 U.S.C.
2  §1202(b), Plaintiff has not served Defendants with the Amended Complaint.
3        Promptly on learning of this action, Defendants sought legal counsel. (Qazi Decl.
4  ¶4.) Undersigned counsel immediately contacted Plaintiff on July 13, 2020 to request that
5  the parties stipulate to lift the default (and offered to return a waiver of service form).
6  (Declaration of Karl S. Kronenberger in Support of Motion to Lift Clerk's Entry of Default
7  ("Kronenberger Decl.") ¶2.) On July 14, 2020 at approximately 5:04 p.m., Plaintiff
8  responded, "No, I do not stipulate to anything." (Kronenberger Decl. ¶2.)

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside the entry of default for good cause. In evaluating good cause, a court considers three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default, (2) whether it has no meritorious defense, and (3) whether reopening the default or default judgment would prejudice the other party. *See United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). Crucially, cases should, whenever possible, be decided on the merits. *See id.*

Here, all of the factors weigh in favor of finding good cause for lifting default.

**A.  Defendants did not engage in culpable conduct leading to the default.**

A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer. *Signed Pers. Check*, 615 F.3d at 1092. In this context, the term "intentionally" means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process. *Id.*; *see also e.g., Cypress Semiconductor Corp. v. Promos Techs. Inc.*, No. 5:12- CV-04620 EJD, 2013 WL 3877759, at **1–3 (N.D. Cal. July 25, 2013) (finding good cause for setting aside entry of default under Rule 55, including as service was made at the wrong address).

Defendants did not engage in culpable conduct leading to the default here. Defendants did not learn about this action until recently; and Defendants were never personally served with the Complaint because it was apparently served at the wrong address. (Qazi Decl. ¶¶2–4.) Moreover, before requesting the present default, Plaintiff filed an Amended Complaint, which superseded the original complaint and became the operative pleading, which Plaintiff must serve on Defendants under Federal Rule of Civil Procedure 5(a)(2). Plaintiff has not served the Amended Complaint on Defendants.

Thus, Defendants' lack of a response to Plaintiff's initial Complaint was not the result of an intentional failure to answer in bad faith in this litigation. (Qazi Decl. ¶5.) Rather, upon learning about this lawsuit, Defendants promptly sought legal counsel, who in turn, promptly sought to lift the default on the initial complaint (even though an Amended Complaint has been filed). (Qazi Decl. ¶4; Kronenberger Decl. ¶2.)

### B.   Defendants have meritorious defenses in this case.

In showing a defense to vacate a default or default judgment, the burden is not extraordinarily heavy. *See Signed Pers. Check*, 615 F.3d at 1094. All that is necessary is to allege sufficient facts that, if true, would constitute a defense. *See id.*

Defendants have meritorious defenses, including that: (1) Plaintiff's defamation claims are precluded by the statute of limitations or not actionable as opinion, rhetoric, and hyperbole, and because Defendants did not make all of the alleged statements or the statements are true and concerned a limited purpose public figure and matter of public concern, (2) Plaintiff does not allege outrageous conduct or severe emotional distress to support a claim for intentional infliction of emotional distress, (3) Plaintiff's copyright infringement claim is not actionable under the fair use doctrine or because Plaintiff lacks copyright registrations, (4) Plaintiff's claimed copyright notice for a certain photograph was located on the bottom of a webpage and did not communicate that Plaintiff owned the photograph at issue, (5) Plaintiff does not allege ill-gotten gains by Defendants or any actionable injury in fact or lost money or property, or get around preemption issues, under California Business and Professions Code §17200 et seq., (6) Plaintiff lacks standing and

1  causation for multiple claims, (7) Plaintiff inappropriately attributes acts of independent
2  third parties to Defendants, and (8) Plaintiff's request for attorney's fees under 42 U.S.C.
3  §1988 for civil rights claims is completely inapplicable.

4  Thus, Defendants' meritorious defenses, many of which can be granted as a
5  matter of law, as well as the complexities of this case and potential relief at stake, weigh
6  in favor of relief.

7  **C.     Lifting default would not cause any prejudice.**

8  To be prejudicial, the setting aside of a default or default judgment must result in
9  greater harm than simply delaying resolution of the case; the standard is whether the
10 plaintiff's ability to pursue the claim will be hindered. *See Imagize LLC v. Ateknea Sols.*
11 *Hungary KFT*, No. 18-CV-01098-RS, 2019 WL 7802003, at *4 (N.D. Cal. Apr. 15, 2019).

12 As an initial matter, Plaintiff still must serve Defendants with the operative
13 Amended Complaint, and such service will moot the default that is based on the original
14 Complaint. *See* Fed. R. Civ. P. 5(a)(2); *Best W. Int'l, Inc. v. Melbourne Hotel Inv'rs, LLC*,
15 No. CV 06-2276-PHX-MHM, 2007 WL 2990132, at *1 (D. Ariz. Oct. 11, 2007) ("Notably,
16 an 'amended complaint supersedes the original, the latter being treated thereafter as non-
17 existent.'"); *Wahoo Int'l, Inc. v. Phix Doctor, Inc.*, No. 13CV1395-GPC BLM, 2014 WL
18 6810663, at **3-4 (S.D. Cal. Dec. 2, 2014), *amended sub nom.*, *Wahoo Int'l, Inc, v. Phix*
19 *Doctor, Inc.*, No. 13CV1395-GPCBLM, 2015 WL 410347 (S.D. Cal. Jan. 29, 2015)
20 ("Consequently, the Court concludes that default judgment cannot be entered against a
21 defendant in default on the original complaint which is superseded by an amended
22 complaint.'").

23 Accordingly, setting aside the default for the original Complaint will not be
24 prejudicial because Plaintiff will still proceed on the Amended Complaint, which was only
25 filed approximately two weeks ago (and Defendants' counsel offered to return a waiver of
26 service form for the Amended Complaint). Further, even going by the earliest date of
27 potential notice of the lawsuit (May 21, 2020), Defendants would have had at least 30
28 days to complete the waiver of service form for, plus 60 days to respond to, the original

Complaint under Federal Rule of Civil Procedure 4 (i.e., until August 19, 2020). Thus, there is no argument that the relief would delay the litigation, let alone prejudice any party. If default is lifted, Defendants will agree to accept service of the Amended Complaint.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the default against them be lifted or deemed mooted by the Amended Complaint.

Respectfully Submitted,

Dated: July 16, 2020  **KRONENBERGER ROSENFELD, LLP**

By: ____s/ Karl S. Kronenberger____
 Karl S. Kronenberger

Attorneys for Defendants Omar Qazi and Smick Enterprises, Inc.