Aaron Greenspan (*Pro Se*)
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| AARON GREENSPAN,<br><br>    Plaintiff,<br><br>    v.<br><br>OMAR QAZI, SMICK ENTERPRISES, INC., ELON MUSK, and TESLA, INC.,<br><br>    Defendants. | Case No. 3:20-cv-03426-JD<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF APPLICATION FOR ENTRY OF DEFAULT AGAINST OMAR QAZI AND SMICK ENTERPRISES, INC.**<br><br>Judge: Hon. James Donato<br>Complaint Filed: May 20, 2020 |

To the Clerk of the United States District Court for the Northern District of California:

On July 16, 2020, Defendant Omar Qazi stated in a Digital Millennium Copyright Act Counter-Notice addressed to Plaintiff, "I will accept service of process from the person who provided notification under subsection (c)(1)(C) or an agent of such person."  The "person who provided notification" referred to Plaintiff, who on July 12, 2020 provided notification to Defendant Qazi under 17 U.S.C. § 512(c)(1)(C) regarding infringement of a copyrighted work referenced in the First Amended Complaint in the instant case.  Now, five days later, counsel for Defendant Qazi denies the fact that his client accepted service of process in writing and claims that service is "insufficient."  The fact of the matter is that Defendant Qazi has already accepted service by mail retroactively, has already admitted to being "made aware of this action on around July 3, 2020" in his July 15, 2020 declaration, and was even posting numerous excerpts of the First Amended Complaint on social media on July 3, 2020.  *See* Plaintiff's attached Declaration.

PLAINTIFF'S REPLY ISO APPLICATION FOR
ENTRY OF DEFAULT AGAINST OMAR QAZI
AND SMICK ENTERPRISES, INC.

1

3:20-cv-03426-JD

Federal Rule of Civil Procedure 5(a)(2) defers to Rule 4 in limited circumstances where an amended complaint contains a new claim against a defendant "so that the defendant will know what claims he will be conceding if he chooses to ignore the proceedings." *McCurry Studios LLC v. Web2Web Marketing, Inc.*, Case No. 3:13-mc-80246-WHA (N.D. Cal, March 18, 2014). In this instance, where the defendant—who also admits to being a "principal" the other relevant corporate defendant—has literally been posting pictures of the very document his counsel claims that he has not been served with properly, it is clear that the defendant "know[s]." The Federal Rules of Civil Procedure require compliance for the purpose of constructive notice, not for the performance of an elaborate, expensive and time-consuming charade.

Defendant Qazi has no known current address and his counsel have not represented that they are authorized to accept service on anyone's behalf, nor will they stipulate to a responsive pleading deadline pursuant to Federal Rule of Civil Procedure 15(a)(3).[1] Even if personal service could be carried out, further compliance with Rule 4 is no longer necessary now that counsel has appeared on behalf of Defendants Qazi and Smick Enterprises, Inc. "Federal Rule of Civil Procedure 5(b)(2) authorizes the service of all papers following a party's appearance by mail." Wright & Miller, Federal Practice and Procedure: Civil 3d 1148.

Despite clear knowledge of the First Amended Complaint, plenty of time, and a belated appearance before this Court via counsel, the Defendants Qazi and Smick Enterprises, Inc. have failed to plead or otherwise respond to the FAC. Default should be entered accordingly.

Dated: July 21, 2020

*Aaron Greenspan* (signature)
Aaron Greenspan
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

---

[1] Opposing counsel only offered to "complete the Waiver of Service of Summons form."