**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com

Attorneys for Defendants Omar Qazi
and Smick Enterprises, Inc.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **AARON GREENSPAN**,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**OMAR QAZI**, et al.,<br><br>　　　　Defendants. | Case No. 3:20-cv-03426-JD<br><br>**DEFENDANTS OMAR QAZI AND SMICK ENTERPRISES, INC.'S ADMINISTRATIVE MOTION TO CLARIFY AND EXTEND TIME TO RESPOND TO PLAINTIFF'S FIRST AMENDED COMPLAINT, TO CLARIFY AND SET A BRIEFING SCHEDULE AND PAGE LIMIT FOR DEFENDANTS' RESPONSIVE PLEADING, AND TO CLARIFY THE DEFAULT AND DEFAULT REQUEST, PURSUANT TO LOCAL RULES 6-3 AND 7-11**<br><br>Time:　　In Chambers<br>Date:　　In Chambers<br>Before:　The Hon. James Donato<br>Ctrm:　　11, 19th Floor |

Pursuant to Civil Local Rules 6-3 and 7-11, Defendants Omar Qazi and Smick Enterprises, Inc. (collectively, "Defendants"), by and through their attorneys, hereby move the Court for an order (1) clarifying and extending the time for Defendants to respond to Plaintiff Aaron Greenspan's First Amended Complaint ("FAC"), (2) clarifying and setting a briefing schedule and page limits for their anticipated motion(s), and (3) finding that the pending default against Defendants on the original Complaint and the request for default on the FAC are both moot. This motion is based on the below facts, the Declaration of Karl S. Kronenberger, and the attached stipulation for a hypothetical extension of the page limits.

Plaintiff filed his Complaint pro se on May 20, 2020. [D.E. No. 1.] While Defendants contest service, Plaintiff obtained a default (*after* Plaintiff filed the FAC); Defendants' motion to lift default on the original Complaint is pending. [D.E. No. 44.]

Plaintiff filed his FAC on July 2, 2020, which is 82 pages long and includes 19 exhibits totaling more than 1,500 pages. [D.E. No. 20.] While Defendants again contest service, Plaintiff has again applied for default on the FAC [D.E. No. 45]; Defendants opposed Plaintiff's request for default, clarifying they had offered to accept service, but Plaintiff said, "I do not stipulate to anything." [D.E. No. 46.]

On July 21, 2020, Defendants' counsel emailed Plaintiff, stating "I agree to accept service of the FAC by email. Let me know if we have an agreement." (Declaration of Karl S. Kronenberger in Support of Smick Defendants' Administrative Motion ("Kronenberger Decl.") ¶2.) Plaintiff responded the same day stating, "We have an agreement." (Kronenberger Decl. ¶2.) Under this agreement, Defendants' responsive pleading would not have been due until August 11, 2020 (21 days after service) under Rule 4, assuming prior service was not effective, or otherwise on August 4, 2020 (14 days after service) under Rule 15(a)(3). (Kronenberger Decl. ¶2.) Given the ambiguities about service and the responsive pleading deadline, and given the breadth of the FAC and exhibits, Defendants' counsel emailed Plaintiff on July 22, 2020 asking if Plaintiff would stipulate to extend the deadline for responding to the FAC to August 18, 2020. (Kronenberger Decl.

¶3.) Plaintiff responded the same day stating, "I will not stipulate." (Kronenberger Decl. ¶3.) While Defendants believed they had an agreement for service of the FAC, on July 23, 2020, Plaintiff filed a request for judicial notice in support of his application for default on the FAC that surprisingly highlighted a purported "mug shot" of Defendant Qazi. [D.E. No. 48.]

Defendants are working diligently to prepare their response to the FAC and submit that they will incur substantial harm absent the requested relief as they would have insufficient time to respond to the numerous claims and voluminous FAC; in addition, ambiguity remains regarding the requests for default. (Kronenberger Decl. ¶4.) Further, the requested relief will not impact the case scheduling, Defendants have not obtained a prior modification of the scheduling order, and the Court granted a similar motion in this case by Defendants Elon Musk and Tesla, Inc. [D.E. No. 40.] (Kronenberger Decl. ¶5.)

Accordingly, Defendants request that the Court enter an order: (1) clarifying and extending the time for Defendants to respond to the FAC, (2) clarifying and setting a briefing schedule and page limits for Defendants' anticipated motion(s), and (3) finding that the pending default against Defendants on the original Complaint and the request for default on the FAC are both moot. Specifically, Defendants propose filing one collective brief (on behalf of Defendants Omar Qazi and Smick Enterprises, Inc.) in support of two motions (i.e. one special motion to strike under California's anti-SLAPP statute, Civ. Proc. Code §425.16, based on the pleadings only, and one motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)). Instead of filing two largely duplicative briefs in support of these two motions, Defendants propose combining the arguments in one opening brief of up to 25 pages due by August 18, 2020, one opposition of up to 25 pages due on September 8, 2020, and one reply of up to 15 pages due on September 22, 2020. Plaintiff has stipulated to a hypothetical extension of the page limits for the briefing.

//
//
//

Respectfully Submitted,

DATED: July 28, 2020  **KRONENBERGER ROSENFELD, LLP**

By:  s/ Karl S. Kronenberger
     Karl S. Kronenberger

Attorneys for Defendants Omar Qazi and Smick Enterprises, Inc.

Case No. 3:20-cv-03426-JD     3     **SMICK DEFENDANTS' ADMINISTRATIVE MOTION TO CLARIFY AND EXTEND**