**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com

Attorneys for Defendants Omar Qazi
and Smick Enterprises, Inc.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **AARON GREENSPAN**,<br><br>          Plaintiff,<br><br>     v.<br><br>**OMAR QAZI**, et al.,<br><br>          Defendants. | Case No. 3:20-cv-03426-JD<br><br>**DECLARATION OF KARL S. KRONENBERGER IN SUPPORT OF DEFENDANTS OMAR QAZI AND SMICK ENTERPRISES, INC.'S ADMINISTRATIVE MOTION TO CLARIFY AND EXTEND TIME TO RESPOND TO PLAINTIFF'S FIRST AMENDED COMPLAINT, TO CLARIFY AND SET A BRIEFING SCHEDULE AND PAGE LIMIT FOR DEFENDANTS' RESPONSIVE PLEADING, AND TO CLARIFY THE DEFAULT AND DEFAULT REQUEST, PURSUANT TO LOCAL RULES 6-3 AND 7-11**<br><br>Time:     In Chambers<br>Date:     In Chambers<br>Before:   The Hon. James Donato<br>Ctrm:     11, 19th Floor |

I, Karl S. Kronenberger, declare as follows:

1. I am an attorney admitted to practice law in the State of California and before this Court. I am a partner at the law firm of Kronenberger Rosenfeld, LLP, counsel of record for Defendants Omar Qazi and Smick Enterprises, Inc. ("Defendants") in this action. Unless otherwise stated, I have personal knowledge of the facts stated herein.

2. On July 21, 2020, I emailed Plaintiff, stating "I agree to accept service of the First Amended Complaint ("FAC") by email. Let me know if we have an agreement." Plaintiff responded the same day stating, "We have an agreement." Based on my calculation, Defendants' responsive pleading would not have been due until August 11, 2020 (21 days after service) under Rule 4, assuming prior service was not effective, or otherwise on August 4, 2020 (14 days after service) under Rule 15(a)(3).

3. Given the ambiguities about service and the responsive pleading deadline, and given the breadth of the FAC and exhibits, I emailed Plaintiff on July 22, 2020 asking if Plaintiff would stipulate to extend the deadline for responding to the FAC to August 18, 2020. Plaintiff responded the same day stating "I will not stipulate."

4. My office is currently working to prepare Defendants' response to the FAC. Defendants will incur substantial harm absent the requested relief as Defendants and my office will have insufficient time to respond to the numerous claims and voluminous FAC.

5. I do not believe that the requested relief will impact the case scheduling, given that the case is at an early procedural posture, Defendants have not obtained a prior modification of the scheduling order, and the Court granted a similar motion in this case by Defendants Elon Musk and Tesla, Inc.

6. On July 24, 2020, I emailed Plaintiff asking if he would stipulate to the requested relief. Plaintiff responded, "I will stipulate to a hypothetical combined briefing for both defendants of 25 pages with a 25-page opposition and 15-page reply, conditional upon your acceptance of e-mail service for all documents in this case going forward. To be clear, that 25-page briefing would have to combine the planned anti-SLAPP special motion to strike and your planned motion to dismiss in one document. I do not stipulate

to anything regarding an extension of time or default." A true and correct copy of my July 24, 2020 email correspondence with Plaintiff is attached hereto as **Exhibit A**. Further, a true and correct copy of the parties' stipulation as to the "hypothetical" extension of page limits for Defendants' responsive pleading to the FAC is attached hereto as **Exhibit B**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 28, 2020.                                                  s/ Karl S. Kronenberger
                                                                            Karl S. Kronenberger

# Exhibit A

| | |
|---|---|
| **From:** | Karl Kronenberger |
| **To:** | Aaron Greenspan |
| **Cc:** | Jeff Rosenfeld; Liana Chen; Leah Vulic |
| **Subject:** | Administrative Motion |
| **Date:** | Friday, July 24, 2020 12:43:14 PM |

Dear Aaron,

Defendants Omar Qazi and Smick Enterprises, Inc. ("Defendants") intend to file an administrative motion with the Court seeking the following relief:

1. That the Court extend and clarify the date by which Defendants must respond to Plaintiff's First Amended Complaint ("FAC") to August 18, 2020.
2. That the Court allow Defendants to file a motion to strike the FAC under California's anti-SLAPP statute, Civ. Proc. Code §425.16 and a motion to dismiss under Fed. R. Civ. P. 12(b)(6) supported by a single memorandum of points and authorities not to exceed 25 pages. Plaintiff will be allowed to file an opposition brief not to exceed 25 pages by September 8, 2020; and Defendants may file a reply brief not to exceed 15 pages by September 22, 2020.
3. That the Court find that Plaintiff's clerk's default and Plaintiff's pending request for default against Defendants are moot, and that the Court lift those defaults.

Can you please let me know whether you will stipulate to this relief.

Sincerely,

Karl

_____

Karl S. Kronenberger
www.KRInternetLaw.com

| | |
|---|---|
| **From:** | Aaron Greenspan |
| **To:** | Karl Kronenberger |
| **Cc:** | Jeff Rosenfeld; Liana Chen; Leah Vulic |
| **Subject:** | Re: Administrative Motion |
| **Date:** | Friday, July 24, 2020 1:03:00 PM |

Karl,

Upon second thought, apart from deadlines, I will stipulate to a hypothetical combined briefing for both defendants of 25 pages with a 25-page opposition and 15-page reply, conditional upon your acceptance of e-mail service for all documents in this case going forward. To be clear, that 25-page briefing would have to combine the planned anti-SLAPP special motion to strike and your planned motion to dismiss in one document.

I do not stipulate to anything regarding an extension of time or default. I reserve all rights.

Aaron

PlainSite | https://www.plainsite.org

# Exhibit B

**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com

Attorneys for Defendants Omar Qazi
and Smick Enterprises, Inc.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **AARON GREENSPAN**,<br><br>         Plaintiff,<br><br>    v.<br><br>**OMAR QAZI**, et al.,<br><br>         Defendants. | Case No. 3:20-cv-03426-JD<br><br>**STIPULATION RELATING TO SMICK DEFENDANTS' ADMINISTRATIVE MOTION UNDER CIV. L.R. 7-11** |

Pursuant to Civil Local Rule 7-11, Defendants Omar Qazi and Smick Enterprises, Inc. (collectively, the "Smick Defendants") and Plaintiff Aaron Greenspan hereby stipulate to extend the page limits for both parties in connection with the Smick Defendants anticipated motions in response to the First Amended Complaint ("FAC") [D.E. 20], if and when the Smick Defendants are authorized to file the anticipated motions, as follows:

WHEREAS, Plaintiff filed the Complaint [D.E. 1] on May 20, 2020;

WHEREAS, Plaintiff filed the FAC [D.E. 20] on July 2, 2020;

WHEREAS, the parties dispute issues relating to service of the Complaint and FAC on the Smick Defendants, the deadline for the Smick Defendants to respond to the FAC, and whether default on the original Complaint should be lifted or set aside and whether the request for default on the FAC should be granted;

WHEREAS, if and when the Smick Defendants are authorized to file a responsive pleading to the FAC, the Smick Defendants believe it would be more efficient, for the Court and all parties, to file a single consolidated brief in support of two anticipated motions (one special motion to strike under California's anti-SLAPP statute, Civ. Proc. Code §425.16, based on the pleadings only, and one motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)); and the Smick Defendants are filing an administrative motion to clarify and extend the time to respond to the FAC, to clarify and set a briefing schedule and page limits for the briefing, and to clarify the default and default request;

WHEREAS, Plaintiff reserves, and does not waive, all rights to dispute the Smick Defendants' anticipated motions, including the right to dispute that an anti-SLAPP motion could be properly filed in this case;

WHEREAS, regarding the Smick Defendants' request to clarify and extend the page limits related to the anticipated motions, the Smick Defendants state that the length of the FAC, number of allegations, volume of exhibits, and number of issues and claims, as well as the Smick Defendants' proposal to combine the two anticipated

motions into one consolidated brief, support allowance of an opening brief of up to 25 pages, an opposition brief of up to 25 pages, and a reply brief of up to 15 pages;

WHEREAS, apart from issues relating to the deadlines, extension of time, and default, Plaintiff agrees to stipulate to a "hypothetical" combined briefing with a 25-page opening brief limit, a 25-page opposition limit, and a 15-page reply limit, conditioned upon the Smick Defendants' acceptance of email service for all documents;

WHEREAS, Plaintiff and the Smick Defendants mutually agree to email service for all documents in this action that are not filed and served through ECF.

NOW THEREFORE, the parties jointly stipulate and request that the Court enter an order that, if and when the Smick Defendants are authorized to file a responsive pleading to the FAC, the page limits for briefing on the Smick Defendants' anticipated special motion to strike and motion to dismiss be combined in an opening brief not to exceed 25 pages, with 25 pages for Plaintiff's opposition, and 15 pages for the reply.

Respectfully Submitted,

DATED: July 28, 2020            **KRONENBERGER ROSENFELD, LLP**

By:   /s/ Karl S. Kronenberger
           Karl S. Kronenberger

Attorneys for Defendants Omar Qazi and Smick Enterprises, Inc.

DATED: July 28, 2020            **AARON GREENSPAN**

By:   /s/ Aaron Greenspan
           Aaron Greenspan

Case No. 3:20-cv-03426-JD      2      STIPULATION RELATING TO SMICK DEFENDANTS' ADMIN MTN

**ATTESTATION PURSUANT TO CIV. L.R. 5-1(i)(3)**

Pursuant to Civ. L.R. 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the signatory.

DATED: July 28, 2020         **KRONENBERGER ROSENFELD, LLP**

By: ___/s/ Karl S. Kronenberger___
          Karl S. Kronenberger