**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com

Attorneys for Defendants Omar Qazi
and Smick Enterprises, Inc.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **AARON GREENSPAN**, <br><br> Plaintiff, <br><br> v. <br><br> **OMAR QAZI**, et al., <br><br> Defendants. | Case No. 3:20-cv-03426-JD <br><br> **DEFENDANTS OMAR QAZI AND SMICK ENTERPRISES, INC.'S REPLY IN SUPPORT OF MOTION TO LIFT CLERK'S ENTRY OF DEFAULT** <br><br> Time:  10:00 a.m. <br> Date:  August 20, 2020 <br> Before: The Hon. James Donato <br> Ctrm:  11, 19th Floor |

Case No. 3:20-cv-03426-JD                    SMICK DEFENDANTS' REPLY ISO MTN TO LIFT DEFAULT

## REPLY

Plaintiff Aaron Greenspan opposes lifting default against Defendants Omar Qazi and Smick Enterprises, Inc. ("Defendants") on the original Complaint; however, as outlined in Defendant Omar Qazi's prior declaration, Defendants were not served with the Complaint (Plaintiff apparently served the wrong person, as the Complaint was purportedly served at an address where Mr. Qazi did not reside, and Mr. Qazi did not even know about the Complaint, as he had blocked Plaintiff's emails). [*See* D.E. 44-1, ¶¶2-4 .] Further, Plaintiff filed a First Amended Complaint ("FAC") on July 2, 2020 [D.E. 20], and Defendants' counsel promptly contacted Plaintiff and agreed to accept service (after which Plaintiff confusingly filed for default on the FAC). [*See* D.E. 44-2, ¶2; 45; 51-1, ¶2.] Defendants seek the opportunity to respond to the FAC, and the parties have already stipulated to an extension of page limits on Defendants' anticipated motion to dismiss if and when the motion is allowed to be filed. [*See* D.E. 51-1, Ex. B (pp. 8-11).]

Defendants dispute Plaintiff's argument that failure to respond to the Complaint (or FAC) constitutes "extreme circumstances" warranting continued default, especially given the disputes as to whether the Defendants were even served and as to the deadline to respond. Defendants also dispute Plaintiff's contention that Defendants' differing characterizations of the facts constitute misrepresentations to the Court. Regardless, the only facts relevant for the Court on this motion are: (1) there has been no culpable conduct causing the default (regardless of the parties' ongoing disagreements and social media posts underlying this case), (2) Defendants have multiple meritorious defenses, which were outlined in Defendants' opening motion and will be detailed further in a motion to dismiss, and (3) there will be no prejudice to Plaintiff in granting the relief sought, including as the Complaint is no longer at issue since Plaintiff filed the FAC.

//

//

//

Case No. 3:20-cv-03426-JD     1     **SMICK DEFENDANTS' REPLY ISO MTN TO LIFT DEFAULT**

## **CONCLUSION**

For all the reasons outlined above and in Defendants' motion to lift default on the original Complaint, Defendants' motion should be granted or deemed mooted.

Respectfully Submitted,

DATED: August 5, 2020    **KRONENBERGER ROSENFELD, LLP**

By: ____s/ Karl S. Kronenberger_____
      Karl S. Kronenberger

Attorneys for Defendants Omar Qazi and Smick Enterprises, Inc.