| | |
|---|---|
| COOLEY LLP<br>JOHN C. DWYER (136533)<br>(dwyerjc@cooley.com)<br>3175 Hanover Street<br>Palo Alto, CA  94304-1130<br>Telephone:     (650) 843-5000<br>Facsimile:      (650) 849-7400<br><br>AARTI REDDY (274889)<br>(areddy@cooley.com)<br>REECE TREVOR (316685)<br>(rtrevor@cooley.com)<br>101 California Street, 5th Floor<br>San Francisco, CA  94111-5800<br>Telephone:     (415) 693-2000<br>Facsimile:      (415) 693-2222<br><br>Attorneys for Defendants<br>TESLA, INC. and ELON MUSK | AARON GREENSPAN<br>(aaron.greenspan@plainsite.org)<br>956 Carolina Street<br>San Francisco, CA   94107-3337<br>Telephone:     (415) 670-9350<br>Facsimile:      (415) 373-3959<br><br>Plaintiff *Pro Se*<br><br>KRONENBERGER ROSENFELD, LLP<br>Karl S. Kronenberger (226112)<br>(karl@KRInternetLaw.com)<br>Jeffrey M. Rosenfeld (222187)<br>(jeff@KRInternetLaw.com)<br>150 Post Street, Suite 520<br>San Francisco, CA   94108<br>Telephone:     (415) 955-1155<br>Facsimile:      (415) 955-1158<br><br>Attorneys for Defendants<br>OMAR QAZI and SMICK ENTERPRISES, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON GREENSPAN,<br><br>        Plaintiff,<br><br>    v.<br><br>OMAR QAZI, SMICK ENTERPRISES, INC., ELON MUSK, and TESLA, INC.,<br><br>        Defendants. | Case No. 3:20-cv-03426-JD<br><br>**JOINT ADMINISTRATIVE MOTION TO INCREASE PAGE LIMITS AND SET A BRIEFING SCHEDULE FOR DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S ANTICIPATED SECOND AMENDED COMPLAINT**<br><br>**(CIV. L. R. 6-3, 7-11)**<br><br>Judge: Hon. James Donato<br>Trial Date:  None Set<br>Date Action Filed:  May 20, 2020 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT ADMIN. MOT. RE
SAC BRIEFING
CASE NO. 3:20-CV-03426-JD

Pursuant to Civil Local Rules 6-3 and 7-11, Defendants Elon Musk and Tesla, Inc. (together "Tesla Defendants") and Omar Qazi and Smick Enterprises, Inc. (together "Qazi Defendants"), by and through their respective attorneys, and Plaintiff Aaron Greenspan ("Plaintiff," and together with the Tesla Defendants and Qazi Defendants, the "Parties") hereby jointly move the Court for an order: (1) increasing the applicable page limits for briefing on Defendants' anticipated motions to dismiss Plaintiff's anticipated Second Amended Complaint ("SAC"); and (2) setting a new briefing schedule for orderly disposition of the Tesla Defendants' and the Qazi Defendants' forthcoming Motions to Dismiss Plaintiff's SAC. The Parties' motion is based upon the following facts and circumstances, as well as the Declaration of Aarti G. Reddy ("Reddy Decl."), filed concurrently herewith.

Plaintiff filed his First Amended Complaint ("FAC") on July 2, 2020, and the Tesla Defendants and Qazi Defendants filed motions to dismiss that complaint on July 31, 2020, and August 18, 2020, respectively. *See* ECF Nos. 20, 56, 65. Along with his opposition to the Tesla Defendants' motion to dismiss, Plaintiff appended a proposed SAC as an exhibit. *See* ECF No. 67-1. The Parties conferred and agreed that it would promote convenience and judicial efficiency for them to brief a single set of motions to dismiss Plaintiff's most current allegations, as contained in his anticipated SAC, on a unified schedule, rather than for the Court to consider piecemeal briefing on the operative FAC. Reddy Decl. ¶¶ 7-8.

To that end, the Parties have agreed to the following:

(1) Defendants consent that Plaintiff may file an SAC,[1] *see* Fed. R. Civ. P. 15(a)(2);

(2) The Parties shall brief any Motions to Dismiss the anticipated SAC pursuant to the following schedule: any motion to dismiss (or answer) to the SAC shall be due 21 days after the filing of the SAC, with Plaintiff's opposition(s) to any such motion(s) due 28 days after the filing of the motion(s), and the Tesla Defendants' and Qazi Defendants' replies due 14 days after the filing of Plaintiff's opposition(s) to their respective motion(s);

---

[1] The parties agree that upon Plaintiff's filing of the anticipated SAC, the pending motions to dismiss and strike portions of the FAC shall be moot and it will be appropriate for the Court to vacate the briefing schedule and hearing dates associated with those motions.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

JOINT ADMIN. MOT. re
SAC BRIEFING
CASE NO. 3:20-CV-03426-JD

(3) the Parties jointly request a modest extension of page limits for the briefing beyond what would ordinarily be allowed under this Court's Standing Order for Civil Cases Before Judge James Donato ("Standing Order").  Specifically, as was the case for the FAC per the Court's order, *see* ECF No. 40, the Parties respectfully request that the Court grants the following page extensions: (i) the Tesla Defendants shall be entitled to 25 pages each for their consolidated opening brief and 15 pages for their reply brief; (ii) the Qazi Defendants shall also be entitled to 25 pages for their consolidated opening brief and 15 pages for their reply brief; and (iii) Plaintiff shall be entitled to 25 pages for each of his oppositions to these motions.

Given the complexity and variety of the issues raised by the proposed SAC, the Parties agree and respectfully submit that an extended briefing schedule would best serve judicial efficiency by permitting them to fully and completely address the legal and factual issues likely to arise on the motions to dismiss. Reddy Decl. ¶¶ 7-8.  Discovery in this case is stayed, ECF No. 63, and no case management conference has been set, ECF No. 64, so this extension of time would not prejudice any party or have any negative effect on the case schedule. Reddy Decl. ¶¶ 8-9.

The Parties further agree and respectfully submit that good cause exists for allowing the Parties to exceed their respective page limitations set forth in Paragraph 18 of the Court's Standing Order for Civil Cases before Judge James Donato. The Parties' modest extension is justified by the length of the SAC and the breadth of its allegations. The proposed SAC appended to Plaintiff's opposition to the Tesla Defendants' motion to dismiss is 106 pages long, alleges misconduct over a period of several years, and asserts liability based on eleven different causes of action. The Parties believe that the requested page extension is necessary to adequately develop and present the various issues, and that judicial and Party economy would be served by the proposed joint briefing.  In addition, the Parties' proposal seeks fewer pages than Defendants would otherwise be entitled to if they submitted separate motions on behalf of each of the four defendants.[2]  Finally, the page limits

---

[2] Specifically, pursuant to Section 18 of this Court's standing order, the four defendants would be entitled to a combined total of 60 pages of briefing for their opening briefs and 40 pages of briefing for their replies, while Defendants here propose a combined total of 50 pages and 30 pages for such briefing.  *See* Standing Order at ¶ 18 (stating that parties are entitled to 15 pages for opening motions and 10 pages for reply motions).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

JOINT ADMIN. MOT. RE
SAC BRIEFING
CASE NO. 3:20-CV-03426-JD

the Parties propose are consistent with those that this Court approved as to the Tesla Defendants' motion to dismiss the FAC. *See* ECF No. 40.

Accordingly, pursuant to Civil Local Rules 6-3 and 7-11, the Parties jointly request that the Court: (1) enter an order that any motion to dismiss (or answer) to the SAC shall be due 21 days after the filing of the SAC, with Plaintiff's opposition(s) to any such motion(s) due 28 days after the filing of the motion(s), and the Tesla Defendants' and Qazi Defendants' replies due 14 days after the filing of Plaintiff's opposition(s) to their respective motion(s); and (2) enter an order that the page limits for briefing on the Tesla Defendants' and Qazi Defendants' anticipated motions to dismiss shall be increased to 25 pages for each motion, 25 pages for each of Plaintiff's oppositions to the motions, and 15 pages each for the Tesla Defendants' and Qazi Defendants' replies in support of their respective motions.

Respectfully submitted,

Dated: August 26, 2020          COOLEY LLP

                                By: */s/ John C. Dwyer*
                                    John C. Dwyer (136533)

                                Attorneys for Defendants
                                TESLA, INC. and ELON MUSK

Dated: August 26, 2020          By: */s/ Aaron Greenspan*
                                    Aaron Greenspan

                                Plaintiff *Pro Se*

Dated: August 26, 2020          KRONENBERGER ROSENFELD, LLP

                                By: */s/ Karl S. Kronenberger*
                                    Karl S. Kronenberger (226112)

                                Attorneys for Defendants
                                OMAR QAZI and SMICK ENTERPRISES, INC.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

JOINT ADMIN. MOT. RE
SAC BRIEFING
CASE NO. 3:20-CV-03426-JD

**ATTESTATION OF SIGNATURES**

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: August 26, 2020                     /s/ *John C. Dwyer*
                                                              John C. Dwyer

232715986

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

JOINT ADMIN. MOT. RE
SAC BRIEFING
CASE NO. 3:20-CV-03426-JD