UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON JACOB GREENSPAN,<br><br>Plaintiff,<br><br>v.<br><br>OMAR QAZI, et al.,<br><br>Defendants. | Case No. 20-cv-03426-JD<br><br>**ORDER RE DEFAULT AND CIVILITY**<br>Re: Dkt. Nos. 44, 45, 51 |

From the start, this litigation has had an unusually high degree of friction between the parties, particularly pro se plaintiff Greenspan and defendant Qazi. This has led to a flood of entirely unnecessary disputes over technical issues of service and default in connection with the complaint, among other matters. *See, e.g.,* Dkt. Nos. 15, 26, 44, 45, 51. The parties' inability to work out an agreement on these simple procedural matters is an unacceptable departure from the civility and professionalism required of all litigants, whether pro se or represented by counsel, who appear in this District. This order resolves the default issues, and sets a course for avoiding further misuse of time, money, and judicial resources in this case.

We have a strong policy in favor of deciding cases on the merits and not on procedural tactics or technical imperfections. *See United States v. Signed Personal Check No. 730 of Yubran S. Merle*, 615 F.3d 1085, 1091 (9th Cir. 2010); *Pena v. Seguros La Comercial, S.A.,* 770 F.2d 811, 814 (9th Cir. 1985). When a default has been entered, Federal Rule of Civil Procedure 55(c) grants the Court discretion to set it aside for good cause. Fed. R. Civ. Proc. 55(c); *Merle*, 615 F.3d at 1091. This discretion is particularly broad in the context of a clerk's entry of default, which is a step removed from a default judgment and so does not implicate an interest in the finality of a judgment. *Merle*, 615 F.3d at 1091 n.1 (internal citation omitted); *Mendoza v. Wight Vineyard*

*Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986) ("The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment.").

The good cause inquiry looks at whether: (1) the default was entered after culpable and blameworthy conduct; (2) the party against whom default was entered has a meritorious defense to the complaint; or (3) lifting the default would prejudice the other party. *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004) (internal citation omitted). These factors are disjunctive. *Id*. at 926.

The salient facts here are straightforward. Greenspan states that he served his original complaint on Qazi and defendant Smick Enterprises on June 7, 2020, which he suggests would have set a response date of June 29, 2020. Dkt. No. 26. The day after that deadline, Greenspan filed an application for a clerk's entry of default because neither defendant had responded to the complaint. Dkt. No. 15. The clerk declined this request due to a defect in the affidavit of service. Dkt. No. 16. On July 7, 2020, Greenspan filed a renewed application for entry of default. Dkt. No. 26. This time, the clerk's entry was made. Dkt. No. 27.

On July 16, 2020, Qazi and Smick filed a motion seeking to lift the clerk's entry on the grounds of some confusion about service, and that they had been looking for a lawyer to represent them. Dkt. No. 44. at 3; Dkt. No. 44-1 ¶¶ 2-4. They retained counsel on approximately July 12, 2020, who promptly filed the request to lift the default. Dkt. No. 44-1 ¶ 4.

While these events were unfolding, Greenspan spontaneously filed an amended complaint on July 2, 2020, which was before he submitted the renewed request for entry of default on the original complaint. Dkt. No. 20. On July 21, 2020, Greenspan requested another entry of default because Qazi and Smick had not responded to the amended complaint as of July 20, 2020. Dkt. No. 45. This request was filed five days after defendants asked to lift the default entry on the original complaint. Qazi and Smick then filed a motion to "clarify" their response dates and related issues. Dkt. No. 51. They stated that they believed they had reached an agreement with Greenspan on accepting service of the amended complaint and setting a response date of August 11, 2020. *Id*. at 1.

2

The clerk has not entered a default on the amended complaint. On August 26, 2020, Greenspan filed a second amended complaint, with the agreement of all of the defendants. Dkt. Nos. 69, 70.

As this record shows, this is not a story of dereliction of duty or inexcusable neglect. A good argument can be made that the filing and service of successive amended complaints reset defendants' time to respond in a way that mooted the default applications. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc) ("the general rule is that an amended complaint supercedes the original complaint and renders it without legal effect."). The filing of the amended complaints would reasonably suggest that there was no need to respond to the prior versions. There is also no evidence that Qazi or Smick acted with a degree of culpability that might justify a default. *See Merle*, 615 F.3d at 1092 ("to treat a failure to answer as culpable, the movant must have acted with bad faith"). While the first few weeks of this case may not have been entirely smooth sailing, Qazi and Smick were reasonably diligent in handling service issues while seeking to retain an attorney. It would seem obvious that a little leeway is warranted by the substantial impacts of the COVID-19 pandemic on legal and business operations. To be sure, undue delays or willful neglect will be met with appropriate sanctions, but this is no time to engage in litigation by chess clock.

While it hardly seems necessary to go through the other good cause factors, Qazi and Smick have demonstrated that they have substantive defenses to the claims in the complaint. *See* Dkt. No. 44 at 3-4. There is no prejudice to Greenspan from lifting the default, especially since he has liberally amended the complaint since the default was entered.

Consequently, the default entered at Dkt. No. 27 is lifted, and the request for another entry in Dkt. No. 45 is denied. No further applications for entry of default may be filed by any party without the Court's prior approval.

Now to the bigger picture. In the usual course of business, these relatively minor procedural issues would have been worked out with the civility and professionalism that counsel and parties typically bring to their cases in this District. That did not happen here, which led to a multiplicity of unwarranted filings and attendant waste of resources, including the Court's. To

3

1 avoid future incidents along these lines, all parties and their attorneys in this action are directed to
2 read the District's guidelines on civility and professionalism, which are available at
3 https://www.cand.uscourts.gov/forms/guidelines-for-professional-conduct.  All parties and counsel
4 will be held accountable for conforming to the letter and spirit of the guidelines, including pro se
5 litigant Greenspan.  *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).  The parties and
6 counsel are advised that a failure to adhere to the guidelines may result in sanctions, including but
7 not limited to claim or defense preclusion, exclusion of evidence, an award of attorney's fees and
8 costs to an opposing party, professional discipline, and dismissal under Rule 41(b).

9 **IT IS SO ORDERED.**

10 Dated:  September 2, 2020

_____
JAMES DONATO
United States District Judge