**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com

Attorneys for Defendants Omar Qazi
and Smick Enterprises, Inc.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **AARON GREENSPAN**, <br><br> Plaintiff, <br><br> v. <br><br> **OMAR QAZI**, et al., <br><br> Defendants. | Case No. 3:20-cv-03426-JD <br><br> **DEFENDANTS OMAR QAZI AND SMICK ENTERPRISES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR FRCP 11 SANCTIONS ON KRONENBERGER ROSENFELD LLP AND DEFENDANTS OMAR QAZI AND SMICK ENTERPRISES, INC.** <br><br> Date:     October 1, 2020 <br> Time:     10:00 a.m. <br> Before:   The Hon. James Donato <br> Ctrm:     11, 19th Floor |

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff Aaron Greenspan ("Plaintiff")'s pro se motion for sanctions against Defendants Omar Qazi and Smick Enterprises, Inc. (collectively, "Smick Defendants" or "Qazi Defendants") and their counsel is not warranted and should be denied.

The Smick Defendants disputed that they were served with either the original Complaint or First Amended Complaint ("FAC") and have filed a separate motion to lift default on the original Complaint and opposition to Plaintiff's motion for default on the FAC. Despite the Smick Defendants' efforts to work with Plaintiff to accept service of the FAC and agree on a deadline to file a responsive pleading, Plaintiff has filed this motion for sanctions, arguing that the Smick Defendants' supported factual position and legal arguments in their motion to lift default and opposition were "misrepresentations." However, Plaintiff's assertions are misplaced, as they are based on posts, some anonymous, to social media accounts and a message board thread not created or controlled by Defendants and on guessing by Plaintiff on theories about how Defendants were served despite an unequivocal declaration by Mr. Qazi that he was never served. In addition, Plaintiff complains that certain emails and online posts/conduct violate Federal Rule of Civil Procedure ("Rule") 11, but those arguments are unsuitable for a Rule 11 motion as they do not involve representations to the Court (and the Smick Defendants dispute the merits of those arguments). Finally, while Plaintiff attacks the Smick Defendants' filings related to the original Complaint and FAC, the Smick Defendants have since cooperated with Plaintiff by stipulating with Plaintiff to allow Plaintiff to file a Second Amended Complaint ("SAC") [*see* D.E. 69]; and the Court has just issued an order regarding default and civility that resolves the default issues. Thus, none of the filings to which Plaintiff cites are even operative pleadings before the Court at this time.

Accordingly, the Smick Defendants request that the Court deny Plaintiff's motion for sanctions and award the Smick Defendants their fees and costs for the motion.

//

## STATEMENT OF THE ISSUES

Plaintiff's motion states the present issue is "whether the Qazi Defendants' statements and the statements of their counsel in D.E. 44, D.E. 46, via e-mail, and on social media merit Rule 11 sanctions."

## BACKGROUND

### A. Plaintiff's Attempts to Prevent Meritorious Defenses to the FAC

Plaintiff is a repeat litigant.[1] On May 20, 2020, Plaintiff filed his Complaint pro se. [D.E. 1.] On July 2, 2020, Plaintiff filed a FAC, which is over 1,500 pages with exhibits. [D.E. 20.] On July 7, 2020, Plaintiff filed a motion for default against the Smick Defendants on the original Complaint. [D.E. 26.] As outlined in the Smick Defendants' motion to lift default on the Complaint, the Smick Defendants dispute service of the Complaint. [D.E. 44.] On July 21, 2020, the parties agreed to the Smick Defendants' acceptance of service of the FAC by email to counsel. [D.E. 51-1, ¶2.] However, thereafter on July 21, 2020, Plaintiff moved for default against the Smick Defendants as to the FAC. [D.E. 45.] As outlined in the Smick Defendants' opposition to the motion for default on the FAC, the Smick Defendants disputed service of the FAC but tried to cooperate with Plaintiff on accepting service and a establishing a deadline to respond. [D.E. 46.]

On August 26, 2020, the Smick Defendants stipulated to allow Plaintiff to file a SAC and joined in an administrative motion regarding responsive pleadings to the SAC. [D.E. 69.] On the same day, Plaintiff filed his SAC. [D.E. 70.]

On September 2, 2020, the Court issued an Order regarding default and civility,

---

[1] *See e.g., Greenspan v. Random House, Inc.,* No. 12-1594, 2012 WL 5188792, at *1 (1st Cir. Oct. 16, 2012) (affirming grant of motion to dismiss and denial of motion to amend complaint); *Greenspan v. Random House,* No. 11-12000-RBC, D.E. 75 (D. Mass. May 8, 2014) ("[T]he Court views the motion as without merit . . . plaintiff is advised that if he files any further meritless motions, the Court shall consider sanctions. Thus, plaintiff would be well advised to consult an attorney before filing any further pleadings in this case."); *Greenspan v. Admin. Office of the United States Courts*, No. 14CV2396 JTM, 2014 WL 6847460, at *12 (N.D. Cal. Dec. 4, 2014) (granting motion to dismiss); *Digital Millennium Copyright Act to Copyright Agent, Namecheap, Inc., Legal Dep't*, 1:18-mc-00071-CAB, D.E. 2 (N.D. Ohio Aug. 13, 2018) (motion by Aaron Greenspan for contempt sanctions filed, which was opposed, D.E. 5, and no entry of it being granted or ruled upon).

1  resolving the default issues. [D.E. 72.] On the same day, counsel for the Smick
2  Defendants emailed Plaintiff asking that, given the order, would Plaintiff consider
3  withdrawing the present motion for sanctions; counsel and Plaintiff discussed these
4  issues on the phone, and Plaintiff indicated he would not withdraw the present motion for
5  sanctions. (Declaration of Karl S. Kronenberger in Support of Opposition to Plaintiff's
6  Motion for Sanctions ("Kronenberger Decl.") ¶5 and Ex. B.)

   Throughout this case, Plaintiff has claimed that all Defendants and their counsel have acted unlawfully and in violation of professional rules of conduct (which claims are strongly disputed). The Smick Defendants and their counsel have spent numerous hours and thousands of dollars trying to cooperate with Plaintiff, including on issues related to Plaintiff's default requests and this motion. (Kronenberger Decl. ¶2.)

### B.    Plaintiff's Present Motion for Sanctions

On July 25, 2020, Plaintiff served his motion for sanctions by mail. [D.E. 66 ("Pl's Mtn.") at 4:1-2.) On August 12, 2020, the Smick Defendants' counsel emailed Plaintiff, disputing that there was any unlawful or sanctionable conduct. (Kronenberger Decl. ¶4 & Ex. A.) On August 19, 2020, Plaintiff filed the present motion for sanctions. [D.E. 66.]

Plaintiff argues the Smick Defendants' filing of their motion to lift default on the original Complaint [D.E. 44] and opposition to the motion for default on the FAC [D.E. 46] justify sanctions. Plaintiff's motion also attacks the Smick Defendants' initial certificate of interested entities [D.E. 43] because it did not identify the Smick Defendants' GoFundMe page relating to this litigation. [Pl's Mtn. at 7:15-8:4.] However, while the Smick Defendants disagreed with Plaintiff's contentions, in interests of compromise, they filed an amended certificate of interested entities to identify their GoFundMe page. [D.E. 50.] In addition, Plaintiff complains that certain emails and online posts/conduct violate Rule 11, without indicating how those statements were representations to the Court.

### ARGUMENT

### A.    Rule 11 Standard

Rule 11(b) provides, in connection with "Representations to the Court," "By

presenting to the court a pleading, written motion, or other paper," an attorney certifies (1) that it is not being presented for any improper purpose, (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending the law, and (3) the factual contentions have evidentiary support, or if specifically identified, will likely have evidentiary support after investigation or discovery.

Under Rule 11(c), the Court may impose an appropriate sanction on an attorney, firm, or party that violated Rule 11(b); a motion for sanctions may be made after a 21-day "safe harbor" period after service of the motion, and the Court may award the "prevailing party" reasonable expenses, including attorney's fees, incurred for the motion. Fed. R. Civ. P. Rule 11(c)(2); *see also Buster v. Green*, 104 F.3d 1186, 1190 n. 5 (9th Cir. 1997).[2]

The purpose of Rule 11, including the sanctions provision, is to deter dilatory or abusive pretrial tactics and to streamline litigation by excluding baseless filings. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 392-93 (1990); *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1542 (9th Cir. 1986). Rule 11 is <u>not</u> intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories. *Greenberg v. Sala*, 822 F.2d 882, 887 (9th Cir. 1987).

Importantly, Rule 11 motions "should not be made . . . for minor, inconsequential violations . . ."; if an adversary's allegations are fairly debatable, a party should not threaten or seek sanctions as a means of intimidation. *See* Committee Notes on Amendments to Federal Rules of Civil Procedure, 146 F.R.D. 401, 590 (1993). Nor should a Rule 11 motion be used to raise issues of legal sufficiency, which "more properly can be disposed of by a motion to dismiss or a motion for more definite statement or a motion for summary judgment." 5A Wright & Miller, *Federal Practice & Proc.*, Civ.2d §1336, at 97 (1990).

---

[2] The document Plaintiff served on the Smick Defendants by mail differs substantively from the document filed with the Court (for example, the document filed contains additional facts in the background section). To the extent the filed document differs from the one the Smick Defendants received, this Court should not consider any unique facts or issues raised in the filed document, as that would violate Rule 11's 21 day safe harbor requirement.

Case No. 3:20-cv-03426-JD     4     **SMICK DEFENDANTS' OPP TO PLAINTIFF'S MTN FOR RULE 11 SANCTIONS**

### B. Plaintiff's motion should be denied as improper and unsupported.

Plaintiff's motion should be denied because (1) Rule 11 only applies to papers presented to the Court (and not to email correspondence between the parties or anonymous online conduct), (2) there is no basis for the motion as related to the filings seeking relief from default [D.E. 44 or 46], and (3) sanctions are not warranted under the Court's discretion.

#### 1. Rule 11 only applies to statements presented to the Court.

Rule 11(b) is limited to "pleadings, written motions and other papers" presented to the court; it does not apply to other litigation conduct. *See also Christian v. Mattel, Inc.*, 286 F.3d 1118, 1131 (9th Cir. 2002); *Antonious v. Spalding & Evenflo Cos., Inc.*, 281 F.3d 1258, 1261 (Fed. Cir. 2002); *Lamboy-Ortiz v. Ortiz-Vélez*, 630 F3d 228, 245 (1st Cir. 2010); *Burull v. First Nat. Bank of Minneapolis*, 831 F.2d 788, 790 (8th Cir. 1987) (allegedly false bankruptcy petition from before start of litigation not an appropriate basis for Rule 11 sanctions); *Trulis v. Barton*, 107 F.3d 685, 695 (9th Cir. 1995) (bribe for false declaration not covered); *Ali v. Tolbert*, 636 F.3d 622, 627 (D.C. Cir. 2011) (evasion of service and failure to file documents not covered). In fact, Rule 11(b) itself is titled "Representations <u>to the Court</u>." Fed. R. Civ. P. Rule 11(b) (emphasis added). It admonishes that by presenting written documents to the court, a party or attorney certifies to the court that Rule 11's standards have been met. *See id.* Accordingly, by the Rule's plain language, sanctions are authorized only against the person who made that certification; thus, where there has been no certification to the court, there can be no sanctions. *See Business Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.*, 892 F.2d 802, 813 (9th Cir. 1989), aff'd, 498 U.S. 533 (1991) (holding Rule 11 did not apply to oral representations because there is no certification).

Plaintiff's motion targets several actions that are not pleadings, written motions, or other papers presented to the Court. First, Plaintiff asserts the Smick Defendants' counsel lied about (and then corrected a statement) about a phone call in an email to Plaintiff. (Pl's Mtn. at 11:16-12:12.) Second, Plaintiff argues that Mr. Qazi lied about a court ruling

in a statement made on social media to raise money (based on circumstantial evidence from anonymous shared social media accounts). (Pl's Mtn. at 12:13-13:10.) Third, Plaintiff claims the Smick Defendants set up a Russian server to facilitate unlawful publication of snippets of Plaintiff's book online after takedown notices. (Pl's Mtn. at 13:11-14:6.) The Smick Defendants not only dispute the merits of these assertions, these issues are not properly addressed by a Rule 11 motion because they are not pleadings, written motions, or other papers presented to the Court. Neither the Smick Defendants nor their counsel have ever certified to the Court that the Rule 11 requirements have been met. Thus, sanctions cannot be imposed, and the motion should be denied for this reason.

**2.   There is no basis for the Rule 11 motion regarding D.E. 44 or 46.**

Plaintiff also claims the Smick Defendants and their counsel violated Rule 11(b)(3) because their contentions in documents filed seeking relief from default, namely in D.E. 44 and 46, did not have evidentiary support and were not based on a reasonable inquiry. To satisfy a Rule 11 motion on this basis, the moving party must show that the other party's paper was "frivolous, legally unreasonable, or without factual foundation." *Business Guides, Inc.*, 892 F.2d at 813. In deciding whether a paper is frivolous, courts look to whether the pleading on the whole is unjustified, not whether one argument or sub-argument of an otherwise valid motion is unmeritorious. *See Golden Eagle Distrib. Corp.*, 801 F.2d at 1540–41. A pleading is not legally unreasonable where supported by a plausible view of the law. *Id.* at 1538.

Plaintiff's arguments lack merit and do not justify sanctions. First, Plaintiff claims (based on circumstantial evidence from postings, some anonymous, on internet social media accounts and a message board thread, none of which are owned or controlled by Defendants Qazi or Smick[3]) that Mr. Qazi lied in a declaration about learning of this

---

[3] For example, Plaintiff's declaration states "I believe that Omar Qazi controls" the @WholeMarsBlog Twitter account [D.E. 66-1, ¶1], which the Smick Defendants dispute. Plaintiff also refers to "Defendant Qazi's sub-Reddit" at https://www.reddit.com/r/omarqazi/, despite the fact that Mr. Qazi will dispute any allegations that he created this so-called sub-Reddit. These factual issues are tangential to the Court's Rule 11 analysis; however, If the Court desires, Mr. Qazi can provide a

1  lawsuit on July 3, 2020. (Pl's Mtn. at 5:9-7:14.) However, Mr. Qazi's declaration [D.E. 44-
2  1] explaining when he received his first notice of the lawsuit speaks for itself, and Plaintiff's
3  disagreement with Mr. Qazi's declaration is a dispute of fact which should be raised in
4  Plaintiff's reply, not in a separate motion for sanctions.

5  Second, Plaintiff asserts that counsel for the Smick Defendants falsely claimed that
6  the Smick Defendants were never served with FAC, that service was improper, and that
7  the Smick Defendants misrepresented federal rules relating to service. (Pl's Mtn. at 8:9-
8  11:15.) In particular, Plaintiff takes issue with the representations that the Smick
9  Defendants were not served with the FAC and that they had a certain number of days to
10 file a responsive pleading.[4] Again, the Smick Defendants' statements in their filings [D.E.
11 44, 46] speak for themselves and were based on Mr. Qazi's declaration [D.E. 44-1] and
12 reasonable interpretations of the law, which are at least ambiguous in this case given the
13 uncertainties as to whether the Smick Defendants were served and the corresponding
14 deadline for a response to the FAC. If Plaintiff disagreed with these valid arguments, he
15 should raise those in an opposition/reply, not in a separate motion for sanctions.

16 Further, on September 2, 2020, the Court issued an order regarding default and
17 civility, which resolved the default issues raised in the filings at issue. [*See* D.E. 72.]

18 Finally, Plaintiff states the Smick Defendants filed an inaccurate certificate of
19 interested entities and failed to amend it. (Pl's Mtn. at 7:15-8:4.) However, as outlined
20 above, the Smick Defendants filed an amended certificate of interested entities [D.E. 50],
21 even though they disagreed with Plaintiff's arguments on this issue.

---

supplemental declaration or briefing on these factual issues.

[4] Plaintiff tries to make a technical argument that the Smick Defendants were not in default on July 2, 2020, but misses the point that Plaintiff's claimed service on July 2, 2020 by mail (Pl's Mtn. at 8:10-12) was ineffective because the mail was not sent to Mr. Qazi. [D.E. 44-1, ¶2] and that Plaintiff applied for default on June 30, 2020. [D.E. 15.] Plaintiff also quotes from a case about service under Rule 5(b) (which applies to service of pleadings subsequent to a served complaint), when here, the original Complaint was never properly served (and nor was the FAC properly served). [D.E. 44, 44-1.] Likewise, Plaintiff's arguments under Rule 4(b) (Pl's Mtn. at 10:9-11:15) are based on his confusion about the timeframe for completing a waiver for service and when service is effective.

Case No. 3:20-cv-03426-JD | 7 | **SMICK DEFENDANTS' OPP TO PLAINTIFF'S MTN FOR RULE 11 SANCTIONS**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

Thus, the Smick Defendants' factual contentions had and have evidentiary support, and Plaintiff's motion for sanctions should be denied.

### 3. The Court should not impose the sanctions that Plaintiff requests.

If sanctions are granted under Rule 11, the nature of the sanction must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. Rule 11(c). Importantly, Rule 11 sanctions are discretionary; the court is not required to impose a monetary sanction or even any sanction at all, even if a violation has clearly occurred. *See* Committee Notes on Amendments to Federal Rules of Civil Procedure,146 F.R.D. 401, 590 (1993); *Manufactured Home Communities, Inc. v. City of San Jose*, 358 F. Supp. 2d 896, 909 (N.D. Cal. 2003), *rev'd on other grounds*, 420 F.3d 1022 (9th Cir. 2005) (dismissing a cause of action in its entirety under "clearly constituted legal principles" to the contrary, yet declining to award Rule 11 sanctions).

If the Court finds a Rule 11 violation—which the Smick Defendants dispute occurred—the Court should, in its discretion, decline to award monetary or other sanctions. In particular, Plaintiff's proposed order seeks that (1) counsel for the Smick Defendants, Kronenberger Rosenfeld, LLP, pay $5,000 to the Court, (2) the Smick Defendants pay $5,800 to the Court, and (3) the Smick Defendants' filings relating to default [D.E. 44 and 46] be stricken. [D.E. 66-2.] These sanctions are not warranted because they lack sufficient basis and are more than what suffices to deter similar conduct. While this might be a creative way for the Smick Defendants to remain in default, keeping a defendant in default is not an appropriate sanction under Rule 11.

### C. The Court should award fees and costs to the Smick Defendants.

Under Rule 11(c), the Court may award the "prevailing party" reasonable expenses, including attorney's fees, incurred for the motion. If the Court denies Plaintiff's motion, the Smick Defendants request that the Court grant reasonable expenses and attorney's fees to the Smick Defendants.

### CONCLUSION

For all of the foregoing reasons, the Smick Defendants request that the Court deny

Plaintiff's motion for sanctions in its entirety and order Plaintiff to pay fees and costs.

Respectfully Submitted,

DATED: September 2, 2020      **KRONENBERGER ROSENFELD, LLP**

By:      s/Karl S. Kronenberger
        Karl S. Kronenberger

Attorneys for Defendants Omar Qazi and Smick Enterprises, Inc.