Aaron Greenspan (*Pro Se*)
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AARON GREENSPAN,<br><br>    Plaintiff,<br><br>    v.<br><br>OMAR QAZI, SMICK ENTERPRISES, INC., ELON MUSK, and TESLA, INC.,<br><br>    Defendants. | Case No. 3:20-cv-03426-JD<br><br>**PLAINTIFF'S RESPONSE TO TESLA DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>Judge: Hon. James Donato<br>Complaint Filed: May 20, 2020<br>SAC Filed: August 26, 2020 |

## I. INTRODUCTION

Defendants Elon Musk and Tesla, Inc. (together, "Tesla Defendants") ask the Court to take judicial notice of several documents that they argue are vital to understanding the circumstances surrounding this case. ECF No. 76-12. These documents are submitted with no legal basis, only to counter and rebut well-pleaded facts in the Second Amended Complaint ("SAC"), and are thus categorically improper and not allowed under binding Ninth Circuit law. *Khoja v. Orexigen Therapeutics*, Inc., 899 F.3d 988, 998-999 (9th Cir. 2018).

"[A] court cannot take judicial notice of disputed facts contained in such public records." *Id.* at 999. Similarly, even where a document is incorporated by reference, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* at 1003. "This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage." *Id.*

In this instance, Tesla Defendants use the exhibits in their Request for Judicial Notice and Consideration of Documents Incorporated By Reference to portray an alternate reality—one that Plaintiff strongly contests—suggesting that Plaintiff had full awareness of *all* of the fraud transpiring at Tesla, Inc. from the moment he began purchasing put options and that all fraudulent acts somehow happened at the same time. Since these arguments are contested, Tesla Defendants' exhibits in support of their opposing viewpoints cannot be relied upon. Specifically, Tesla Defendants' Exhibits 1-8 are submitted to contest facts in the SAC. Exhibits 1-6 are also completely irrelevant to these proceedings.

For the reasons set forth herein, the Court should deny Defendants' Request for Judicial Notice with respect to these Exhibits.

## II. ARGUMENT

### A. Legal Standard

Pursuant to Federal Rule of Evidence 201, a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot

be reasonably questioned." Federal Rule of Evidence 201. *See also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) ("Although generally the scope of review on a motion to dismiss for failure to state a claim is limited to the Complaint, a court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiffs' claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.") If the "complaint 'necessarily relies' upon a document or where the complaint alleges the contents of the document and the document's authenticity and relevance is not disputed," then the Court may take judicial notice. *In re Facebook Securities Litigation*, Case No. 5:18-cv-01725-EJD (N.D. Cal. August 7, 2020), citing *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

"[I]ncorporation by reference 'is a narrow exception . . . . It is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment.'" *Hawthorne v. Umpqua Bank*, 2013 WL 5781608, at *5 (N.D. Cal. Oct. 25, 2013) (quoting *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)).

Generally, defendants have a tendency to abuse requests for judicial notice in securities actions. As the Ninth Circuit has noted:

> "[t]he overuse and improper application of judicial notice and the incorporation-by-reference doctrine . . . can lead to unintended and harmful results. Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery. This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access... If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief. Such undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine."

*Khoja* at 998-999.

**B.     Tesla Defendants Improperly Rely Upon Exhibits 1-8 In Their Motion To Dismiss**

   **1.     Exhibit 1 and "Appendix A"**

Tesla Defendants' Exhibit 1 (ECF No. 76-3) is a copy of the "Reality Check" research report that Plaintiff authored in January 2020. The Reality Check report is not mentioned in the SAC, nor does it need to be. Plaintiff's allegations stand on their own. The primary reason that Tesla Defendants bring up the document now is that they allege—falsely—that it proves that Plaintiff knew about their various fraudulent schemes all along. This is not so, and the mere fact that Plaintiff contests their view means that the document cannot be considered. *See Baird v. BlackRock Institutional Trust Co., N.A.*, Case No. 4:17-cv-01892-HSG, 2019 WL 4168906, at *5 (N.D. Cal. Sept. 3, 2019) ("the Court may not take judicial notice of the truth of the information contained in them if Defendants are attempting to factually rebut Plaintiffs' allegations.")

Counsel for Tesla Defendants drafted "Appendix A" (ECF No. 72-2) to attempt to counter allegations in the SAC while evading the Court's directive limiting the number of pages available for Tesla Defendants' Motion to Dismiss. Appendix A exists only to put forth a counter-factual narrative that is totally impermissible under *Khoja* at this stage in the litigation. Any arguments made therein should have been made in the Motion it is attached to. Accordingly, the Court should strike ECF No. 72-2 from the record.

   **2.     Exhibits 2-6**

Tesla Defendants' Exhibits 2-6 (ECF Nos. 76-4 through 76-8) are copies of posts on Twitter by the @PlainSite account that do not directly concern this lawsuit. In August and September 2018, Tesla Defendants made national news when they were charged with securities fraud by the United States Securities and Exchange Commission specifically because of Defendant Musk's "funding secured" tweet and the ensuing fallout, which is now the subject of a consolidated class action lawsuit of its own. Like many, Plaintiff commented on those events as they developed. The allegations in the SAC are entirely separate and apart from the allegations

in that lawsuit and Plaintiff's comments regarding those proceedings and their implications. It is simply not the case that the SAC "necessarily relies" on these documents in any way.

Furthermore, the Twitter post in Exhibit 2 alleging manipulation of Defendant Tesla's stock by Defendant Musk includes the phrase "for days," meaning that even if the stock had been manipulated on some days, it might not have been on others, especially going forward. Tesla Defendants are trying to spin commentary on localized, temporal events in national news as proof of Plaintiff's supposedly universal knowledge about what the future would hold. Exhibit 3 has no bearing on this lawsuit at all. Exhibit 4 points out that Tesla Defendants had been sued several times, the majority of those cases related to the separate litigation stemming from the "funding secured" tweet, which is not at issue here. Exhibits 5 and 6 also have no bearing on this lawsuit at all. Plaintiff's noting of Defendant Musk's habit of lying to investors at certain times hardly absolved Defendant Musk of any legal responsibilities to make proper, true and accurate disclosures to investors overall, nor did it guarantee that he would lie about any given matter in the future.

### 3. Exhibits 7-8

Tesla Defendants' Exhibits 7-8 (ECF Nos. 76-9 and 76-10) are copies of transcripts from investor events held by Defendant Tesla. These exhibits too are part of a counter-factual narrative that Defendant Musk supposedly offered proper forward-looking statement disclaimers—when Plaintiff's view is that the Exhibits show that he did not—and are not properly subject to judicial notice. *See Clorox Co. v. Reckitt Benckiser Grp. PLC*, 398 F. Supp. 3d 623, 639 (N.D. Cal. 2019) (citing *Khoja*, holding "the Court cannot accept the truth of the contents of the exhibits and create a factual dispute at this juncture").

### III. CONCLUSION

Just because information is publicly available does not mean that it is properly subject to judicial notice. There must be a direct connection to the underlying complaint, and the facts in question must not be contested. In the past, courts have denied Motions to Dismiss for abusing requests for judicial notice filed simultaneous with motions as Tesla Defendants have done here.

> "Having reviewed all the briefing filed with respect to defendants' Motion to Dismiss Consolidated Amended Complaint, (Dkt. 74, 'Motion'), the court will deny the Motion without prejudice for referencing materials outside the pleadings… The instant Motion reflects "[t]he overuse and improper application of judicial notice[,]" *see Khoja*, 899 F.3d at 998, as many of the documents for which defendant seeks judicial notice are simply not the type of documents that are susceptible to judicial notice. For example, defendant seeks judicial notice of several press releases, (*see*, e.g., Dkt. 74-13, Exh. 11, November 7, 2017 Press Release; Dkt. 74-14, Exh. 12, February 27, 2018 Press Release; Dkt. 74-15, Exh. 13, April 30, 2018 Press Release), and transcripts of quarterly earnings calls, (*see*, e.g., Dkt. 74-20, Exh. 18, November 7, 2017 Transcript; Dkt. 74-21, Exh. 19, April 30, 2018 Transcript; Dkt. 74-22, Exh. 20, August 7, 2018 Transcript), but the court may not take judicial notice of such documents."

*Fabbri v. Inogen, Inc. et al*, Case No. 2:19-cv-01643-FMO-AGR (C.D. Cal. November 5, 2019).

Tesla Defendants are represented by qualified counsel and know the rules. At this early juncture, requests to judicially notice exhibits to which Plaintiff objects should be denied.

Dated: October 16, 2020              Respectfully submitted,

Aaron Greenspan
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org