Aaron Greenspan (*Pro Se*)
956 Carolina Street
San Francisco, CA 94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON GREENSPAN,<br><br>  Plaintiff,<br><br>  v.<br><br>OMAR QAZI, SMICK ENTERPRISES, INC., ELON MUSK, and TESLA, INC.,<br><br>  Defendants. | Case No. 3:20-cv-03426-JD<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FRCP 11 SANCTIONS ON KRONENBERGER ROSENFELD LLP AND DEFENDANTS OMAR QAZI AND SMICK ENTERPRISES, INC.**<br><br>Time:      10:00 A.M.<br>Date:      December 10, 2020<br>Courtroom: 11, 19th Floor<br><br>Judge: Hon. James Donato<br>SAC Filed: August 26, 2020 |

**TABLE OF CONTENTS**

NOTICE OF MOTION ................................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES .............................................................. 1

I.   INTRODUCTION ............................................................................................................ 1

II.  STATEMENT OF THE ISSUE ...................................................................................... 3

III. FACTUAL BACKGROUND .......................................................................................... 3

IV. ARGUMENT .................................................................................................................... 4

    A.    Counsel for the Qazi Defendants Failed To Conduct a Reasonable Inquiry, Yet Again Filing Court Documents Totally Lacking Evidentiary Support .................................. 4

        1.    Qazi Defendants Filed An Anti-SLAPP Motion Knowing That Their Statements Had No Bearing On Any Issue of Public Interest In Order To Attempt To Reimburse Attorney's Fees For The Second Time .............................................. 5

        2.    Counsel Lied Repeatedly Under Penalty of Perjury and Lied Repeatedly In The Anti-SLAPP Motion .................................................................................. 6

        3.    Counsel's False Statements Are Material ................................................... 8

        4.    The Anti-SLAPP Motion is Frivolous ........................................................ 9

    B.    Counsel's False Statements Are Part of a Pattern ............................................... 10

V.  CONCLUSION ............................................................................................................... 10

**TABLE OF AUTHORITIES**

**Cases**

*Albert's Organics, Inc. v. Holzman*, Case No. 4:19-cv-07477-PJH (N.D. Cal. July 10, 2020) ..... 8

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 399 (1990) ....................................................... 4

*Grenier v. Taylor*, 234 Cal. App. 4th 471, 481-82 (2015) ............................................................ 9

*Hothi v. Musk*, Alameda County Superior Court Case No. RG20069852 .................................... 6

*Hutchinson v. Proxmire*, 443 U.S. 111, 135 (1979) ..................................................................... 6

*Moore v. Shaw* (2004) 116 Cal.App.4th 182 [10 Cal.Rptr.3d 154, 167] .................................... 10

*Oganyan v. Square Two Fin.*, No. CV 11-10226 RGK (VBKx), 2012 WL 4466607, at *3 (C.D. Cal. Sept. 26, 2012) ................................................................. 4

*Pan-Pac. & Low Ball Cable Television Co. v. Pac. Union Co.*, 987 F.2d 594 (9th Cir. 1993) ..... 4

*Phigenix, Inc. v. Genentech, Inc.*, Case No. 5:15-cv-01238-BLF (N.D. Cal. October 31, 2016) .. 4

*Saks v. Parilla, Hubbard & Miltitzok* (1998) 67 Cal.App.4th 565, 567, fn. 3 ............................. 10

*Superior Consulting Services, Inc. v. Steeves-Kiss*, Case No. 3:17-cv-06059-EMC (N.D. Cal. May 11, 2018) ....................................................... 4

*Tesla, Inc. v. Hothi*, Alameda County Superior Court Case No. RG19015770 .............................. 6

*Todd v. Lovecruft*, Case No. 4:19-cv-01751-DMR (N.D. Cal. January 6, 2020) ...................... 5, 9

**Statutes**

California Code of Civil Procedure § 425.16 ................................................................... 2, 5, 9

California Code of Civil Procedure § 425.16(c)(1) ................................................................ 2, 9

California Code of Civil Procedure § 425.16(e)(3) ..................................................................... 5

**Rules**

Federal Rule of Civil Procedure 11 ................................................................................. 3, 4, 5, 10

Federal Rule of Civil Procedure 11(b)(3) ........................................................................... 3, 4

Federal Rule of Civil Procedure 11(c)(1) ................................................................................ 4

Federal Rule of Civil Procedure 12(b)(6) ............................................................................. 6, 9

State Bar of California Rule of Professional Conduct 4.1 ........................................................ 3

**Other Authorities**

Northern District of California Guideline for Professional Conduct 8 ................................... 3

Northern District of California Guideline for Professional Conduct 18 ............................. 3, 10

Standing Order for Civil Cases Before Judge James Donato ¶ 23 ............................................ 3

PLAINTIFF'S NOTICE OF MOTION AND           ii              3:20-cv-03426-JD
MOTION FOR FRCP 11 SANCTIONS

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on December 10, 2020 at 10:00 A.M., or as soon thereafter as the matter may be heard, in the above-titled Court, in Courtroom 11, 19th Floor, located at 450 Golden Gate Avenue, San Francisco, CA 94102—or in the alternative, via digital videoconference pursuant to this Court's General Order 72-5—Plaintiff Aaron Greenspan ("Plaintiff") will and hereby does move the Court to enter sanctions against Defendants Omar Qazi, Smick Enterprises, Inc. (the "Qazi Defendants") and their counsel, Kronenberger Rosenfeld LLP.

The Court should grant Plaintiff's motion because the Qazi Defendants and their counsel refuse to stop knowingly making false statements and misrepresentations to this Court in violation of numerous rules and obligations.

This motion is based on this notice of motion and motion, the supporting memorandum of points and authorities, the pleadings and other papers on file in this action, and any other evidence that may be offered at a hearing if necessary.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Qazi Defendants and their counsel cannot or will not stop lying. In the style of Russian дезинформация (*dezinformatsiya*), Qazi Defendants spew false, vile falsehoods about Plaintiff and other critics of Defendants Tesla, Inc. and Elon Musk on a *daily basis*, five months into a federal lawsuit over that very conduct.[1] These statements reach almost 15,000 Twitter followers, who are also warned not to trust the media or Plaintiff's company's website, PlainSite, which contains court records from this case and others that easily and conclusively disprove Qazi

---

[1] On October 1, 2020, for no apparent reason, Qazi Defendants even posted a false accusation on their @WholeMarsBlog Twitter account that a pseudonymous critic of Tesla was "harassing college aged kids" and proceeded to post photographs of that person *and his children*.

PLAINTIFF'S NOTICE OF MOTION AND    1    3:20-cv-03426-JD
MOTION FOR FRCP 11 SANCTIONS

Defendants' lies. After raising over $50,000 from on-line donors via GoFundMe, many of them anonymous,[2] Qazi Defendants have now set out to punish Plaintiff—the victim of their ceaseless harassment for nearly two years—for filing the instant lawsuit by filing a frivolous Special Motion to Strike under California Code of Civil Procedure § 425.16 (ECF No. 75, the "Anti-SLAPP Motion"), hoping to profit from its fee-shifting clause in § 425.16(c)(1). That way, Qazi Defendants can get paid for their legal fees twice: once by their donors, and again by Plaintiff. After all, per Qazi Defendants' "Amended Certification of Interested Entities or Persons," Qazi Defendants have "not contracted to pay any contributors based on the outcome of the proceeding." ECF No. 50.

On October 3, 2020, Defendant Qazi wrote publicly that he hopes to extract "hundreds of thousands of dollars in legal fees" from Plaintiff, even though drafting the Anti-SLAPP Motion could not have cost more than a fraction of the roughly $48,000 that Qazi Defendants had raised at the time the statement was written. *See* the contemporaneously filed Declaration of Aaron Greenspan ("Greenspan Declaration") Exhibit A.

As Plaintiff warned counsel for Qazi Defendants via e-mail on July 27, 2020, "I cannot contemplate a legitimate issue of public interest that the anti-SLAPP motion would focus on, let alone what protected speech has been restrained, so clarity there would be helpful." Plaintiff further stated, "I think if you were to file it I would have ample grounds to file for Rule 11 sanctions against you, again." Greenspan Declaration Exhibit B. Plaintiff raised these points once more on a phone call with counsel that took place on July 31, 2020, highlighting that a valid anti-SLAPP Motion would need to invoke an issue of public interest to have any chance of success. No clarity was forthcoming. Instead, counsel ignored this warning and filed the Anti-SLAPP Motion on September 25, 2020 with no issue of public interest, pretending instead, in a remarkable feat of circular logic, that *Plaintiff* and the *instant lawsuit* satisfy that legal criterion, even while knowing full well that neither does.

---

[2] On September 28, 2020, Qazi Defendants' co-defendant in this case, Elon Musk, filed an Answer in a separate lawsuit in which he referred to the use of GoFundMe in litigation as a way to "secretly funnel money into improper efforts."

PLAINTIFF'S NOTICE OF MOTION AND          2          3:20-cv-03426-JD
MOTION FOR FRCP 11 SANCTIONS

To give this maneuver an air of legitimacy, counsel backed up their absurd and prohibited legal theory with a declaration signed under penalty of perjury that contained several provably false statements. This "allowed" counsel to make additional false statements in the Anti-SLAPP Motion, using their own declaration as a "factual" basis.

This is not the first time that counsel and their clients have made baseless and false representations to the Court. Once again, the Qazi Defendants and their counsel managed to violate Federal Rule of Civil Procedure ("Rule") 11(b)(3), State Bar of California Rule of Professional Conduct 4.1, Northern District of California Guidelines for Professional Conduct 8 and 18, ¶ 23 of the Standing Order for Civil Cases Before Judge James Donato, and this Court's September 2, 2020 Order Re Default and Civility (which mandates compliance with the Northern District of California Guidelines for Professional Conduct by all parties and counsel in this case). ECF No. 72. Again, the statements in question are not subjective matters of opinion or law that fall into so-called gray areas. They are black-and-white points of fact where the Qazi Defendants and their counsel deliberately lied. Plaintiff withdrew his previous motion for Rule 11 sanctions as an act of good faith. Qazi Defendants have demonstrated nothing but bad faith in this litigation. Consequently, sanctions are in order.

## II.   STATEMENT OF THE ISSUE

The issue raised by this motion is whether the Qazi Defendants' statements and the statements of their counsel in ECF Nos. 75 and 75-1 merit Rule 11 sanctions.

## III.   FACTUAL BACKGROUND

The initial Complaint in this case was filed on May 20, 2020. ECF No. 1. The First Amended Complaint was filed on July 2, 2020. ECF No. 20. Plaintiff e-mailed his concerns about Qazi Defendants' anticipated anti-SLAPP motion, namely, that there was no legitimate issue of public interest invoked by Qazi Defendants' written remarks, to counsel on July 27, 2020. Plaintiff further discussed these same concerns via telephone with counsel on July 31, 2020. The Second Amended Complaint was filed on August 26, 2020. ECF No. 70. Qazi Defendants filed a Motion to Dismiss in conjunction with a Special Motion to Strike Under Code

of Civil Procedure § 425.16 on September 25, 2020. ECF No. 75. Counsel Karl Kronenberger attached a Declaration he wrote signed under penalty of perjury to the Special Motion to Strike. ECF No. 75-1. Plaintiff e-mailed Karl Kronenberger on September 25, 2020 immediately after the Special Motion to Strike was filed to notify him of portions that appeared to be "factually wrong" "as a courtesy with the good faith belief that you will use it to correct these factual errors immediately in an errata brief." To date, no errata brief or other attempt to correct the Anti-SLAPP Motion has been filed.

## IV.   ARGUMENT

Rule 11 exists to deter dishonest and unethical conduct. The Court has considerable flexibility in how it should be applied.

> "Rule 11 sanctions may be imposed 'on any attorney, law firm, or party' that violated Rule 11 or who is responsible for the violation. Fed. R. Civ. P. 11(c)(1). Sanctions may be imposed against the client alone, the attorney alone, or both the client and the attorney based on their relative responsibility. *See*, e.g., *Pan-Pac. & Low Ball Cable Television Co. v. Pac. Union Co.*, 987 F.2d 594 (9th Cir. 1993) (imposing sanctions on client because client was catalyst, was 'well-positioned to investigate the facts,' and failed to make appropriate inquiry); *Oganyan v. Square Two Fin.*, No. CV 11-10226 RGK (VBKx), 2012 WL 4466607, at *3 (C.D. Cal. Sept. 26, 2012) (imposing sanctions on plaintiff's counsel because he failed to make even a cursory investigation into underlying facts or law)."

*Superior Consulting Services, Inc. v. Steeves-Kiss*, Case No. 3:17-cv-06059-EMC (N.D. Cal. May 11, 2018). Here, both the Qazi Defendants and their counsel are responsible for various sanctionable acts conducted in bad faith.

"In determining whether Rule 11 has been violated, a 'court must consider factual questions regarding the nature of the attorney's pre-filing inquiry and the factual basis of the pleading.' *Cooter*, 496 U.S. at 399." *Phigenix, Inc. v. Genentech, Inc.*, Case No. 5:15-cv-01238-BLF (N.D. Cal. October 31, 2016). These questions are addressed herein.

### A.   Counsel for the Qazi Defendants Failed To Conduct a Reasonable Inquiry, Yet Again Filing Court Documents Totally Lacking Evidentiary Support

Rule 11(b)(3) requires that "factual contentions have evidentiary support" when presented to the Court unless some disclaimer states that support will be forthcoming. Counsel

for the Qazi Defendants signed their names to filings, which their clients approved, that they knew or should have known contained and/or relied upon numerous false statements, some of which were made under penalty of perjury, and that lacked any legal basis or evidentiary support. Any kind of rudimentary inquiry prior to filing would have revealed these statements to be false, and in fact, counsel for Qazi Defendants were warned repeatedly that the Anti-SLAPP Motion they proposed would run afoul of Rule 11. They proceeded anyway.

### 1. Qazi Defendants Filed An Anti-SLAPP Motion Knowing That Their Statements Had No Bearing On Any Issue of Public Interest In Order To Attempt To Reimburse Attorney's Fees For The Second Time

In their Anti-SLAPP Motion, Qazi Defendants argue that there are two possible issues of "public interest" involved as required by California Code of Civil Procedure § 425.16(e)(3):

1. "himself," referring to Plaintiff; and
2. "Plaintiff's filing of this lawsuit."

There are only two issues in this list, and not three, because the third issue discussed in lines 15-24 of page 7 of the Anti-SLAPP Motion, "Defendant Tesla's stock, its products, and its CEO, Defendant Musk," is included only by conflating the fundamental motive for making the harassing and libelous statements with the content of the statements themselves, which say nothing substantive whatsoever to advance the public debate around Tesla or Elon Musk's business practices. The libel claim involves the false *ad hominem* attacks on Plaintiff that have no substantive or close link at all to any matter the public is truly interested in, e.g. accounting fraud at a major corporation. Beyond the above, Qazi Defendants make no effort whatsoever to explore or defend any link to an issue of public interest in their Anti-SLAPP Motion.

Neither Plaintiff nor the lawsuit itself is a legitimate basis for a Special Motion to Strike under California Code of Civil Procedure § 425.16, and counsel were well aware even before Plaintiff told them in writing and on the telephone. Previously, in July 2019, when arguing for the plaintiff in their opposition to the anti-SLAPP motion in *Todd v. Lovecruft*, Case No. 4:19-cv-01751-DMR (N.D. Cal. January 6, 2020), counsel wrote, "Lovecruft cannot turn her private dispute with Todd regarding Zcash into a public matter by simply publishing rape accusations on

the internet." Counsel went on, stating, "'Public interest' does not equate with mere curiosity" and "The assertion of a broad and amorphous public interest that is generally connected to a specific dispute is not sufficient." Most damning, counsel argued, "Finally, a defendant cannot, through their own conduct, create a defense by making the plaintiff a public figure." Greenspan Declaration Exhibit C at 16, 17. *See also Hutchinson v. Proxmire*, 443 U.S. 111, 135 (1979).

### 2. Counsel Lied Repeatedly Under Penalty of Perjury and Lied Repeatedly In The Anti-SLAPP Motion

While it might be amusing to watch counsel argue against its own bogus position, it is not something Plaintiff should have to waste his time doing and fighting in court. To make matters worse, counsel Karl Kronenberger backed this absurd position, against which his partner Jeff Rosenfeld had recently argued, with a declaration under penalty of perjury that is full of provably false statements. The number of errors with a consistent theme makes a simple oversight impossible.

**False Statement No. 1:** First, on page 2 of the "Declaration of Karl S. Kronenberger In Support Of Defendants Omar Qazi and Smick Enterprises, Inc.'s Special Motion to Strike Claims Under California's Anti-SLAPP Statute, Civ. Proc. Code §425.16, and Motion to Dismiss the Second Amended Complaint Under Fed. R. Civ. P. 12(b)(6)" (ECF No. 75-1, the "Kronenberger Declaration"), counsel wrote starting at line 25, "On August 14, 2020, my office accessed an article published on August 7, 2020 on Courthouse News by Bianca Bruno *about the instant lawsuit*…" (emphasis added). The article in question, filed as "Exhibit J," is *not* "about the instant lawsuit." It is about a completely different lawsuit involving a completely different plaintiff, Randeep Hothi, in a completely different court. *See Hothi v. Musk*, Alameda County Superior Court Case No. RG20069852 (the "Hothi Lawsuit"). In fact, the article does not even reference the "instant lawsuit" once. This false statement was made under penalty of perjury.

**False Statement No. 2:** The same is true for "Exhibit K" in the Kronenberger Declaration. The *Business Insider* article by Avery Hartmans concerns the Hothi Lawsuit and the restraining order case preceding it. *See Tesla, Inc. v. Hothi*, Alameda County Superior Court Case No. RG19015770. The article does not mention the instant lawsuit at all. Again, even

though Randeep Hothi's name is *even in the URL*, counsel falsely claims the article is "about the instant lawsuit." This false statement was made under penalty of perjury.

**False Statement No. 3:** On page 3, lines 17-18 of the Anti-SLAPP Motion, counsel states, "this lawsuit itself has generated substantial coverage in major media outlets (Kronenberger Decl. ¶¶18-21 & Exs. Q-T.)" This is false—the instant lawsuit has only generated coverage by two niche trade publications aimed at lawyers, one of which places content behind a paywall—but more importantly, Exhibits Q-T have nothing to do with "this lawsuit itself." Exhibit Q is a CNBC article by Lora Kolodny from March 19, 2019, over a year *before this lawsuit was filed*. It is therefore impossible that it could have concerned "this lawsuit itself."

**False Statement No. 4:** Exhibit R is similarly a radio interview (having nothing to do with Tesla or this lawsuit at all) from July 31, 2019, nearly a year *before this lawsuit was filed*. It does not concern "this lawsuit itself" in any way.

**False Statement No. 5:** Exhibit S is about the Hothi Lawsuit—not "this lawsuit itself."

**False Statement No. 6:** Exhibit T is a syndicated republication of the exact same CNBC article by Lora Kolodny from March 19, 2019, over a year *before this lawsuit was filed*, featured in Exhibit Q. Accordingly, it does not concern "this lawsuit itself."

**False Statement No. 7:** On page 7, lines 22-23 of the Anti-SLAPP Motion, counsel states, "Plaintiff's filing of this lawsuit indicates that there is widespread interest in the statements underlying the lawsuit. (Kronenberger Decl. ¶¶10–12 & Exs. I–K.)" Whether or not the substance of the statement is true or false is open for debate (and in Plaintiff's view it is false), but the reference to Kronenberger Declaration Exhibits I-K is especially misleading. It is a false statement that Exhibits J refers to "the statements underlying the lawsuit" for the same reasons as described above for False Statement No. 1.

**False Statement No. 8:** It is a false statement that Exhibit K refers to "the statements underlying the lawsuit" for the same reasons as described above for False Statement No. 2.

**False Statement No. 9:** Counsel alleges on Anti-SLAPP Motion page 17, lines 19-20, that, "the alleged misuse of the CMI occurred before Plaintiff affixed the CMI to the photograph. (SAC ¶253.)" This is false. SAC ¶ 277 clearly alleges that the misuse of the CMI occurred *after* CMI was embedded in and affixed to the photograph.

**False Statement No. 10:** Counsel alleges on Anti-SLAPP Motion page 18, lines 1-2, that, "Plaintiff has not alleged that Mr. Qazi made either type of misrepresentation." This is false. SAC ¶ 283 concerns Defendant Qazi's false representation that "material was removed or disabled as a result of *mistake or misidentification*" (emphasis added).

These are not mere typographical errors. They are deliberate attempts to mislead the Court on matters of substance in order to extract money from Plaintiff.

### 3. Counsel's False Statements Are Material

Counsel has no legal precedent and no facts to base his legal theory on, so he has been reduced to grasping at straws[3] and lying under oath. Perjury and overt false statements in court filings go beyond the typical act of counsel "zealously advocat[ing] for their clients' interests." *Albert's Organics, Inc. v. Holzman*, Case No. 4:19-cv-07477-PJH (N.D. Cal. July 10, 2020). Attorneys should advocate for their clients, no doubt, and the courts should not be clogged with needless distractions so that they can adjudicate the substantive issues before them. But advocacy must take place within the confines of reality and the truth. Otherwise, the ultimate adjudication is tainted and the courts waste everyone's time. A justice system that permits and fails to punish brazen lying by officers of the court is not a justice system at all.

In this instance, the goal of the above false statements is to mislead the Court into believing that Plaintiff himself and this very lawsuit actually could be legitimate grounds for Qazi Defendants' Anti-SLAPP Motion to proceed. That notion is simply false.

---

[3] Counsel also included Exhibit L from 2002; Exhibits N and U from 2007; Exhibit E and FF from 2010; Exhibit F from 2011; Exhibits G, M, P, BB and EE from 2012; and Exhibit O from 2013. Given that Plaintiff only took an interest in Tesla in late 2018, and only became aware of Qazi Defendants in 2019, all of these Exhibits are *completely irrelevant* to this lawsuit and their inclusion is a waste of judicial resources. The additional Exhibits concerning Credit Acceptance Corporation and Facebook, Inc. also have absolutely nothing to do with the dispute at hand.

In the past, counsel have themselves cited *Grenier v. Taylor*, 234 Cal. App. 4th 471, 481-82 (2015) to explain why this is definitively not the case: "Finally, a defendant charged with defamation cannot, through his or her own conduct, create a defense by making the claimant a public figure." And while the court in counsel's prior case later ruled that "accusations of abuse on their own can serve the interest of the public at large," the "accusations of abuse" here have already been debunked because they were made by a mentally ill individual who is now being criminally prosecuted by the Commonwealth of Massachusetts for spreading these lies in the first place in violation of an active civil harassment order. *Todd v. Lovecruft*, Case No. 4:19-cv-01751-DMR (N.D. Cal. January 6, 2020).

### 4. The Anti-SLAPP Motion is Frivolous

Given that the Anti-SLAPP Motion has no legal basis, that Qazi Defendants signed off on its filing nonetheless, that counsel knew better the entire time, and that Qazi Defendants specifically intended for it to be construed as a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) when such a motion was already being filed in the exact same document, there is no mystery as to why they pursued this strategy: to recoup their legal fees. Under Rule 12(b)(6), there would have been no such option.

California Code of Civil Procedure § 425.16(c)(1) is a double-edged sword, however. While it does state that, "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs" for work on the motion itself, it goes on to say, "If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5."

An anti-SLAPP motion filed with no legal or factual basis with no connection to an actual issue of public interest, intended only to punish via fee shifting, would reasonably be described as "frivolous." "Because Nancy Shaw's underlying conduct clearly did not constitute an act in furtherance of the right to petition or free speech in connection with a public issue, as those terms are defined in section 425.16, any reasonable attorney would agree that an anti-

SLAPP motion did not lie under these circumstances and that the instant motion was totally devoid of merit." *Moore v. Shaw* (2004) 116 Cal.App.4th 182 [10 Cal.Rptr.3d 154, 167]. Accordingly, Plaintiff should be awarded costs and the equivalent of attorney's fees for his time spent defending against the Anti-SLAPP Motion and drafting this motion, at the same hourly rate charged by Karl Kronenberger. In addition, Qazi Defendants and their counsel should pay a monetary sanction to the Court to deter further misconduct.

### B. Counsel's False Statements Are Part of a Pattern

As described in Plaintiff's previous motion for Rule 11 sanctions, ECF No. 66, Qazi Defendants and their counsel have a problem with the truth. They have lied in court, out of court, by phone, by e-mail, and most recently, in the Anti-SLAPP Motion and the accompanying declaration. "The name-calling, accusations of criminal conduct, and pernicious character assassinations are offensive . . . [which] are indecorous and unprofessional." *Saks v. Parilla, Hubbard & Miltitzok* (1998) 67 Cal.App.4th 565, 567, fn. 3. Notably, they have continued lying even despite Judge Donato's September 2, 2020 Order Re Default and Civility, which makes reference to the Northern District of California's Guidelines for Professional Conduct, which prohibit false statements to other parties and the creation of a false record in Guideline 18. They have also lied even despite Plaintiff's Motion for Order to Show Cause Why Kronenberger Rosenfeld LLP and Defendants Omar Qazi and Smick Enterprises, Inc. Should Not Be Held In Contempt Of Court, ECF No. 77.

Rule 11 sanctions are necessary simply because Qazi Defendants and their counsel must be made to understand that they *must stop lying*.

## V. CONCLUSION

Qazi Defendants and their counsel were given ample opportunities to remedy, or completely avoid, the problems described herein. They actively chose to plow ahead with misrepresentations to the Court on multiple occasions. Plaintiff respectfully asks that ECF No. 75 be stricken from the record, that Plaintiff be reimbursed for his time (approximately 20 hours) addressing counsel's misconduct at Karl Kronenberger's hourly billing rate, and that Qazi

Defendants and their counsel should be made to pay a combined monetary sanction of not less than $20,000 to the Court, as this is not their first, or even second, offense.

Dated: October 4, 2020

*Aaron Greenspan* (signature)
Aaron Greenspan
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org