COOLEY LLP
JOHN C. DWYER (136533) (dwyerjc@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

AARTI REDDY (274889) (areddy@cooley.com)
REECE TREVOR (316685) (rtrevor@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendants
TESLA, INC. and ELON MUSK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON GREENSPAN,<br><br>   Plaintiff,<br><br>   v.<br><br>OMAR QAZI, SMICK ENTERPRISES, INC., ELON MUSK, and TESLA, INC.,<br><br>   Defendants. | Case No. 3:20-cv-03426-JD<br><br>**TESLA DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO QAZI DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Trial Date: None Set<br>Date Action Filed: May 20, 2020 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

TESLA DEFENDANTS' RESPONSE TO
PLAINTIFF'S RJN
CASE NO. 3:20-CV-03426-JD

Defendants Tesla, Inc. and Elon Musk ("Tesla Defendants") respectfully submit this response to Plaintiff's Request for Judicial Notice in Support of Plaintiff's Opposition to Qazi Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 81, the "Request").

Faced with the reality that his Second Amended Complaint ("SAC") fails to state a single claim, Plaintiff attempts to patch the SAC's defects by seeking judicial notice of a range of unpled tweets, blog posts, and other publications. Plaintiff's backdoor attempt to amend his pleadings for a fourth time by adding facts postdating the SAC is plainly impermissible, though this tactic would not salvage his complaint even if allowed.

Even setting this threshold defect aside, most of the documents subject to Plaintiff's request are not proper topics of judicial notice. Judicial notice is only appropriate for facts that are widely known and beyond reasonable dispute, *see* Fed. R. Evid. 201, but Plaintiff instead seeks notice of various publicly-available documents, which do not otherwise meet the "widely known and beyond reasonable dispute" standard, for the truth of the matters asserted therein. Ninth Circuit law applying Rule 201 clearly forecloses this attempt, and the Court should accordingly refuse Plaintiff's request to take judicial notice of the matters asserted in Exhibits H, I, J, K, L, M, and N.[1] *See United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (noting the "*existence*" of certain documents, but refusing to, "on the basis of these reports, draw inferences or take notice of facts that might reasonably be disputed"). And Exhibit O does not appear in Plaintiff's Opposition to the Tesla Defendants' Motion to Dismiss at all, *see* ECF No. 80 (hereinafter "Opp'n") making it irrelevant and thus inappropriate for judicial notice.

I.   **ARGUMENT**

   A.   **The Court should reject Plaintiff's attempt to amend the SAC through his Request.**

Plaintiff relies on Exhibits H through M to add new facts to the SAC, but his "[c]omplaint cannot be amended through allegations made in an opposition to a motion to dismiss." *Remington*

---

[1] The Tesla Defendants do not oppose judicial notice of the fact that these documents exist, but oppose Plaintiff's Request insofar as it seeks notice of the matters asserted in them. The Tesla Defendants take no position on Exhibits B, C, D, E, F, and G to the Request.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

TESLA DEFENDANTS' RESPONSE TO
PLAINTIFF'S RJN
CASE NO. 3:20-CV-03426-JD

1   *v. Mathson*, 42 F. Supp. 3d 1256, 1278 n.3 (N.D. Cal. 2012); *see also* Fed. R. Civ. P. 15(a).  It
2   follows that "courts are not permitted to take judicial notice of facts to fill in gaps in pleadings."
3   *Winkle v. Loranger*, No. 3:14-CV-020, 2014 WL 1884324, at *2 (S.D. Ohio May 9, 2014).

4   Specifically, Plaintiff seeks to use each of Exhibits H, I, J, K, and L—nearly all of which
5   postdate the SAC's filing—to establish facts that he contends rehabilitate the inadequate claims in
6   the SAC.  He relies on this series of purported tweets, a court filing, and a blog post, to argue that
7   various facts supposedly show an ostensible agency relationship between Mr. Musk and Defendant
8   Omar Qazi.  Opp'n at 24 n.23 (asserting that these exhibits show, among other things, that Mr. Qazi
9   "was chosen . . . to attend" a Tesla event and "took photographs" of a Tesla facility and that Tesla
10  "dissolved" its public relations department).  If Plaintiff wants to assert these matters as facts, he
11  must seek leave to plead them in a further amended complaint.[2]  *See* Fed. R. Civ. P. 15(a)(2). He
12  cannot disguise a further bid at amendment through his request for judicial notice, and the Court
13  should therefore decline to take judicial notice of each of these documents.

14  **B.   This Court may not take judicial notice of the matters asserted in Exhibits H through N.**
15

16  Plaintiff seeks judicial notice not of the fact that certain statements were made, but of the
17  truth of the matters asserted in those statements.  That effort clearly fails.  "Courts may take judicial
18  notice of publications introduced to indicate what was in the public realm at the time, not whether
19  the contents of those articles were in fact true." *Von Saher v. Norton Simon Museum of Art at*
20  *Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (internal quotations and citation omitted); *see also*
21  *City of Sunrise Firefighters' Pension Fund v. Oracle Corp.*, No. 18-CV-04844-BLF, 2019 WL
22  6877195, at *23 (N.D. Cal. Dec. 17, 2019) (refusing to take judicial notice of facts asserted in
23  documents at motion to dismiss stage in securities fraud case, since "it would be improper to take
24  notice of facts that might reasonably be disputed, or to draw inferences from such documents").

25  Exhibits H through N cannot be properly noticed for this reason. As discussed above,
26  Plaintiff cites Exhibits H through L to attempt to establish facts and state claims based on ostensible

---

[2] As explained in Tesla Defendants' concurrently-filed Reply in Support of their Motion to Dismiss, permitting Plaintiff to properly allege these facts in an third amended complaint would be futile; he would fail to state a claim regardless. *See* Reply at 1-2.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

TESLA DEFENDANTS' RESPONSE TO
PLAINTIFF'S RJN
CASE NO. 3:20-CV-03426-JD

agency. The purpose of Exhibit M is not fully clear from the Opposition, but Plaintiff appears to argue that the facts described in a *New York Times* article are analogous to those alleged in the SAC, which would logically (and impermissibly) require taking Exhibit M's factual assertions as true. Opp'n at 27 n.25. Exhibit N seeks to undermine established Ninth Circuit precedent by arguing that subsequent factual developments cast doubt on that court's reasoning. Opp'n at 31. Again, it would be impossible to entertain that argument without construing the facts in Exhibit N as true.. This Court should accordingly decline Plaintiff's request for judicial notice of the documents reflecting all these disputed facts.

### C. Exhibit O is not cited in Plaintiff's Opposition and is therefore irrelevant.

Plaintiff does not cite Exhibit O, which appears to be an amicus brief filed in a criminal appeal before the Eleventh Circuit. The exhibit has no relevance to the SAC or the issues raised in the motions to dismiss currently before this Court, so there is no basis for the Court to take notice of its existence, much less the facts asserted therein. *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 (9th Cir. 2006) ("We decline to take judicial notice of [two public records], as they are not relevant to the resolution of this appeal.").

## II. CONCLUSION

For the reasons discussed above, the Tesla Defendants respectfully request that this Court deny Plaintiff's Request as to Exhibits H, I, J, K, L, M, N, and O.

Dated: November 6, 2020                           COOLEY LLP

                                                  By: /s/ *Aarti Reddy*
                                                      Aarti Reddy (274889)

                                                  Attorneys for Defendants
                                                  TESLA, INC. and ELON MUSK

236996012

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

TESLA DEFENDANTS' RESPONSE TO
PLAINTIFF'S RJN
CASE NO. 3:20-CV-03426-JD