COOLEY LLP
JOHN C. DWYER (136533) (dwyerjc@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:	(650) 843-5000
Facsimile:	(650) 849-7400

AARTI REDDY (274889) (areddy@cooley.com)
REECE TREVOR (316685) (rtrevor@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:	(415) 693-2000
Facsimile:	(415) 693-2222

Attorneys for Defendants
TESLA, INC. and ELON MUSK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON GREENSPAN,<br><br>Plaintiff,<br><br>v.<br><br>OMAR QAZI, SMICK ENTERPRISES, INC., ELON MUSK, and TESLA, INC.,<br><br>Defendants. | Case No. 3:20-cv-03426-JD<br><br>**TESLA DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE**<br><br>Trial Date:  None Set<br>Date Action Filed:  May 20, 2020 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

TESLA DEFENDANTS' REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE
CASE NO. 3:20-CV-03426-JD

Defendants Tesla, Inc. and Elon Musk ("Tesla Defendants") respectfully submit this reply in further support of their Request for Judicial Notice and Consideration of Documents Incorporated by Reference (ECF No. 76-12; the "Request").

Plaintiff's response (ECF No. 80; the "Response") to the Request is premised on a misstatement of the law and factual record and should therefore be overruled.  First, Plaintiff contests judicial notice by claiming that the facts contained in the challenged documents are "disputed" and offered "to dispute facts stated" in his SAC. Resp. at 1.  That is wrong.  The Tesla Defendants request only that this Court take judicial notice of the existence and contents of the eight exhibits subject to the Request.  They do not, as Plaintiff seems to suggest, seek to contest the factual pleadings of the SAC by relying on the truth of the matters these documents. And in any event, Plaintiff identifies no reasonable dispute as to any of these documents.  Plaintiff also misstates and conflates the standards governing judicial notice and incorporation by reference by asserting that this Court may take judicial notice of an exhibit only if "the complaint necessarily relies" upon it or "alleges the contents of the document," Resp. at 2.  That is the standard for incorporation by reference.[1]  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Contrary to Plaintiff's argument, judicial notice does not depend on the allegations in Plaintiff's complaint, but is appropriate for any fact "not subject to reasonable dispute."  Fed. R. Evid. 201.

## I.     ARGUMENT

Plaintiff invokes the Ninth Circuit's opinion in *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), to lodge a generalized attack on the Request by claiming that "defendants have a tendency to abuse requests for judicial notice in securities actions."  Resp. at 2.  Plaintiff's reliance on *Khoja* is misplaced.  Resp at 2-3.  There, the Court of Appeals held that the district court erred by taking judicial notice of, among other things, the fact that the defendant drug manufacturer had told the market that a key study was ending based on a transcript of an investor event.  The court reasoned that because the transcript itself provided conflicting information about

---

[1] Tesla Defendants seek incorporation of two documents, Exhibits 7 and 8, both of which easily clear that bar.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

TESLA DEFENDANTS' REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE
CASE NO. 3:20-CV-03426-JD

the study's status, and because the complaint had otherwise pleaded that investors were misled, judicial notice was improper. 899 F.3d at 1000.

*Khoja* is inapposite for three reasons. **First**, the court in *Khoja* was concerned with the truth of facts asserted in documents to be noticed, whereas here (as explained below), the Request concerns the ***existence*** of documents or statements, not to the truth of the matter asserted in those documents or statements. **Second**, as this Court has noted, "*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations." *In re Eventbrite, Inc. Sec. Litig.*, No. 5:18-CV-02019-EJD, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020). **Third**, "nothing in *Khoja* prevents this Court from analyzing an alleged false statement in context," as the Tesla Defendants ask this Court to do by considering two forward-looking statements in their full context. *Id.*; *see also Khoja*, 899 F.3d at 1002 (noting that incorporation by reference "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims.").

### A. Judicially Noticeable Documents Rebutting Reliance (Exhibits 1-6).[2]

Plaintiff acknowledges that he authored the "Reality Check" report and the five other public documents in which he accused the Tesla Defendants of engaging in various fraudulent and misleading acts.[3] Resp. at 3. That ends the inquiry into judicial notice: it is beyond reasonable dispute that Plaintiff made the allegations contained in the report and his @PlainSite tweets, and this Court may take notice of the existence of these statements. *See, e.g.*, *Shenwick v. Twitter, Inc.*, 282 F. Supp. 3d 1115, 1122-23 (N.D. Cal. 2017) (taking judicial notice of media reports published in online outlets where "Plaintiff does not question their authenticity"). Plaintiff's protest that the

---

[2] Appendix A is not subject to the Request at all, *see* Request at 2, so Plaintiff's objections to it are inapposite here. Regardless, Plaintiff's undeveloped assertion that Appendix A "exists only to put forth a counter-factual narrative" is meritless. Resp. at 3. No "narrative" appears in the appendix; it simply summarizes the myriad pleading defects in Plaintiff's voluminous Rule 10b-5 allegations. As explained in their Motion to Dismiss (ECF No. 76), the Tesla Defendants prepared this Appendix solely for the Court's convenience to use at its discretion. (Mot. at 10 n.8.)

[3] Plaintiff mistakenly refers to Exhibits 2-6 as "copies of posts on Twitter." Resp. at 3. Exhibits 2-4 and 6 are tweets, but Exhibit 5 is an email from Plaintiff to Mr. Musk and others. *See* Request at 6. The Tesla Defendants note this fact for clarity, but it has no bearing on the legal analysis here.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

TESLA DEFENDANTS' REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE
CASE NO. 3:20-CV-03426-JD

SAC does not "necessarily rel[y] on these documents," Resp. at 4, is irrelevant to judicial notice for the reasons described above, and the Tesla Defendants do not seek incorporation by reference of Exhibits 1-6, *see* Request at 4-6.

Plaintiff incorrectly asserts that "the mere fact that Plaintiff contests [Tesla Defendants'] view" of Exhibit 1's importance "means that the document cannot be considered." Resp. at 3. The Tesla Defendants cite these documents to show that Plaintiff could not have reasonably relied on the alleged fraud in purchasing put options because he suspected the Defendants of perpetrating various acts of fraud well before he ever made those purchases.[4] Mot. at 16; *In re Eventbrite*, 2020 WL 2042078, at *7 (noting propriety of judicial notice where a complaint contains only conclusory assertions). That Plaintiff disagrees with the Tesla Defendants' legal arguments based on these documents is not a proper basis to oppose judicial notice, and Plaintiff's citation to *Baird v. BlackRock Institutional Trust Co., N.A.* does not further his cause. That case simply articulates that a court may not take judicial notice "of the *truth of the information contained in*" a document to rebut allegations in a complaint on a motion to dismiss. 403 F. Supp. 3d 765, 777 (N.D. Cal. 2019) (emphasis added).

**B.   Documents Incorporated by Reference as the Basis of Plaintiff's Claims (Exhibits 7-8).**

Plaintiff also advances the untenable argument that two investor event transcripts containing the very statements he challenges as fraudulent are not proper subjects of incorporation. That argument fails.

These documents are properly incorporated by reference into the SAC. Plaintiff concedes their authenticity, and he does not and cannot maintain that they are not "central" to his claim, given that they contain multiple statements challenged in the Complaint. *See Daniels-Hall v. Nat'l Educ.*

---

[4] The remainder of Plaintiff's objections to Exhibits 2-6 have nothing to do with the propriety of judicial notice, but are instead directed entirely to the inferences fairly drawn from those documents. *See* Resp. at 4 (arguing that the "Tesla Defendants are trying to spin [Plaintiff's] commentary"). Even reading Plaintiff's argument charitably as attacking these documents' relevance, it fails. For the reasons described in the Tesla Defendants' Motion to Dismiss and Reply in support thereof, the fact that Plaintiff suspected wrongdoing as early as August 2018 made any subsequent reliance on the Tesla Defendants' statements unreasonable as a matter of law. *See* Mot. at 16 & n.12; Reply at 10-11.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

TESLA DEFENDANTS' REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE
CASE NO. 3:20-CV-03426-JD

*Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (discussing requirements of authenticity and centrality); Resp. at 4 (admitting that Exhibits 7 and 8 "are copies of transcripts from investor events"); SAC ¶ 308, Issue 21 (challenging statements contained in Exhibit 8), 23 (challenging statements contained in Exhibit 7).  Indeed, perhaps no use of the incorporation by reference doctrine is more routine at the pleadings stage than to provide the full context of statements challenged in securities litigation. *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety," including, "in particular, documents incorporated into the complaint by reference."); *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) ("Because Plaintiffs incorporate by reference [a] declaration, relying on portions of it in their complaint, we may properly consider the declaration in its entirety."); *SEB Inv. Mgmt. AB v. Symantec Corp.*, No. C 18-02902 WHA, 2019 WL 2491935, at *10 (N.D. Cal. June 14, 2019) (incorporating by reference documents "extensively quoted throughout the complaint").

Likewise, because the fact that the statements the transcripts were made in is not subject to reasonable dispute, these exhibits are proper subjects of judicial notice. *See, e.g.*, *Shenwick.*, 282 F. Supp. 3d 1115, 1122 (N.D. Cal. 2017) (taking judicial notice of documents including investor event transcripts).

Plaintiff's reliance on a case involving "the truth of the contents of the exhibits" is again misplaced as to both incorporation by reference and judicial notice. Resp. at 4 (quoting *Clorox Co. v. Reckitt Benckiser Grp. PLC*, 398 F. Supp. 3d 623, 639 (N.D. Cal. 2019).  The Tesla Defendants request that the Court note the fact that Mr. Musk's statements were accompanied by language that they contend rendered those statements forward-looking; the truth of anything asserted in Exhibits 7 and 8 is not at issue.  *See* Mot. at 12; Reply at 8-9.

## II.   CONCLUSION

For all of the reasons above, this Court should grant the Request and incorporate by reference and/or take judicial notice of Exhibits 1-8.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

TESLA DEFENDANTS' REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE
CASE NO. 3:20-CV-03426-JD

| | |
|---|---|
| Dated: November 6, 2020 | COOLEY LLP<br><br>By: /s/ *Aarti Reddy*<br>    Aarti Reddy (274889)<br><br>Attorneys for Defendants<br>TESLA, INC. and ELON MUSK |

236996890

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

TESLA DEFENDANTS' REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE
CASE NO. 3:20-CV-03426-JD