**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com

Attorneys for Defendants Omar Qazi
and Smick Enterprises, Inc.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **AARON GREENSPAN**,<br><br>Plaintiff,<br><br>v.<br><br>**OMAR QAZI**, et al.,<br><br>Defendants. | Case No. 3:20-cv-03426-JD<br><br>**DEFENDANTS OMAR QAZI AND SMICK ENTERPRISES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR FRCP 11 SANCTIONS ON KRONENBERGER ROSENFELD, LLP AND DEFENDANTS OMAR QAZI AND SMICK ENTERPRISES, INC.**<br><br>Date:     December 10, 2020<br>Time:    10:00 a.m.<br>Before:  The Hon. James Donato<br>Ctrm:    11, 19th Floor |

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff Aaron Greenspan's pro se motion for Rule 11 sanctions against Defendants Omar Qazi and Smick Enterprises, Inc. (collectively, "Smick Defendants" or "Qazi Defendants") and their counsel ("Kronenberger Rosenfeld") is not warranted and should be denied.

Not only is Plaintiff's motion procedurally defective (it was filed without affording the Smick Defendants and their counsel the mandatory 21-day notice period required by law), but the conduct described therein does not warrant the imposition of sanctions. In seeking sanctions, Plaintiff takes issue with the factual basis for the Smick Defendants' anti-SLAPP motion. He argues both that the (since corrected) declaration filed in support of the Smick Defendants' argument misrepresents the facts, and that the underlying documents themselves are insufficient to support an anti-SLAPP claim. In summary, Plaintiff's motion for sanctions reads like a supplemental *de facto* opposition to the Smick Defendants' anti-SLAPP motion, culminating in the assertion that the anti-SLAPP motion is frivolous because the Smick Defendants seek the attorney's fees available to them by law should they prevail in their arguments.

Plaintiff may not agree with the arguments raised in the Smick Defendants' anti-SLAPP motion, but Plaintiff's viewpoint does not render the motion frivolous. Nor is it frivolous for a party to pursue a legal theory which, if successful, will allow it to recover its legal fees. Accordingly, the Smick Defendants request that the Court deny Plaintiff's motion for sanctions.

## STATEMENT OF THE ISSUES

Whether the Smick Defendants and/or Kronenberger Rosenfeld should be sanctioned for the statements contained in D.E. Nos. 75 and 75-1 pursuant to Fed. R. Civ. P. 11.

## BACKGROUND

From the outset of this case, Plaintiff has claimed that all Defendants and their

1  counsel have acted unlawfully and in violation of professional rules of conduct (which
2  claims are strongly disputed). To date, Plaintiff has filed for default against the Smick
3  Defendants (on numerous occasions) [D.E. 15, 26, 45], for sanctions against the Smick
4  Defendants and their counsel [D.E. 66], for the Smick Defendants and their counsel to be
5  held in contempt [D.E. 77], and now, with this present motion, for additional sanctions
6  [D.E. 83]. All of these motions were filed before the Smick Defendants' response to
7  Plaintiff's Second Amended Complaint was fully briefed.
8      On October 4, 2020, Plaintiff served his motion for sanctions by e-mail, pursuant
9  to the parties' prior agreement. (Declaration of Karl S. Kronenberger in Support of Smick
10 Defendants' Opposition to Plaintiff's Motion for Rule 11 Sanctions ("Kronenberger Decl.")
11 ¶2 & Ex. A.) On October 26, Plaintiff filed his Rule 11 motion. [D.E. 83 "Pl's Mtn.".] On
12 November 6, the Smick Defendants filed their reply in support of their anti-SLAPP motion
13 and motion to dismiss. [D.E. 86.]

## ARGUMENT

### A.   Rule 11 Standard

Rule 11(b) provides, in connection with "Representations to the Court," "By presenting to the court a pleading, written motion, or other paper," an attorney certifies (1) that it is not being presented for any improper purpose, (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending the law, and (3) the factual contentions have evidentiary support, or if specifically identified, will likely have evidentiary support after investigation or discovery.

The purpose of Rule 11, including the sanctions provision, is to deter dilatory or abusive pretrial tactics and to streamline litigation by excluding baseless filings. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 392–93 (1990); *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1542 (9th Cir. 1986). Rule 11 is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories. *Greenberg v. Sala*, 822 F.2d 882, 887 (9th Cir. 1987). Importantly, Rule 11 motions "should not be made . . . for minor, inconsequential violations . . ."; if an adversary's

1  allegations are fairly debatable, a party should not threaten or seek sanctions as a means
2  of intimidation. *See* Committee Notes on Amendments to Federal Rules of Civil
3  Procedure, 146 F.R.D. 401, 590 (1993). Nor should a Rule 11 motion be used to raise
4  issues of legal sufficiency, which "more properly can be disposed of by a motion to dismiss
5  or a motion for more definite statement or a motion for summary judgment." 5A Wright &
6  Miller, *Federal Practice & Proc.*, Civ.2d §1336, at 97 (1990).

7  Under Rule 11(c), a motion for sanctions may only be made after a 21-day "safe
8  harbor" period <u>after service of the motion</u>, and the Court may award the "prevailing party"
9  reasonable expenses, including attorney's fees, incurred for the motion. Fed. R. Civ. P.
10 Rule 11(c)(2); *see also Buster v. Greisen*, 104 F.3d 1186, 1190 n. 5 (9th Cir. 1997).
11 Compliance with the 21-day safe harbor period is mandatory; a motion that fails to comply
12 with this requirement must be denied. *See Castro v. Mitchell*, 727 F. Supp. 2d 302, 306
13 (S.D.N.Y. 2010); *Carman v. CBE Grp., Inc.*, 782 F. Supp. 2d 1223, 1235–36 (D. Kan.
14 2011); *Bowler v. U.S.I.N.S.*, 901 F. Supp. 597, 604 (S.D.N.Y. 1995); *O'Neal v. Kilbourne*
15 *Med. Labs., Inc.*, 251 F.R.D. 247, 249 (E.D. Ky. 2008).

16 By the Rule's plain language, the 21-day safe harbor period does not commence
17 until after the completion of service. Rule 6(d) states that "[w]hen a party may or must act
18 within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E),
19 or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." Fed.
20 R. Civ. P. 6(d). As relevant here, the specified provisions of Rule 5 generally permit
21 serving a document by mail, by electronic means, or by any other means authorized by
22 the recipient. *See* Fed. R. Civ. P. 5(b)(2)(C), (E), (F). Accordingly, when a party makes
23 service by mail, fax, e-mail, etc., three days are added to the time calculated for the
24 service to be completed.

25 **B.    Plaintiff's motion should be denied as improper and unsupported.**

26 Plaintiff's Rule 11 motion should be denied because (1) it was filed prior to the
27 expiration of the 21-day safe harbor period, (2) there is no basis for the motion as related
28 to the anti-SLAPP motion, and (3) sanctions are not warranted under the Court's

discretion.

### 1. Plaintiff failed to comply with the mandatory 21-day safe harbor period before filing his motion.

As discussed above, Rule 11 imposes a mandatory 21-day safe harbor period that commences after completion of service. Plaintiff served his motion by e-mail on October 4, 2020. Under the Rules, the earliest Plaintiff was permitted to file his motion for sanctions was October 27. However, Plaintiff filed his Rule 11 motion on October 26. This defect alone is a sufficient basis for denial. *See O'Callaghan v. Sifre*, 242 F.R.D. 69, 75 (S.D.N.Y. 2007).

The reason courts treat Rule 11's 21-day safe harbor as mandatory is that the non-moving party must be afforded the full opportunity to withdraw and/or correct the challenged pleading. *See Bowler*, 901 F. Supp. at 604. In this case, for example, Plaintiff bases his motion, in part, on a number of statements contained in the Declaration of Karl Kronenberger attached to the Smick Defendants' anti-SLAPP motion. (Pl's Mtn. at pp. 6–8.) By filing his motion untimely, Plaintiff robbed the Smick Defendants of their right to correct those statements within the safe harbor period to which they are entitled.[1] While the Smick Defendants cannot speculate as to whether Plaintiff would still have filed his motion in light of these corrections, his failure to comply with the 21-day safe harbor requirement deprived the parties, and the Court, of the potential opportunity to streamline baseless litigation. In any event, the 21-day safe harbor period is non-optional, and Plaintiff's Rule 11 motion should therefore be denied as procedurally deficient.

### 2. Sanctions are not warranted for any of the reasons Plaintiff advances.

Alternatively, the Court should deny Plaintiff's Rule 11 motion because the conduct described therein does not warrant the imposition of sanctions. Plaintiff claims the Smick Defendants and their counsel violated Rule 11(b)(3) because their contentions in documents filed seeking to strike Plaintiff's filings on anti-SLAPP grounds, namely in D.E.

---

[1] As a result, the Smick Defendants instead corrected the at-issue statements in their reply in support of the anti-SLAPP motion. [D.E. 86 at p. 2.]

86, lacked evidentiary support. To satisfy a Rule 11 motion on this basis, the moving party must show that the other party's paper was "frivolous, legally unreasonable, or without factual foundation." *See Golden Eagle Distrib. Corp.*, 801 F.2d at 1538. In deciding whether a paper is frivolous, courts look to whether the pleading <u>on the whole</u> is unjustified, not whether one argument or sub-argument of an otherwise valid motion is unmeritorious. *See id.* at 1540–41. A pleading is not legally unreasonable where supported by a plausible view of the law. *Id.* at 1538.

Plaintiff's arguments lack merit and do not justify sanctions. First, Plaintiff claims that Karl Kronenberger lied in a declaration about the contents of the exhibits attached to that declaration, particularly the extent to which they related to the instant lawsuit. (Pl's Mtn. at 6:6 – 9:9.) However, Mr. Kronenberger's declaration [D.E. 75-1] was no attempted deception—nor could it have been, when the underlying documents themselves were attached as exhibits. At most, these "false statements" marked an oversight, and one that the Smick Defendants addressed in detail in their reply brief. [D.E. 86 at 2.] The Smick Defendants incorporate those corrections here by reference.

Second, Plaintiff argues that the Smick Defendants and Kronenberger Rosenberger falsely asserted a frivolous anti-SLAPP argument for the purpose of seeking attorney's fees. (Pl's Mtn. at 5–6.) In particular, Plaintiff argues that the evidence of public interest in support of the anti-SLAPP argument is insufficient and that the Smick Defendants therefore lack a legal basis for advancing their theories.[2] The Smick Defendants' statements in their filing [D.E. 75] speak for themselves and reasonable interpretations of the law (which are at least ambiguous in this case given the evidence of public interest referenced in that motion) are not the appropriate subject for sanctions. If Plaintiff disagrees with these valid arguments, he should raise that issue (as he has) in an opposition, not in a separate motion for sanctions. The parties are entitled to enjoy

---

[2] Plaintiff's reasoning is nearly identical to the arguments he advanced in Plaintiff's opposition to the anti-SLAPP motion. Therefore, the Smick Defendants refer the Court to their reply in support of the anti-SLAPP motion, in lieu of recreating their counterarguments here, for purposes of judicial economy.

opposing views of how the law applies to the facts of their case, and our legal system permits both sides to advance arguments based upon those disparate views. There is nothing sanctionable about disagreeing with Plaintiff's interpretation of the law and facts. Rule 11 is not intended to chill creative argument.

Similarly, Rule 11 does not prohibit a party from pursuing a legal theory that would entitle it to recover its attorney's fees. Plaintiff argues the Smick Defendants' motion is frivolous because they advanced their anti-SLAPP argument with the intent "to recoup their legal fees." (Pl's Mtn. at 9:15.)[3] But even assuming, *arguendo*, that this was the reason why the Smick Defendants filed their motion, Plaintiff can point to no case law that suggests this strategy would be sanctionable. A party is not obligated to forego an argument that would allow it to recover attorney's fees simply because an alternative argument is available that would not. Importantly, attorney's fees are only available to the Smick Defendants <u>should they prevail</u>, i.e., should the Court determine their position was meritorious and grant their motion. By definition, a prevailing motion cannot be a frivolous one. Thus, the Smick Defendants' factual contentions had and have evidentiary support, and Plaintiff's motion for sanctions should be denied.

### 3. Even if the Court finds a Rule 11 violation has occurred, sanctions are not warranted here.

Finally, even if the Court finds a Rule 11 violation—which the Smick Defendants dispute occurred—the Court should, in its discretion, decline to award monetary or other sanctions. If sanctions are granted under Rule 11, the nature of the sanction must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. Rule 11(c). Importantly, Rule 11 sanctions are discretionary; the court is not required to impose a monetary sanction or even any sanction at all, even if a

---

[3] Plaintiff repeatedly indicates that this is not the first time the Smick Defendants have sought to recover attorney's fees, apparently to insinuate some form of bad faith. The first time was when, in response to Plaintiff's first motion for sanctions, the Smick Defendants sought to recover their attorney's fees in opposing said motion. [D.E. 73 at 8:22–8:26.] Plaintiff later withdrew the motion.

violation has clearly occurred. *See* Committee Notes on Amendments to Federal Rules of Civil Procedure,146 F.R.D. 401, 590 (1993); *Manufactured Home Communities, Inc. v. City of San Jose*, 358 F. Supp. 2d 896, 909 (N.D. Cal. 2003), *rev'd on other grounds*, 420 F.3d 1022 (9th Cir. 2005) (dismissing a cause of action in its entirety under "clearly constituted legal principles" to the contrary, yet declining to award Rule 11 sanctions).

Here, Plaintiff's proposed order seeks that: (1) Kronenberger Rosenfeld pay $10,000 to the Court, (2) the Smick Defendants pay $10,000 to the Court, (3) the Smick Defendants pay Plaintiff for 20 hours of time at Karl Kronenberger's billing rate, and (4) the anti-SLAPP motion [D.E. 75] be stricken. [D.E. 83.] These sanctions are not warranted because they lack sufficient basis and are more than what suffices to deter similar conduct. This is particularly true with respect to striking the anti-SLAPP filing, a document that also includes the Smick Defendants' motion to dismiss. [D.E. 75 at 15:5–18:15.] Therefore, even if the Court determines a Rule 11 violation occurred here, it should not impose sanctions as Plaintiff requests.

## CONCLUSION

For all of the foregoing reasons, the Smick Defendants request that the Court deny Plaintiff's motion for sanctions in its entirety.

Respectfully Submitted,

DATED: November 9, 2020   **KRONENBERGER ROSENFELD, LLP**

By: ____s/ Karl S. Kronenberger____
         Karl S. Kronenberger

Attorneys for Defendants Omar Qazi and Smick Enterprises, Inc.