COOLEY LLP
JOHN C. DWYER (136533) (dwyerjc@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone:   (650) 843-5000
Facsimile:   (650) 849-7400

AARTI REDDY (274889) (areddy@cooley.com)
REECE TREVOR (316685) (rtrevor@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone:   (415) 693-2000
Facsimile:   (415) 693-2222

Attorneys for Defendants
TESLA, INC. and ELON MUSK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON GREENSPAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>OMAR QAZI, SMICK ENTERPRISES, INC., ELON MUSK, and TESLA, INC.,<br><br>　　　　Defendants. | Case No. 3:20-cv-03426-JD<br><br>**TESLA DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND AND THIRD REQUESTS FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Trial Date: None Set<br>Date Action Filed: May 20, 2020 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

TESLA DEFENDANTS' RESPONSE TO
PLAINTIFF'S RJNS ISO SAC
CASE NO. 3:20-CV-03426-JD

Defendants Tesla, Inc. and Elon Musk ("Tesla Defendants") respectfully submit this response to Plaintiff's Second and Third Requests for Judicial Notice in Support of Plaintiff's Second Amended Complaint (ECF Nos. 92 and 93; the "Second Request" and "Third Request," respectively). The Court should deny Plaintiff's Request for two independent reasons.

***First***, much like the request for judicial notice that Plaintiff has already filed in support of his Second Amended Complaint ("SAC"), *see* ECF No. 81, the Requests are yet another improper attempt to amend the SAC through an evidentiary motion. Although the Requests do not actually explain the purpose for which Plaintiff seeks notice of the seven exhibits to which they refer, he appears to assert that these documents establish miscellaneous facts relevant to his claims. The Second Request appears to put forward as facts details of Twitter policies, that Tesla "[r]edeployed" certain personnel from its Semi team, that Mr. Musk underwent surgery, and that Tesla was "'about a month' [f]rom [b]ankruptcy" in "mid 2017 to mid 2019." Second Request at 1-2. The Third Request seems to assert that Tesla enters into confidential settlement agreements, that Tesla's "actual profitability" was "very low," and that Mr. Musk recently stated he was "extremely confident" about a future release of vehicle autonomy features in 2021. Third Request at 1-2. Tellingly, Plaintiff himself admits that at least some of these documents "did not yet exist . . . at the time the SAC was filed." Third Request at 1; *see also* Second Request at 1 (same). If Plaintiff wishes to assert these matters as facts in support of his claims, he must secure leave to plead them in a third amended complaint. *See* Fed. R. Civ. P. 15(a)(2). He cannot disguise a further bid at amendment as a request for judicial notice, and the Court should decline the Requests for this reason alone.

***Second***, even if Rule 15 did not bar Plaintiff's Requests, the supposed facts the Requests seek to treat as established are not proper topics of judicial notice. Judicial notice is only appropriate for facts that are widely known and beyond reasonable dispute, *see* Fed. R. Evid. 201, but none of the facts asserted in these exhibits described above meets that threshold. The assertion on social media of a single former Tesla employee is insufficient to establish a fact beyond dispute, *see* Ex. B, and Mr. Musk's statements on Twitter are likewise too broad and unspecific to support such a finding, *see* Exs. C, D, F. To the extent Plaintiff seeks to use Exhibits A, E, and G for the truth of

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

TESLA DEFENDANTS' RESPONSE TO
PLAINTIFF'S RJNS ISO SAC
CASE NO. 3:20-CV-03426-JD

the matters asserted therein—again, it is difficult to tell from the Requests whether he does—this too is unwarranted. *See United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (noting the "*existence*" of certain documents, but refusing to, "on the basis of these [documents], draw inferences or take notice of facts that might reasonably be disputed").

For each of these reasons, judicial notice is not appropriate. The Court should deny the Requests and hold Plaintiff to the SAC as pled.

Dated: December 9, 2020                             COOLEY LLP

By: /s/ *Aarti Reddy*
    Aarti Reddy (274889)

Attorneys for Defendants
TESLA, INC. and ELON MUSK

239502525

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

TESLA DEFENDANTS' RESPONSE TO
PLAINTIFF'S RJNS ISO SAC
CASE NO. 3:20-CV-03426-JD