Aaron Greenspan (*Pro Se*)
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AARON GREENSPAN,<br><br>    Plaintiff,<br><br>    v.<br><br>OMAR QAZI, SMICK ENTERPRISES, INC., ELON MUSK, and TESLA, INC.,<br><br>    Defendants. | Case No. 3:20-cv-03426-JD<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE APPLICATION FOR DEFAULT AND/OR MOTION FOR DEFAULT JUDGMENT ON SMICK ENTERPRISES, INC.**<br><br>Judge: Hon. James Donato<br>SAC Filed: August 26, 2020 |

PLAINTIFF'S ADMINISTRATIVE MOTION FOR
LEAVE TO FILE MOTION FOR DEFAULT
JUDGMENT ON SMICK ENTERPRISES, INC.

3:20-cv-03426-JD

Pursuant to Civil Local Rule 7-11 and this Court's September 2, 2020 Order Re Default and Civility (ECF No. 72), Plaintiff Aaron Greenspan respectfully requests leave to file an Application for Default and/or Motion for Default Judgment against Defendant Smick Enterprises, Inc. only.

As described in the initial Complaint (ECF No. 1) in this action at ¶ 11, the First Amended Complaint (ECF No. 20) at ¶ 13, and the Second Amended Complaint (ECF No. 70) at ¶ 15, "Defendant Smick Enterprises, Inc. is a Delaware corporation unregistered with the California Secretary of State or Franchise Tax Board, but nonetheless operating..."  Therefore, the "dereliction of duty or inexcusable neglect" referenced as a necessary prerequisite for default judgment in the Court's Order on Default and Civility took place not in July 2020 surrounding service of the First Amended Complaint, but during the years leading up to that moment when the principal(s) of Smick Enterprises, Inc., including Defendant Omar Qazi, *actively* chose not to register the corporation in California to avoid paying "$800…EVERY YEAR" in taxes.  Second Amended Complaint ¶ 291.

"The purpose of Revenue and Taxation Code section 23301 is to 'prohibit the delinquent corporation from enjoying the ordinary privileges of a going concern,' to pressure it into paying its taxes.  (*Peacock Hill Assn. v. Peacock Lagoon Constr. Co.* (1972) 8 Cal.3d 369, 371.)…  The same rule applies to corporations suspended for failure to file a statement of information."  *Adly Enterprises, LLC. v. Action a Parent & Teen Support Program, Inc. et al*, Case No. B282578 (Cal. App. August 27, 2018).  The fact that even seven months after this action was filed, Smick Enterprises, Inc. is *still* unregistered with the California Secretary of State and California Franchise Tax Board does indeed constitute both "dereliction of duty" and "inexcusable neglect."  In the past, courts have also sanctioned law firms that knowingly represented companies not in good standing, as counsel Kronenberger Rosenfeld LLP has here.  *Id*.  Indeed, no company called Smick Enterprises, Inc. has ever filed a required Statement of Information with the California Secretary of State under California Corporations Code § 1502.

Pursuant to *Palm Valley Homeowners Assn., Inc. v. Design MTC* (2000), "[A] corporation suspended under the Corporations Code, like a corporation suspended under the Revenue and Taxation Code, is also disabled from participating in litigation activities."  85 Cal.App.4th 553, 556, 560.  Defendant Smick Enterprises, Inc. has never even made an attempt to comply with the California Corporations Code; it therefore is also disabled from participating in litigation activities in California and cannot defend itself in this lawsuit.  It is also an open question as to how a corporation required to "transact no business of any kind," at least while delinquent, can retain paid counsel to "represent" the delinquent corporation, which is necessary under Civil Local Rule 3-9(b).  *Id.  See also Nickerman v. Remco Hydraulics, Inc.*, Case No. 3:06-cv-02555-SI at footnote 3 (N.D. Cal. August 8, 2006) (corporations that fail to pay taxes "may not prosecute or defend an action").  There is no question of Defendant Smick Enterprises, Inc. reviving corporate powers here because it has never had any corporate powers in California to begin with.[1]  And Defendant Qazi has openly admitted that Smick Enterprises, Inc. is paying a significant portion, if not all, of Kronenberger Rosenfeld LLP's attorney's fees to represent both parties in this case.

---

[1] In *Senah, Inc. v. Xi'an Forstar S&T Co., Ltd.*, Case No. 5:13-cv-04254-BLF (N.D. Cal. July 3, 2014), the Court addressed a similar situation where a foreign corporation unregistered in California, having failed to meet the requirements of California Corporations Code § 2105, purported to have the right to defend itself in California courts.  First, the Court in *Senah* erred by relying upon outdated precedent from 1969 and 1996, whereas the opinion in *Palm Valley*, *supra*, issued in 2000.  The Court in *Senah* never considered *Palm Valley*'s holdings.  Second, this case is distinguishable because in *Senah*, the Court found that "Plaintiff's citation to *Reed v. Norman* is inapposite to the question presented here.  In *Reed,* the corporation had its corporate rights suspended by the state due to its failure to pay taxes.  *See Reed*, 48 Cal. 2d 338, 343.  Nowhere in Plaintiff's briefing does it argue that Defendant has failed to pay any necessary state taxes…"  Yet in this case, Plaintiff *has* highlighted Defendant Smick Enterprises, Inc.'s failure to pay "necessary state taxes" repeatedly.  Third, Xi'an Forstar S&T Co., Ltd. is a Chinese corporation with its primary place of business in Xi'an, China, which might plausibly explain why it did not pay taxes in California.  In contrast, Defendant Smick Enterprises, Inc. is a Delaware corporation *with its primary place of business in San Francisco, California*.

Accordingly, pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court should enter default against Defendant Smick Enterprises Inc. as it has "failed to plead or otherwise defend," and Plaintiff should be permitted to file a motion requesting that judgment be entered in full against Defendant Smick Enterprises, Inc. Or, in the alternative, since technically Defendant Smick Enterprises, Inc. is unable to respond to this motion or any other, the Court should enter judgment against Defendant Smick Enterprises, Inc. on its own motion.

Dated: December 28, 2020

/s/ Aaron Greenspan

Aaron Greenspan
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org