Aaron Greenspan (*Pro Se*)
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON GREENSPAN,<br><br>  Plaintiff,<br><br>  v.<br><br>OMAR QAZI, SMICK ENTERPRISES, INC., ELON MUSK, and TESLA, INC.,<br><br>  Defendants. | Case No. 3:20-cv-03426-JD<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF ADMINISTRATIVE MOTION FOR LEAVE TO FILE APPLICATION FOR DEFAULT AND/OR MOTION FOR DEFAULT JUDGMENT ON SMICK ENTERPRISES, INC.**<br><br>Judge: Hon. James Donato<br>SAC Filed: May 20, 2020 |

   Defendant Smick Enterprises, Inc. ("Smick") concedes that it is "a foreign corporation that has not registered with the California Secretary of State" in violation of California Corporations Code (referred to herein unless otherwise specified) § 2105, and is therefore subject to a potential fine of $38,520 thus far—$20 per day for the 1,926 days since its incorporation in Delaware on September 23, 2015—under § 2203.[1]  Smick is silent on the underlying reason for the company's failure to qualify in California, described more fully in the Second Amended Complaint: Defendant Qazi's desire to evade corporate taxes even while using his corporation to hold for-profit events in San Francisco, which clearly constitute "intrastate business."  Smick makes no argument that its taxes were properly paid, or even that registration with the California

---

[1] It therefore follows that Smick is guilty of a misdemeanor under § 2258, and that Defendant Omar Qazi (its Chief Executive Officer) is guilty of a misdemeanor under § 2259.

Secretary of State and Franchise Tax Board are pending now. There is literally no excuse found in the Opposition brief.

Counsel for Smick argues that Plaintiff's reliance upon *Palm Valley Homeowners Assn., Inc. v. Design MTC*, 85 Cal App. 4th 553 (2000) is "misplaced" because it involves a corporation that "fail[ed] to file the required periodic statement with the Secretary of State as provided in Corporations Code section 1502." Yet this perfectly describes Defendant Smick, which indeed has not filed any such Statement of Information ever, let alone identified an agent for service of process in California—one of the reasons for the conflict surrounding service and default identified by the Court earlier in this action. ECF No. 72. Smick's argument therefore fails.

Instead, Smick's counsel cites a variety of cases that all ultimately cite *United Med. Mgmt. Ltd. v. Gatto*, 49 Cal. App. 4th 1732, 1739 (1996). *Gatto* was decided before *Palm Valley*, and unlike *Palm Valley*, *Gatto* was not appealed to the California Supreme Court. Relying on *Gatto* here instead of the controlling precedent as Smick suggests results in the perverse conclusion, directly contrary to the legislature's intent, that cheating *a little bit* (failing to file required Statements of Information or pay taxes post-qualification) must result in a foreign corporation's total inability to defend against an action—but cheating *a lot* to avoid that fate, to the extent of possible criminal penalties (never qualifying at all, in order to evade service of process and state taxes), carries no consequence that is actually enforced. *Palm Valley* corrects this loophole and addresses the legislative intent behind suspension directly:

> "Just as the state may wish to persuade its corporate citizens to pay their taxes, it also may wish to persuade them to comply with basic filing requirements, requirements that are fundamental to holding a corporation accountable for its actions."

*Id* at 355. One of those "basic filing requirements" is qualifying the foreign corporation with the Secretary of State under § 2105 in the first place *to ensure accountability*, by subjecting it to the possibility of "suspension" when appropriate. When it is alleged without refutation, as it has been here, that proper qualification under § 2105, required Statements of Information under § 1502, and by extension, tax returns and payments are *all* missing from a foreign corporation's

record, and that corporation is clearly conducting intrastate business in California, there is no other method for "holding a corporation accountable for its actions" aside from what the court held in *Palm Valley*: that the corporation is "disabled from participating in any litigation activities." Nor does the outdated crux of *Gatto*, the holding that "failure to pay taxes does not prevent a foreign corporation from bringing or defending an action" in state court prevent a federal court from holding a case against a particular defendant in abatement *sua sponte* until that defendant has cured any delinquencies regarding its corporate and tax status, akin to procedure involving failure to exhaust nonjudicial remedies. "In this Circuit, we have held that the failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement…" *Wyatt v. Terhune*, 315 F. 3d 1108, 1119 (9th Cir. 2003).

Accordingly, Smick, which admits to being an unqualified foreign corporation that has never paid its California taxes or the associated penalties, interest, and fines, cannot defend itself in this action, and the Court should permit the filing of an application for default and/or motion for default judgment on Smick, or hold the case against Smick in abatement until these deficiencies are cured.

Dated: December 31, 2020            Respectfully submitted,

*/s/ Aaron Greenspan*
Aaron Greenspan
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org