Aaron Greenspan (*Pro Se*)
956 Carolina Street
San Francisco, CA 94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON GREENSPAN,<br><br>    Plaintiff,<br><br>    v.<br><br>OMAR QAZI, SMICK ENTERPRISES, INC., ELON MUSK, and TESLA, INC.,<br><br>    Defendants. | Case No. 3:20-cv-03426-JD<br><br>**PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH COURT ORDER**<br><br>Time:      10:00 A.M.<br>Date:      February 18, 2021<br>Courtroom:  11, 19th Floor<br><br>Judge: Hon. James Donato<br>SAC Filed: August 26, 2020 |

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 18, 2021 at 10:00 A.M., or as soon thereafter as the matter may be heard, in the above-titled Court, in Courtroom 11, 19th Floor, located at 450 Golden Gate Avenue, San Francisco, CA 94102—or in the alternative, via digital videoconference pursuant to this Court's General Order 72-6—Plaintiff Aaron Greenspan ("Plaintiff") will and hereby does move the Court to compel Defendants Omar Qazi and Smick Enterprises, Inc. (the "Qazi Defendants") to immediately comply with the Court's September 2, 2020 Order Re Default and Civility, ECF No. 72.

The Court should grant Plaintiff's motion because the Qazi Defendants have repeatedly and brazenly violated the Court's September 2, 2020 Order Re Default and Civility (the "Civility Order") in successive attempts to seemingly prove that they are above the laws of the United States and the Orders of this Court.

This motion is based on this notice of motion and motion, the supporting memorandum of points and authorities, the pleadings and other papers on file in this action, and any other evidence that may be offered at a hearing if necessary.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff Aaron Greenspan respectfully moves the Court for an Order compelling Defendants Omar Qazi and Smick Enterprises, Inc. to immediately comply with the clear directives of the Court's Civility Order specifically regarding professionalism.

Since September 2, 2020, Qazi Defendants have published approximately 600 pages of aggressive insults and outrageous lies about Plaintiff on the personal website of Defendant Qazi at http://www.wholemars.net (the "Personal Website"), which does not even remotely resemble "professional" conduct. Declaration of Aaron Greenspan ("Greenspan Declaration") Exhibit A. Embedded in these hundreds of pages comprising Qazi Defendants' endless smear campaign

against Plaintiff, partly in retaliation for filing this lawsuit, is a copy of a confidential settlement communication, ***published anew by Qazi Defendants on December 25, 2020***, which is also governed by Rule 408 of the Federal Rules of Evidence. Greenspan Declaration at 391-395. Counsel for Qazi Defendants previously apologized for his client(s) releasing this confidential e-mail once before. In a recorded September 9, 2020 voicemail message on behalf of his client(s), counsel stated, "It should not have happened" and that he was "very upset." Yet it happened again, and now for a third time, after which Defendant Qazi went even further, deliberately advertising and weaponizing the e-mail's existence on Twitter on January 11, 2021 in response to Plaintiff contacting counsel about the matter. Unlike in September, counsel's response was to question whether it happened. Plaintiff's e-mails to counsel have, with alarming frequency, ended up posted on Qazi Defendants' on-again-off-again Twitter account, which continues to operate in such a manner as to evade the Twitter, Inc. Rules and the October 2020 Ban Evasion Policy. ECF No. 92 at 4. Finally, as of approximately January 9, 2021, Qazi Defendants have moved the Personal Website and other websites involved in this lawsuit outside of the United States in an attempt to evade this Court's jurisdiction and the laws of the United States.

At risk of being redundant due to Qazi Defendants' constant infractions, the Court's Civility Order explicitly required all parties and counsel to conform to both the spirit and the letter of the Northern District of California Guidelines for Professional Conduct ("Guidelines"). ECF No. 72. Regarding Qazi Defendants, this clearly has not happened. At the very least, since Qazi Defendants will not remove the confidential settlement communication from the Personal Website voluntarily, the Court must enforce its Order insofar as professional conduct is concerned.

## II. STATEMENT OF ISSUES

The main issue raised by this motion is whether Qazi Defendants should be compelled to comply with the Court's September 2, 2020 Civility Order.

## III. FACTUAL BACKGROUND

The initial Complaint in this case was filed on May 20, 2020. The First Amended Complaint ("FAC") was filed on July 2, 2020. ECF No. 20. With the consent of the parties, the Second Amended Complaint ("SAC") was filed on August 26, 2020. ECF No. 70. Between the filing of the initial Complaint and the FAC, a number of avoidable issues arose that led to the Qazi Defendants questioning the status of their own default. ECF No. 51. The Court resolved these issues in an Order Re Default and Civility issued on September 2, 2020 and directed all parties and counsel to act in a professional manner consistent with the Northern District of California Guidelines for Professional Conduct. ECF No. 72.

Plaintiff filed a motion for sanctions against Qazi Defendants and their counsel on August 19, 2020, which was withdrawn as a good-faith measure on September 9, 2020. ECF Nos. 66, 73. Plaintiff filed a motion for an Order to Show Cause Why [Qazi Defendants and their counsel] Should Not Be Held In Contempt Of Court on September 28, 2020. ECF No. 77. Plaintiff filed a second motion for sanctions against Qazi Defendants and their counsel on October 26, 2020. ECF No. 83. These motions have been fully briefed and are before the Court.

The conduct at issue here took place after the filing of the aforementioned motions.

## IV. ARGUMENT

### A. Legal Standard

There is little question that this Court has the inherent authority to compel any party, including Defendants Omar Qazi and Smick Enterprises, Inc., to comply with a previous directive.

> "It is well-established that a district court maintains 'inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.' *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016). Such authority includes the court's ability to enforce its prior orders. *Yusov v. Yusuf*, 892 F.2d 784, 787 (9th Cir. 1989) ('We cannot say that the trial court abused its discretion in this case. The Yusovs and their attorney consistently and willfully failed to obey court orders and follow the rules of procedure, resulting in great delay. . . . The district court has an obligation to manage its docket[] and may use sanctions against a party when necessary.')."

*Cisco Systems, Inc. v. Chung*, Case No. 4:19-cv-07562-PJH (N.D. Cal. December 21, 2020).

### B.        Defendant Qazi Re-Publishes Confidential Settlement Materials Once Again

On December 25, 2020, Defendant Qazi thanked his many donors to the legal defense funds paying for his representation in this lawsuit—some of which have still not been properly disclosed—by sharing a confidential settlement e-mail with them in a blog post on his website. Greenspan Declaration at 391-395.  By this point, Defendant Qazi had been warned repeatedly through counsel not to share this message, and had previously deleted public copies at his counsel's request because of Plaintiff's e-mails to counsel.  ECF No. 77 at 7-8.  Yet he re-published the e-mail again anyway.

Plaintiff contacted counsel regarding this obvious repeat violation of the confidentiality agreement between the parties, and thus of the Guidelines and this Court's Civility Order, via e-mail on December 25, 2020 at 9:14 A.M.  Greenspan Declaration Exhibit B.  Owing to the fact that it was Christmas Day, Plaintiff did not expect an immediate response.  Yet more than two weeks later, counsel still has not substantively responded, even though counsel did respond quickly to an e-mail regarding a separate matter on December 28, 2020.

On January 11, 2020, Plaintiff reminded counsel about this outstanding violation via e-mail.  Counsel did not respond, but he must have forwarded Plaintiff's e-mail to Defendant Qazi, because the e-mail body appeared in full in short order on Defendant Qazi's Twitter account, including the words, "And I'm not sure I can safely communicate with you—which is a reflection on your professionalism, not mine—when everything you forward to Omar ends up posted publicly and your promises via phone cannot be relied upon."  Greenspan Declaration Exhibit C.

Counsel for Qazi Defendants has already admitted that his client violated the confidentiality agreement between the parties.  He has not offered any further explanation for the successive violations.  Meanwhile, as long as the settlement communication is posted, and especially given the false and misleading context Defendant Qazi has used to frame it, i.e. labeling all legal settlements "extortion," Plaintiff suffers prejudice.  Defendant Qazi is clearly

aware of the Civility Order and what it says because as recently as December 29, 2020 he wrote explicitly about how it applies to Plaintiff, while omitting the fact that it also applies to him. Greenspan Declaration at 413.

### C. Defendant Qazi's "Story" Regarding Plaintiff Epitomizes Unprofessional Behavior

Defendant Qazi is in the midst of publishing a promised ten-part series (plus associated articles) entitled "The Story" at https://wholemars.net/aaron-greenspan/ that purports to explain the events leading up to and surrounding this legal action. Mostly, it is an attack vehicle for all Defendants to target Plaintiff in lieu of using a more precarious Twitter account, which operates in violation of numerous rules and policies such that it could be suspended at any moment.

While Qazi Defendants are entitled to express their point of view under the First Amendment, the Civility Order restricts free speech rights to a certain degree, and wherever that line is, it has clearly been crossed. "I find EJ in CONTEMPT OF COURT for posting these videos and keeping them up… EJ's cursory argument that preventing it from sharing these articles might implicate the First Amendment is unpersuasive." *Just Goods, Inc. v. Just, Inc.*, Case No. 3:18-cv-02198-WHO (N.D. Cal. September 11, 2020). Guideline for Professional Conduct 8, with which Qazi Defendants must comply via the Civility Order (regardless of lawyer status), states as follows:

> "A lawyer should at all times be civil, courteous, and accurate in communicating with opponents or adversaries, whether in writing or orally."

Furthermore, the Guidelines explicitly state that parties required to abide by them "owe a duty of professionalism to their clients, opposing parties and their counsel, the courts, ***and the public as a whole***" and encourages that they "comply with both the spirit and letter" of their text (emphasis added). In contrast, here are some examples of how Defendant Qazi has referred to Plaintiff throughout late 2020 (after September 2, 2020) and early 2021 so far:

a) "rejected [by Harvard Law School as an undergraduate] due to his low IQ;"
b) "criminal;"
c) "monster;"
d) "complete psycho;"

e) "Why on Earth has Aaron Greenspan never been prescribed psychiatric medication? Go run to the hospital and get diagnosed immediately;"

f) "such a piece of shit."

Furthermore, despite not being a medical professional or a professional of any kind ("To be clear, I'm not a doctor nor am I trying to diagnose Aaron Greenspan via a Wikipedia article"), Defendant Qazi proceeds to do exactly that in "Chapter 7" of his self-serving, falsehood-laden tirade. This is both literally and figuratively unprofessional.

Some of these communications, though public, were directed specifically at Plaintiff, such as the veiled and baseless accusation, "Aaron, there's no use hiding the truth," in October 2020. Generally, each installment of the prolix "Story" has contained so many false and misleading statements regarding Plaintiff—ranging from erroneous basic "facts" such as Plaintiff's age and birthplace to false allegations of crimes supposedly committed as long ago as 2002—that listing each and every error would take dozens of pages and amount to a futile endeavor. There are also countless material omissions of fact intended to mislead readers.

To be clear, Defendant Qazi may express his viewpoint. But the Civility Order requires that he do so in a matter that is both professional and accurate. To the extent he has deliberately endeavored to do the opposite, those efforts should be circumscribed immediately.

## V.  CONCLUSION

For all the reasons stated, Plaintiff respectfully requests that in addition to the relief previously requested, the Court enter an Order requiring Qazi Defendants to comply with its September 2, 2020 Order Re Default and Civility by removing and refraining from further publishing confidential materials of any kind, and by removing posts concerning Plaintiff published after September 2, 2020 from any server, anywhere in the world, to the extent that they violate the Guidelines for Professional Conduct. Plaintiff further requests the ability to conduct written discovery regarding the narrow matters described in this motion as a form of sanction, and that attorney Karl Kronenberger be referred to the Northern District of California's Standing Committee on Professional Conduct.

Dated: January 12, 2021            Respectfully submitted,

*Aaron Greenspan*
Aaron Greenspan
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org