Aaron Greenspan (*Pro Se*)
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| AARON GREENSPAN,<br><br>　　Plaintiff,<br><br>　　v.<br><br>OMAR QAZI, SMICK ENTERPRISES, INC., ELON MUSK, and TESLA, INC.,<br><br>　　Defendants. | Case No. 3:20-cv-03426-JD<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AND AMENDED COMPLAINT**<br><br>Time:　　　10:00 A.M.<br>Date:　　　February 18, 2021<br>Courtroom:　11, 19th Floor<br><br>Judge: Hon. James Donato<br>SAC Filed: August 26, 2020 |

### NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 18, 2021 at 10:00 A.M., or as soon thereafter as the matter may be heard, in the above-titled Court, in Courtroom 11, 19th Floor, located at 450 Golden Gate Avenue, San Francisco, CA 94102—or in the alternative, via digital videoconference pursuant to this Court's General Order 72-6—Plaintiff Aaron Greenspan ("Plaintiff") will and hereby does move the Court for an Order granting leave to file the attached [Proposed] Third Supplemental And Amended Complaint.

The Court should grant Plaintiff's motion because numerous facts pertinent to the existing claims in this action have come to light since the filing of the Second Amended Complaint ("SAC") on August 26, 2020, and supplementation and amendment prior to further review of the SAC by the Court will conserve judicial resources.  Supplementation is necessary to include in the complaint allegations regarding recent events, while amendment is necessary mainly to make minor stylistic edits and enhance the clarity of certain paragraphs, and also to include additional material facts given Defendants' call for even more specifics.

This motion is based on this notice of motion and motion, the supporting memorandum of points and authorities, the pleadings and other papers on file in this action, and any other evidence that may be offered at a hearing if necessary.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**

Plaintiff Aaron Greenspan respectfully moves the Court for an Order granting leave to file a supplemental and amended complaint in this action pursuant to Federal Rules of Civil Procedure ("Rules") 15(d) and 15(a)(2).  Although the initial Complaint has already been amended pursuant to Rule 15(a)(1)(B) and 15(a)(2), additional crucial facts have come to light since the filing of the SAC: most notably, several unexpected written admissions by Defendant Musk, as well as various former employees of Defendant Tesla, indicating that many of

Plaintiff's core allegations are true. These admissions render many of the arguments by Defendants Musk and Tesla ("Tesla Defendants") in their most recent Motion to Dismiss moot and highly questionable. In addition, Defendants Omar Qazi and Smick Enterprises, Inc. ("Qazi Defendants") have engaged in numerous further unlawful acts with regard to Plaintiff since the filing of the SAC.

Plaintiff requested via e-mail that each Defendant stipulate to supplementation and/or amendment before filing this motion. Tesla Defendants declined to stipulate on December 11, 2020. Qazi Defendants separately declined to stipulate on December 11, 2020.

Given that this litigation is still in its early stages and given the lack of any cognizable prejudice to Defendants from Plaintiff's proposed changes, leave to supplement and amend is proper. Furthermore, allowing the proposed supplemental facts and amendments to be filed promotes judicial efficiency by avoiding unnecessary argument concerning admitted and established facts. Accordingly, Plaintiff respectfully requests that the Court grant his motion.

## II.   STATEMENT OF ISSUES

The main issue raised by this motion is whether Plaintiff should be permitted to file a supplemental and amended complaint in this action.

## III.   FACTUAL BACKGROUND

The initial Complaint in this case was filed on May 20, 2020. The First Amended Complaint ("FAC") was filed on July 2, 2020. ECF No. 20. With the consent of the parties, the Second Amended Complaint ("SAC") was filed on August 26, 2020. ECF No. 70. On September 25, 2020, Defendants Elon Musk and Tesla, Inc. filed a combined Motion to Dismiss, and Defendants Omar Qazi and Smick Enterprises, Inc. filed a combined Motion to Dismiss and a Special Motion to Strike State Law Claims Under California's Anti-SLAPP Statute, CCP §425.16. ECF Nos. 76, 75. Plaintiff filed a consolidated opposition brief regarding the above motions on October 16, 2020. ECF No. 80. Defendants filed their replies on November 6, 2020. ECF Nos. 86, 87. A hearing on these motions scheduled for December 10, 2020 was vacated by

the Court on December 7, 2020.  Consequently, these motions have been fully briefed and are before the Court as of December 7, 2020.  ECF No. 94.

## IV.  ARGUMENT

### A.  Legal Standard

Federal Rule of Civil Procedure 15(d) provides that, "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  For proposed changes that are not based on events that transpired subsequent to a complaint's last revision, Rule 15(a)(2) provides that, "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." FED. R. CIV P. 15.

"'Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings.' *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988) (citing FED. R. CIV. P. 15, advisory committee's note). 'The rule is a tool of judicial economy and convenience,' and '[i]ts use is therefore favored.' *Keith*, 858 F.2d at 473." *Patkins v. Lisk*, Case No. 5:16-cv-04347-TSH (N.D. Cal. September 28, 2020).

"Motions to amend under Rule 15(a) and motions to supplement under Rule 15(d) are subject to the same standard. *See Armstrong v. Bush*, 807 F.Supp. 816, 818-19 (D.D.C. 1992) (collapsing inquiry under Rules 15(a) and 15(d)); *see also Glatt v. Chicago Park District*, 87 F.3d 190, 194 (7th Cir. 1996) (standard under Rule 15(d) is the same as under Rule 15(a))." *Wildearth Guardians v. Kempthorne*, 592 F. Supp. 2d 18, 23 (D.D.C. 2008).

In the Ninth Circuit, the practice of granting leave to amend "is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).  A court should not deny leave to amend unless it finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or]

futility of amendment." *Id*. at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Absent prejudice [to the opposing party], or a strong showing of any of the remaining [] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id*. (emphasis in original). Supplementation under Rule 15(d) is even more favored than amendment under Rule 15(a). *Lyon v. U.S. Immigration & Customs Enf't*, 308 F.R.D. 203, 214 (N.D. Cal. 2015).

### B.   Events Subsequent To The Second Amended Complaint's Filing In This Action On August 26, 2020

This action involves unlawful acts by two groups of Defendants who have all worked in concert to inflate Tesla's stock price: Elon Musk and Tesla, Inc. ("Tesla Defendants"); and Omar Qazi and Smick Enterprises, Inc. ("Qazi Defendants"). There have been significant and material new developments involving both groups since the SAC was filed on August 26, 2020.

#### 1.   Tesla Defendants

Numerous statements and events since August 26, 2020 on behalf of and involving Tesla Defendants make supplementation of the operative complaint appropriate. Examples of such recent statements and events include:

a)   On November 3, 2020, Defendant Musk admitting in writing that Tesla, Inc. "was about a month" from bankruptcy from "mid 2017 to mid 2019," which directly contradicts the company's financial disclosures to the United States Securities and Exchange Commission ("SEC") during that period, showing ample cash and containing no going-concern warnings;

b)   On October 16, 2020, Defendant Musk admitting in writing that he did indeed have neck surgery—twice—for a condition he referred to as "bone spurs;"

c)   After September 2020, the departure of a key engineer working on the Tesla Semi truck, who noted on the LinkedIn social network that his team had been "redeployed" as needed to work on other totally unrelated tasks, as opposed to actually developing the Tesla Semi;

  d)  The November 9, 2020 allegation in a separate lawsuit brought by a former Tesla solar engineer that Tesla Defendants had put so many lives at risk with their faulty hardware that he filed formal complaints with both the SEC and the United States Consumer Product Safety Commission, which launched an investigation as-yet-undisclosed by Tesla Defendants;

  e)  As of November 2020, numerous product recalls imposed both in the United States by the National Highway Traffic Safety Administration and in China for defects in Defendant Tesla's vehicles that were both known to the company and dangerous, all while Defendant Musk touted his cars as the safest in the world;

  f)  The reported closure of Defendant Tesla's public relations department with its last member departing in December 2020, leaving the media with no official sources of information other than Defendant Musk (who frequently does not respond to media inquiries) and his ostensible agent, Defendant Qazi, who began posting on Twitter as @WholeMarsLog (later, @WholeMarsBlog) full-time in May 2020;

  g)  Tesla Defendants' failure to produce a single "robotaxi" by December 31, 2020;

  h)  As of January 2021, Defendant Musk catapulting himself from near-"bankruptcy" to the wealthiest person on the planet on the basis of the fraudulent acts described.

  **2.**  **Qazi Defendants**

Since the filing of the SAC, Qazi Defendants have redoubled their efforts to smear Plaintiff via social media, Wikipedia, Amazon.com, Defendant Qazi's personal website, and seemingly every other on-line medium available to them. On January 13, 2021, Defendant Qazi proclaimed his intent to "take [his false narrative] to the police to let them know what really happened. We will take it to the IRS, the State of California, and the State of Ohio. We will take it to the Securities and Exchange Commission. We will take it to anyone even remotely connected to Think Computer Foundation who is willing to listen." This quotation comes from but one of the ***over 600 pages*** of false, misleading, and frequently unlawful material that Defendant Qazi has published on his personal website ***since October alone*** with the explicit goal

of harming Plaintiff's reputation. This page count excludes his posts on Twitter, from which he is still banned despite the platform's conspicuous lack of enforcement. Defendant Qazi continues to labor under the mistaken belief that the First Amendment to the United States Constitution enables him to engage in any behavior of which he can conceive, free of consequences, regardless of any statutes.

Escalating his already shocking cascade of lies to new heights, as of January 2021, Defendant Qazi has now accused Plaintiff of encouraging outright violence against him. In his words, "Aaron Greenspan has admitted that he is willing to resort to violence to silence us." This is a complete fabrication, one that actually endangers Plaintiff's safety given the number of people who believe it, and one that must be addressed in an updated complaint.[1]

Qazi Defendants have also escalated their feud with Plaintiff over whether they may reproduce copyrighted works without permission. The photograph of Plaintiff in question in this action was registered with the United States Copyright Office as of July 18, 2020, but the physical Certificate of Registration, which is not yet available electronically for any copyright registration, did not arrive in time to be filed with the SAC as the application was granted the same day that the SAC was filed. It can now be properly incorporated into a complaint.

In addition, numerous prolonged excerpts from Plaintiff's book and Plaintiff's photograph have materialized on page after page controlled by Defendant Qazi on-line, published after August 26, 2020. Qazi Defendants have also recently filed additional Digital Millennium Copyright Act requests under false pretenses regarding posts that clearly fall under fair use doctrine from months or years prior. As of January 9, 2021, Qazi Defendants switched hosting providers yet again, relocating outside of the United States to evade this Court's jurisdiction and any United States law that might restrict their ability to carry on their smear campaign.

---

[1] Adopting the tone of a would-be martyr, Defendant Qazi has insisted, "If I have to die over this nonsense, so be it." Yet Plaintiff has never made any threat on Defendant Qazi's life or physical safety or instructed or implied that any other person should make any such threat.

### C. No Factors Weigh Against Granting Leave To Supplement and Amend

In this action, Defendants have not yet filed an answer, there have been no initial disclosures exchanged, and to date there has been no discovery. The proposed changes do not involve any new defendants or claims at this stage. Accordingly, amendment would not require a "radical shift in direction" for any Defendant's strategy. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

Plaintiff provided over a full month of notice regarding his intent to supplement and/or amend the SAC. Defendants also could have anticipated many of the points where they disagree with Plaintiff based on his consolidated opposition brief filed on October 16, 2020, approximately three months ago, which explicitly requested "leave to amend." ECF No. 80 at 41.

While there are other outstanding motions in this action aside from those filed on September 25, 2020, their adjudication is not dependent upon the particular operative complaint. Finally, Plaintiff has been diligent in filing this motion shortly after the events described in the proposed changes.

### D. Conclusion

For the foregoing reasons, Plaintiff respectfully requests leave to file the attached [Proposed] Third Supplemental And Amended Complaint.

Dated: January 14, 2021               Respectfully submitted,

Aaron Greenspan
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org