**EXHIBIT B**

August 30, 2019 Form CH-130: Civil Harassment Restraining Order After Hearing in Santa Clara County Superior Court Case No. 18CH008067

| CH-130 | **Civil Harassment Restraining Order After Hearing** | Clerk stamps date here when form is filed. |
|---|---|---|

FILED
AUG 3 0 2019
Clerk of the Court
Superior Court of CA County of Santa Clara
BY _____ DEPUTY
K. NGUYEN

*Person in ① must complete items ①, ②, and ③ only.*

① **Protected Person**

a. Your Full Name: Aaron Jacob Greenspan

   Your Lawyer *(if you have one for this case)*
   Name: self-represented   State Bar No.: _____
   Firm Name: self-represented

b. Your Address *(If you have a lawyer, give your lawyer's information. If you do not have a lawyer and want to keep your home address private, you may give a different mailing address instead. You do not have to give telephone, fax, or e-mail.)*
   Address: 500 Race Street, Apt. 4321
   City: San Jose   State: CA   Zip: _____
   Telephone: _____   Fax: _____
   E-Mail Address: _____

*Fill in court name and street address:*

**Superior Court of California, County of**
Santa Clara
191 N. First Street
San Jose, CA 95113
Civil Courthouse

*Court fills in case number when form is filed.*

**Case Number:**
18CH008067

② **Restrained Person**

Full Name: Diego MasMarques aka Diego MasHoward aka Ricky
Description:

> Sex: ☒ M   ☐ F   Height: unknown   Weight: unknown   Date of Birth: 1965*
> Hair Color: dark brown   Eye Color: unknown   Age: 53   Race: White
> Home Address *(if known)*: unknown
> City: _____   State: _____   Zip: _____
> Relationship to Protected Person: none

③ ☒ **Additional Protected Persons**

In addition to the person named in ①, the following family or household members of that person are protected by the orders indicated below:

| Full Name | Sex | Age | Lives with you? | How are they related to you? |
|---|---|---|---|---|
| Judith Keene Greenspan | F | 64 | ☐ Yes ☒ No | mother |
| Neil Sanford Greenspan | M | 65 | ☐ Yes ☒ No | father |

☒ *Check here if there are additional persons. List them on an attached sheet of paper and write "Attachment 3—Additional Protected Persons" as a title. You may use form MC-025, Attachment.*

④ **Expiration Date**

*This Order, except for any award of lawyer's fees, expires at*

> Time: 11:59 PM   ☐ a.m. ☒ p.m. ☐ midnight on *(date):* 08/30/2021

If no expiration date is written here, this Order expires three years from the date of issuance.

**This is a Court Order.**

Judicial Council of California, www.courts.ca.gov
Revised January 1, 2018, Mandatory Form
Code of Civil Procedure, §§ 527.6 and 527.9
Approved by DOJ

**Civil Harassment Restraining Order After Hearing**
**(CLETS-CHO)**
(Civil Harassment Prevention)

CH-130, Page 1 of 6
→

**⑤ Hearing**

a. There was a hearing on *(date):* <u>May 2, 2019</u> at *(time):* <u>1:30pm</u> in Dept.: <u>11</u> Room: _____
*(Name of judicial officer):* <u>Hon. Carol Overton</u> made the orders at the hearing.

b. These people were at the hearing:
  (1) ☒ The person in ①.  (3) ☐ The lawyer for the person in ① *(name):* _____
  (2) ☒ The person in ②.  (4) ☐ The lawyer for the person in ② *(name):* _____
  ☐ Additional persons present are listed at the end of this Order on Attachment 5.

c. ☐ The hearing is continued. The parties must return to court on *(date):* _____ at *(time):* _____

**To the Person in ②:**

The court has granted the orders checked below. If you do not obey these orders, you can be arrested and charged with a crime. You may be sent to jail for up to one year, pay a fine of up to $1,000, or both.

**⑥ ☒ Personal Conduct Orders**

a. You must **not** do the following things to the person named in ①
  ☒ and to the other protected persons listed in ③:
  (1) ☒ Harass, intimidate, molest, attack, strike, stalk, threaten, assault (sexually or otherwise), hit, abuse, destroy personal property of, or disturb the peace of the person.
  (2) ☒ Contact the person, either directly or indirectly, in **any** way, including, but not limited to, in person, by telephone, in writing, by public or private mail, by interoffice mail, by e-mail, by text message, by fax, or by other electronic means.
  (3) ☐ Take any action to obtain the person's address or location. If this item (3) is not checked, the court has found good cause not to make this order.
  (4) ☐ Other *(specify):*
    ☐ Other personal conduct orders are attached at the end of this Order on Attachment 6a(4).

b. Peaceful written contact through a lawyer or process server or other person for service of legal papers related to a court case is allowed and does not violate this Order.

**⑦ ☒ Stay-Away Orders**

a. You **must** stay at least <u>300</u> yards away from *(check all that apply):*
  (1) ☒ The person in ①.  (7) ☐ The place of child care of the children of the person in ①.
  (2) ☒ Each person in ③.
  (3) ☒ The home of the person in ①.  (8) ☒ The vehicle of the person in ①.
  (4) ☒ The job or workplace of the person in ①.  (9) ☐ Other *(specify):*
  (5) ☐ The school of the person in ①.
  (6) ☐ The school of the children of the person in ①.

b. This stay-away order does not prevent you from going to or from your home or place of employment.

**This is a Court Order.**

(8) **No Guns or Other Firearms and Ammunition**
   a. **You cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get guns, other firearms, or ammunition.**
   b. If you have not already done so, you must:
   - Within 24 hours of being served with this Order, sell to or store with a licensed gun dealer, or turn in to a law enforcement agency, any guns or other firearms in your immediate possession or control.
   - File a receipt with the court within 48 hours of receiving this Order that proves that your guns or firearms have been turned in, sold, or stored. *(You may use form CH-800, Proof of Firearms Turned In, Sold, or Stored, for the receipt.)*
   c. ☐ The court has received information that you own or possess a firearm.
   d. ☐ The court has made the necessary findings and applies the firearm relinquishment exemption under Code of Civil Procedure section 527.9(f). Under California law, the person in ② is not required to relinquish this firearm *(specify make, model, and serial number of firearm(s)):* _____

   The firearm must be in his or her physical possession only during scheduled work hours and during travel to and from his or her place of employment. Even if exempt under California law, the person in ② may be subject to federal prosecution for possessing or controlling a firearm.

(9) ☐ **Lawyer's Fees and Costs**
   The person in ___ must pay to the person in ___ the following amounts for
   ☐ lawyer's fees      ☐ costs:

   | Item | Amount | Item | Amount |
   |---|---|---|---|
   | _____ | $ _____ | _____ | $ _____ |
   | _____ | $ _____ | _____ | $ _____ |

   ☐ Additional items and amounts are attached at the end of this Order on Attachment 9.

(10) ☐ **Possession and Protection of Animals**
   a. ☐ The person in ① is given the sole possession, care, and control of the animals listed below, which are owned, possessed, leased, kept, or held by him or her, or reside in his or her household.
   *(Identify animals by, e.g., type, breed, name, color, sex.)*
   _____
   _____

   b. ☐ The person in ② must stay at least _____ yards away from, and not take, sell, transfer, encumber, conceal, molest, attack, strike, threaten, harm, or otherwise dispose of, the animals listed above.

(11) ☒ **Other Orders** *(specify):*
   The Court Shall retain the Exhibits for the appellate period. *(initialed)*

   ☒ Additional orders are attached at the end of this Order on Attachment 11.

   **This is a Court Order.**

**To the Person in ①:**

**⑫ Mandatory Entry of Order Into CARPOS Through CLETS**

This Order must be entered into the California Restraining and Protective Order System (CARPOS) through the California Law Enforcement Telecommunications System (CLETS). *(Check one):*

a. ☐ The clerk will enter this Order and its proof-of-service form into CARPOS.

b. ☒ The clerk will transmit this Order and its proof-of-service form to a law enforcement agency to be entered into CARPOS.

c. ☐ By the close of business on the date that this Order is made, the person in ① or his or her lawyer should deliver a copy of the Order and its proof-of-service form to the law enforcement agency listed below to enter into CARPOS:

| Name of Law Enforcement Agency | Address *(City, State, Zip)* |
|---|---|
| | |
| | |

☐ Additional law enforcement agencies are listed at the end of this Order on Attachment 12.

**⑬ Service of Order on Restrained Person**

a. ☒ The person in ② personally attended the hearing. ~~No other proof of service is needed.~~ CO

b. ☐ The person in ② did not attend the hearing.

(1) ☒ Proof of service of form CH-110, *Temporary Restraining Order*, was presented to the court. The judge's orders in this form are the same as in form CH-110 except for the expiration date. The person in ② must be served with this Order. Service may be by mail.

(2) ☐ The judge's orders in this form are different from the temporary restraining orders in form CH-110. Someone—but not anyone in ① or ③—must personally serve a copy of this Order on the person in ②.

**⑭ ☒ No Fee to Serve (Notify) Restrained Person**

The sheriff or marshal will serve this Order without charge because:

a. ☒ The Order is based on unlawful violence, a credible threat of violence, or stalking.
b. ☐ The person in ① is entitled to a fee waiver.

**⑮** Number of pages attached to this Order, if any: _1 additional page, 11 OTHER ORDERS._

Date: August 30, 2019

Judicial Officer
Carol Overton

**This is a Court Order.**

| | Case Number: |
|---|---|
| | 18CH008067 |

## Warning and Notice to the Restrained Person in ②

### You Cannot Have Guns or Firearms

Unless item 8d is checked, you cannot own, have, possess, buy or try to buy, receive or try to receive, or otherwise get guns, other firearms, or ammunition while this Order is in effect. If you do, you can go to jail and pay a $1,000 fine. You must sell to or store with a licensed gun dealer, or turn in to a law enforcement agency, any guns or other firearms that you have or control as stated in item ⑧ above. The court will require you to prove that you did so.

## Instructions for Law Enforcement

### Enforcing the Restraining Order

This Order is enforceable by any law enforcement agency that has received the Order, is shown a copy of the Order, or has verified its existence on the California Restraining and Protective Order System (CARPOS). If the law enforcement agency has not received proof of service on the restrained person, and the restrained person was not present at the court hearing, the agency must advise the restrained person of the terms of the Order and then must enforce it. Violations of this Order are subject to criminal penalties.

### Start Date and End Date of Orders

This Order *starts* on the date next to the judge's signature on page 4 and *ends* on the expiration date in item ④ on page 1.

### Arrest Required If Order Is Violated

If an officer has probable cause to believe that the restrained person had notice of the order and has disobeyed it, the officer must arrest the restrained person. (Pen. Code, §§ 836(c)(1), 13701(b).) A violation of the order may be a violation of Penal Code section 166 or 273.6. Agencies are encouraged to enter violation messages into CARPOS.

### Notice/Proof of Service

The law enforcement agency must first determine if the restrained person had notice of the order. Consider the restrained person "served" (given notice) if (Pen. Code, § 836(c)(2)):

- The officer sees a copy of the *Proof of Service* or confirms that the *Proof of Service* is on file; *or*
- The restrained person was at the restraining order hearing or was informed of the order by an officer.

An officer can obtain information about the contents of the order and proof of service in CARPOS. If proof of service on the restrained person cannot be verified and the restrained person was not present at the court hearing, the agency must advise the restrained person of the terms of the order and then enforce it.

### If the Protected Person Contacts the Restrained Person

Even if the protected person invites or consents to contact with the restrained person, this Order remains in effect and must be enforced. The protected person cannot be arrested for inviting or consenting to contact with the restrained person. The orders can be changed only by another court order. (Pen. Code, § 13710(b).)

## This is a Court Order.

## Conflicting Orders—Priorities of Enforcement
**If more than one restraining order has been issued, the orders must be enforced according to the following priorities:** *(See Pen. Code, § 136.2; Fam. Code, §§ 6383(h)(2), 6405(b).)*

1. *EPO:* If one of the orders is an *Emergency Protective Order* (form EPO-001) and is more restrictive than other restraining or protective orders, it has precedence in enforcement over all other orders.
2. *No-Contact Order:* If there is no EPO, a no-contact order that is included in a restraining or protective order has precedence over any other restraining or protective order.
3. *Criminal Order:* If none of the orders includes a no contact order, a domestic violence protective order issued in a criminal case takes precedence in enforcement over any conflicting civil court order. Any nonconflicting terms of the civil restraining order remain in effect and enforceable.
4. *Family, Juvenile, or Civil Order:* If more than one family, juvenile, or other civil restraining or protective order has been issued, the one that was issued last must be enforced.

*Clerk's Certificate*
*[seal]*

*(Clerk will fill out this part.)*
**—Clerk's Certificate—**

I certify that this *Civil Harassment Restraining Order After Hearing* is a true and correct copy of the original on file in the court.

Date: _____ Clerk, by _____, Deputy

**This is a Court Order.**

Attachment #3 Additional Protected Persons
05/02/2019
18CH008067

Greenspan vs. MasMarques

| Name | Sex | Age | Household Member | Relation to Protected Person |
|------|-----|-----|------------------|------------------------------|
| Simon Keene Greenspan | M | 32 | NO | Brother |

## OTHER ORDERS

With regard to Respondent's cross-request for a restraining order after hearing against Petitioner, the request is denied. In this regard, the Court notes that Respondent conceded during his hearing testimony that information Petitioner published concerning his criminal record had not been sealed. Thus, such information was a matter of public record. Respondent did not otherwise persuasively establish by clear and convincing evidence that Petitioner engaged in unlawful harassment warranting issuance of a further restraining order after hearing.

The Court hereby orders sealed that portion of the record of these proceedings containing Respondent's personal information included within otherwise public documents, specifically: Respondent's social security and driver's license numbers.

IT IS SO ORDERED.

Dated: August 30, 2019

Carol Overton
Judge of the Superior Court

Attachment 11