**EXHIBIT D**
Plaintiff's Notice of Intent to Sue and Responses

| From: | **Aaron Greenspan** greenspan@post.harvard.edu |
|---|---|
| Subject: | Notice of Intent to Sue and Evidence Preservation Notice |
| Date: | October 9, 2019 at 3:34 PM |
| To: | Elon Musk erm@tesla.com, Jonathan Chang jchang@tesla.com, Tim Hughes tim.hughes@spacex.com, Omar Qazi omar@smick.com |
| Cc: | James Gleeson james.gleeson@spacex.com, Erin Schneider schneidere@sec.gov |
| Bcc: | Lora Kolodny Lora.Kolodny@nbcuni.com, Mitchell, Russ russ.mitchell@latimes.com, Montana Skeptic montana.skeptic@gmail.com |

Gentlemen:

I write to inform Elon Musk, Excession LLC, Space Exploration Technologies Corporation, Tesla, Inc. (the "Musk Entities") and Omar Qazi and Smick Enterprises, Inc. (the "Musk Affiliates") that I intend to sue over claims including but not necessarily limited to libel, defamation, securities fraud, and violations of California Business and Professions Code § 17200. I will file suit against the aforementioned parties if they do not **FIRST** export and for discovery purposes preserve the contents of and **THEN** shut down all social media accounts that do not presently disclose that authors are now or have been, at any point, paid employees of the Musk Entities within 7 days after receiving this letter. (This includes, but is not limited to, the "@tesla_truth" Twitter account.) I will also file suit if it appears that new social media accounts are formed in place of those that are deleted.

I have reason to believe that the above parties have electronic information that may contain evidence critical to the above matter. You must preserve any information or documents that might lead to relevant evidence in this planned litigation against some or all of the aforementioned parties.

Please note that clearly defined laws and rules bar the destruction of evidence. These rules apply both to physical documents and electronic evidence and any other information created or stored in digital form that is relevant to a case.

Please also be advised that my formal discovery requests, when served and where appropriate, will necessarily include documents, records, and other computer-generated information in native, electronic format, whether structured or unstructured, and may further include, without limitation, any relevant computer, network, or system environments such as operating systems, applications, encrypted chats, middleware or scripts, all as generated and used by the Musk Entities and Musk Affiliates in the regular conduct of their everyday activities. Moreover, this includes instances where any evidence in the form of a handwritten, non-text, or other non-machine-readable original has been input into any word-processing, image capture, other electronic information retention device or application (irrespective of whether such input and storage of such input took place on any networked computer, non-networked computer, laptop, or mobile data generating device, including but not limited to PDAs, smartphones, and tablets). The Musk Entities and Musk Affiliates are hereby notified that both original paper documents as well as relevant computer-generated information derived from such original paper documents will be requested, and should be preserved.

I also write to notify the Musk Entities and Musk Affiliates that they have a duty for the length of this matter to suspend all routine document retention policies and processes to the extent they involve the destruction of evidence that is or is likely to be considered relevant in this matter, irrespective of format (paper, electronic, or other) and location.

For purposes of this notice, Electronically Stored Information (ESI) means computer-generated data or information of any kind and from any source, whose temporal existence is evidenced by its storage in, or on any electronic medium, wherever located, now existing or developed in the future, and irrespective of whether such medium is real, virtual, or otherwise.

This letter also serves to notify the Musk Entities and Musk Affiliates that they must preserve all existing sources of digital evidence that are not presently used or that may have been deleted from active systems, including but not limited to Twitter. Lastly, the Musk Entities and Musk Affiliates have a continuing obligation to preserve evidence that may come into existence after the date of this letter, or which may exist now or in the future but of which they may not have current knowledge.

Please contact me by e-mail at greenspan@post.harvard.edu or at +1 415 670 9350 to resolve this matter. (Any telephone conversation will be recorded.)

Thank you for your immediate attention.

Aaron

**From:** **Elon Musk** erm@tesla.com
**Subject:** Re: Notice of Intent to Sue and Evidence Preservation Notice
**Date:** October 9, 2019 at 3:48 PM
**To:** Aaron Greenspan greenspan@post.harvard.edu
**Cc:** Jonathan Chang jchang@tesla.com, Tim Hughs (SpaceX) Tim.Hughes@spacex.com, Omar Qazi omar@smick.com, James Gleeson James.Gleeson@spacex.com, Erin Schneider schneidere@sec.gov

Does the psych ward know you have a cell phone? Just curious.

> On Oct 9, 2019, at 3:34 PM, Aaron Greenspan <greenspan@post.harvard.edu> wrote:

**From:** **Elon Musk** erm@tesla.com
**Subject:** Re: Notice of Intent to Sue and Evidence Preservation Notice
**Date:** October 9, 2019 at 3:48 PM
**To:** Omar Qazi omar@smick.com
**Cc:** Aaron Greenspan greenspan@post.harvard.edu, Jonathan Chang jchang@tesla.com, Tim Hughs (SpaceX) Tim.Hughes@spacex.com, James Gleeson James.Gleeson@spacex.com, Erin Schneider schneidere@sec.gov



> On Oct 9, 2019, at 3:48 PM, Omar Qazi <omar@smick.com> wrote: