Aaron Greenspan (*Pro Se*)
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON GREENSPAN,<br><br>    Plaintiff,<br><br>    v.<br><br>OMAR QAZI, SMICK ENTERPRISES, INC., ELON MUSK, and TESLA, INC.,<br><br>    Defendants. | Case No. 3:20-cv-03426-JD<br><br>**PLAINTIFF'S OPPOSITION TO JOINT ADMINISTRATIVE MOTION FOR AN ORDER CHANGING TIME AND EXTENDING PAGE LIMITS FOR BRIEFING ON DEFENDANTS' MOTIONS TO DISMISS THIRD AMENDED COMPLAINT**<br><br>Judge: Hon. James Donato<br>Complaint Filed: May 20, 2020<br>TAC Filed: February 12, 2021 |

In their joint administrative motion—and under penalty of perjury—Defendants have misrepresented Plaintiff's position, which was and is simple. Plaintiff was willing to agree to a 21-day period from the date of filing of the Third Supplemental and Amended Complaint ("TAC") as an appropriate responsive deadline for Defendants' anticipated motions to dismiss, provided that Defendants offered some assurance that they would stop harassing him at least during that time. Defendants refused, and instead threatened to file the instant motion with the implication that they would prefer Plaintiff face ongoing harassment for an even longer (or indefinite) period of time while they draft their motions and beyond.

Plaintiff agreed with the schedule Defendants initially proposed by e-mail, which is different and shorter than the one in their motion. Their initial proposal was as follows:

"**March 5, 2021**: Motions to dismiss due (18 pages each for Tesla & Qazi Defendants)
**March 26, 2021**: Consolidated Opposition due (35 pages)
**April 9, 2021**: Replies due (12 pages each for Tesla & Qazi Defendants)"

*See* attached Declaration of Aaron Greenspan Exhibit A. Defendants offered no substantive reason for the new schedule in their motion. The reasons they now put forth to justify the change, such as "factual complexity," gloss over the fact that Defendants have seen and/or responded to all of these same claims, and the vast majority of the same facts, three times already. There are no new claims and no new defendants in the TAC—just updated facts. Nor is John Dwyer's arbitration commitment new since February 16, 2021 (when Defendants first contacted Plaintiff about this matter) or particularly relevant given that he works as part of a team of experienced attorneys.

As for page limits, at 78 pages, the TAC is considerably shorter than the 110-page Second Amended Complaint ("SAC") and the 82-page First Amended Complaint. The TAC's 350 pages of exhibits, necessary due to the requirements of the Private Securities Litigation Reform Act's elevated pleading standard, total 80% less the SAC's 1,779 pages of exhibits. The TAC also involves fewer claims, fewer enumerated libelous statements, and fewer securities-related issues than previous iterations, per the Court's Order in ECF No. 101. Therefore, not as many pages are necessary to respond. Plaintiff proposed to Defendants 15 pages each for their motions, a 30-page consolidated opposition, and 5 pages each for the replies.

Plaintiff's key concern with Defendants' proposal, the refusal to provide any assurance that their requested delay would not lead to further harassment during that time, was based upon several escalations *even since February 12, 2021* when the TAC was filed. These include:

- Sharing crude and false sexual remarks about Plaintiff;
- Posting Plaintiff's parents' home address on Twitter in connection with an irrelevant legal proceeding involving Plaintiff's disabled brother—*not Plaintiff*—from 2010;
- Promoting altered photographs depicting Plaintiff as transgender, which he is not;
- Posting the same kinds of false, harassing and libelous remarks highlighted in the

TAC alleging that Plaintiff is a criminal, should or will serve jail time, "is an incredibly pernicious and dangerous liar," is mentally ill, etc. On February 18, 2021, these false and harassing posts led one reader to respond, "Keep [Plaintiff] away from Elon Musk and his companies. He is giving me Unabomber vibes."

In sum, Plaintiff sees no problem with allowing Defendants adequate time to prepare their motions to dismiss, which they previously defined as 21 days, but cannot voluntarily allow that time to serve as a free period during which they can further their torment of Plaintiff and his family.

Dated: February 19, 2021          Respectfully submitted,

_(signature)_
Aaron Greenspan
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org