COOLEY LLP
JOHN C. DWYER (136533) (dwyerjc@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

AARTI REDDY (274889) (areddy@cooley.com)
REECE TREVOR (316685) (rtrevor@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendants
TESLA, INC. and ELON MUSK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON GREENSPAN, | Case No. 3:20-cv-03426-JD |
| Plaintiff, | **TESLA DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF TESLA DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD SUPPLEMENTAL & AMENDED COMPLAINT** |
| v. | |
| OMAR QAZI, SMICK ENTERPRISES, INC., ELON MUSK, and TESLA, INC., | |
| Defendants. | |
| | Trial Date: None Set<br>Date Action Filed: May 20, 2020 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

TESLA DEFS.' REQUEST
FOR JUDICIAL NOTICE RE TAC
CASE NO. 3:20-CV-03426-JD

Pursuant to Federal Rule of Evidence 201, Defendants Tesla, Inc. and Elon Musk (collectively, "Tesla Defendants") respectfully request that this Court incorporate by reference and/or take judicial notice of the documents identified below in support of the Tesla Defendants' Motion to Dismiss Plaintiff's Third Supplemental and Amended Complaint ("Motion"). All of the documents identified in this Request are attached to the supporting Declaration of Aarti Reddy ("Reddy Decl."), filed concurrently herewith.

I. DOCUMENTS SUBJECT TO THIS REQUEST

| Exhibit | Description | Basis for Notice and/or Incorporation[1] |
|---|---|---|
| 1 | Aaron Greenspan, "Reality Check," Plainsite.org (January 7, 2020) | Publicly available from a reliable source |
| 2 | Tweet from @PlainSite dated August 10, 2018 | Publicly available from a reliable source |
| 3 | Tweet from @PlainSite dated August 24, 2018 | Publicly available from a reliable source |
| 4 | Tweet from @PlainSite dated March 19, 2019 | Publicly available from a reliable source |
| 5 | Email from Aaron Greenspan to Elon Musk (Aug. 7, 2019) (posted to Plainsite.org on Aug. 8, 2019) | Publicly available from a reliable source |
| 6 | Transcript of Tesla, Inc.'s Analyst/Investor Day on April 22, 2019 | ¶ 271 Issue No. 23; publicly available from a reliable source |
| 7 | Transcript of Tesla, Inc.'s earnings conference call for the fourth quarter of 2018, held on January 30, 2019 | ¶ 271 Issue No. 21; publicly available from a reliable source |

II. FACTUAL BASIS

In connection with the Tesla Defendants' Motion, the Court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,

---

[1] "¶" refers to the paragraph(s) of the Third Supplemental & Amended Complaint ("TAC"), ECF No. 103, that quote from, or refer to information contained in, the referenced exhibit.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

TESLA DEFS.' REQUEST
FOR JUDICIAL NOTICE RE TAC
CASE NO. 3:20-CV-03426-JD

551 U.S. 308, 322 (2007).  Courts may take judicial notice of documents both for their contents and for the truth of the matters asserted therein when the facts are not in dispute and are from reliable sources.  *See Smilovits v. First Solar Inc.*, 119 F. Supp. 3d 978, 1010 (D. Ariz. 2015), *aff'd sub nom. Mineworkers' Pension Scheme v. First Solar Inc.*, 881 F.3d 750 (9th Cir. 2018).  The Tesla Defendants' exhibits—public statements made by Defendants and documents and tweets posted by and to Plaintiff through the Twitter handle of his online "legal information service," known as PlainSite—are all incorporated by reference into the TAC and/or are the proper subject of judicial notice.

      **A.**    **The Court May Consider Exhibits 6 and 7 as Incorporated by Reference into the TAC.**

Incorporation by reference is a judicially-created doctrine that treats certain documents as though they are part of the complaint itself.  *Jones v. Micron Tech. Inc.,* 400 F. Supp. 3d 897, 905 (N.D. Cal. 2019).  A document may be incorporated by reference into a complaint "if the plaintiff refers extensively to the document *or* the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (emphasis added) (quoting *United States v. Ritchie,* 342 F.3d 903, 907 (9th Cir. 2003)).  Considering these documents in their entirety is crucial "to prevent plaintiffs from highlighting only the portions of certain documents that support their claims, while omitting portions of those documents that weaken their claims." *Jones,* 400 F. Supp. 3d at 905.

**Exhibits 6 and 7** are publicly-available transcripts of remarks made by Mr. Musk and others at an investor and analyst event held on April 22, 2019, and an earnings call held on January 30, 2019, respectively.  Reddy Decl. ¶¶ 8, 9.  Plaintiff challenges as fraudulent statements made by Mr. Musk during these events.  However, Plaintiff misleadingly supports his allegations by selectively quoting those statements and omitting relevant cautionary language.  *See* ¶ 271, Issue Nos. 21, 23.  Not only do these exhibits "form[] the basis of [P]laintiff's claim[s]" such that they are properly incorporated by reference, *In re Apple Inc. Sec. Litig.*, No. 19-cv-02033, 2020 WL 2857397, at *5 (N.D. Cal. June 2, 2020), the Court must consider these exhibits in evaluating Plaintiff's claim because the alleged misstatement "must be analyzed in context." *In re Stac Elecs*.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

TESLA DEFS.' REQUEST
FOR JUDICIAL NOTICE RE TAC
CASE NO. 3:20-CV-03426-JD

*Sec. Litig.*, 89 F.3d 1399, 1408, 1406 & n.4 (9th Cir. 1996).  Indeed, the Private Securities Litigation Reform Act ("PSLRA") mandates these exhibits' incorporation by reference because they contain cautionary language on which the Tesla Defendants' challenge to the alleged falsity of certain forward-looking statements is partially based.  *See* 15 U.S.C. § 78u-5(e) ("On any motion to dismiss based upon [the safe harbor of the PSLRA], the court *shall* consider any statement cited in the complaint and any cautionary statement accompanying the forward-looking statement, which are not subject to material dispute, cited by the defendant." (emphasis added)).

      **B.**    **The Court May Take Judicial Notice of Exhibits 1-7 As Publicly Available Information from Reliable Sources.**

Federal Rule of Evidence 201 authorizes a court to take judicial notice of facts that "are not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  As discussed above, a court may take judicial notice of the truth of the matters asserted in judicially noticeable documents when the facts are not in dispute and are from reliable sources, *see Smilovits*, 119 F. Supp. 3d at 1010.  The Tesla Defendants seek notice of these exhibits for a far more limited purpose: to "indicate what was in the public realm at the time, not [to show] whether the contents of those [documents] were in fact true," *Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 960 (9th Cir. 2010) (citation omitted).  Courts resolving federal securities claims routinely take judicial notice of conference transcripts, news articles, and other public information for precisely this purpose.  *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *6.

**"Reality Check" Report (Exhibit 1).**  News reports and articles are proper subjects of judicial notice to show that the market was aware of information contained therein.  *See, e.g.*, *Von Saher*, 592 F.3d at 960 (taking judicial notice of "various newspapers, magazines, and books"); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) ("We take judicial notice that the market was aware of the information contained in news articles submitted by the defendants."); *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, No. 12-cv-06039, 2013 WL 6441843, at *5 (N.D. Cal. Dec. 9, 2013) (taking judicial notice of analyst reports).  Exhibit 1 is an online report regarding the Tesla Defendants that was authored by

Cooley LLP
Attorneys at Law
San Francisco

4

Tesla Defs.' Request
for Judicial Notice re TAC
Case No. 3:20-cv-03426-JD

1  Plaintiff. *See* Reddy Decl. ¶ 3. This publication is available for public viewing and download on
2  Plaintiff's website, and as shown in the highlighted text of this exhibit, it contains many of the same
3  allegations in the TAC. *Id.*; Ex 1. The Court may therefore take judicial notice of the article "to
4  establish whether and when certain information was provided to the market" or otherwise known
5  to Plaintiff. *In re Energy Recovery Inc. Sec. Litig.*, No. 15-cv-00265, 2016 WL 324150, at *3 (N.D.
6  Cal. Jan. 27, 2016) (citation and internal quotations marks omitted).

7  **Investor Event Transcripts (Exhibits 6 and 7).** The transcripts of Tesla's Analyst /
8  Investor Day and earnings call for the fourth quarter of 2018, discussed above, are judicially
9  noticeable as well as being incorporated by reference into the TAC. *See supra* at 3-4. Courts
10 routinely take judicial notice of transcripts of public investor events in securities cases. *In re Nimble*
11 *Storage, Inc.*, No. 15-cv-05803, 2016 WL 7209826, at *1 (N.D. Cal. Dec. 9, 2016) (commenting
12 on noticeability of "transcripts of earnings conference calls and investor forums" (citation
13 omitted)).

14 **Publicly-Available Tweets (Exhibits 2, 3 and 4).** The Court should take judicial notice of
15 these exhibits, which are tweets relating to Plaintiff's libel claims and his securities fraud
16 allegations. Courts in this district and elsewhere in the Ninth Circuit have found that tweets are
17 appropriate subjects of judicial notice where—as here—they are publicly available and their
18 accuracy may not reasonably be questioned. *Unsworth v. Musk*, No. 19-MC-80224, 2019 WL
19 5550060, at *4 (N.D. Cal. Oct. 28, 2019) ("[J]udicial notice is proper because the existence of the
20 publicly-available . . . tweets cannot reasonably be questioned."); *Alexander v. Metro-Goldwyn-*
21 *Mayer Studios Inc.*, No. CV 17-3123, 2017 WL 5633407, at *3 (C.D. Cal. Aug. 14, 2017) (taking
22 judicial notice of "screenshots of Dwayne Johnson and [Sylvester] Stallone's Twitter accounts"
23 because "they can be accurately and readily determined from sources whose accuracy cannot
24 reasonably be questioned").

25 **Publicly-Available Correspondence (Exhibit 5).** Exhibit 5 is an email from Plaintiff to
26 Mr. Musk. As with the other exhibits that are the subject of this motion, the Tesla Defendants seek
27 judicial notice of this correspondence only to show Plaintiff's knowledge and what information
28 was publicly available to the market, and not for the truth of the matters asserted therein.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

TESLA DEFS.' REQUEST
FOR JUDICIAL NOTICE RE TAC
CASE NO. 3:20-CV-03426-JD

1  This document is judicially noticeable because Plaintiff rendered the fact of the document's existence and its contents publicly available and not subject to reasonable dispute. *See Wilson v. Frito-Lay N. Am., Inc.*, 260 F. Supp. 3d 1202, 1206-07 (N.D. Cal. 2017) (taking judicial notice of letter sent to government agency and subsequently posted online); *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965 (C.D. Cal. 2005) (taking judicial notice of pages from medical association's website and an Amazon.com product). Specifically, Plaintiff posted the document to his website, plainsite.org. *See* Reddy Decl. ¶ 7; Email Conversation Between PlainSite Founder Aaron Greenspan and Tesla CEO Elon Musk, PlainSite (Aug. 8, 2019), *available at* https://www.plainsite.org/documents/hwau8/email-conversation-between-plainsite-founder-aaron-greenspan-and-tesla-ceo-elon-musk/. Accordingly, judicial notice is proper for this document as well.

### III.  CONCLUSION

For the reasons set forth above, the Tesla Defendants respectfully request that the Court incorporate by reference and/or take judicial notice of Exhibits 1-7.

Dated: March 12, 2021                COOLEY LLP

By: /s/ *Aarti Reddy*
     Aarti Reddy

Attorneys for Defendants
TESLA, INC. and ELON MUSK

246659547

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

TESLA DEFS.' REQUEST
FOR JUDICIAL NOTICE RE TAC
CASE NO. 3:20-CV-03426-JD