Aaron Greenspan (*Pro Se*)
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AARON GREENSPAN,<br><br>    Plaintiff,<br><br>    v.<br><br>OMAR QAZI, SMICK ENTERPRISES, INC., ELON MUSK, and TESLA, INC.,<br><br>    Defendants. | Case No. 3:20-cv-03426-JD<br><br>**PLAINTIFF'S REQUEST TO FILE *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER AGAINST DEFENDANTS OMAR QAZI AND SMICK ENTERPRISES, INC.**<br><br>Time:        TBD<br>Date:        TBD<br>Courtroom:   11, 19th Floor<br><br>Judge: Hon. James Donato<br>Complaint Filed: May 20, 2020<br>TAC Filed: February 12, 2021 |

PLAINTIFF'S REQUEST TO FILE *EX PARTE*
MOTION FOR TRO AGAINST OMAR QAZI AND
SMICK ENTERPRISES, INC.

3:20-cv-03426-JD

Pursuant to this Court's Order in ECF No. 102, Plaintiff Aaron Greenspan respectfully requests leave to file for a temporary restraining order and/or permanent injunction against Defendants Omar Qazi and Smick Enterprises, Inc. under Federal Rule of Civil Procedure 65. Defendant Omar Qazi directly and his company, Defendant Smick Enterprises, Inc. (together "Qazi Defendants") have posed a threat to Plaintiff's physical safety and Plaintiff is consequently alarmed.

Qazi Defendants have, for a period of over a year, contravened Defendant Qazi's lifetime ban on the Twitter social network in order to continue promoting Defendant Tesla's stock and products, and to continue attacking Tesla's critics.[1] On April 12, 2021, Qazi Defendants authored or caused to be authored yet another series of dangerous posts on the @WholeMarsBlog Twitter account regarding Plaintiff. After falsely styling Plaintiff as a "deeply disturbed" "sociopathic" person with "severe mental illness" "who suffers from paranoid delusions" and has a "longing for violence, and even mass murder," exceeding some of the most extreme libel allegations in the TAC, at 10:25 P.M. the account posted, "We really hope we're wrong about Aaron Greenspan and that he's not preparing for an act of mass violence. / But we couldn't live with ourselves if he did and we didn't voice our concerns ahead of time / Especially as Greenspan fights hard to hide the truth." *See* https://twitter.com/WholeMarsBlog/status/1381841008502001664. They are indeed "wrong."

Plaintiff is not planning "an act of mass violence," never has planned any such act, and never has conceived of planning *any* act of violence. Plaintiff has no means to carry out an act of violence, as he does not own a weapon and never has. Nonetheless, many people are understandably on edge given that there have been multiple mass shooting incidents in the United States in the past few weeks alone. Therefore, these remarks are either deliberate fabrications intended to provoke "swatting" (the false report of an emergency, punishable in

---

[1] As described in the Third Supplemental and Amended Complaint ("TAC"), Plaintiff is one of those most frequently attacked. Twitter has taken no action to enforce its own stated policies, including its "ban evasion policy," and cannot be trusted to do so given Defendant Musk's close friendship with Twitter CEO Jack Dorsey. TAC ¶¶ 97, 144, 182.

California under Penal Code § 148.3) or actual paranoid delusions by their author, which are still likely to cause false reports or direct intervention and/or retribution by concerned citizens. The @WholeMarsBlog account presently has over 24,000 followers, including Defendant Musk and by extension, his and/or Defendant Tesla's security team.

Plaintiff has attempted to resolve this issue with counsel for Qazi Defendants, who has not responded at all. Instead, the e-mail Plaintiff sent to counsel on April 14, 2021 at 1:21 P.M. was re-posted on the @WholeMarsBlog account alongside further false allegations and mischaracterizations a few hours later at 5:07 P.M., in a manner similar to Defendant Qazi's repeated posting of confidential settlement communications with counsel.[2] This post also tagged the San Francisco Police Department's Twitter account, @SFPD. The @WholeMarsBlog account then re-tweeted a post from an account *impersonating* Plaintiff advocating a physical fight, causing followers to believe that Plaintiff was promoting violence as they had been told.

Plaintiff reported this escalation to the San Francisco Police Department but was informed by an officer that despite the report, police do not perform any kind of database search before responding to a call to avoid acting on false information. Consequently, Plaintiff's report is unlikely to have any practical effect on his safety.

Plaintiff understands that the underlying issues here go to the issue of Qazi Defendants' First Amendment rights, and that there is a "historical and heavy presumption against such restraints." *Garcia v. Google, Inc.*, 786 F. 3d 733, 747 (9th Cir. 2015). However, in the context of the circumstances here, the undeniable and likely threat of violence—whether direct or via needless police response—constitutes "immediate threatened injury" under Federal Rule of Civil Procedure 65. *Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). "After being shot, Finch fell backwards into the residence. He died shortly thereafter. He was 28 years old. He had no firearm on him, nor was there any hostage situation or murder scene at the residence. Unbeknownst to anyone at the scene, the whole episode resulted from a 'swatting' call — a hoax call to 911 — by a Los Angeles, California, resident who had no

---

[2] Plaintiff believes that confidential settlement communications remain posted on Facebook despite numerous requests to counsel for all such communications to be removed.

| PLAINTIFF'S REQUEST TO FILE *EX PARTE* MOTION FOR TRO AGAINST OMAR QAZI AND SMICK ENTERPRISES, INC. | 2 | 3:20-cv-03426-JD |

connection to Finch." *Finch v. City of Wichita*, Case No. 6:18-cv-01018-JWB (D. Kansas June 19, 2020). *See also USA v. Barriss et al*, Case No. 6:18-cr-10065-EFM (D. Kansas 2019). This Court has further noted that police sometimes act with "deliberate indifference." *Steel v. Alameda County Sheriff's Office*, 428 F. Supp. 3d 235, 243 (N.D. Cal. 2019).

Defendant Qazi is a computer programmer who worked directly with police departments in his prior job at a "predictive policing" start-up. He is likely to be familiar both with the dangers of swatting and the need for plausible deniability given the clear legal risk of participating in such activity directly. Yet his deliberate and/or reckless encouragement of such activity by others is no less dangerous.

Plaintiff respects that the Court has limited time and that cases are best adjudicated with the full record on file. Nonetheless, the nature of Qazi Defendants' remarks transcends mere libel, or even civil harassment—and it is not the first time. ECF No. 77. "Plaintiff alleges that at each of two break-ins described above, and at a third attempted break-in in 2013, a Colonial agent left a note saying things like 'DROP LAWSUIT OR ELSE MORE TO COME' and 'PAYBACK FOR SUING A TEXAS BANK.' These statements could constitute obstruction of justice and/or intimidating a witness" (citations omitted). *Gens v. Colonial Savings, F.A.*, Case No. 5:11-cv-05526-RMW (N.D. Cal. March 27, 2014).

In conclusion, Plaintiff respectfully requests the Court's leave to file an *ex parte* motion for a temporary restraining order and/or permanent injunction. In the alternative, Plaintiff requests that the Court impose sanctions against Qazi Defendants under its inherent authority.

Dated: April 15, 2021          Respectfully submitted,

Aaron Greenspan
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org