Aaron Greenspan (*Pro Se*)
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON GREENSPAN,<br><br>    Plaintiff,<br><br>    v.<br><br>OMAR QAZI, SMICK ENTERPRISES, INC., ELON MUSK, and TESLA, INC.,<br><br>    Defendants. | Case No. 3:20-cv-03426-JD<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE COMBINED SUR-REPLY TO DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S THIRD SUPPLEMENTAL AND AMENDED COMPLAINT**<br><br>Date: TBD<br>Time: TBD<br>Courtroom: 11, 19th Floor<br><br>Judge: Hon. James Donato<br>Complaint Filed: May 20, 2020<br>TAC Filed: February 12, 2021 |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE THAT** Plaintiff Aaron Greenspan hereby moves this Court, pursuant to Civil Local Rule 7-3(d), for an order granting leave to file a two-page sur-reply (attached hereto as Exhibit A) primarily in response to a new argument introduced in the reply brief of Defendants Omar Qazi and Smick Enterprises, Inc. (ECF No. 117), and in response to clear errors in the reply brief of Defendants Tesla, Inc. and Elon Musk that counsel has refused to correct. A sur-reply is especially appropriate in these circumstances to refute baseless new argument, which amounts to nothing more than a mix of rampant speculation and falsehood. This Motion is based upon this Notice of Motion and Motion and the accompanying Memorandum of Points and Authorities, the papers on file in this action, and such other and further evidence or argument that the Court may consider.

## STATEMENT OF RELIEF SOUGHT

Plaintiff seeks an order permitting the filing of a two-page sur-reply.

## STATEMENT OF ISSUE TO BE DECIDED

The issue to be decided is whether manifest error and/or new argument in a reply brief merits the filing of a sur-reply.

## MEMORANDUM OF POINTS AND AUTHORITIES

In their motion to dismiss (ECF No. 107), Defendants Omar Qazi and Smick Enterprises, Inc. ("Qazi Defendants") took the position that although their "Statements may not be tasteful to some," they did not amount to libel or form the basis for harassment. In Plaintiff's opposition brief (ECF No. 109), Plaintiff argued that the Statements went far beyond poor taste, well into the realm of libel, and also formed part (but not all) of the basis for a civil harassment claim. Qazi Defendants then took a new and self-contradictory position for the first time in their reply (ECF No. 117): that actually, the Statements disparaging Plaintiff *are* "tasteful" to *everyone*, and in fact, that is why *everyone* who follows Qazi Defendants' @WholeMarsBlog Twitter account has done so. In their words, "by Plaintiff's own admission, tens of thousands of people

voluntarily followed the Smick Defendants' Twitter feed based on their interest in seeing Plaintiff mocked." *Id*. at 2:15-17.

Whether or not this argument is true or false—and it is false in several respects—this argument is certainly new. Without the opportunity to file a sur-reply, the argument will stand uncontested, in a prime example of a "classic form of sandbagging that is barred under Paragraph 15 of the Court's Standing Order for Civil Cases." *In Re Capacitors Antitrust Litigation*, Case No. 3:14-cv-03264-JD (N.D. Cal. March 7, 2017).

In addition, Defendants Tesla, Inc. and Elon Musk ("Tesla Defendants") include two black-and-white errors in their reply brief that require correction under Paragraph 23 of the aforementioned Standing Order for Civil Cases. Counsel thus far appears to be unwilling to admit to these errors, let alone correct them. Plaintiff should therefore have the opportunity to correct them instead.

In light of these circumstances, Plaintiff respectfully submits that his motion to file a sur-reply should be granted, or in lieu of a sur-reply, that the respective portions of each brief at issue should be stricken from the record.

Dated: April 28, 2021　　　　Respectfully submitted,

*[signature]*

Aaron Greenspan
956 Carolina Street
San Francisco, CA 94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**<u>EXHIBIT A</u>**
Plaintiff's Proposed Sur-Reply

Aaron Greenspan (*Pro Se*)
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| AARON GREENSPAN,<br><br>    Plaintiff,<br><br>        v.<br><br>OMAR QAZI, SMICK ENTERPRISES, INC., ELON MUSK, and TESLA, INC.,<br><br>    Defendants. | Case No. 3:20-cv-03426-JD<br><br>**[PROPOSED] PLAINTIFF'S COMBINED SUR-REPLY TO DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S THIRD SUPPLEMENTAL AND AMENDED COMPLAINT**<br><br>Date: TBD<br>Time: TBD<br>Courtroom: 11, 19th Floor<br><br>Judge: Hon. James Donato<br>Complaint Filed: May 20, 2020<br>TAC Filed: February 12, 2021 |

Between the time they filed their motion to dismiss (ECF No. 107) and their reply brief (ECF No. 117), Defendants Omar Qazi and Smick Enterprises, Inc. ("Qazi Defendants") reversed their position with respect to Plaintiff's libel claim and found themselves making an entirely new argument. To justify this shift, they falsely attributed their change to Plaintiff by conjuring up an "admission" that Plaintiff never made and which Plaintiff refutes completely.

At first, Qazi Defendants took the erroneous position that although their "Statements may not be tasteful to some," they did not amount to libel or form the basis for harassment. In Plaintiff's opposition brief (ECF No. 109), Plaintiff argued that the Statements went far beyond poor taste, well into the realm of libel, and also formed part (but not all) of the basis for a civil harassment claim. Qazi Defendants then took a new position in their reply (ECF No. 117): that the Statements disparaging Plaintiff *are* "tasteful" to *everyone*, and in fact, that is why *everyone* who follows Qazi Defendants' @WholeMarsBlog Twitter account has done so. In their words, "by Plaintiff's own admission, tens of thousands of people voluntarily followed the Smick Defendants' Twitter feed based on their interest in seeing Plaintiff mocked." *Id*. at 2:15-17.

Plaintiff never made any such "admission," nor could he, because the supposedly admitted allegation is not true. Plaintiff never even suggested that there was a causal link between the fact that Defendant Qazi has spewed libel about him for years and Qazi's follower count—there is not. Qazi Defendants' enormous logical leap, that "Plaintiff necessarily alleges that 20,000 people followed the Smick Defendants' Twitter feed to view Qazi's posts about Plaintiff" is itself provably false, falsely attributes a position to Plaintiff, and ultimately fails to bolster their view that there is no difference between "widespread interest" and "public interest." *Id*. at 3:2-3. Their own vague citation to "*FilmOn.com Inc*., 7 Cal. 5th at 150-51" involves no quotation because there is no part of that case supporting the proposition for which they cite it. Their citation to *Nygard* leads to two other cases cited therein to decipher the meaning of "public significance," both of which are totally distinguishable from this one. In *Seelig v. Infinity Broadcasting Corp*. (2002) 97 Cal. App.4th 798, 119 Cal.Rptr.2d 108, the plaintiff "chose[] to participate as a contestant in the Show." *Id*. at 221. Plaintiff did not *choose* to be discussed on

Qazi Defendants' social media accounts.  Rather, Qazi Defendants targeted Plaintiff for harassment, using *ad hominem* attacks to sidestep any true debate.  Third Supplemental and Amended Complaint ("TAC") ¶ 28.  In *Sipple v. Foundation for Nat. Progress* (1999) 71 Cal.App.4th 226, 83 Cal.Rptr.2d 677, there was some debate over allegations of physical abuse involving a prominent political figure.  Here, Qazi Defendants *manufactured false allegations out of whole cloth*, and do not deny that they further fabricated supposed victims.

As for Plaintiff's DMCA claim under 17 U.S.C. § 512(f), Plaintiff has overwhelmingly demonstrated that Qazi Defendants have made false statements, statements encouraging harassment, statements encouraging violence, and statements in bad faith.  These allegations are incorporated by reference into the claim and provide crucial context supporting Plaintiff's assertion that Defendant Qazi's DMCA requests were part of the same bad-faith campaign.

For their part, Defendants Tesla, Inc. and Elon Musk ("Tesla Defendants") include two black-and-white errors in their reply brief (ECF No. 116) that require correction.  First, in footnote 2, Tesla Defendants cite *Willett v. Procopio*, 2018 WL 9539242, at *1 (S.D. Cal. July 25, 2018) and summarize it as, "applying PSLRA and granting motion to dismiss pro se securities complaint."  In fact, *Willett* did not dispose of a "motion to dismiss" at all, but rather a motion for default judgment that never raised the argument of whether or not the PSLRA applies to *pro se* litigants.  Second, Tesla Defendants argue on page 6 that, "Plaintiff has evidently abandoned his attempt to hold the Tesla Defendants vicariously liable for Mr. Qazi's alleged conduct."  This is false.  Section IV(A)(1) of Plaintiff's opposition brief is explicitly entitled, "Vicarious Liability For Libel *and Civil Stalking* by Omar Qazi" (emphasis added).  The arguments in that section pertain both to libel and to civil stalking.

Lastly, Tesla Defendants argue that the TAC is a "puzzle pleading" in violation of Rule 8.  This very Court guided its format.  It is direct and comprehensible.  Tesla Defendants have had no problem responding to its allegations, and securities complaints *much* longer than Plaintiff's have been found to comport with Rule 8.  *In re Parmalat Securities Litigation*, 375 F. Supp. 2d 278, 311 (S.D.N.Y. 2005) (368-page complaint with 1,249 paragraphs permitted).

| | | |
|---|---|---|
| 1 | Dated: April 28, 2021 | Respectfully submitted, |

<div style="text-align: right;">

Aaron Greenspan
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

</div>