Aaron Greenspan (*Pro Se*)
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AARON GREENSPAN,<br><br>    Plaintiff,<br><br>    v.<br><br>OMAR QAZI, SMICK ENTERPRISES, INC., ELON MUSK, and TESLA, INC.,<br><br>    Defendants. | Case No. 3:20-cv-03426-JD<br><br>**PLAINTIFF'S COMBINED SUR-REPLY TO DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S THIRD SUPPLEMENTAL AND AMENDED COMPLAINT**<br><br>Date: TBD<br>Time: TBD<br>Courtroom: 11, 19th Floor<br><br>Judge: Hon. James Donato<br>Complaint Filed: May 20, 2020<br>TAC Filed: February 12, 2021 |

Between the time they filed their motion to dismiss (ECF No. 107) and their reply brief (ECF No. 117), Defendants Omar Qazi and Smick Enterprises, Inc. ("Qazi Defendants") reversed their position with respect to Plaintiff's libel claim and found themselves making an entirely new argument. To justify this shift, they falsely attributed their change to Plaintiff by conjuring up an "admission" that Plaintiff never made and which Plaintiff refutes completely.

At first, Qazi Defendants took the erroneous position that although their "Statements may not be tasteful to some," they did not amount to libel or form the basis for harassment. In Plaintiff's opposition brief (ECF No. 109), Plaintiff argued that the Statements went far beyond poor taste, well into the realm of libel, and also formed part (but not all) of the basis for a civil harassment claim. Qazi Defendants then took a new position in their reply (ECF No. 117): that the Statements disparaging Plaintiff *are* "tasteful" to *everyone*, and in fact, that is why *everyone* who follows Qazi Defendants' @WholeMarsBlog Twitter account has done so. In their words, "by Plaintiff's own admission, tens of thousands of people voluntarily followed the Smick Defendants' Twitter feed based on their interest in seeing Plaintiff mocked." *Id*. at 2:15-17.

Plaintiff never made any such "admission," nor could he, as the supposedly admitted allegation is not true. Plaintiff never even suggested that there was a causal link between the fact that Defendant Qazi has spewed libel about him for years and Qazi's follower count. There is not. Qazi Defendants' enormous logical leap, that "Plaintiff necessarily alleges that 20,000 people followed the Smick Defendants' Twitter feed to view Qazi's posts about Plaintiff" is itself provably false, falsely attributes a position to Plaintiff, and ultimately fails to bolster their view that there is no difference between "widespread interest" and "public interest." *Id*. at 3:2-3.

All of Qazi Defendants' arguments concerning their anti-SLAPP motion are forcefully rejected by the recent decision in *Block v. Bramzon*, Case Nos. B292129, B297198, Cal. App. 2d (January 22, 2021). Accordingly, their motion must be denied as "'[A]nonymous internet trash talk' does not warrant anti-SLAPP protection." *Id*. The circumstances in *Block*, a case about harassment on Twitter, are nearly identical to those in this case. *Block* clarifies that a "decade-old newspaper article" does not place one in the "'public eye' for purposes of the anti-SLAPP

statute" and that regardless, "not every statement about a person in the public eye implicates a public issue [citations omitted]." *Id*. *Block* also makes clear that not every "warning" about someone is "provided to assist consumers choosing among" goods or services. "To hold otherwise would turn every insult of a businessperson into a 'consumer protection' matter subject to anti-SLAPP protection. We do not believe the Legislature intended that result." *Id*. This is fundamentally the exact same point made in Plaintiff's Opposition at footnote 7.

As for the difference between widespread and public interest, *Block* also makes that clear:

> "Defendants further contend the Not Dennis Block Twitter feed implicates a public issue because: (1) 'Block and his firm `affect large numbers of people beyond the direct participants` in this dispute because `Block's office handles upwards of 500 unlawful detainer cases per month`'; and (2) Block 'is a frequent political opponent of tenants [citation], a topic of particular importance during a housing crisis,' and 'Block's Twitter account . . . proclaims consistent support for President Trump.' But again, these arguments focus on Block without tying the content of the tweets at issue in this litigation to a public issue. The requisite 'degree of closeness between the challenged statements and the asserted public interest' has not been demonstrated. (See *Menounos*, *supra*, 218 Cal.App.4th at p. 936, citation omitted.)"

*Id*. In contrast, Qazi Defendants' vague citation to "*FilmOn.com Inc*., 7 Cal. 5th at 150-51" involves no actual quotation because there is no part of that case supporting the proposition for which they cite it. It is certainly not enough to overcome the relevant point from *Block* that "even the unchallenged tweets do not discuss these issues in any way that might meaningfully contribute to the marketplace of ideas." Nor do Qazi Defendants have any rebuttal to the point made in Plaintiff's Opposition and also found in *Block* that "Defendants cannot merely offer a 'synecdoche theory' of public interest, defining their narrow dispute by its slight reference to the broader public issue." Their attempts to wedge the settled debate over Facebook's origins into every aspect of a case where it barely belongs are exactly this type of "slight reference." The court's decision in *Block* is simply fatal for Qazi Defendants' frivolous anti-SLAPP attempt.

As for Plaintiff's DMCA claim under 17 U.S.C. § 512(f), Plaintiff has overwhelmingly demonstrated that Qazi Defendants have made false statements, statements encouraging harassment, statements encouraging violence, and statements in bad faith. These allegations are

incorporated by reference into the claim and provide crucial context supporting Plaintiff's assertion that Defendant Qazi's DMCA requests were part of the same bad-faith campaign.

For their part, Defendants Tesla, Inc. and Elon Musk ("Tesla Defendants") include two black-and-white errors in their reply brief (ECF No. 116) that require correction. First, in footnote 2, Tesla Defendants cite *Willett v. Procopio*, 2018 WL 9539242, at *1 (S.D. Cal. July 25, 2018) and summarize it as, "applying PSLRA and granting motion to dismiss pro se securities complaint." In fact, *Willett* did not dispose of a "motion to dismiss" at all, but rather a motion for default judgment that never raised the argument of whether or not the PSLRA applies to *pro se* litigants. Second, Tesla Defendants argue on page 6 that, "Plaintiff has evidently abandoned his attempt to hold the Tesla Defendants vicariously liable for Mr. Qazi's alleged conduct." This is false. Section IV(A)(1) of Plaintiff's opposition brief is explicitly entitled, "Vicarious Liability For Libel *and Civil Stalking* by Omar Qazi" (emphasis added). The arguments in that section pertain both to libel and to civil stalking.

Lastly, Tesla Defendants argue that the TAC is a "puzzle pleading" in violation of Rule 8. This very Court guided its format. It is direct and comprehensible. Tesla Defendants have had no problem responding to its allegations, and securities complaints *much* longer than Plaintiff's have been found to comport with Rule 8. *In re Parmalat Securities Litigation*, 375 F. Supp. 2d 278, 311 (S.D.N.Y. 2005) (368-page complaint with 1,249 paragraphs permitted).

Dated: May 12, 2021                    Respectfully submitted,

_Aaron Greenspan_
Aaron Greenspan
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org