UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON JACOB GREENSPAN,<br><br>    Plaintiff,<br><br>    v.<br><br>OMAR QAZI, et al.,<br><br>    Defendants. | Case No. 20-cv-03426-JD<br><br>**ORDER RE RECUSAL AND FOURTH AMENDED COMPLAINT**<br><br>Re: Dkt. No. 129 |

### **RECUSAL REQUEST**

Plaintiff Greenspan's request that the Court recuse itself under 28 U.S.C. § 455, Dkt. No. 129, is denied. The Court has written extensively about the standards of recusal and Section 455 and allied provisions. *See Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, 257 F. Supp. 3d 1084 (N.D. Cal. 2017); *Sanai v. Kozinski*, Case No. 19-cv-08162-YGR (JD), 2021 WL 2273982 (N.D. Cal. May 24, 2021). Those orders are incorporated here by reference.

In summary part, motions under Section 455 "are determined by the judge to whom the motion is directed." *Nat'l Abortion Fed'n*, 257 F. Supp. 3d at 1088 (citing 28 U.S.C. § 455(a) and *United States v. Sibla*, 624 F.2d 864, 867-68 (9th Cir. 1980)); *see also Sanai*, 2021 WL 2273982 at *2 (Section 455 motion is entrusted to the Court's sound discretion) (citing *Cheney v. U.S. Dist. Ct. for the D.C.*, 541 U.S. 913, 926-27 (2004)). The salient inquiry "is an objective one and asks 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably by questioned.'" *Nat'l Abortion Fed'n*, 257 F. Supp. 3d at 1089 (quoting *United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008)). "The 'reasonable person' for this inquiry is not 'someone who is 'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'" *Id*. (quoting *Holland*, 519 F.3d at 913)).

1    Greenspan's main argument for recusal is that I was a partner many years ago at Cooley

2    Godward LLP, which is currently known as Cooley LLP and represents defendants Musk and

3    Tesla in this case. Dkt. No. 129 at 2. Greenspan also mentions an unrelated case from 2007 in

4    which I was listed as counsel with attorney Dwyer of the Cooley law firm, one of the lawyers here.

5    *Id*.

6    My prior affiliation with Cooley Godward and attorney Dwyer are not grounds for

7    disqualification. I withdrew as a partner from Cooley Godward in 2009 to join another law firm.

8    I have not worked at Cooley or with attorney Dwyer since 2009. I have presided as a District

9    Judge over several other cases in which Cooley has appeared as counsel for a party, without any

10   motions for disqualification or withdrawal.

11   A thoughtful and well-informed observer would not find cause for concern about the

12   Court's impartiality based on a prior employment relationship that ended 12 years ago. So too for

13   Greenspan's suggestion of "conflicts" based on my prior professional engagements, also from

14   many years ago, with companies that he believes have business ties to Tesla. *See id.* at 3. The

15   inference of partiality that he seeks to draw from his understanding of Tesla's supposed "partner

16   companies" is wholly speculative, which is not a ground for recusal. *See Sanai*, 20201 WL

17   2273982 at *4 (citing *Clemens v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 428 F.3d 1175, 1180

18   (9th Cir. 2005) ("Section 455(a) does not require recusal based on speculation.")).

19   Greenspan's reference to Section 455(b)(2) as a basis of recusal is equally misdirected.

20   Dkt. No. 129 at 2-3. Section 455(b)(2) is triggered when the judge's former law firm represented

21   a party to this case in the same or a related matter during the time the judge was affiliated with the

22   firm. *See Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991). Given that Greenspan filed

23   the original complaint in this case in May 2020, approximately 11 years after I stopped working at

24   Cooley Godward, it should be readily apparent that this condition does not apply here.

25   This is enough to deny Greenspan's recusal request. It is also worth noting that the request

26   arguably is untimely. This case has been pending since May 2020, and the parties have been

27   unusually active in litigating it from day one. *See* Dkt. No. 125 at 1. Greenspan did not file the

28   recusal request until after the Court dismissed his third amended complaint with leave to amend,

1   which happened over one year into the litigation.  Other courts have found such timing to be

2   improper.  *See Singer v. Wadman*, 745 F.2d 606, 608 (10th Cir. 1984) (Section 455 motion

3   untimely when the "motion was filed about one year after the complaint was filed and after the

4   appellants had suffered some adverse rulings on interlocutory matters.").  In addition, while it is

5   evident that Greenspan disagrees with some of the Court's decisions, *see, e.g.,* Dkt. No. 129 at 7,

6   "judicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion"

7   under Section 455.  *Liteky v. United States*, 510 U.S. 540, 555 (1994).

## **FOURTH AMENDED COMPLAINT**

In the recusal request, Greenspan expressed frustration with the Court's order limiting the fourth amended complaint, which is due by August 13, 2021, to a total of 50 pages, including exhibits.  *See* Dkt. No. 129 at 8-9.  Greenspan is reminded that this is a situation of his own making.  The page limitation was imposed in response to Greenspan's repeated filing of massively oversized complaints.  Dkt. No. 125 at 2 (noting, among other voluminous pleadings, a first amended complaint of 1,606 pages with exhibits).  The short and plain statement of a claim required of a complaint by Rule 8 does not contemplate the attachment of a box of exhibits.

Even so, to accommodate a pro se litigant, Greenspan may file a fourth amended complaint not to exceed 75 pages, including exhibits.  With respect to the securities claims, Greenspan may wish to file with the complaint a chart that will help to state the claims in an organized fashion.  An order from another case is attached that describes this approach and the contents of the chart.  To be clear, the Court is not requiring Greenspan, a pro se litigant, to prepare the chart; it is offered as an option to illustrate an effective way of explaining a securities claim.

If a motion to dismiss the federal securities claims is filed, Greenspan may file a request for judicial notice with his opposition that contains SEC filings and other documents that may be properly considered for the securities allegations.  In all events, Greenspan should be assured that he will have ample opportunity to ask the Court to consider materials which may be appropriately noticed or otherwise taken up for a motion to dismiss.  Slapping a book-length set of exhibits on the fourth amended complaint is not the way to do that.

As a pro se plaintiff, Greenspan may wish to consult with the District's Legal Help Desk, which is available to assist to self-represented litigants. He may contact the Help Desk by calling (415) 782-8982 or emailing FedPro@sfbar.org. The Help Desk may also be able to assist Greenspan in finding an attorney.

**IT IS SO ORDERED.**

Dated: July 27, 2021

JAMES DONATO
United States District Judge