Aaron Greenspan (*Pro Se*)
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| AARON GREENSPAN,<br><br>    Plaintiff,<br><br>    v.<br><br>OMAR QAZI, SMICK ENTERPRISES, INC., ELON MUSK, and TESLA, INC.,<br><br>    Defendants. | Case No. 3:20-cv-03426-JD<br><br>**PLAINTIFF'S EMERGENCY MOTION FOR ORDER TO PRESERVE EVIDENCE**<br><br>Judge: Hon. James Donato<br>Complaint Filed: May 20, 2020<br>4AC Filed: August 13, 2021 |

## I. INTRODUCTION

Defendant Omar Qazi has decided to sell his car, a 2018 Tesla Model 3, VIN 5YJ3E1EA5JF013920 (the "Vehicle"). While Plaintiff would typically have no interest in what Defendant Qazi decides to do with his personal property, the Vehicle both is evidence and contains evidence material to this litigation. The Vehicle is currently being auctioned on-line at https://carsandbids.com/auctions/rNdqRzbk/2018-tesla-model-3-long-range with the auction set to conclude on Wednesday, September 1, 2021 at 1:20 P.M. Pacific Time. As of the filing of this motion, there have been eight bids for the Vehicle.

## II. STATEMENT OF ISSUES

At issue in this motion is whether or not Defendant Qazi should be ordered to halt any sale of the Vehicle until such time as discovery is complete or this litigation has terminated.

## III. FACTUAL BACKGROUND

The initial Complaint in this case was filed on May 20, 2020. Four subsequent amended complaints were filed thereafter, the most recent being the Fourth Amended Complaint ("4AC") on August 13, 2021. ECF No. 131. The Court entered a scheduling order regarding motions to dismiss the Fourth Amended Complaint on August 26, 2021. ECF No. 133. No responsive pleadings have yet been filed.

## IV. ARGUMENT

"The duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation. *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir.1998)." *Silvestri v. General Motors Corp.*, 271 F. 3d 583 (4th Cir. 2001). "District courts throughout the Ninth Circuit have repeatedly held that where a party should reasonably know that evidence is potentially relevant to anticipated litigation, that party is under the obligation to

preserve that evidence. (citations omitted)" *Apple Inc. v. Samsung Electronics Co., Ltd.*, 881 F. Supp. 2d 1132, 1137, n. 22 (N.D. Cal 2012).[1]

Aside from being signed by Elon Musk, as noted in 4AC ¶ 151(k), Defendant Qazi's Tesla vehicle contains a great deal of digital information that is indisputably material to this litigation insofar as it relates to Defendant Qazi's work as a ostensible and/or actual agent of Defendants Tesla and Musk. As generally described in 4AC ¶ 151, the Vehicle likely contains records of:

a) Defendant Qazi's navigation and travel to the offices and other facilities of Defendant Tesla;

b) Defendant Qazi's navigation and travel to the offices and other facilities of other Musk companies, e.g. SpaceX;

c) Defendant Qazi's navigation and travel to the home(s) of Defendant Musk;

d) contractual data and timestamps relevant to Defendant Qazi's testing of Tesla "Full-Self Driving" ("FSD") beta software;

e) "Autopilot" disengagement (autonomous software failure) data relevant to Defendant Qazi's public claims on social media about Autopilot and Defendant Tesla's claims to investors and regulators about Autopilot;

f) FSD disengagement data relevant to Defendant Qazi's public claims on social media about FSD and Defendant Tesla's claims to investors and regulators about FSD;

g) telephone calls and possibly text messages with Defendant Musk and other representatives of Defendant Tesla;

If and when Defendant Qazi sells the Vehicle, all of this data is virtually guaranteed to be lost. Defendant Qazi or any new owner is likely to reset the Vehicle to factory default settings, and it is not clear that any or all of this data, with the exception of call and text message logs, is retained by any other party or storage device. Even so, Plaintiff does not believe that given past

---

[1] Plaintiff first sent Defendant Qazi a Notice of Intent to Sue and Evidence Preservation Notice on October 9, 2019 via e-mail. He responded with internet slang for "laughing out loud."

1 | conduct Defendant Qazi can be trusted to have properly retained any evidence stored on his personal iPhone.

As described in the attached Declaration of Aaron Greenspan, Plaintiff contacted counsel for Defendant Qazi regarding this issue on August 29, 2021 at 11:49 A.M. upon learning of the auction. While Defendant Qazi did subsequently post screenshots of Plaintiff's e-mail message to counsel on his @WholeMarsBlog Twitter account, as is his apparent custom, counsel did not respond. Defendant Qazi, however, did respond, writing, "You're going down Aaron 😏" and calling Plaintiff a "weasel." From this response, Plaintiff ascertained that Defendant Qazi continues to intend to destroy evidence.

To the best of Plaintiff's knowledge, there is no publicly known method for any Tesla owner to back up or access all of the data stored on a Tesla Model 3. If Defendant Tesla is willing to provide the expertise necessary to do so along with the data itself to Plaintiff prior to the Vehicle's sale, e.g. in the next 24 hours, then the Vehicle sale may proceed. This seems unlikely to occur if it is even feasible. Therefore, for the time being, Defendant Qazi must preserve all evidence pertaining to this litigation, including his Vehicle.

## V. CONCLUSION

Plaintiff has already reminded Defendant Qazi of his obligation to preserve evidence and has attempted to discuss these matters with counsel, to no avail. Plaintiff therefore requests that the Court enter an Order requiring Defendant Qazi to halt the sale of his Vehicle until further order of the Court.

Dated: August 31, 2021

*Aaron Greenspan* (signature)
Aaron Greenspan
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org