**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com

Attorneys for Defendants Omar Qazi
and Smick Enterprises, Inc.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **AARON GREENSPAN**, <br><br> Plaintiff, <br><br> v. <br><br> **OMAR QAZI**, et al., <br><br> Defendants. | Case No. 3:20-cv-03426-JD <br><br> **DEFENDANT OMAR QAZI'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO PRESERVE EVIDENCE** <br><br> Time:   TBD <br> Date:   TBD <br> Before: The Hon. James Donato <br> Ctrm.:  11, 19th Floor |

## INTRODUCTION

Defendant Omar Qazi ("Qazi") owns a 2018 Tesla Model 3 (the "Vehicle"). Like most people, Qazi has real-world financial constraints. Thus, in August 2021, Qazi decided to sell the Vehicle through the car auction website <carsandbids.com>. (Declaration of Omar Qazi in Support of Omar Qazi's Opposition to Plaintiff's Emergency Motion to Preserve Evidence ("Qazi Decl.") ¶2.) Qazi has not used the Vehicle as his primary vehicle since December 2020. (Qazi Decl. ¶7.) Qazi is relying on the anticipated proceeds from the sale of the Vehicle to pay for basic living expenses and for the defense of this lawsuit. (Qazi Decl. ¶3.) The inability to realize the proceeds from the sale of the Vehicle would impose a significant hardship on Qazi, particularly given the considerable expense Qazi has already incurred and expects to incur defending this suit. (Qazi Decl. ¶4.)

Plaintiff requests that the Court stop the sale of the Vehicle to preserve evidence. While Plaintiff argues that the Vehicle "likely contains" multiple categories of relevant information, Plaintiff has not shown: a) that the Vehicle actually contains this information, b) that the information is not available from other sources, or c) that the information is even marginally relevant to Plaintiff's claims, let alone that a preservation order is proportional to the needs of this case, considering the impact on Qazi. In fact, Plaintiff's request seems primarily designed to impose a financial hardship on Qazi rather than to protect potentially relevant evidence.

Thus, the Court should deny Plaintiff's request for a preservation order.

## ARGUMENT

**A.     Legal Standard for a Preservation Order**

"The scope of a party's duty to preserve evidence is the same as the scope of discovery articulated in Rule 26(b)(1); namely that a party 'may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.'" *Al Otro Lado, Inc. v. Nielsen*, 328 F.R.D. 408, 416–17 (S.D. Cal. 2018) (quoting Fed. R. Civ. P. 26). "Preservation is evaluated on a standard of *reasonableness,* which is in turn informed by proportionality." *Id.* (emphasis in original). This "standard reflects the reality that 'perfection in preserving all relevant electronically stored information is often impossible.'" *Id.*

1    (quoting Fed. R. Civ. P. 37(e) Adv. Comm. Notes (2015)).

2           Based on these principles, courts consider the following factors in deciding whether to
3    order the preservation of evidence: (1) concerns for the continuing existence and maintenance of
4    the integrity of the evidence in question; (2) any irreparable harm likely to result to the party
5    seeking the preservation of the evidence; and (3) the capability of an individual, entity, or party to
6    maintain the evidence sought to be preserved. *See Cutera, Inc. v. Lutronic Aesthetics, Inc.*, 444 F.
7    Supp. 3d 1198, 1211 (E.D. Cal. 2020). The party seeking a preservation order bears the burden of
8    explaining why the evidence at issue is relevant or could lead to the discovery of admissible
9    evidence. *See Jardin v. Datallegro, Inc.*, No. 08CV1462IEGRBB, 2008 WL 4104473, at *1 (S.D.
10   Cal. Sept. 3, 2008) (finding that "the comments [at issue] are speculation regarding plaintiff's
11   motives in bringing this case. Plaintiff does not explain why these comments are relevant or could
12   lead to the discovery of admissible evidence."); *see also Adams v. Thyssenkrupp Safway, Inc.*, No.
13   2:09-CV-01342 JAM KJ, 2010 WL 2850769, at *4 (E.D. Cal. July 20, 2010) (finding that plaintiff
14   had established "good cause" for a preservation order for piece of scaffolding plank).

**B.     Plaintiff has not met his burden of justifying a preservation order to stop the sale of the Vehicle.**

Plaintiff provides a list of information, primarily ESI, which Plaintiff hopes to extract from the Vehicle. However, Plaintiff provides no substantiation for: a) whether the Vehicle ever contained the listed ESI; b) whether the Vehicle retained the ESI (assuming the Vehicle ever saved the ESI); or c) how the ESI could be extracted from the Vehicle or even if it could be extracted (assuming the Vehicle contains the ESI).

Most significantly, Plaintiff has not explained the relevance of the information he lists, let alone explained how the value of the information is proportional to the significant burden a preservation order would impose on Qazi. A brief analysis of the information the Vehicle purportedly contains is helpful to understand these proportionality concerns.

a) **Signature of Elon Musk on Vehicle's Visor** – Plaintiff does not explain how Mr. Musk's signature on the Vehicle's visor is relevant to this case. To the extent it is relevant, however, Qazi admits that Mr. Musk signed the Vehicle's visor. (Qazi Decl. ¶5.)

Case No. 3:20-cv-03426-JD            2            DEF. QAZI'S OPP. TO PLA'S EMERGENCY
                                                       MOTION TO PRESERVE EVIDENCE

b) **Vehicle's Navigation History** – Plaintiff argues that the Vehicle's navigation history will show whether Qazi traveled to Tesla, SpaceX, and/or Musk's home, which in turn is relevant to whether Qazi is an agent of Tesla and Musk. Not so. "A party seeking to prove that an agency relationship existed must convince the trier of fact by a preponderance of the evidence that the person for whom the work is performed has the right to control the activities of the alleged agent." *Fenton v. Freedman*, 748 F.2d 1358, 1361–62 (9th Cir. 1984). Even assuming that the Vehicle's navigation history showed travel to Tesla, SpaceX, and/or Musk's home, such information would not even be circumstantial evidence of any right to control Qazi's activities. Moreover, the extremely marginal relevance of such information is not proportional to the significant burden a preservation order would place on Qazi. Despite this lack of relevance, Qazi has taken screenshots of all of the Vehicle's navigation history that is reasonably available to him. (Qazi Decl. ¶6.)

c) **Full-Self Driving ("FSD") Contract Data** – Plaintiff argued that the Vehicle likely contains "contractual data" and timestamps regarding FSD beta software, and that such data is relevant to the issue of agency. Plaintiff does not explain what the contract is or why the Vehicle would contain it. Nor does Plaintiff explain why this undefined contract is relevant to Plaintiff's agency claims. Moreover, if the undefined contract was executed by Tesla as well as Qazi (as Plaintiff appears to claim), Tesla would presumably have a copy of the contract, which could be obtained through conventional discovery.

d) **Autopilot and FSD Disengagement Data** – Plaintiff claims that the Vehicle likely contains FSD and Autopilot disengagement data. While Plaintiff claims that such data is relevant to the accuracy of Qazi's social media posts regarding Tesla, he fails to explain why the accuracy of such social media posts are relevant to any claims or defenses. As the Court previously found, "[i]t is questionable that an enthusiastic promotion of a company and its products by an outside admirer could, by itself, constitute market manipulation." [D.E. No. 125 at 21:1–2.]

e) **Telephone Calls** – While Plaintiff claims that the Vehicle contains Qazi's call history, he does not explain why this information cannot be obtained from other sources, such as

Qazi's phone, Qazi's mobile phone statements, or Qazi's mobile phone service provider.

Moreover, Plaintiff does not explain why Qazi's calling history is relevant to this case.

In summary, Plaintiff's argument that the Vehicle "likely contains" relevant information is entirely speculative (or non-existent). Moreover, the limited value (if any) of this evidence is further reduced by the fact that Qazi has not used the Vehicle as his primary vehicle since December 2020. (Qazi Decl. ¶7.) Plaintiff's arguments and evidence do not show that the benefits of a preservation order are proportional to the burden such an order would impose on Qazi. Thus, the Court should deny Plaintiff's request for a preservation order.

## C. If the Court orders Qazi to preserve the Vehicle, it should require Plaintiff to pay for any depreciation through the posting of a bond.

If the Court orders Qazi to preserve—and not sell—the Vehicle, it should require Plaintiff to post a bond for the sales price of the Vehicle and allow that bond to be used to compensate Qazi for any depreciation in the value of the Vehicle.

In general, the presumption is that the party possessing the evidence must bear the expense of preserving it for litigation. *See Mahar v. U.S. Xpress Enterprises, Inc.*, 688 F. Supp. 2d 95, 113 (N.D.N.Y. 2010). However, this presumption may be overcome if the demanding party seeks preservation of evidence that is likely to be of marginal relevance and is costly to retain and preserve. *See id.* In these circumstances, a court may order preservation on the condition that the demanding party assume part or all of the related expenses. *See id.*

If the Court orders Qazi to preserve—and not sell—the Vehicle, Qazi will lose out on the immediate proceeds from the sale. Moreover, if and when such a preservation order is lifted, the Vehicle may be worth far less than its current value. The inability to realize the proceeds would impose a significant hardship on Qazi, particularly given the considerable expense Qazi has already incurred and will continue to incur defending this suit. (Qazi Decl. ¶4.)

As discussed above, the Vehicle is of marginal relevance and a preservation order would impose a hardship on Qazi. Thus, if the Court orders Qazi to preserve the Vehicle, it should also: a) order Plaintiff to post a bond for the full sales price of the vehicle; and b) allow Qazi to apply to the Court for distributions from that bond in the amount of any depreciation to the Vehicle that

occurs during the preservation period.

**CONCLUSION**

For the reasons set forth above, the Court should deny Plaintiff's motion for a preservation order.

Respectfully Submitted,

DATED: September 2, 2021

**KRONENBERGER ROSENFELD, LLP**

By: _____s/ Karl S. Kronenberger_____
      Karl S. Kronenberger

Attorneys for Defendants Omar Qazi and Smick Enterprises, Inc.