Aaron Greenspan (*Pro Se*)
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON GREENSPAN,<br><br>    Plaintiff,<br><br>    v.<br><br>OMAR QAZI, SMICK ENTERPRISES, INC., ELON MUSK, and TESLA, INC.,<br><br>    Defendants. | Case No. 3:20-cv-03426-JD<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF EMERGENCY MOTION FOR ORDER TO PRESERVE EVIDENCE**<br><br>Time:         10:00 A.M.<br>Date:         December 10, 2020<br>Courtroom:    11, 19th Floor<br><br>Judge: Hon. James Donato<br>SAC Filed: August 26, 2020 |

  Plaintiff Aaron Greenspan respectfully submits this reply in support of his Emergency Motion For Order To Preserve Evidence.  Defendant Qazi's opposition brief, filed earlier today, is an attempt to mislead the Court and affirms that there is no valid rationale for his Tesla Model 3 (the "Vehicle"), containing digital evidence on its storage devices, to be sold immediately.

**I. Plaintiff Has Met The Legal Standard For An Evidence Preservation Order**

  Defendant Qazi cites to *Cutera, Inc. v. Lutronic Aesthetics, Inc.*, 444 F. Supp. 3d 1198, 1211 (E.D. Cal. 2020) for the three factors to be weighed when considering the issuance of an evidence preservation order.  All three have been met: (1) Plaintiff has legitimate "concerns for the continuing existence and maintenance of the integrity of the evidence in question."  (2) If and when the car—which has now been sold—is turned over to the buyer and its settings are reset to factory defaults, the data stored on the car will be destroyed and forever unavailable, which

would constitute "irreparable harm" to Plaintiff.  (3) All that is necessary for the evidence to be preserved is for Defendant Qazi to refrain from selling the Vehicle or finalizing the sale until the conclusion of discovery or this litigation, whichever comes first, which is well within his ability. Notably, "financing a legal defense" is not one of the factors listed above.

## II. Defendant Qazi Admits His Vehicle Contains At Least Some of the Electronically Stored Information In Question And Does Not Deny That It Contains The Rest

In his declaration signed under penalty of perjury, Defendant Qazi admits that his Vehicle contains some of the digital data (referred to by counsel as "ESI," presumably for Electronically Stored Information) that Plaintiff alleges is stored locally.  In Defendant Qazi's words, "I took screenshots of my Vehicle's navigation history to the extent it was reasonably available to me through the user interface."  Accordingly, Qazi admits that the Vehicle at least stores navigation history.  Nonetheless, it is unclear what is meant by "reasonably available," and Plaintiff should not be limited in the future to discovery on only those pieces of data that Defendant Qazi has now unilaterally determined to be "reasonably available" without consulting Plaintiff.

Nowhere does Defendant Qazi deny that the Vehicle stores the rest of the data that Plaintiff fears will be lost upon its transfer to its new owner.  That is because it is already public knowledge that Tesla vehicles store the types of data Plaintiff outlined in his motion.  *See* attached Declaration of Aaron Greenspan.  It is therefore unnecessary for Plaintiff to justify each part of each request for Defendant Qazi to honor his basic legal obligation of evidence preservation.  Furthermore, arguments like "Plaintiff does not explain what the [FSD] contract is" require a description of evidence that cannot yet be viewed because Defendant Qazi will not turn it over and is moreover taking steps, e.g. the sale of the Vehicle, to destroy it.  Insofar as Defendant Qazi's posts regarding Defendant Tesla are inaccurate, they substantiate Plaintiff's claim against Defendant Qazi regarding securities fraud and market manipulation.  As outlined in the Fourth Amended Complaint, Plaintiff maintains that Defendant Qazi posted and/or coordinated the posting of hundreds of thousands of false and misleading messages, primarily on Twitter and various websites, both to harass and discredit Plaintiff and to directly increase the price of TSLA common shares, or in the words of Defendant Musk, "pump" the stock.

### III. Defendant Omar Qazi Does Not Face Any True Financial Hardship And A Preservation Order Would Impose Zero "Burden"

Defendant Qazi comes from an affluent family and himself admits in his Declaration to having access to at least two cars ("I have not used the Vehicle as my primary vehicle since December 2020."). It is therefore unclear why *this* Vehicle had to be sold *immediately* or why not selling it immediately would have imposed any kind of hardship on Defendant Qazi at all.

Defendant Qazi's plea of poverty rings hollow, verging on offensive. His father, Shafat Qazi, runs a successful accounting software firm, BQE Software, Inc. ("BQE"). Only three weeks ago, Defendant Qazi assisted his father with the purchase of a Tesla Model X—a car with a base purchase price of $99,990—which he advertised on Twitter on his @WholeMarsBlog account. While that car may have been paid for by Shafat Qazi or BQE and not Defendant Qazi, Defendant Qazi also purports to work for BQE. For its part, BQE has recently been financed by the federal government to the tune of $2,323,752 in United States Small Business Administration Paycheck Protection Program ("PPP") loans, of which $1,136,142 were forgiven on March 19, 2021. Days later, on March 24, 2021, BQE announced that it had secured "significant" private equity funding from Serent Capital. This is all to say that while Defendant Qazi claims in his Declaration that he must sell this Vehicle, right now, to "pay for my basic living expenses," he also admits to a) having had access to a second vehicle since December 2020; b) purchasing a third luxury vehicle with his father *three weeks ago*; and c) working for his father whose d) company had benefitted from over $2 million of federal loans e) about $1 million of which were just forgiven f) days before a "significant" round of private equity investment, likely in excess of $10 million.

Aside from the seemingly brazen violation of the False Claims Act involving BQE's second PPP loan, which is admittedly not the subject of this litigation, Defendant Qazi's Declaration therefore smacks of perjury.

Even if, for the sake of argument, Defendant Qazi is close enough to his father to help him purchase a luxury Tesla vehicle, but not close enough to receive an actual income from being "Chief Innovation Officer" of BQE, that would then suggest that Defendant Qazi has *no*

*other occupation other than posting about Tesla on social media nearly twenty-four hours a day*, which lends credence to Plaintiff's allegation that he is at least an ostensible agent of Tesla, Inc. and/or Elon Musk and supports the case for preserving the evidence contained in the Vehicle.

Finally, in addition to any financial support Defendant Qazi might receive from his supposed occupation and/or family ties, he has successfully raised over $120,000 from supporters over the internet, many of them anonymous, through GoFundMe, PayPal, and possibly also cryptocurrency transactions, as well as Google AdSense revenue.

### IV. Defendant Qazi's Request For Posting A Bond Is Unnecessary And Conflates The Requirement To Preserve Evidence With His Financial Situation

Plaintiff's primary concern is the evidence stored on the Vehicle's digital storage devices, not Defendant Qazi's financial state. Defendant Qazi is welcome to keep any funds obtained from the sale of the Vehicle on September 1, 2021, so long as all digital evidence is preserved for discovery. This could conceivably be achieved by making a special request to swap out the Vehicle's storage devices at a Tesla service center, thus providing the buyer with a "clean" Vehicle while preserving all evidence. Had Defendant Qazi's counsel ever bothered to respond to Plaintiff regarding this matter, such options might have been discussed in advance. Either way, with the Vehicle now sold to a third party, whether the storage devices remain in the Vehicle or not, an order to preserve evidence is both justified and necessary.

Dated: September 2, 2021          Respectfully submitted,

Aaron Greenspan
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org