Aaron Greenspan (*Pro Se*)
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AARON GREENSPAN, <br><br> Plaintiff, <br><br> v. <br><br> OMAR QAZI, SMICK ENTERPRISES, INC., ELON MUSK, and TESLA, INC., <br><br> Defendants. | Case No. 3:20-cv-03426-JD <br><br> **PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT** <br><br> Time:     10:00 A.M. <br> Date:     December 2, 2021 <br> Courtroom:  11, 19th Floor <br><br> Judge: Hon. James Donato <br> 4AC Filed: August 13, 2021 |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on December 2, 2021 at 10:00 A.M., or as soon thereafter as the matter may be heard, in the above-titled Court, in Courtroom 11, 19th Floor, located at 450 Golden Gate Avenue, San Francisco, CA 94102—or in the alternative, via digital videoconference pursuant to this Court's General Order 72-6—Plaintiff Aaron Greenspan ("Plaintiff") will and hereby does move the Court for an Order granting leave to file a Fifth Supplemental and Amended Complaint.

The Court should grant Plaintiff's motion because numerous facts pertinent to the existing claims in this action have come to light since the filing of the Fourth Amended Complaint ("4AC") on August 13, 2021, and supplementation prior to further review of the 4AC by the Court will conserve judicial resources. Supplementation is necessary to include in the complaint facts and allegations regarding recent events, some of which were deliberately concealed by the Defendants in this case.

This motion is based on this notice of motion and motion, the supporting memorandum of points and authorities, the pleadings and other papers on file in this action, and any other evidence that may be offered at a hearing if necessary.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Earlier today, the Secretary of Transportation of the United States of America was forced to issue a rebuttal to actions taken by Defendants Elon Musk and Omar Qazi, each working on behalf of Defendant Tesla, Inc., to smear the reputation and impugn the motives of an advisor to the National Highway Traffic Safety Administration (NHTSA), Dr. Mary Cummings.[1] Dr.

---

[1] *See* https://www.reuters.com/business/autos-transportation/us-transport-chief-defends-auto-safety-agency-after-musk-criticism-2021-10-20/.

Cummings, an expert on autonomous driving systems at Duke University, was recently appointed by President Biden to her role concerning vehicle safety.[2]

In the process of attacking Dr. Cummings via a misleading petition he signed as "Autopilot Users for Progress," Defendant Qazi went out of his way in the petition to refer to Plaintiff by name as the "leader" of a "hate group," which is false. That statement was seen by approximately 15,000 people and counting.[3] Just before writing his petition, Defendant Qazi "joked" on his Twitter account that, "If they try and take Autopilot away from us we will riot so hard January 6 will look like a day at Disneyland [laugh/crying emoji]." This was a reference to the January 6, 2021 insurrection on the United States Capitol in which five people died. He later continued, "Aaron Greenspan belongs in a high security mental asylum."

Defendant Qazi's concerning outburst, whether joking or not, is just one of several events material to this litigation that have transpired since the filing of the Fourth Amended Complaint in August 2021. Accordingly, Plaintiff Aaron Greenspan respectfully moves the Court for an Order granting leave to file a supplemental complaint in this action pursuant to Federal Rule of Civil Procedure ("Rule") 15(d).

Plaintiff requested via e-mail that each Defendant stipulate to supplementation and/or amendment before filing this motion. Tesla Defendants declined to stipulate on October 15, 2021. Qazi Defendants failed to respond, but as per usual, Defendant Qazi published part of Plaintiff's e-mail to counsel on Twitter, indicating that it was received.

Given that this litigation is still in its early stages and given the lack of any cognizable prejudice to Defendants from Plaintiff's proposed changes, leave to supplement is proper. Furthermore, allowing the proposed supplemental facts promotes judicial efficiency by avoiding unnecessary argument and/or appeal concerning admitted and established facts.

Plaintiff respectfully requests that the Court grant his motion.

---

[2] *See* https://www.reuters.com/business/autos-transportation/exclusive-biden-tap-no-2-official-head-us-auto-safety-agency-source-2021-10-19/.

[3] *See* https://www.change.org/p/president-of-the-united-states-review-appointment-of-missy-cummings-to-nhtsa-for-conflict-of-interest-bias.

## II. STATEMENT OF ISSUES

The main issue raised by this motion is whether Plaintiff should be permitted to file a supplemental complaint in this action due to the outrageous ongoing conduct of Defendants, including but not limited to their decisions to mislead this Court and conceal material facts.

## III. FACTUAL BACKGROUND

The initial Complaint in this case was filed on May 20, 2020. ECF No. 1. The First Amended Complaint was filed on July 2, 2020. ECF No. 20. With the consent of the parties, the Second Amended Complaint was filed on August 26, 2020. ECF No. 70. On January 15, 2021, the Court granted leave for Plaintiff to lodge a Third Supplemental and Amended Complaint, which was filed on February 12, 2021. ECF No. 103. On June 23, 2021, the Court issued its first substantive ruling on some of Plaintiff's claims, granting leave to amend. ECF No. 125. Plaintiff's Fourth Amended Complaint was timely filed on August 13, 2021. ECF No. 131. Tesla Defendants filed a stipulation by all parties to extend the briefing schedule for motions to dismiss due to commitments by counsel to attend trial in a separate matter. ECF No. 132. The Court therefore set an extended briefing schedule on August 26, 2021, and kept that schedule in place even after the trial was vacated due to settlement. ECF Nos. 133, 140. Motions to dismiss on the Fourth Amended Complaint's federal claims only are presently scheduled to be filed by November 11, 2021. No associated hearing has been scheduled at this time.

## IV. ARGUMENT

### A.  Legal Standard

Federal Rule of Civil Procedure 15(d) provides that, "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV P. 15.

"'Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings.' *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988) (citing FED. R. CIV. P. 15, advisory committee's note). 'The rule is a tool of judicial economy and convenience,' and '[i]ts use is

therefore favored.' *Keith*, 858 F.2d at 473." *Patkins v. Lisk*, Case No. 5:16-cv-04347-TSH (N.D. Cal. September 28, 2020).

"Motions to amend under Rule 15(a) and motions to supplement under Rule 15(d) are subject to the same standard. *See Armstrong v. Bush*, 807 F.Supp. 816, 818-19 (D.D.C. 1992) (collapsing inquiry under Rules 15(a) and 15(d)); *see also Glatt v. Chicago Park District*, 87 F.3d 190, 194 (7th Cir. 1996) (standard under Rule 15(d) is the same as under Rule 15(a))." *Wildearth Guardians v. Kempthorne*, 592 F. Supp. 2d 18, 23 (D.D.C. 2008).

In the Ninth Circuit, the practice of granting leave to amend "is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). A court should not deny leave to amend unless it finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Id.* at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Absent prejudice [to the opposing party], or a strong showing of any of the remaining [] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original). Supplementation under Rule 15(d) is even more favored than amendment under Rule 15(a). *Lyon v. U.S. Immigration & Customs Enf't*, 308 F.R.D. 203, 214 (N.D. Cal. 2015).

**B.   Events Subsequent To The Fourth Amended Complaint's Filing In This Action On August 13, 2021**

This action involves unlawful acts by two groups of Defendants who have all worked in concert to inflate Tesla's stock price: Elon Musk and Tesla, Inc. ("Tesla Defendants"); and Omar Qazi and Smick Enterprises, Inc. ("Qazi Defendants"). There have been significant and material new developments involving both groups since the 4AC was filed on August 13, 2021:

a)   Media reports and records request responses indicate that Omar Qazi was one of a select group of people who digitally signed a contract with Tesla, Inc. to participate in the Tesla "Early Access Program" ("EAP") for "Full Self-Driving" ("FSD") features. Throughout these proceedings, Defendants have been aware of

PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT    4    3:20-cv-03426-JD

and silent about this contract, instead misleading the Court by intimating that Defendants Musk and Qazi were merely "friendly." The Court relied on these false representations in its June 23, 2021 Order Re Motions To Dismiss And Motion To Strike. ECF No. 125 at 8.

b) The verbiage surrounding Tesla's EAP contract explicitly encouraged contractors, including Defendant Qazi, to attack critics by stating, "Do remember that there are a lot of people that want Tesla to fail; ***Don't let them mischaracterize your feedback and media posts***" (emphasis added). Any reasonable reader would have perceived these statements as an instruction, if not a condition of the contract itself.

c) Five days after the 4AC was filed, on August 18, 2021, Senators Blumenthal and Markey of Connecticut and Massachusetts respectively asked the Federal Trade Commission to investigate Tesla regarding false claims about Autopilot and FSD.

d) On October 4, 2021, Defendant Tesla lost at trial in a civil lawsuit in this District involving harassment of a contractor working at a Tesla facility. The verdict included an award of $130 million in punitive damages, indicating quite clearly that Tesla has a serious harassment problem.

e) NHTSA sent a letter to Tesla on October 12, 2021 (*see* https://static.nhtsa.gov/odi/inv/2021/INIM-PE21020-85573P.pdf) suggesting that the company has been conducting stealth recalls in violation of federal law and specifically inquiring as to how participants like Defendant Qazi (who has a record of criminal traffic violations) were included in the EAP.

f) NHTSA also sent a second letter and Special Order Directed To Tesla, Inc. on October 12, 2021 (*see* https://static.nhtsa.gov/odi/inv/2021/INOT-PE21020-85593P.pdf) ordering Tesla to immediately disclose information related to the EAP contracts to NHTSA, including but not limited to Defendant Qazi's contract.

g)   At least two individuals have come forward to state publicly that Defendant Tesla controlled and/or influenced their decisions about what to post or not post on social media. One of these admissions was made on video by Galileo Russell, another social media influencer whom Defendant Qazi previously discussed selling Tesla vehicles with in order to earn referral commissions (also on video).

h)   A former Tesla factory worker stated publicly that the company's vehicle quality is "garbage" in part because its assembly line employees often use marijuana and cocaine (to stay awake) on the job, which is not disclosed to investors, and would indicate further problems with Tesla's internal controls and safety culture.

i)   Version 2.0 of Tesla's supposed solar roof tile was premised on the successful installation of an "upgrade" to Von Ardenne solar panel manufacturing equipment in Buffalo, New York. The equipment was slated to be installed and ready by the end of November 2017. It was never disclosed to investors that this plan failed to come to fruition or why.

j)   On October 20, 2021, Defendant Qazi publicly accused Plaintiff of "leading" a "hate group," which is false, among other additional libelous statements.

**C.   No Factors Weigh Against Granting Leave To Supplement and Amend**

Defendants have not yet filed their latest motions to dismiss, there have been no initial disclosures exchanged, and to date there has been no discovery. The proposed changes do not involve any new defendants or claims at this stage. Accordingly, amendment would not require a "radical shift in direction" for any Defendant's strategy. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

Plaintiff provided adequate notice regarding his intent to supplement the 4AC. Had Defendants been forthright with the Court about the relationship between Tesla, Inc., Elon Musk and Omar Qazi, supplementing the complaint would be less necessary. No other motions are pending. Finally, Plaintiff has been diligent in filing this motion shortly after the events described in the proposed changes; some literally occurred earlier today.

### D. Conclusion

For the foregoing reasons, Plaintiff respectfully requests leave to file a Fifth Supplemental And Amended Complaint.

Dated: October 20, 2021           Respectfully submitted,

*/s/ Aaron Greenspan*
Aaron Greenspan
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org