COOLEY LLP
JOHN C. DWYER (136533) (dwyerjc@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

AARTI REDDY (274889) (areddy@cooley.com)
REECE TREVOR (316685) (rtrevor@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendants
TESLA, INC. and ELON MUSK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON GREENSPAN,<br><br>    Plaintiff,<br><br>v.<br><br>OMAR QAZI, SMICK ENTERPRISES, INC., ELON MUSK, and TESLA, INC.,<br><br>    Defendants. | Case No. 3:20-cv-03426-JD<br><br>**TESLA DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE AND FOR JUDICIAL NOTICE IN SUPPORT OF TESLA DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

TESLA DEFS.' REQUEST FOR INCORPORATION
& JUDICIAL NOTICE RE 4AC
CASE NO. 3:20-CV-03426-JD

Pursuant to Federal Rule of Evidence 201 and 15 U.S.C. § 78u-5(e), Defendants Tesla, Inc. and Elon Musk (collectively, "Tesla Defendants") respectfully request that this Court incorporate by reference or take judicial notice of the documents identified below in support of the Tesla Defendants' Motion to Dismiss Plaintiff's Fourth Amended Complaint ("Motion"). All of the documents identified in this Request are attached to the supporting Declaration of Aarti Reddy ("Reddy Decl."), filed concurrently herewith.

**I.   DOCUMENTS SUBJECT TO THIS REQUEST**

| Exhibit | Description | Basis for Notice or Incorporation[1] |
|---|---|---|
| 1 | Tesla, Inc., Form 10-K for the Fiscal Year Ended December 31, 2018 | ¶¶ 244, 245 (Issues 1, 2, 6, and 12) |
| 2 | Tesla, Inc., Quarterly Earnings Conference Call Transcript for the First Quarter of 2019 (April 24, 2019) | ¶ 245 (Issue 9) |
| 3 | Jamie Powell, "How much does Tesla have in the bank?," Financial Times (March 5, 2019) | ¶ 245 (Issue 1) |
| 4 | Aaron Greenspan, "Reality Check," Plainsite.org (January 7, 2020) | Publicly available from a reliable source |
| 5 | Tweet from @AaronGreenspan dated July 2, 2018 | Publicly available from a reliable source |
| 6 | Tweet from @AaronGreenspan dated August 16, 2018 | Publicly available from a reliable source |
| 7 | Tweet from @AaronGreenspan dated September 26, 2018 | Publicly available from a reliable source |

**II.   FACTUAL BASIS**

In connection with the Tesla Defendants' Motion, the Court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,

---

[1] "¶" refers to the paragraph(s) of the Fourth Amended Complaint ("4AC"), ECF No. 131, that quote from, or refer to information contained in, the referenced exhibit. For the Court's convenience, the Tesla Defendants include reference to the page and approximate line number of Plaintiff's "Issue" allegations in subsequent citations.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

TESLA DEFS.' REQUEST FOR INCORPORATION
& JUDICIAL NOTICE RE 4AC
CASE NO. 3:20-CV-03426-JD

1

551 U.S. 308, 322 (2007).  Courts may take judicial notice of documents both for their contents and for the truth of the matters asserted therein when the facts are not in dispute and are from reliable sources.  See *Smilovits v. First Solar Inc.*, 119 F. Supp. 3d 978, 1010 (D. Ariz. 2015), *aff'd sub nom. Mineworkers' Pension Scheme v. First Solar Inc.*, 881 F.3d 750 (9th Cir. 2018).  The Tesla Defendants' exhibits – public statements made by Defendants and documents and tweets posted by Plaintiff under his own name and through his @AaronGreenpan Twitter handle – are all incorporated by reference into the Fourth Amended Complaint ("4AC") or are the proper subjects of judicial notice.

A. **The Court May Consider Exhibits 1, 2, and 3 as Incorporated by Reference into the 4AC.**

Incorporation by reference is a judicially-created doctrine that treats certain documents as though they are part of the complaint itself.  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  A document may be incorporated by reference into a complaint "if the plaintiff refers extensively to the document *or* the document forms the basis of the plaintiff's claim."  *Id.* (quoting *United States v. Ritchie,* 342 F.3d 903, 907 (9th Cir. 2003) (emphasis added)).

**Exhibit 1** is Tesla's Form 10-K for Fiscal Year 2018.  Reddy Decl. ¶ 2.  This Exhibit "forms the basis of [P]laintiff's claims" such that it is properly incorporated by reference.  *In re Apple Inc. Sec. Litig.*, No. 19-cv-02033, 2020 WL 2857397, at *5 (N.D. Cal. June 2, 2020).  Moreover, the 4AC alleges that Exhibit 1 contains misrepresentations, and those allegations "must be analyzed in context."  *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1408, 1405 & n.4 (9th Cir. 1996).  In Issues 1, 2, 3, and 6, Plaintiff alleges that various line items in Tesla's financial statements—as reflected in Exhibit 1 and other SEC filings—were fraudulent.  *See* ¶ 245 Issue 1 at 49:21, Issue 3 at 53:9-10, Issue 6 at 57:20.  Similarly, Plaintiff asserts in Issue 12 that a risk disclosure in Exhibit 1 was misleading but fails to include other language in the disclosure that disprove its alleged falsity.  *See* Mot. at 9-10 (citing Ex. 1 at 22.)  Considering this document in its entirety advances the very purpose of the incorporation by reference doctrine:  to prevent "plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims."  *Khoja*, 899 F.3d at 1002.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

TESLA DEFS.' REQUEST FOR INCORPORATION
& JUDICIAL NOTICE RE 4AC
CASE NO. 3:20-CV-03426-JD

The Court may also refer to Exhibit 1 to assess Plaintiff's other claims, even where those claims do not cite the Exhibit or allege that statements within it were fraudulent. That is because "[o]nce a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014). In Issue 4, Plaintiff claims that the definition of "delivery" in certain Tesla press releases is misleading to investors in that it implies each delivery is a sale – yet Plaintiff ignores that Exhibit 1 squarely refutes that theory. *See* ¶ 245 Issue 4 at 54-55. The Tesla Defendants regularly defined "sales revenue" in SEC filings like Exhibit 1, thus clarifying how Tesla recognized revenue from auto sales. *See* Mot. at 7 (citing Ex. 1 at 78).

**Exhibit 2** is the transcript for Tesla's quarterly earnings call held on April 24, 2019. Here too, this document is admissible under the Incorporation by Reference doctrine because Plaintiff selectively omits language from this Exhibit that refutes his theory of falsity. *Jones v. Micron Tech. Inc.,* 400 F. Supp. 3d 897, 905 (N.D. Cal. 2019). Specifically, Plaintiff contends in Issue 9 that a forward-looking statement made by Tesla executive Jerome Guillen on the Q1 2019 earnings call was false or misleading, but he ignores the relevant cautionary language the Company offered during the same call. Mot. at 8-9 (citing Ex. 2 at 4). The Private Securities Litigation Reform Act ("PSLRA") in fact ***mandates*** incorporation by reference of Exhibit 2 because that exhibit includes cautionary language that forms a basis of the Tesla Defendants' challenge to the alleged falsity of a forward-looking statement. *See* 15 U.S.C. § 78u-5(e) ("On any motion to dismiss based upon [the safe harbor of the PSLRA], the court ***shall*** consider any statement cited in the complaint and any cautionary statement accompanying the forward-looking statement, which are not subject to material dispute, cited by the defendant." (emphasis added)).

**Exhibit 3**, a 2019 *Financial Times* article, is the primary factual support that Plaintiff offers for his claim that Tesla fraudulently misstated its cash and cash equivalents in various financial statements. In particular, Plaintiff states that "**According to a March 5, 2019 Financial Times article**, the actual cash interest yield reported in Defendant Tesla's financial statements indicates that the company began exaggerating its cash balances starting in Q4 2016 and continued

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

TESLA DEFS.' REQUEST FOR INCORPORATION
& JUDICIAL NOTICE RE 4AC
CASE NO. 3:20-CV-03426-JD

exaggerating them up to roughly $1.5 billion by the end of 2018." ¶ 245 Issue 1 at 50:5-8 (emphasis added). As explained in the Motion, the article's assertions and "analysis" are the ***only*** evidence of falsity Plaintiff offers, aside from some general statements by Mr. Musk. *See* Issue 1. The article therefore "forms the basis" of Plaintiff's allegations on this issue and is properly incorporated by reference. *See Khoja*, 899 F.3d at 1005.

### B. The Court May Take Judicial Notice of Exhibits 4-8 As Publicly Available Information from Reliable Sources.

Federal Rule of Evidence 201 authorizes a court to take judicial notice of facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). As discussed above, a court may take judicial notice of the truth of the matters asserted in judicially noticeable documents when the facts are not in dispute and are from reliable sources, *see Smilovits*, 119 F. Supp. 3d at 1010. The Tesla Defendants seek notice of these exhibits for a far more limited purpose: to "indicate what was in the public realm at the time, not [to show] whether the contents of those [documents] were in fact true," *Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 960 (9th Cir. 2010) (citation omitted). Courts resolving federal securities claims routinely take judicial notice of news articles and other public information for precisely this purpose. *Apple Inc.*, 2020 WL 2857397, at *6.

**Exhibit 4** is a document titled "Reality Check" regarding the Tesla Defendants that Plaintiff authored and published in January 2020. *See* Reddy Decl. ¶ 5. Such articles are proper subjects of judicial notice to show that the market was aware of information contained therein. *See, e.g.*, *Von Saher*, 592 F.3d at 960 (taking judicial notice of "various newspapers, magazines, and books"); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) ("We take judicial notice that the market was aware of the information contained in news articles submitted by the defendants."); *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, No. 12-cv-06039, 2013 WL 6441843, at *5 (N.D. Cal. Dec. 9, 2013) (taking judicial notice of analyst reports). Exhibit 4 is an online report regarding the Tesla Defendants that was authored by Plaintiff. *See* Reddy Decl. ¶ 5. "Reality Check" is available for public viewing and download on

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

TESLA DEFS.' REQUEST FOR INCORPORATION
& JUDICIAL NOTICE RE 4AC
CASE NO. 3:20-CV-03426-JD

Plaintiff's website, and it contains many of the same allegations in the 4AC. *Id.*; Ex 4. The Court may therefore take judicial notice of the article "to establish whether and when certain information was provided to the market" or otherwise known to Plaintiff. *In re Energy Recovery Inc. Sec. Litig.*, No. 15-cv-00265, 2016 WL 324150, at *3 (N.D. Cal. Jan. 27, 2016) (internal quotations marks and citation omitted).

**Exhibits 5 - 7** are publicly-available tweets by Plaintiff relating to his securities fraud allegations. Courts in this District and elsewhere in the Ninth Circuit have found that tweets are appropriate subjects of judicial notice where –as here –they are publicly available and their accuracy may not reasonably be questioned. *Unsworth v. Musk*, No. 19-mc-80224, 2019 WL 5550060, at *4 (N.D. Cal. Oct. 28, 2019) ("[J]udicial notice is proper because the existence of the publicly-available . . . tweets cannot reasonably be questioned."); *Alexander v. Metro-Goldwyn-Mayer Studios Inc.*, No. CV 17-3123, 2017 WL 5633407, at *3 (C.D. Cal. Aug. 14, 2017) (taking judicial notice of "screenshots of Dwayne Johnson and [Sylvester] Stallone's Twitter accounts" because "they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

### III. CONCLUSION

For the reasons set forth above, the Tesla Defendants respectfully request that the Court incorporate by reference and/or take judicial notice of Exhibits 1 - 7.

Dated: November 11, 2021            COOLEY LLP

                                    By: /s/ Aarti Reddy
                                        Aarti Reddy

                                    Attorneys for Defendants
                                    TESLA, INC. and ELON MUSK

259489731

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

TESLA DEFS.' REQUEST FOR INCORPORATION
& JUDICIAL NOTICE RE 4AC
CASE NO. 3:20-CV-03426-JD