1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Aaron Greenspan (*Pro Se*)
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

AARON GREENSPAN,

    Plaintiff,

      v.

OMAR QAZI, SMICK ENTERPRISES, INC.,
ELON MUSK, and TESLA, INC.,

    Defendants.

Case No. 3:20-cv-03426-JD

**PLAINTIFF'S RESPONSE TO
TESLA DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE**

Judge: Hon. James Donato
Complaint Filed: May 20, 2020
4AC Filed: August 13, 2021

## I.      INTRODUCTION

Defendants Elon Musk and Tesla, Inc. (together, "Tesla Defendants") ask the Court to take judicial notice of several documents that they argue are vital to understanding the circumstances surrounding this case.  ECF No. 143-10.  These documents are submitted with no legal basis, only to counter and rebut well-pleaded facts in the Fourth Amended Complaint ("4AC"), and are thus categorically improper and not allowed under binding Ninth Circuit law. *Khoja v. Orexigen Therapeutics*, Inc., 899 F.3d 988, 998-999 (9th Cir. 2018).

"[A] court cannot take judicial notice of disputed facts contained in such public records." *Id*. at 999.  Similarly, even where a document is incorporated by reference, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint."  *Id*. at 1003.  "This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage."  *Id*.

In this instance, Tesla Defendants use the exhibits in their Request for Consideration of Documents Incorporated By Reference and for Judicial Notice to portray an alternate reality— one that Plaintiff strongly contests—suggesting that Plaintiff had full awareness of *all* of the fraud transpiring at Tesla, Inc. from the moment he began purchasing put options and that all fraudulent acts somehow happened at the same time.  Since these arguments are contested, Tesla Defendants' exhibits in support of their opposing viewpoints cannot be relied upon.  Specifically, Tesla Defendants' Exhibits 2 and 4-7 are submitted to contest facts in the 4AC.

For the reasons set forth herein, the Court should deny Defendants' Request for Judicial Notice with respect to these Exhibits.

## II.     ARGUMENT

### A.      Legal Standard

Pursuant to Federal Rule of Evidence 201, a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned."  Federal Rule of Evidence 201.  *See also Daniels-Hall v. Nat'l Educ.*

*Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) ("Although generally the scope of review on a motion to dismiss for failure to state a claim is limited to the Complaint, a court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiffs' claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.")  Complementing the principle of judicial notice, if the "complaint 'necessarily relies' upon a document or where the complaint alleges the contents of the document and the document's authenticity and relevance is not disputed," then the Court may incorporate it by reference.  *In re Facebook Securities Litigation*, Case No. 5:18-cv-01725-EJD (N.D. Cal. August 7, 2020), citing *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

"[I]ncorporation by reference 'is a narrow exception . . . . It is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment.'"  *Hawthorne v. Umpqua Bank*, 2013 WL 5781608, at *5 (N.D. Cal. Oct. 25, 2013) (quoting *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)).

Generally, defendants have a tendency to abuse requests for judicial notice in securities actions.  As the Ninth Circuit has noted:

> "[t]he overuse and improper application of judicial notice and the incorporation-by-reference doctrine . . . can lead to unintended and harmful results.  Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage.  Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery.  This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access... If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief.  Such undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine."

*Khoja* at 998-999.

### B.   Tesla Defendants Improperly Rely Upon Exhibits 2 and 4-7 In Their Motion To Dismiss

#### 1.   Exhibit 2

Tesla Defendants' Exhibit 2 (ECF No. 143-3) is a copy of a purported transcript of the Q1 2019 Tesla, Inc. earnings call.  This exhibit is part of a counter-factual narrative that Tesla Defendants supposedly at all times offered proper forward-looking statement disclaimers pursuant to the Private Securities Litigation Reform Act ("PSLRA")—when Plaintiff's view is that they did not—and is not properly subject to judicial notice.  *See Clorox Co. v. Reckitt Benckiser Grp. PLC*, 398 F. Supp. 3d 623, 639 (N.D. Cal. 2019) (citing *Khoja*, holding "the Court cannot accept the truth of the contents of the exhibits and create a factual dispute at this juncture").

#### 2.   Exhibit 4

Tesla Defendants' Exhibit 4 (ECF No. 143-5) is a copy of the "Reality Check" research report that Plaintiff authored in January 2020.  The Reality Check report is not mentioned in the 4AC, nor does it need to be.  Plaintiff's allegations stand on their own, and are further bolstered by documents that have become public since the filing of the 4AC.  The primary reason that Tesla Defendants bring up this document now is that they allege—falsely—that it proves that Plaintiff knew about their various fraudulent schemes all along.  This is not so, and the mere fact that Plaintiff contests their view means that the document cannot be considered.  *See Baird v. BlackRock Institutional Trust Co., N.A.*, Case No. 4:17-cv-01892-HSG, 2019 WL 4168906, at *5 (N.D. Cal. Sept. 3, 2019) ("the Court may not take judicial notice of the truth of the information contained in them if Defendants are attempting to factually rebut Plaintiffs' allegations.")

#### 3.   Exhibits 5-7

Tesla Defendants' Exhibits 5-7 (ECF Nos. 143-6 through 143-8) are copies of posts on Twitter by the @AaronGreenspan account that do not concern the allegations in this lawsuit.  Exhibit 5, from July 2018, concerns a term, "factory gated," that does not make an appearance anywhere in the 4AC (or even any of its predecessor complaints).  As for Exhibits 6 and 7, in

August and September 2018, Tesla Defendants made international news when they were charged with securities fraud by the Securities and Exchange Commission specifically because of Defendant Musk's "funding secured" tweet and the ensuing fallout, now the subject of an ongoing consolidated class action lawsuit of its own.  Like many, Plaintiff commented on those events as they developed.  The allegations in the 4AC are entirely separate and apart from the allegations regarding "funding secured" and Plaintiff's comments regarding those separate proceedings and their implications.  It is simply not the case that the 4AC necessarily relies on Exhibits 5-7 in any way, and Tesla Defendants' statement, that Exhibits 5-7 are "tweets by Plaintiff relating to his securities fraud allegations," is false.  ECF No. 143-10 at 6:6-7.

## III.    CONCLUSION

Just because information is publicly available does not mean that it is properly subject to judicial notice.  There must be a direct connection to the underlying complaint, and the facts in question must not be contested.  In the past, courts have denied Motions to Dismiss for abusing requests for judicial notice filed simultaneous with motions as Tesla Defendants have done here.

> "Having reviewed all the briefing filed with respect to defendants' Motion to Dismiss Consolidated Amended Complaint, (Dkt. 74, 'Motion'), the court will deny the Motion without prejudice for referencing materials outside the pleadings… The instant Motion reflects "[t]he overuse and improper application of judicial notice[,]" *see Khoja*, 899 F.3d at 998, as many of the documents for which defendant seeks judicial notice are simply not the type of documents that are susceptible to judicial notice.  For example, defendant seeks judicial notice of several press releases, (*see*, e.g., Dkt. 74-13, Exh. 11, November 7, 2017 Press Release; Dkt. 74-14, Exh. 12, February 27, 2018 Press Release; Dkt. 74-15, Exh. 13, April 30, 2018 Press Release), and transcripts of quarterly earnings calls, (*see*, e.g., Dkt. 74-20, Exh. 18, November 7, 2017 Transcript; Dkt. 74-21, Exh. 19, April 30, 2018 Transcript; Dkt. 74-22, Exh. 20, August 7, 2018 Transcript), but the court may not take judicial notice of such documents."

*Fabbri v. Inogen, Inc. et al*, Case No. 2:19-cv-01643-FMO-AGR (C.D. Cal. November 5, 2019). Tesla Defendants are represented by qualified counsel and know the rules.  At this early juncture, requests to judicially notice exhibits to which Plaintiff objects should be denied.

1

Dated: December 9, 2021                Respectfully submitted,

2

3

4

5

Aaron Greenspan
956 Carolina Street

6

San Francisco, CA  94107-3337
Phone: +1 415 670 9350

7

Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28