Aaron Greenspan (*Pro Se*)
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

AARON GREENSPAN,

    Plaintiff,

       v.

OMAR QAZI, SMICK ENTERPRISES, INC.,
ELON MUSK, and TESLA, INC.,

    Defendants.

Case No. 3:20-cv-03426-JD

**PLAINTIFF'S STATEMENT OF
RECENT DECISION**

Judge: Hon. James Donato
4AC Filed: August 13, 2021

**TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to Civil Local Rule 7-3(d)(2), Plaintiff Aaron Greenspan lodges this Statement of Recent Decision in support of his opposition to Defendants' motions to dismiss (ECF Nos. 143-144), currently scheduled for hearing on January 13, 2022 at 10:00 A.M.  ECF Nos. 147-148.  Attached hereto is:

1. Exhibit A: *Hothi v. Musk*, Case No. A162400, Cal. App. 1st (December 20, 2021). This opinion concerns the denial of an anti-SLAPP motion lodged by Defendant Elon Musk regarding a libel lawsuit filed by Randeep Hothi in response to Defendant Musk's communications with Plaintiff.

Dated: December 21, 2021                    Respectfully submitted,


_____
Aaron Greenspan
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**<u>EXHIBIT A</u>**

*Hothi v. Musk*, Case No. A162400, Cal. App. 1st (December 20, 2021)

Filed 12/20/21  Hothi v. Musk CA1/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| RANDEEP HOTHI,  <br>        Plaintiff and Respondent,  <br>v.  <br>ELON MUSK,  <br>        Defendant and Appellant | A162400  <br><br>(Alameda County  <br>Super. Ct. No. RG20069852) |

Plaintiff Randeep Hothi filed a complaint against defendant Elon Musk alleging defamation in connection with an e-mail Musk sent to a third party stating Hothi harassed and almost killed Tesla, Inc. (Tesla) employees.  Musk appeals from the trial court's order denying his special motion to strike under California's anti-SLAPP statute, Code of Civil Procedure section 425.16.[1]  We affirm.

## I.  BACKGROUND

Hothi "developed an interest in Tesla's business and, in particular, its claims about its technology."  In connection with that interest, he created an

---

[1] Such a motion is referred to as an anti-SLAPP motion.  "An anti-SLAPP motion seeks to strike a '[s]trategic lawsuit against public participation,' that is, a 'SLAPP.' " (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 882, fn. 2.)  All statutory citations are to the Code of Civil Procedure.

anonymous Twitter account and tweeted "skepticism" about Tesla's production and technology, including the automation of Tesla's Model 3 vehicles.

In connection with his interest in Tesla, Hothi regularly posted photos and videos of the Tesla Fremont factory parking lots and logistics lots. Hothi placed and removed remote cameras in the Tesla lots, attempted to speak with Tesla employees, and followed and recorded a Tesla test vehicle while it was being driven on public roads.

Hothi's vehicle also was observed in a parking lot of Tesla's factory. When two security officers approached to deliver a verbal notice of trespass, Hothi drove out of his parking spot. One of the officers reported that "the driver's side of [Hothi's] vehicle made contact with [the officer's] left knee" while Hothi exited his parking spot. Hothi asserted he did not believe his vehicle made contact with the officer.

Tesla filed an ex parte petition for a temporary restraining order against Hothi. The petition alleged Hothi dangerously swerved his car toward the Tesla test vehicle he had followed. The petition also asserted Hothi drove recklessly when leaving the Tesla lot, which resulted in a security guard suffering "minor injuries." The trial court granted a temporary restraining order. Prior to the hearing on Tesla's request for a permanent restraining order, Hothi requested discovery from Tesla. The court granted Hothi's request. Tesla withdrew its petition rather than produce the requested discovery. The court dismissed the case on July 26, 2019, and Hothi sought attorney fees.

Thereafter, Aaron Greenspan, who operates a website posting news about various corporations and the legal system, engaged Musk in an e-mail exchange. As part of that exchange, Greenspan informed Musk "the way

2

your organization has treated . . . Randeep Hothi—among others—is truly shameful, and has exemplified anything but openness."  Musk replied in relevant part:  "As for the people you mention below, they have actively harassed and, in the case of Hothi, almost killed Tesla employees.  What was a sideswipe when Hothi hit one of our people could easily have been a death with 6 inches of difference."  Greenspan published his exchange with Musk on his Twitter account.

Hothi subsequently filed a lawsuit against Musk alleging one count of defamation based on Musk's e-mail to Greenspan.  In response, Musk filed a motion to strike pursuant to section 425.16.  Musk alleged the claim arose from Musk's speech on an issue of public interest and a matter pending before the court.  Musk further asserted Hothi failed to demonstrate a probability of success because Hothi could not demonstrate the statements were false or made with malice.

Hothi opposed the motion.  He disputed Musk's claim that the statements were in connection with an issue of public interest or related to any pending litigation.  Hothi also asserted Musk's statements constituted defamation per se and were not subject to any valid defense or privilege.

The trial court denied the motion.  It concluded Musk's statements were not protected by the anti-SLAPP statute because they did not relate to a public issue and were not in connection with an issue before the court because the prior petition had already been dismissed and the statements were unrelated to the fee motion.  The trial court further found there were triable issues of fact as to the truth of Musk's alleged defamatory statements and whether Hothi can demonstrate malice.  Musk timely appealed.

## II.  DISCUSSION

### A.  Relevant Law

"The anti-SLAPP statute applies only to a 'cause of action . . . arising from' acts in furtherance of the defendant's constitutional right of petition or free speech in connection with a public issue." (*Martinez v. Metabolife Internat., Inc*. (2003) 113 Cal.App.4th 181, 186.)  Section 425.16, subdivision (e) identifies four categories of protected conduct:  "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." The purpose of such motions is "to provide 'for the early dismissal of unmeritorious claims filed to interfere with the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.' [Citation.]  The statute is to 'be construed broadly.' " (*Simmons v. Bauer Media Group USA, LLC* (2020) 50 Cal.App.5th 1037, 1043.)

The analysis of an anti-SLAPP motion has two steps.  (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1061 (*Park*).) In the first step, a court considers whether the defendant demonstrated that "the act underlying the plaintiff's cause fits one of the categories spelled out in section 425.16, subdivision (e)," and is therefore protected activity.  (*Braun v. Chronicle Publishing Co*. (1997) 52 Cal.App.4th 1036, 1043.)  "The

4

'principal thrust or gravamen' of [the plaintiff's] claim determines whether section 425.16 applies." (*Olive Properties, L.P. v. Coolwaters Enterprises, Inc*. (2015) 241 Cal.App.4th 1169, 1175.)  If the defendant cannot make the required showing, or " 'if the allegations of protected activity are only incidental to a cause of action based essentially on nonprotected activity,' " the anti-SLAPP motion must be denied.  (*Jackson v. Mayweather* (2017) 10 Cal.App.5th 1240, 1251; see *Flatley v. Mauro* (2006) 39 Cal.4th 299, 317.)

If the defendant makes the required showing in the first step, the burden shifts to the plaintiff in the second step to demonstrate "that there is a probability that [he or she] will prevail" on the claim at issue.  (§ 425.16, subd. (b)(1).)  In determining whether the plaintiff has carried this burden, the court considers "the pleadings[] and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (§ 425.16, subd. (b)(2).)  The plaintiff cannot, however, sustain its burden with inadmissible evidence or new allegations and claims.  (*Kreeger v. Wanland* (2006) 141 Cal.App.4th 826, 831; see *Hansen v. Department of Corrections & Rehabilitation* (2008) 171 Cal.App.4th 1537, 1547.)

"Only a [claim] that satisfies *both* prongs of the anti-SLAPP statute— i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89.)  We independently review the denial of an anti-SLAPP motion.  (*Park v. Board of Trustees of California State University*, *supra*, 2 Cal.5th at p. 1067.)

## B.  The Anti-SLAPP Motion

Musk first argues he satisfied the first prong of the analysis because his statements related to both matters of public interest and matters pending before the court.  He then asserts Hothi did not satisfy the second prong

because he failed to demonstrate the statements were false or made with
malice.  We disagree because Musk failed to demonstrate his statements
constitute protected activity.

### 1. Protected Activity—Matter of Public Interest

Musk first asserts the anti-SLAPP statute applies because his e-mail
related to a matter of public interest.

The California Supreme Court recently set forth the appropriate
analysis in *FilmOn.com Inc. v. DoubleVerify Inc.* (2019) 7 Cal.5th 133
(*FilmOn*).  The court explained: "The inquiry under [section 425.16,
subdivision (e)(4)] . . . calls for a two-part analysis rooted in the statute's
purpose and internal logic.  First, we ask what 'public issue or . . . issue of
public interest' the speech in question implicates—a question we answer by
looking to the content of the speech.  [Citation.]  Second, we ask what
functional relationship exists between the speech and the public conversation
about some matter of public interest.  It is at the latter stage that context
proves useful." (*Id.* at pp. 149–150.)

Musk asserts Tesla's manufacturing operations and technological
capabilities, the manner in which Tesla and Musk treat critics, and the
"$TSLAQ" group are matters of public interest.  Even assuming these issues
are, in fact, matters of public interest, section 425.16, subdivision (e)(4)
"demands 'some degree of closeness' between the challenged statements and
the asserted public interest.  [Citation.] . . . '[I]t is not enough that the
statement refer to a subject of widespread public interest; the statement
must in some manner itself contribute to the public debate.' " (*FilmOn*,
*supra*, 7 Cal.5th at p. 150.)  Here, the defamation claim relates to two
sentences in Musk's e-mail to Greenspan, which reads as follows: "As for the
people you mention below, they have actively harassed and, in the case of

Hothi, almost killed Tesla employees.  What was a sideswipe when Hothi hit one of our people could easily have been a death with 6 inches of difference."  These statements did not involve Tesla's technology or operations, Musk and Tesla's treatment of critics, or the alleged $TSLAQ group.  While the complaint discusses Tesla's operations, "[a]llegations of protected activity that . . . 'merely provide context, without supporting a claim for recovery, cannot be stricken under the anti-SLAPP statute.' " (*Ojjeh v. Brown* (2019) 43 Cal.App.5th 1027, 1036.)

Musk asserts the exchange "furthered" the debate regarding Tesla's operations by highlighting Hothi's "unreliable and improper methods for obtaining his supposed information."  He also contends the statements about Hothi's "misconduct" relates to his and Tesla's treatment of critics and $TSLAQ's goals of destroying Tesla.  We disagree.  There is no "functional relationship" between the alleged issues of public interest and Musk's statements.  (See *FilmOn*, *supra*, 7 Cal.5th at pp. 149–150.)  For example, Musk's comment that Hothi harassed employees and hit and almost killed employees does not relate to the reliability of Hothi's information.  Nor does the statement refute Hothi's comments about Tesla or assert Tesla's past treatment of Hothi was appropriate.

In *Wilson v. Cable News Network, Inc.*, *supra*, 7 Cal.5th 871 (*Wilson*), the California Supreme Court addressed whether a defamation claim involving allegations of plagiarism related to an issue of public interest.  (*Id.* at p. 899.)  Cable News Network, Inc. (CNN) argued in relevant part that a journalist's "professional competence," "the reasons for his termination," and "journalistic ethics" were issues of public interest.  (*Id.* at pp. 901, 902.)  The court rejected these arguments, explaining an "isolated plagiarism incident did not contribute to public debate about when authors may or may not

borrow without attribution. 'What a court scrutinizing the nature of speech in the anti-SLAPP context must focus on is the speech at hand, rather than the prospects that such speech may conceivably have indirect consequences for an issue of public concern.'" (*Id.* at p. 903.)  The court concluded "CNN's privately communicated statements about [a journalist's] purported violation of journalistic ethics do not constitute 'conduct in furtherance of . . . the constitutional right of free speech in connection with a public issue or an issue of public interest.'" (*Id.* at p. 904; see also *Dyer v. Childress* (2007) 147 Cal.App.4th 1273, 1280 ["The fact that 'a broad and amorphous public interest' can be connected to a specific dispute is not sufficient to meet the statutory requirements [of the anti-SLAPP statute]."].)

Here, as in *Wilson*, we must focus on the nature of the privately communicated statements regarding Hothi's alleged misconduct rather than the potential of such speech to indirectly impact a matter of public interest. However, Musk's arguments do not focus on the nature of the statements but rather on such indirect impact—i.e., countering allegations that Tesla and Musk mislead the public about its technology and mistreat those who criticize the company and addressing the actions of the $TSLAQ group. Accordingly, the statement does not "'contribute to the public debate'" regarding any of the matters of public interest identified by Musk. (*FilmOn*, 7 Cal.5th at p. 150.)

### 2.  *Protected Activity—Matter Pending Before Court*

Musk next argues his statements are protected because they were written "in connection with an issue under consideration or review by a legislative, executive, or judicial body" as required by section 425.16, subdivision (e)(2).  He asserts the statements relate to both the ongoing

restraining order litigation as well as Hothi's threatened malicious prosecution action.

A statement is "in connection with" litigation if it "relates to the substantive issues in the litigation and is directed to persons having some interest in the litigation." (*Neville v. Chudacoff* (2008) 160 Cal.App.4th 1255, 1266 (*Neville*).)  Likewise, communications in connection with anticipated litigation are considered to be " ' "under consideration or review by a . . . judicial body." ' " (*Flatley v. Mauro*, *supra*, 39 Cal.4th at p. 319.)

First, we disagree the statements were in connection with the restraining order litigation.  At the time Musk sent his e-mail, Tesla had dismissed the petition.  While Musk argues the fee motion was still pending, his statements in the e-mail to Greenspan did not relate to the "substantive issues" in the fee motion—i.e., Hothi's allegations that Tesla never intended to prosecute the petition, as evidenced by Tesla's refusal to produce any evidence and questionable basis for dismissing the petition, and Tesla utilized the litigation merely as a method of silencing Hothi.  Nor were the statements directed at "persons having some interest in the litigation." (*Neville*, *supra*, 160 Cal.App.4th at p. 1266.)  Greenspan had no connection to any of the parties involved in the restraining order litigation.

Second, the statements also did not relate to anticipated litigation. Section 425.16, subdivision (e)(2) encompasses "communications in connection with anticipated litigation." (*Neville*, *supra*, 160 Cal.App.4th at p. 1263.)  "Accordingly, although litigation may not have commenced, if a statement 'concern[s] the subject of the dispute' and is made 'in anticipation of litigation "contemplated in good faith and under serious consideration" ' [citation] then the statement may be petitioning activity protected by section 425.16." (*Id.* at p. 1268.)

9

Musk argues his statements related to Hothi's "demand letter" threatening a malicious prosecution action in response to the restraining order litigation.  The letter at issue noted, "Tesla brought [the restraining order] action in bad faith . . . ."  Presumably, this comment references the same issues raised in Hothi's fee motion, namely, that Tesla never intended to prosecute the petition and its questionable basis for dismissing the petition.  And, for the same reasons outlined above, Musk's comments are not related to these issues.  Moreover, "[t]he phrase 'in connection with' [in section 425.16, subdivision (e)(2)] implies that the statement must be aimed at achieving the objects of the litigation."  (*Anderson v. Geist* (2015) 236 Cal.App.4th 79, 89.)  Nothing in the record suggests Musk's statements were made with such intent.[2]  Accordingly, Musk's statements were not "in connection with an issue under consideration or review by a legislative, executive, or judicial body."[3]

## III.  DISPOSITION

The order is affirmed.  Randeep Hothi may recover his costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

---

[2] Musk asserts Hothi has not cited any authority for the proposition that "threatening a bogus lawsuit is an exception to the general rule that statements about threatened litigation are protected."  However, we note some courts have held anticipated litigation that is legally barred is not subject to the anti-SLAPP statute because such litigation does not qualify as "litigation 'contemplated in good faith and under serious consideration.'"  (See, e.g., *Bailey v. Brewer* (2011) 197 Cal.App.4th 781, 793.)

[3] Having concluded that the conduct underlying Hothi's cause of action is not activity protected by the anti-SLAPP statute and that the statutory procedure does not apply, Hothi was not required to show a probability of prevailing on his claims. Therefore, we do not need to reach the second prong of the anti-SLAPP analysis or address Musk's argument regarding actual malice.  Because we affirm the trial court's order denying Musk's anti-SLAPP motion, we deny Musk's request for attorney fees.

MARGULIES, J.


WE CONCUR:


HUMES, P. J.


SANCHEZ, J.


A162400
*Hothi v. Musk*