QUINN EMANUEL URQUHART & SULLIVAN, LLP
Michael T. Lifrak (Bar No. 232430)
michaellifrak@quinnemanuel.com
Jeanine Zalduendo (Bar No. 243374)
jeaninezalduendo@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (*pro hac vice forthcoming*)
alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:     (213) 849-7000
Facsimile:     (213) 849-7100

Attorneys for Defendants
TESLA, INC. and ELON MUSK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON GREENSPAN,<br><br>Plaintiff,<br><br>vs.<br><br>OMAR QAZI, SMICK ENTERPRISES, INC., ELON MUSK, and TESLA, INC.,<br><br>Defendants. | Case No. 3:20-cv-03426-JD<br><br>**TESLA DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE**<br><br>Trial Date:  None set<br>Date Action Filed:  May 20, 2020 |

Defendants Tesla, Inc. and Elon Musk ("Tesla Defendants") respectfully submit this reply in further support of their Request for Judicial Notice and Consideration of Documents Incorporated by Reference (ECF No. 143-10; the "Tesla RJN").  As an initial matter, Plaintiff's Response to Tesla Defendants' Request for Judicial Notice (ECF No. 151; the "Response") does not contest Tesla Defendants' request to incorporate by reference Tesla RJN Exhibits 1 and 3.

## I.  ARGUMENT

### A. Plaintiff Misapplies the Ninth Circuit's Opinion in *Khoja v. Orexigen Therapeutics, Inc.*

Plaintiff invokes the Ninth Circuit's opinion in *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), to lodge a generalized attack on Tesla's RJN by claiming that "defendants have a tendency to abuse requests for judicial notice in securities actions."  Response at 2.  Plaintiff's reliance on *Khoja* is misplaced.  There, the Court of Appeals held that the district court erred by taking judicial notice of, among other things, the fact that the defendant drug manufacturer had told the market that a key study was ending based on a transcript of an investor event.  The court reasoned that because the transcript itself provided conflicting information about the study's status, and because the complaint had otherwise pleaded that investors were misled, judicial notice was improper.  899 F.3d at 1000.

*Khoja* is inapposite for three reasons.  ***First***, the court in *Khoja* was concerned with the truth of facts asserted in documents to be noticed, whereas here (as explained below), the Tesla Defendant's RJN Exhibits 4-7 concern the existence of documents or statements, not to the truth of the matters asserted in those documents or statements.  ***Second***, as this Court has noted, "*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's conclusory allegations."  *In re Eventbrite, Inc. Sec. Litig.*, No. 5:18-CV-02019- EJD, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020).  ***Third***, "nothing in Khoja prevents this Court from analyzing an alleged false statement in context," as the Tesla Defendants ask this Court to do by considering Exhibit 2's forward-looking statements in its full context.  *Id.*; *see also Khoja*, 899 F.3d at 1002 (noting that incorporation by reference "prevents

1  plaintiffs from selecting only portions of documents that support their claims, while omitting

2  portions of those very documents that weaken–or doom–their claims.").

3              **B.  Tesla RJN Exhibit 2 Should be Incorporated by Reference into the 4AC.**

4          Plaintiff argues that an investor event transcript containing the *very same* statements he

5  challenges as fraudulent are not proper subjects of incorporation.  This argument fails.

6          Exhibit 2 is properly incorporated by reference into the Plaintiff's Fourth Amended

7  Complaint (ECF No. 131, "4AC").  Plaintiff does not challenge its authenticity, and cannot maintain

8  that it is not "central" to his claim, given that it contains purportedly false statements alleged in the

9  4AC's Issue 9.  *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (discussing

10 requirements of authenticity and centrality); 4AC Issue 9 at 61:16-18 (challenging statements made

11 in the earnings call as false or misleading as to the production of the Tesla Semi). Indeed, perhaps

12 no use of the incorporation by reference doctrine is more routine at the pleadings stage than to

13 provide the full context of statements challenged in securities litigation.  *See In re NVIDIA Corp.*

14 *Sec. Litig.*, 768 F.3d 1046, 1058 n. 10 (9th Cir. 2014) ("Because Plaintiffs incorporate by reference

15 [a] declaration, relying on portions of it in their complaint, we may properly consider the declaration

16 in its entirety.").

17         Moreover, that the transcript contains the statements at issue is not a fact subject to

18 reasonable dispute.  Accordingly Exhibit 2 is proper subjects of judicial notice for that purpose.  *See,*

19 *e.g.*, *Shenwick v. Twitter, Inc.*, 282 F. Supp. 3d 1115, 1122 (N.D. Cal. 2017) (taking judicial notice

20 of documents including investor event transcripts for the fact of the statements contained therein).

21         Plaintiff's reliance on a case involving "the truth of the contents of the exhibits" is again

22 misplaced as to both incorporation by reference and judicial notice.  Response at 3 (quoting *Clorox*

23 *Co. v. Reckitt Benckiser G,p. PLC*, 398 F. Supp. 3d 623, 639 (N.D. Cal. 2019)). The Tesla

24 Defendants request that the Court merely note the fact that Jerome Guillen's statements were

25 accompanied by cautionary language and an indication that the statements were forward-looking;

26 the truth of anything asserted in Exhibit 2 is not at issue.  *See* Tesla Defendants' Motion to Dismiss

27 the Fourth Amended Complaint (ECF No. 143, "Motion") at 9.

28             **C.  Tesla RJN Exhibits 4-7 Can Be Judicially Noticed.**

Plaintiff himself relies on Tesla Defendants' request to judicially notice Exhibits 4-7 as support for his own Request for Judicial Notice, thereby conceding the propriety of the request.  *See* ECF No. 150 at 3.  Nonetheless, in his Response, Plaintiff objects to the notice of these Exhibits because Exhibit 4 rebuts the allegations of the 4AC and Exhibits 5-7 "do not concern allegations in this lawsuit."  Response at 3.  Plaintiff's arguments are misplaced in both regards.

**Exhibit 4**.  Plaintiff acknowledges that he authored the "Reality Check" report in which he accused the Tesla Defendants of engaging in various fraudulent and misleading acts.  *Id*.  That ends the inquiry into judicial notice: it is beyond reasonable dispute that Plaintiff made the allegations contained in the report, and this Court may take notice of the existence of these statements.  *See, e.g.*, *Shenwick*, 282 F. Supp. 3d at 1122-23 (taking judicial notice of media reports published in online outlets where "Plaintiff does not question their authenticity").

Plaintiff incorrectly asserts that "the mere fact that Plaintiff contests [Tesla Defendants'] view" of Exhibit 4's importance "means that the document cannot be considered."  Response at 3.  The Tesla Defendants cite to this document to show that Plaintiff could not have reasonably relied on the alleged fraud in purchasing put options because he suspected the Defendants of perpetrating various acts of fraud well before he ever made those purchases.  Motion at 12-13; *In re Eventbrite*, 2020 WL 2042078, at *7 (noting propriety of judicial notice where a complaint contains only conclusory assertions).  That Plaintiff disagrees with the Tesla Defendants' legal arguments based on this document is not a proper basis to oppose judicial notice, and Plaintiff's citation to *Baird v. BlackRock Institutional Trust Co., NA.* does not further his cause.  That case simply articulates that a court may not take judicial notice "of the truth of the information contained in" a document to rebut allegations in a complaint on a motion to dismiss.  403 F. Supp. 3d 765, 777 (N.D. Cal. 2019).

**Exhibits 5-7**.  Plaintiff concedes that he is the author of the tweets contained in Exhibits 5-7.  Response at 3.  Accordingly, because it is beyond reasonable dispute that Plaintiff made the statements contained in the tweets, this Court may take notice of the existence of them.  *See Shenwick*, 282 F. Supp. 3d at 1122-23.

Moreover, that Exhibits 4-7 do not appear in the 4AC as Plaintiff argues, Response at 3, is irrelevant to judicial notice, because the Tesla Defendants do not seek incorporation by reference of

these exhibits.   Plaintiff misstates and conflates the standards governing judicial notice and incorporation by reference by asserting that this Court may take judicial notice of an exhibit only if "the complaint necessarily relies" upon it or "alleges the contents of the document."  Response at 2. That, however, is the standard for incorporation by reference, not at issue for these exhibits.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).   Judicial notice does not depend on the allegations in Plaintiff's complaint, but is appropriate for any fact "not subject to reasonable dispute."  Fed. R. Evid. 201.

## II.  CONCLUSION

For all of the reasons above, this Court should grant Tesla Defendants' RJN and incorporate by reference and/or take judicial notice of Exhibits 1-7.

DATED:  December 23, 2021                          QUINN EMANUEL URQUHART &
                                                                        SULLIVAN, LLP


                                                                 By  */S/ Michael T. Lifrak*
                                                                        Michael T. Lifrak