QUINN EMANUEL URQUHART & SULLIVAN, LLP
Michael T. Lifrak (Bar No. 232430)
michaellifrak@quinnemanuel.com
Jeanine Zalduendo (Bar No. 243374)
jeaninezalduendo@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:     (213) 443-3000
Facsimile:      (213) 443-3100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (*pro hac vice forthcoming*)
alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:     (213) 849-7000
Facsimile:      (213) 849-7100

Attorneys for Defendants
TESLA, INC. and ELON MUSK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON GREENSPAN, <br><br> Plaintiff, <br><br> vs. <br><br> OMAR QAZI, SMICK ENTERPRISES, INC., ELON MUSK, and TESLA, INC., <br><br> Defendants. | Case No. 3:20-cv-03426-JD <br><br> **TESLA DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT** <br><br> Trial Date:  None set <br> Date Action Filed:  May 20, 2020 |

Defendants Tesla, Inc. and Elon Musk ("Tesla Defendants") respectfully submit this response to Plaintiff's Request for Judicial Notice (ECF No. 150, "RJN") filed in support of Plaintiff's Opposition to Tesla Defendants' Motions to Dismiss Plaintiff's Fourth Amended Complaint (ECF No. 147, the "Opposition").

## I.  ARGUMENT

### A.  The Court Should Reject Plaintiff's Attempt to Amend the 4AC Via the RJN.

Plaintiff uses the RJN as a vehicle to further amend the Fourth Amended Complaint ("4AC") with new information not previously alleged. Plaintiff's backdoor attempt to expand the pleadings is plainly impermissible, and would not salvage his complaint even if allowed.

Plaintiff argues that thirteen of the twenty exhibits for which he seeks judicial notice did not exist or could not be accessed previously, and thus were not alleged in the 4AC. *See* RJN Exs. B-G, J-L, and O-R. But Plaintiff's excuse for presenting new information does not make it proper. "In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998); *Remington v. Mathson*, 42 F. Supp. 3d 1256, 1278 n.3 (N.D. Cal. 2012) (same); *see also* Fed. R. Civ. P. 15(a). It follows that "courts are not permitted to take judicial notice of facts to fill in gaps in pleadings." *Winkle v. Loranger*, No. 3:14-CV-020, 2014 WL 1884324, at *2 (S.D. Ohio May 9, 2014).

Specifically, Plaintiff seeks to use each of these Exhibits to establish facts that substantiate the conclusory allegations in the 4AC. For example, in Plaintiff's Opposition, Plaintiff relies on numerous recent news articles as evidence that certain of Tesla Defendants' prior statements were false or misleading when made, and that Tesla Defendants acted with scienter. *See, e.g.,* Opp'n at 10 (asserting that new Exhibit L article demonstrates that Tesla Defendants' autopilot statements were false because Defendant Musk is "a habitual liar"); and Opp'n at 12 (asserting that new Exhibit R article demonstrates scienter because "Defendant Tesla had to abandon its interest in a Mexican mine in Sonora due to issues involving drug cartels, among others."). At bottom, Plaintiff's exhibits

are an improper attempt to do an end-around this Court's denial of his motion seeking leave to file a fifth amended complaint. The Court should reject it.[1]

### B. This Court May Not Take Judicial Notice of the Matters Asserted in Exhibits B Through R.

Separate from Plaintiff's attempt to introduce new information, most of the documents subject to the RJN are not proper topics of judicial notice. Judicial notice is only appropriate for facts that are widely known and beyond reasonable dispute, *see* Fed. R. Evid. 201, but Plaintiff instead seeks notice of various documents, which do not otherwise meet the "widely known and beyond reasonable dispute" standard, for the truth of the matters asserted therein. Ninth Circuit law applying Rule 201 clearly forecloses this attempt, and the Court should accordingly refuse Plaintiff's request to take judicial notice of the matters asserted in Exhibits B through R. *See United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (noting the "existence" of certain documents referred to and relied on in the complaint, but refusing to, "on the basis of these reports, draw inferences or take notice of facts that might reasonably be disputed.").

Plaintiff 's RJN does not address the requirements of Rule 201, but instead asserts that his requests are proper because the Tesla Defendants have argued that Twitter posts are "properly subject to judicial notice." RJN at 3.[2] Plaintiff misconstrues the basis upon which Tesla Defendants have done so. Tesla Defendants seek judicial notice of certain Twitter posts and other exhibits only to "indicate what was in the public realm at the time, *not [to show] whether the contents of those [documents] were in fact true.*" Tesla Defendants' Request for Consideration of Documents Incorporated by Reference and for Judicial Notice ("Tesla RJN") at 4 (emphasis added). Plaintiff, on the other hand, seeks judicial notice not of the fact that certain statements were made, but of the truth of the matters asserted in those statements. That effort is clearly improper. "Courts may take

---

[1] Even if Plaintiff was granted the ability to file another amended complaint to allege the new facts he presents in his Opposition and RJN, such facts do not advance his claims. As exemplified by the Opposition's description of RJN Exhibits L and R above, these new facts are analogous to those deemed by this Court to be "entirely too vague and speculative to support an allegation of securities fraud." ECF No. 125 at 11.

[2] Curiously, despite relying on Tesla Defendants' argument with regard to Twitter posts, Plaintiff simultaneously objects to Tesla Defendants' request to notice these exhibits as improper. ECF No. 151 at 3-4.

judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (internal quotations and citation omitted); *see also City of Sunrise Firefighters' Pension Fund v. Oracle Corp.*, No. 18-CV-04844-BLF, 2019 WL 6877195, at *23 (N.D. Cal. Dec. 17, 2019) (refusing to take judicial notice of facts asserted in documents at motion to dismiss stage in securities fraud case, since "it would be improper to take notice of facts that might reasonably be disputed, or to draw inferences from such documents").

Exhibits B through R cannot be properly noticed for this reason. As discussed above, Plaintiff cites these exhibits seeking to establish facts and state claims based on the truth of the information contained therein. For example, Plaintiff relies on purported Tesla internal documents revealed by disgruntled former employees (Exhibit H) to establish that Tesla did not "disclose $197,835,756.89 worth of scrapped parts to investors" as a material omission to Tesla's 2018 quarter 3 10-Q. Opp'n at 10; *see also* 4AC at 64:9-11. Likewise, Plaintiff argues that Defendant Musk's scienter as to the statements at issue in this case is somehow revealed by correspondence between the SEC and Tesla regarding an unrelated matter (Exhibit M). Opp'n at 11; *see also* 4AC at ¶¶ 248-249. And Plaintiff relies on Panasonic's March 2020 Department of Labor forms (Exhibit N) to establish that Tesla Defendants' prior statements regarding the origin of solar roof panels were false. Opp'n at 10; *see also* 4AC at 60:13-17. Tesla Defendants dispute the matters contained in of all of these exhibits, and for that reason they cannot be noticed. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("[A] court cannot take judicial notice of disputed facts contained in such public records."). This Court should accordingly decline Plaintiff's request for judicial notice of Exhibits B-R for the truth of the mattes contained therein.

**C. Plaintiff's Request for Judicial Notice Exceeds the Court's Stated Parameters.**

While it is true that the Court has permitted Plaintiff to file a request for judicial notice with his Opposition, the Court's directive was not a blanket approval as to all types of information that Plaintiff might seek to have noticed. *See* ECF No. 130 at 3. Rather, it was specifically limited to "SEC filings and other documents that may be *properly considered* for the securities allegations." *Id.* (emphasis added). As described above, however, the majority of Plaintiff's proposed RJN

exhibits are not of the type that can be properly considered for judicial notice, and thus not subject to the Court's directive. Nonetheless, even if the Court were to accept all of these RJN exhibits for the truth of the matters they contain, Plaintiff's 4AC remains fatally flawed for the many reasons described in Tesla Defendants' Motion to Dismiss the Fourth Amended Complaint. *See* ECF No. 143.

## II. CONCLUSION

For the reasons discussed above, the Tesla Defendants respectfully request that this Court deny Plaintiff's RJN as to Exhibits B through R.

DATED: December 23, 2021

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */S/ Michael T. Lifrak*
      Michael T. Lifrak