1

Aaron Greenspan (*Pro Se*)
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

2

3

4

5

6

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

7

8

9

AARON GREENSPAN,

10

    Plaintiff,

11

      v.

12

13

OMAR QAZI, SMICK ENTERPRISES, INC.,
ELON MUSK, and TESLA, INC.,

14

    Defendants.

15

Case No. 3:20-cv-03426-JD

**PLAINTIFF'S MOTION TO
PARTIALLY LIFT PSLRA
DISCOVERY STAY PERTAINING
TO FEDERAL, STATE AND
INTERNATIONAL
INVESTIGATIONS OF
DEFENDANTS ELON MUSK AND
TESLA, INC.**

Time:      10:00 A.M.
Date:      May 12, 2022
Courtroom:  11, 19th Floor

Judge: Hon. James Donato
4AC Filed: August 13, 2021

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on May 12, 2022 at 10:00 A.M., or as soon thereafter as the matter may be heard, in the above-titled Court, in Courtroom 11, 19th Floor, located at 450 Golden Gate Avenue, San Francisco, CA 94102—or in the alternative, via digital videoconference pursuant to this Court's General Order 78—Plaintiff Aaron Greenspan ("Plaintiff") will and hereby does move the Court for an Order lifting the Private Securities Litigation Reform Act ("PSLRA") discovery stay in this case as it pertains to federal, state and international investigations of Defendants Elon Musk and Tesla, Inc. (together, "Tesla Defendants").

The Court should grant Plaintiff's motion because Plaintiff has been unduly prejudiced by the PSLRA discovery stay, and because lifting the stay subject to the narrow parameters described herein would not place any additional burden on Defendants.

This motion is based on this notice of motion and motion, the supporting memorandum of points and authorities, the pleadings and other papers on file in this action, and any other evidence that may be offered at a hearing if necessary.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Tesla Defendants are under investigation by a number of federal, state and international authorities, including but not limited to the United States Securities and Exchange Commission ("SEC"), the United States Department of Justice ("DOJ"), the Federal Trade Commission, the National Highway Traffic Safety Administration, the National Transportation Safety Board, the California Department of Motor Vehicles, the Federal Republic of Germany's Kraftfahrt-Bundesamt, and various regulators in the People's Republic of China. These investigations have multiplied since the Court affirmed the PSLRA discovery stay in this case on August 7, 2020,

almost two years ago.[1]  As part of these investigations, Defendants have responded to subpoenas and various other document requests from authorities.  Plaintiff is entitled to the documents comprising such requests and the responses thereto, despite the PSLRA discovery stay in this case.

The PSLRA discovery stay has already unduly prejudiced Plaintiff.  The power imbalance between the sides in this case could not be starker.  Plaintiff is a *pro se* litigant who lost money by correctly wagering that Tesla, Inc. was overvalued starting in 2018.  Defendant Elon Musk is reportedly the richest man on Earth who, having spent billions of dollars he "earned" committing securities fraud, is now also the largest shareholder of Twitter, Inc., the company whose social media platform he used to libel, bully and harass Plaintiff among numerous other critics.  Plaintiff's inability to access documents through the typical discovery process—for reasons explicitly directed at everyone *except pro se* litigants—has severely compounded the severe disadvantage he was already at coming into this litigation.  ECF No. 60.

Plaintiff seeks particularized discovery from June 1, 2018 to present regarding subpoenas, document requests and deposition testimony involving Tesla Defendants and the aforementioned government agencies and any other agency not already disclosed by Tesla Defendants as having opened a formal investigation.[2]  The government investigations at issue are directly related to both the securities and libel claims in this action.  The discovery process for those investigations is already complete.  Tesla Defendants would simply need to provide the same limited digital information to Plaintiff that it has already provided to the federal government, the State of California, and authorities abroad.  Notably, Tesla Defendants have

---

[1] The SEC has subpoenaed Defendant Musk with such frequency that according to one of Defendant Musk's recent court filings, "Improper purposes are evident here and the SEC's pursuit of Mr. Musk has crossed the line into harassment." *United States Securities and Exchange Commission v. Musk*, Case No. 1:18-cv-08865-AJN, ECF No. 71 at 17 (S.D.N.Y. March 8, 2022).

[2] While Plaintiff attempted to discuss his specific requests with counsel for Tesla Defendants, counsel (both old and new) refused to respond, even after multiple attempts, until Plaintiff pointed out their violation of the Guidelines for Professional Conduct for the Northern District of California, and of this Court's Order to abide by them.  ECF No. 72.

already provided much of this information to plaintiffs in other lawsuits, further compounding the number of ways in which Plaintiff here is at a profound disadvantage.

## II.    STATEMENT OF ISSUES

The main issue raised by this motion is whether the PSLRA discovery stay should be lifted so that Defendants can be compelled to hand over limited discovery materials pertaining to government investigations.

## III.    FACTUAL BACKGROUND

The initial Complaint in this case was filed on May 20, 2020.  ECF No. 1.  The First Amended Complaint was filed on July 2, 2020.  ECF No. 20.  Citing no precedent, the Court ordered that a PSLRA discovery stay would govern the case on August 7, 2020.  ECF No. 63. With the consent of the parties, the Second Amended Complaint was filed on August 26, 2020. ECF No. 70.  On January 15, 2021, the Court granted leave for Plaintiff to lodge a Third Supplemental and Amended Complaint, which was filed on February 12, 2021.  ECF No. 103. On June 23, 2021, the Court issued its first substantive ruling on some of Plaintiff's claims, granting leave to amend.  ECF No. 125.  Plaintiff's Fourth Amended Complaint was timely filed on August 13, 2021.  ECF No. 131.  Motions to dismiss the Fourth Amended Complaint are currently pending.  ECF Nos. 143, 144.

Defendant Tesla, Inc. ("Tesla") disclosed a number of formal investigations in its most recent SEC Form 10-K filed February 7, 2022 on pages 91-92.  In addition, as of February 21, 2022, Defendant Musk has attempted to challenge subpoenas issued by the SEC to him and to Defendant Tesla, Inc. in the Southern District of New York, Case No. 1:18-cv-08865-AJN.  The SEC subpoenas at issue were filed with that court under seal as Documents 71-1 and 71-2.

Tesla's financial position is precarious.  While its high stock price has convinced many that the company and its founder are invincible, in reality Tesla is highly dependent on its factory in Shanghai, China to have any chance of turning a legitimate profit not engineered through accounting tricks and one-time sales of regulatory credits.  That factory has just now entered its second week of mandated shutdown due to COVID-19.  Even were the factory consistently

operational, Tesla is subject to complex loan agreements ultimately enforced by the Chinese Communist Party ("CCP"), and the CCP—already vocal about its displeasure with Tesla—could seize Tesla's factory at any time.  Tesla does not disclose how much of its cash holdings are actually restricted cash holdings that cannot leave China.  In addition, Tesla Defendants face considerable legal liability for harassment, racist conduct, service problems, and other violations of law in hundreds of active lawsuits, with more filed almost every day; and Musk's SpaceX venture is facing an existential crisis.

## IV.    ARGUMENT

### A.    The Court Must Partially Lift The PSLRA Discovery Stay And Permit Limited Discovery From Government Investigations Into Tesla Defendants

Pursuant to the PSLRA, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss."  15 U.S.C. § 78u-4(b)(3)(B).  Nonetheless, courts have statutory authority to lift the stay for the purpose of conducting limited discovery "upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."  *Id*.  This authority exists because Congress did not intend the PSLRA's stay to apply to cases where fraud is apparent, where discovery materials are necessary to make informed decisions about litigation strategy relative to plaintiffs in related cases, or when the requested materials have already been assembled.  *In re Metropolitan Sec. Litig.*, Case No. 2:04-cv-00025-FVS, at *3 (E.D. Wash. Mar. 31, 2005).  Congress also did not intend the PSLRA's stay to apply to *pro se* plaintiffs.

Plaintiff requests limited discovery: documents and transcripts that have already been produced in government investigations arising out of the same facts as this action.  Plaintiff's request meets the statutory requirements to lift the stay because the requested discovery is particularized; because it is necessary to prevent further undue prejudice to Plaintiff; and because Defendants will not be unduly burdened by handing over materials they have already compiled.

Notably, much of the misconduct being investigated by the SEC in particular overlaps directly with the allegations of securities fraud in this case.  This is exactly the type of circumstance that Congress envisioned as qualifying as exempt from a PSLRA discovery stay.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### B.     Plaintiff's Requests Are Particularized

The discovery Plaintiff seeks is "particularized," in line with the statutory exception to the automatic stay in the PSLRA.  15 U.S.C. § 78u-4(b)(3)(B).  This requirement means that the party seeking discovery under the exception must not make a blanket request, but rather must "adequately specify the target of the requested discovery and the types of information needed to relieve that burden."  *In re Asyst Techs., Inc. Derivative Litig.*, Case No. 3:06-cv-04669-EDL, at *1 (N.D. Cal. Apr. 3, 2008) (affirming that limited discovery of documents produced to SEC and DOJ was "sufficiently particularized and not unduly burdensome").  A request for "materials that have been produced already and which will be produced" in related actions is particularized under the PSLRA.  *N.Y. State Teachers' Ret. Sys. v. Gen. Motors Co.*, Case No. 4:14-cv-11191-LVP-MKM, at *3 (E.D. Mich. April 8, 2015).

A "particularized" request is one that is "limited solely to relevant materials that have already been produced in other proceedings," which may include government investigations. *Pension Tr. Fund for Operating Eng'rs v. Assisted Living Concepts, Inc.*, 943 F. Supp. 2d 913, 915 (E.D. Wis. 2013).  *See also Waldman v. Wachovia Corp.*, Case No. 1:08-cv-02913-SAS, 2009 WL 86763, at *1 (S.D.N.Y. Jan 12, 2009) ("It is undisputed that the discovery plaintiffs request is sufficiently particularized, as it is limited to a set of documents already provided to state and federal regulators.").

Here, Plaintiff is simply requesting documents that Tesla Defendants have already produced in various investigations, which together comprise a "clearly defined universe of documents" required for lifting the stay.  *In Re Royal Ahold N.V.*, 220 F.R.D. 246, 250 (D. Maryland 2004).  Plaintiff's request to Tesla Defendants further specifies the exact topics defining that universe: Tesla Defendants' securities law violations, interactions with Twitter, Inc., autonomous vehicles, and "deliveries" metrics, all of which are "fully consistent with the allegations and claims set forth in" the Fourth Amended Complaint.  *In re Massey Energy Co. Sec. Litig.*, Case No. 5:10-cv-00689, at *5 (S.D. W. Va. Sept 28, 2011).  Accordingly, the

requirement that Plaintiff's request be "particularized" has indisputably been met, and in fact, Tesla Defendants did not dispute this in their communications with Plaintiff.

### C.   Enforcing the Stay Will Further Unduly Prejudice Plaintiff

While this litigation has proceeded for nearly two years without a final ruling on Defendants' serial motions to dismiss, Plaintiff has fallen further and further behind on the facts of what has actually been transpiring at Defendant Tesla, especially relative to other plaintiffs with access to discovery. This has harmed Plaintiff's ability to pursue appropriate litigation strategies and even to hire competent counsel, in order to convince prospective attorneys of the merit of Plaintiff's claims. Put simply, Plaintiff has been unduly prejudiced by the PSLRA.

Undue prejudice is defined as "'improper or unfair detriment' and requires 'something less than "irreparable harm."'" *In re China Intelligent Lighting & Elecs., Inc. Sec. Litig.*, 2012 WL 538267, at *2 (C.D. Cal. Feb. 14, 2012); *see also Hufnagle v. Rino Int'l Corp.*, 2011 WL 2650755, at *1 (C.D. Cal. July 6, 2011). Plaintiff will continue to suffer undue prejudice without access to the discovery materials described above, which Tesla Defendants do not even dispute are "particularized."

The PSLRA "by its terms does not carve out specific types of actions which will be exempt from the stay," but "the 'undue prejudice' exception contemplates an analysis of the facts and circumstances surrounding a request for an exception to the mandated discovery stay..." *Med. Imaging Ctrs. of Am., Inc. v. Lichtenstein*, 917 F. Supp. 717, 721 (S.D. Cal. 1996); *see also In re Williams Sec. Litig.*, 2003 WL 22013464, at *2 (N.D. Oklahoma May 22, 2003).

Ninth Circuit courts, including the Western District of Washington just a few weeks ago, have held that plaintiffs are unduly prejudiced in cases such as this one, where maintaining a PSLRA discovery stay alongside parallel litigation serves no actual purpose. *Courter v. CytoDyn, Inc.*, Case No. 3:21-cv-05190-BHS (W.D. Wash. March 3, 2022). "Maintaining the discovery stay as to materials already provided to other entities and plaintiffs does not further the policies behind the PLSRA." *Daniel Turocy v. El Pollo Loco Holdings, Inc.*, Case No. 8:15-cv-01343-DOC-KES, at 3 (C.D. Cal. May 10, 2017). Maintaining a pointless stay means that

Plaintiff "would be limited in [his] ability to make informed litigation choices" because "as the [other] litigation progresses, the court in that matter may make findings or holdings that affect the instant case." *Id*. at *1-2; *see also id*. (lifting stay because "[p]laintiffs would be unduly disadvantaged by being unable to discover" documents promptly that were produced in a related action, hindering their ability to make informed litigation choices); *In re Metro. Sec. Litig.*, *supra*, at *3 (lifting stay because related civil and criminal actions involving the same defendants were proceeding). Notably, *In re Tesla Inc. Securities Litigation*, Case No. 3:18-cv-04865-EMC in this Court, has been charging ahead, while Plaintiff remains stuck. So too with *United States Securities and Exchange Commission v. Musk*, Case No. 1:18-cv-08865-AJN in the Southern District of New York. It is not an exaggeration to state that on a daily basis, the litigation around Tesla Defendants constitutes a "rapidly shifting landscape" where Plaintiff is "the only major interested party ... without access to documents that form the core of those proceedings." *In re WorldCom, Inc. Sec. Litig*. 234 F. Supp. 2d at 305. As the court in *Waldman* noted:

> "[P]laintiffs must determine whether to continue with this case despite the settlement reached between defendants and the SEC... The unavailability of the documents plaintiffs have requested places a burden on their ability to make that determination. In balancing the burden to defendants against the potential prejudice to plaintiffs, the balance favors plaintiffs, based on the lack of any cost to defendants to produce those documents and plaintiffs' unusual need for an early review of crucial records."

2009 WL 86763, at *2. "Discovery is moving apace in parallel litigation. Without access to documents produced in these other proceedings, plaintiffs in these cases will be unduly prejudiced and will be less able to make informed decisions about litigation strategy." *In re Bank of America Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*, Case No. 1:09-md-02058-PKC, at 5 (S.D.N.Y. Nov. 16, 2009). Similarly, in *In re LaBranche Securities Litigation*, "the SEC and NYSE investigated and [were] continuing to investigate the precise schemes alleged by [l]ead [p]laintiffs in the Complaint." 333 F. Supp. 2d 178, 183 (S.D.N.Y. 2004). There, the court also partially lifted the stay given the undue prejudice to the plaintiffs. *Id*. at 183-84.5.

Here, Tesla Defendants are or have been defendants in nearly 1,500 civil actions, many filed by government entities and of which hundreds are still pending, that are not presently subject to the PSLRA stay (in some cases because the PSLRA does not apply in state court). Defendant Musk and other current and former Tesla employees have provided sworn testimony before the SEC as part of multiple SEC investigations and civil actions. Several derivative actions are also pending in Delaware. The investigations relate to the same or substantially similar set of facts as this action, including nearly identical relevant time periods. For all these reasons, denying Plaintiff access to the discovery will unduly prejudice Plaintiff and could threaten a successful recovery if Plaintiff is forced to litigate at a competitive disadvantage. *Turocy*, *supra*, at *1-2 ("Plaintiffs . . . would be unduly disadvantaged in pursuing litigation and settlement without discovery of the documents already made available to the derivative plaintiffs."); *WorldCom*, *supra*, 234 F. Supp. 2d at 305 (plaintiffs "would essentially be the only major interested party in the criminal and civil proceedings against [defendant] without access to documents that currently form the core of those proceedings"). That Plaintiff will continue to suffer undue prejudice if the discovery stay is maintained is incontrovertible.

### D. Tesla Defendants Cannot Claim To Be Burdened By The Act Of Turning Over Documents They Have Already Compiled For The Government

Plaintiff's request for a limited universe of discovery documents that Tesla Defendants have already produced for various government investigations will not unduly burden Tesla Defendants. "Defendants cannot ... argue that they would be burdened by providing [p]laintiffs with the [documents], which they have already reviewed and compiled." *Turocy*, *supra*, at *2; *see also In re Firstenergy Corp. Sec. Litig.*, 229 F.R.D. 541, 545 (N.D. Ohio 2004); *see also In re Enron Corp. Sec., Derivative & "Erisa" Litig.*, Case No. 4:01-cv-03624, 2002 WL 31845114, at *2 (S.D. Tex. Aug. 16, 2002) (holding that the burden of producing pre-compiled documents was "slight" and noting the irony of "keeping [pre-compiled discovery materials] from a party because of the strictures of a statute designed to prevent discovery abuse").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### E.      Elon Musk's Businesses Are A House Of Cards Built On Fraud

Defendant Musk is a busy man.  While he is opening a new factory for Defendant Tesla in Texas—the company's new headquarters ever since it became apparent that as the richest man on Earth, he might have to pay substantial taxes in California—his existing factory in Shanghai is shut down due to COVID-19 restrictions that he cannot protest as "fascist" (as he did in California) because of the risk that the CCP could, in fact, spontaneously seize all of Tesla's assets in the country.  Meanwhile, according to publicly available reporting, Defendant Musk says that his SpaceX venture is at risk of "bankruptcy" because of a "crisis" involving the Raptor 2 rocket engine.  *See* "Starship engine 'crisis' poses possible bankruptcy risk for SpaceX, Elon Musk says: report," https://www.space.com/starship-engine-crisis-spacex-elon-musk.  Defendant Tesla and SpaceX are now and have always been joined at the hip, both through financial arrangements, shared personnel, shared hardware and software infrastructure, related-party transactions, and at least one shared secret domain name that Defendant Musk can use to evade regulatory scrutiny.

This is all to say that at any moment, the house of cards could come crashing down, in which case the PSLRA discovery stay would need to be lifted anyway.  "Courts may consider other factors, such as the defendants' financial state, settlement negotiations, case management, and the effect of delay in determining whether to lift the discovery stay."  *In re Bank of America Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*, *supra*, at 4.  "Moreover, as Plaintiffs highlight, if CytoDyn files for bankruptcy while Defendants' motion to dismiss is pending, Plaintiffs will be required to obtain stay modifications in this Court and in the bankruptcy proceeding."  *Courter v. CytoDyn, Inc.*, *supra*, at *3.

### F.      This Court's Prior Electronic Order On The PSLRA Discovery Stay Cited No Precedent And Does Not Further The Purpose Of The Statute

On August 7, 2020, this Court ruled that, "The motion to lift discovery stay, Dkt. No. [60], is denied.  A stay on discovery will continue pending an order on the motion to dismiss, Dkt. No. [56].  Signed by Judge James Donato on 8/7/2020."  This was the entirety of the Order,

---

PLAINTIFF'S MOTION TO PARTIALLY LIFT          9                    3:20-cv-03426-JD
PSLRA DISCOVERY STAY PERTAINING TO
GOVERNMENT INVESTIGATIONS

which contained no legal argument, and importantly, no citation to precedent of any sort within the Ninth Circuit or otherwise.

Plaintiff has already put forth argument to the Court, citing the Congressional record, about why targeting a PSLRA discovery stay at a *pro se* plaintiff makes no sense.  ECF No. 60. But without belaboring that point, it is senseless for another reason, which is that there can be no abusive and burdensome discovery when the discovery is already complete, as is the situation here.  *Courter v. CytoDyn, Inc.*, *supra*.

That discovery is complete specifically because the federal government has already charged the defendants involved with securities fraud makes the imposition and maintenance of a discovery stay that much more unjust.  *See*, e.g., *In re Delphi Corp.*, 2007 WL 518626, at *8 (plaintiffs' claims were not frivolous because of parallel SEC action).  *See also In re Metro. Sec. Litig.*, *supra*, at *3.

## G.    Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court partially lift the PSLRA discovery stay subject to the aforementioned parameters, or in full.


Dated: April 7, 2022                          Respectfully submitted,



Aaron Greenspan
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org