QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Michael T. Lifrak (Bar No. 232430)
  michaellifrak@quinnemanuel.com
  Jeanine Zalduendo (Bar No. 243374)
  jeaninezalduendo@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Alex Spiro (*pro hac vice forthcoming*)
  alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:     (213) 849-7000
Facsimile:     (213) 849-7100

*Attorneys for Defendants*
*TESLA, INC. and ELON MUSK*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON GREENSPAN,<br><br>                 Plaintiff,<br><br>          v.<br><br>OMAR QAZI, SMICK ENTERPRISES, INC.,<br>ELON MUSK, and TESLA, INC.,<br><br>                 Defendants. | Case No. 3:20-cv-03426-JD<br><br>**DEFENDANTS ELON MUSK'S AND TESLA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO LIFT PSLRA DISCOVERY STAY**<br><br>Hearing:      May 12, 2022<br>Time:         10:00 A.M.<br>Courtroom:  11, 19th Floor |

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................1

BACKGROUND .....................................................................................................................2

LEGAL STANDARD ..............................................................................................................3

I.    PLAINTIFF HAS FAILED TO SATISFY ANY OF THE REQUIREMENTS FOR
      RECONSIDERATION OF THE COURT'S PRIOR ORDER .............................................4

II.   THERE ARE NO "EXCEPTIONAL CIRCUMSTANCES" JUSTIFYING
      LIFTING THE DISCOVERY STAY ...................................................................................5

      A.    Plaintiff Fails To Demonstrate Undue Burden ...........................................................5

      B.    Plaintiff's Discovery Requests Are Not Particularized ..............................................8

      C.    Plaintiff's Expansive Discovery Requests Would Impose A Significant
            Burden On Defendants ...............................................................................................10

      D.    Plaintiff's Cases Are Inapposite ...............................................................................12

CONCLUSION .......................................................................................................................13

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

## <u>Cases</u>

4

*389 Orange Street Partners v. Arnold,*
    179 F.3d 656 (9th Cir. 1999) ..................................................................................... 3

5

*In re Am. Funds Sec. Litig.,*
6   493 F. Supp. 2d 1103 (C.D. Cal. 2007) ............................................................... 7, 11

7

*In re AOL Time Warner, Inc. Sec.,*
    2003 WL 21729842 (S.D.N.Y. July 25, 2003) ......................................................... 11

8

*In re Asyst Techs., Inc. Derivative Litig.,*
9   2008 WL 916883 (N.D. Cal. Apr. 3, 2008) .......................................................... 7, 12

10

*Avila v. LifeLock Inc.,*
    2016 WL 7799624 (D. Ariz. Apr. 22, 2016) .............................................................. 7

11

*In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.,*
12   2009 WL 4796169 (S.D.N.Y. Nov. 16, 2009) ......................................................... 13

13

*Benbow v. Aspen Tech., Inc.*
    2003 WL 1873910 (E.D. La. Apr. 11, 2003) ............................................................. 9

14

*Botton v. Ness Techs. Inc.,*
15   2011 WL 3438705 (D.N.J. Aug. 4, 2011) ............................................................ 8, 10

16

*In re Carnegie Int'l Corp. Secs. Lit.,*
    107 F. Supp. 2d 676 (D. Md. 2000) ......................................................................... 10

17

*In re CFS-Related Secs. Fraud & Litig.,*
18   179 F. Supp. 2d 1260 (N.D. Okla. 2001) ................................................................. 10

19

*In re China Intelligent Lighting & Elecs., Inc. Sec. Litig.,*
    2012 WL 538267 (C.D. Cal. Feb. 14,  2012) ...................................................... 10, 13

20

*In re Countrywide Fin. Corp. Deriv. Litig.,*
21   542 F. Supp. 2d 1160 (C.D. Cal. 2008) ............................................................... 7, 11

22

*Courter v. CytoDyn, Inc.,*
    2022 WL 621535 (W.D. Wash. Mar. 3, 2022) ......................................................... 12

23

*Davis v. Duncan Energy Partners,*
24   801 F. Supp. 2d 589 (S.D. Tex. 2011) .................................................................... 8, 9

25

*In re Delphi Corp. Sec., Deriv. & ERISA Litig.,*
    2007 WL 518626 (E.D. Mich. Feb. 15, 2007) ......................................................... 12

26

*Dipple v. Odell,*
27   870 F. Supp. 2d 386 (E.D. Pa. 2012) ......................................................................... 9

28

*In re Dot Hill Sys. Corp. Sec. Litig.,*
　594 F. Supp. 2d 1150 (S.D. Cal. 2008) ................................................................. 12

*In re Enron Corp. Sec, Deriv. & ERISA Litig.,*
　2002 WL 31845114 (S.D. Tex. Aug. 16, 2002) ...................................................... 12

*In re Facebook, Inc. S'holder Derivative Priv. Litig.,*
　411 F. Supp. 3d 649 (N.D. Cal. 2019) ..................................................................... 7

*In re Fannie Mae Secs. Litig,*
　362 F. Supp. 2d 37 (D.D.C. 2005) ...................................................................... 3, 5

*Faulkner v. Verizon Communs., Inc.*
　156 F. Supp. 2d 384 (S.D.N.Y. 2001) ..................................................................... 3

*In re Finisar Corp. Derivative Litig.,*
　2012 WL 609835 (N.D. Cal. Feb. 24, 2012) ........................................................ 1, 5

*In re FirstEnergy Corp. Sec. Lit.,*
　229 F.R.D. 541 (N.D. Ohio 2004) .......................................................................... 13

*Goro v. Flowers Food Inc.,*
　2019 WL 6252499 (S.D. Cal. Nov. 22, 2019) ....................................................... 11

*Greenspan v. Qazi,*
　2021 WL 2577526 (N.D. Cal. June 23, 2021) ......................................................... 8

*Hallisey v. Zuckerberg,*
　2018 WL 3474172 (N.D. Cal. July 19, 2018) .......................................................... 7

*In re Heckmann Corp.,*
　2011 WL 10636718 (D. Del. Feb. 28, 2011) ........................................................... 8

*Herrley v. Frozen Food Exp. Indus., Inc.*
　2013 WL 4417699 (N.D. Tex. Aug. 19, 2013) ........................................................ 9

*Hufnagle v. Rino Int'l Corp.,*
　2011 WL 2650755 (C.D. Cal. July 6, 2011) .......................................................... 13

*Kona Enters., Inc. v. Estate of Bishop,*
　229 F.3d 877 (9th Cir. 2000) ................................................................................... 3

*In re LaBranche Sec. Litig.,*
　333 F. Supp. 2d 178 (S.D.N.Y. 2004) ................................................................... 12

*Malcolm Drilling Co., Inc. v. Davey Kent, Inc.,*
　2021 WL 6199635 (N.D. Cal. Mar. 26, 2021) ......................................................... 4

*In re Massey Energy Co. Sec. Litig.,*
　2011 WL 4528509 (S.D. W. Va. Sept. 28, 2011) .................................................. 13

*Med. Imaging Ctrs. of Am., Inc. v. Lichtenstein,*
　917 F. Supp. 717 (S.D. Cal. 1996) ....................................................................... 12

1   *Medhekar v. United States Dist. Ct.*,
       99 F.3d 325 (9th Cir. 1996) ........................................................................ 6
2

3   *Melzer v. CNET Networks, Inc.*,
       2006 WL 3716477 (N.D. Cal. Dec. 15, 2006) ...................................... 6, 8

4   *In re Metropolitan Securities Litigation*,
       2005 WL 940898 (E.D. Wash. Mar. 31, 2005) ........................................ 6
5

6   *In re MGM Mirage Sec. Litig.*,
       2012 WL 2367567 (D. Nev. June 21, 2012) .......................................... 10

7   *Moomjy v. HQ Sustainable Mar. Indus., Inc.*,
       2011 WL 4048792 (W.D. Wash. Sept. 12, 2011) .................................. 11
8

9   *N.Y. State Teachers' Ret. Sys. v. Gen. Motors Co.*,
       2015 WL 1565462 (E.D. Mich. Apr. 8, 2015) ...................................... 12

10  *NECA-IBEW Pension Tr. Fund v. Bank of Am. Corp.*,
       2011 WL 6844456 (S.D.N.Y. Dec. 29, 2011) .......................................... 5
11

12  *New York State Teacher's Ret. Sys. v. Fremont Gen. Corp.*,
       2009 WL 10675265 (C.D. Cal. Nov. 5, 2009) .......................................... 7

13  *In re Odyssey Healthcare, Inc. Sec. Litig.*,
       2005 WL 1539229 (N.D. Tex. June 10, 2005) .......................................... 5
14

15  *Pension Tr. Fund for Operating Eng'rs v. Assisted Living Concepts, Inc.*,
       943 F. Supp. 2d 913 (E.D. Wis. 2013) .................................................... 12

16  *Primo v. Pac. Biosciences of Cal., Inc.*,
       2013 WL 4482739 (N.D. Cal. Aug. 20, 2013) .......................................... 7
17

18  *Rampersad v. Deutsche Bank Sec. Inc.*,
       381 F. Supp. 2d 131 (S.D.N.Y. 2003) .................................................... 11

19  *Regents of Univ. of Cal. v. Fed. Emergency Mgmt. Agency*,
       2018 WL 10705313 (N.D. Cal. Apr. 10, 2018) ........................................ 4
20

21  *In re Royal Ahold N.V. Sec. & ERISA Litig.*,
       220 F.R.D. 246 (D. Md. 2004) ................................................................ 13

22  *SEC v. Musk*,
       Case No. 1:18-cv-08865-AJN (S.D.N.Y.) .............................................. 10
23

24  *SG Cowen Secs. Corp. v. United States Dist. Crt.*,
       189 F.3d 909 (9th Cir. 1999) .................................................. 1, 3, 5, 6, 13

25  *In re Smith Barney Transfer Agent Litig.*,
       2006 WL 1738078 (S.D.N.Y. June 26, 2006) ...................................... 5, 6
26

27  *In re Tesla Sec. Litig.*,
       Case No. 3:16-cv-04865-EMC (N.D. Cal.) .............................................. 10
28

*TravelPass Grp., LLC v. Caesars Entm't Corp.*,
   2020 WL 698538 (E.D. Tex. Jan. 16, 2020) ............................................................................ 11

*Turocy v. El Pollo Loco*,
   2017 WL 2495172 (C.D. Cal. May 10, 2017) ......................................................................... 13

*In re Tyco Int'l, Ltd., Sec. Litig.*,
   2000 WL 33654141 (D.N.H. July 27, 2000) ............................................................................. 9

*Verona Partners, LLC v. Tenet Capital Partners Convertible Opportunities Fund LP*,
   2006 WL 2669035 (N.D. Cal. Sept. 18, 2006) ......................................................................... 7

*In re Vivendi Universal S.A. Sec. Litig.*,
   381 F. Supp. 2d 129 (S.D.N.Y. 2003) .............................................................................. 6, 11

*Waldman v. Wachovia Corp.*,
   2009 WL 86763 (S.D.N.Y. Jan. 12, 2009) ............................................................................ 12

*In re Williams Sec. Litig.*,
   2003 WL 22013464 (N.D. Oklahoma May 22, 2003) ............................................................ 12

*Winer Fam. Tr. v. Queen*,
   2004 WL 350181 (E.D. Pa. Feb. 6, 2004) ............................................................................... 9

*In re WorldCom, Inc. Sec. Litig.*
   234 F. Supp. 2d 301 (S.D.N.Y. 2002) ..................................................................................... 6

*York v. Bank of America*,
   2016 WL 7033956 (N.D. Cal. Dec. 2, 2016) ........................................................................... 4

## **Rules / Statutes**

15 U.S.C. § 78u-4(b)(3) ................................................................................................................. 13

15 U.S.C. § 78u-4(b)(3)(B) .................................................................................................... 1, 3, 8

15 U.S.C.A. § 78u-4(a)(1) ............................................................................................................... 8

17 C.F.R. 240.10b-5 ........................................................................................................................ 2

Civil Local Rule 7-1(b) .................................................................................................................. 2

Civil Local Rule 7-9 ............................................................................................................ 1, 4, 9, 13

Civil Local Rule 7-9(a) .................................................................................................................. 4

Civil Local Rule 7-9(b) .................................................................................................................. 4

Civil Local Rule 7–9(c) .................................................................................................................. 4

S. Rep. No. 104-98 (1995) ............................................................................................................. 3

# PRELIMINARY STATEMENT

This is Plaintiff's second attempt to lift the discovery stay mandated by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The Court has previously—and correctly— denied Plaintiff's motion to lift the discovery stay. ECF No. 63. Plaintiff's *de facto* motion for reconsideration should be rejected for multiple, independent reasons.

*First*, Plaintiff has failed to comply with any of the requirements of Civil Local Rule 7-9, governing motions for reconsideration. This alone warrants denial of his motion.

*Second*, even if the Court is inclined to consider the merits of the motion, Plaintiff comes nowhere close to demonstrating that the stay is causing "undue prejudice." 15 U.S.C. § 78u-4(b)(3)(B). Plaintiff cannot credibly claim that he is being prejudiced by waiting for the Court's imminent motion to dismiss decision. He makes no claim—nor could he—of any risk of evidence spoliation, and his unsupported speculation that Defendants could become insolvent "at any moment" is contradicted by his own assertion that Mr. Musk is the "richest man on Earth," Mot. at 2, and Tesla is a "multi hundred-billion-dollar enterprise." ECF No. 60 at 1. In reality, Plaintiff's complaint is simply that he is being delayed in gaining discovery which he wants to use to bolster his pleading. But such delay "is inherent in every PSLRA-mandated discovery stay." *In re Finisar Corp. Derivative Litig.*, 2012 WL 609835, at *3 (N.D. Cal. Feb. 24, 2012). And "leave to conduct discovery so that [plaintiffs] might uncover facts sufficient to satisfy the Act's pleading requirements ... is not a permissible reason for lifting the discovery stay under the Act." *SG Cowen Secs. Corp. v. United States Dist. Crt.*, 189 F.3d 909, 912 (9th Cir. 1999).

*Finally,* even if the Court overlooks Plaintiff's violation of Civil Local Rule 7-9, and even if the Court believes there is undue prejudice in waiting for an imminent motion to dismiss decision, Plaintiff's discovery requests are far from "particularized." 15 U.S.C. § 78u-4(b)(3)(B). Plaintiff requests carte blanche access to "all documents produced and transcripts and videos of depositions taken" over an almost four-year period in an unspecified number of investigations before an indeterminate number of domestic and foreign agencies concerning topics as unbounded as "alleged and/or actual securities law violations." ECF No. 162-2 at 1-2. That is not particularized; it is exact opposite.

1    For all these reasons, and those discussed below, the Court should deny Plaintiff's motion.

2                                **BACKGROUND**

3    On May 20, 2020, Plaintiff filed a complaint asserting, *inter alia*, claims for violation of

4    Section 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5, 17 C.F.R.

5    240.10b-5.  ECF No. 1.  On August 3, 2020, Plaintiff filed an "Emergency Motion to Clarify

6    Applicability Of The PSLRA And, If Relevant, Lift the Discovery Stay."  ECF No. 60.  On

7    August 7, 2020, the Court denied the motion and held that "[a] stay on discovery will continue

8    pending an order on the motion to dismiss."  ECF No. 63.  Plaintiff did not seek leave to file a

9    motion for reconsideration.

10   Since then, despite *five* attempts to plead a viable claim, Plaintiff has failed to satisfy the

11   PSLRA's pleading requirements.  Rather, Plaintiff has mustered only a series of wildly speculative

12   and conspiratorial assertions, charging that the Tesla Defendants have engaged in multiple wide-

13   reaching schemes to defraud the investing public and to attack Plaintiff personally.   These

14   allegations do not satisfy Rule 8, much less the PSLRA's heightened standards.

15   The Court correctly dismissed each of Plaintiff's claims when it considered them in the

16   Third Amended Complaint, describing them as "merely conclusory," "well short of the mark," and

17   "entirely too vague and speculative to support an allegation of securities fraud."  ECF No. 125 at

18   8, 9, 11.  The Court granted Plaintiff leave to amend because "this [was] the Court's first order on

19   the adequacy of the complaint," but cautioned him that "[t]he massive complaints filed to date are

20   wholly inconsistent with Rule 8" and that further disregard for the Rule's requirements could

21   result in dismissal.  *Id.* at 21.

22   On August 13, 2021, Plaintiff filed a 73-page Fourth Amended Complaint.  ECF No. 131.

23   In it, Plaintiff recycles the very same allegations this Court found deficient, and fails to state a

24   claim for securities fraud or market manipulation.  The Tesla Defendants have moved to dismiss

25   the Fourth Amended Complaint with prejudice, and briefing was completed on December 23,

26   2021.  ECF Nos. 143, 157.  On January 5, 2022, the Court found the pending motions to dismiss

27   suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).

28

1    On April 7, 2022, presumably fearful that his latest complaint is about to be dismissed,

2  Plaintiff filed this motion again seeking to lift the PSLRA stay.  ECF No. 162.

3                                    **LEGAL STANDARD**

4    Because the Court denied Plaintiff's prior motion to lift the PSLRA discovery stay, ECF

5  Nos. 60, 63, the instant motion must be construed as a motion for reconsideration.

6  Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and

7  conservation of judicial resources."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th

8  Cir. 2000).  "[A] motion for reconsideration should not be granted, absent highly unusual

9  circumstances, unless the district court is presented with newly discovered evidence, committed

10  clear error, or if there is an intervening change in the controlling law."  *389 Orange Street*

11  *Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

12    The PSLRA provides that "all discovery and other proceedings [in private securities cases]

13  shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the

14  motion of any party that particularized discovery is necessary to preserve evidence or to prevent

15  undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B).  "[E]xceptional circumstances" must

16  exist to lift the stay.  *SG Cowen*, 189 F.3d at 911-12.  "The burden of establishing the need for a

17  partial lifting of the discovery stay, not surprisingly, is a heavy one."  *In re Fannie Mae Secs.*

18  *Litig,*, 362 F. Supp. 2d 37, 38 (D.D.C. 2005).

19    Congress intended that the stay be lifted only in rare circumstances.  "The sole example

20  proffered by Congress as to what justifies lifting the stay is 'the terminal illness of an important

21  witness,' which might 'necessitate the deposition of the witness prior to ruling on the motion to

22  dismiss.'"  *Faulkner v. Verizon Communs., Inc.*, 156 F. Supp. 2d 384, 402 (S.D.N.Y. 2001)

23  (quoting S. Rep. No. 104-98, at 14 (1995)).  This high standard "was intended to prevent

24  unnecessary imposition of discovery costs on defendants."  *SG Cowen*, 189 F.3d at 911.  The

25  entire purpose of the PSLRA's discovery stay was to prevent plaintiffs from utilizing discovery

26  "in the hopes of finding a sustainable claim not alleged in the complaint."  S. Rep. No. 104-98, at

27  14 (1998).

28

1

**ARGUMENT**

2   **I.    PLAINTIFF HAS FAILED TO SATISFY ANY OF THE REQUIREMENTS FOR**

3   **RECONSIDERATION OF THE COURT'S PRIOR ORDER**

4           Plaintiff's failure to observe Civil Local Rule 7-9 warrants the denial of his motion.  Under

5   Civil Local Rule 7-9(a), "no party may notice a motion for reconsideration without first obtaining

6   leave of Court to file the motion."  Plaintiff did not obtain the Court's leave to file the motion.

7   Nor has Plaintiff shown "reasonable diligence in bringing the motion."  Civil Local Rule 7-9(b).

8   "'Reasonable diligence' in bringing a motion for leave to file a motion for reconsideration requires

9   the party seeking reconsideration to bring its motion expeditiously."  *Malcolm Drilling Co., Inc. v.*

10  *Davey Kent, Inc.*, 2021 WL 6199635, at *1 (N.D. Cal. Mar. 26, 2021).  Plaintiff has not done so.

11  The Court denied Plaintiff's motion to lift the PSLRA discovery stay almost two years ago, on

12  August 7, 2020.  ECF No. 63.  Courts in this District have denied far shorter delays as

13  unreasonable.  *See, e.g., York v. Bank of America*, 2016 WL 7033956, at *1 (N.D. Cal. Dec. 2,

14  2016) (motion brought 35 days after order issued was "stale filing" submitted after "lengthy

15  delay"); *Regents of Univ. of Cal. v. Fed. Emergency Mgmt. Agency*, 2018 WL 10705313, at *1

16  (N.D. Cal. Apr. 10, 2018) (two-month delay not reasonably diligent).

17          In addition, Civil Local Rule 7-9(b) requires that a moving party "must specifically show"

18  either that "a material difference in fact or law exists from that which was presented to the Court,"

19  "the emergence of new material facts or a change of law" since the order, or "a manifest failure by

20  the Court to consider material facts or dispositive legal arguments."  Plaintiff has shown none of

21  these.  Plaintiff has not alleged that the Court overlooked any material facts or law, or that any

22  material new facts or law have since emerged.  Plaintiff instead rehashes the arguments he made

23  before, in violation of Civil Local Rule 7–9(c).  *Compare* ECF No. 60 at 6 ("The PSLRA's

24  discovery stay should not apply to documents already produced to the government and other

25  litigants."), *with* ECF No. 162 at 5 ("Plaintiff is simply requesting documents that Tesla

26  Defendants have already produced in various investigations.").

27          Because Plaintiff is seeking reconsideration of the Court's August 2020 Order but has

28  failed to comply with the requirements of Civil Local Rule 7-9, his motion should be denied.

## II.   THERE ARE NO "EXCEPTIONAL CIRCUMSTANCES" JUSTIFYING LIFTING THE DISCOVERY STAY

### A.   Plaintiff Fails To Demonstrate Undue Burden

Even if the Court is inclined to consider the merits of Plaintiff's motion, he does not come close to satisfying the "heavy" burden of lifting the stay. *Fannie Mae*, 362 F. Supp. 2d at 38. Plaintiff does not contend that lifting the stay is necessary to preserve evidence. Rather, Plaintiff's argument essentially boils down to a complaint that he is being delayed in obtaining discovery: "Plaintiff has fallen further and further behind on the facts of what has actually been transpiring at Defendant Tesla, especially relative to other plaintiffs with access to discovery. This has harmed Plaintiff's ability to pursue appropriate litigation strategies and even to hire competent counsel, in order to convince prospective attorneys of the merit of Plaintiff's claims." Mot. at 6. This does not constitute undue prejudice.

Numerous courts have held that the mere imposition of a delay in the discovery process is not sufficient to establish undue prejudice because "[t]he delay faced by plaintiffs 'is inherent in every PSLRA-mandated discovery stay.'" *Finisar*, 2012 WL 609835, at *3; *In re Smith Barney Transfer Agent Litig.*, 2006 WL 1738078 at *2 (S.D.N.Y. June 26, 2006) (accord); *In re Odyssey Healthcare, Inc. Sec. Litig.*, 2005 WL 1539229, at *2 (N.D. Tex. June 10, 2005) (accord). Indeed, Plaintiff's "argument, devoid of any specifics, can be used in virtually every case subject to the PSLRA and, if accepted, would create an exception that would swallow the PSLRA's automatic discovery stay." *NECA-IBEW Pension Tr. Fund v. Bank of Am. Corp.*, 2011 WL 6844456, at *3 (S.D.N.Y. Dec. 29, 2011). Plaintiff *chose* to assert federal securities claims that fall squarely within the PSLRA discovery stay. Had Plaintiff been able to state a cognizable claim, the parties would be in discovery. That Plaintiff has been delayed by his failure to do so is not undue prejudice, but the very purpose of the stay. *SG Cowen*, 189 F.3d at 911-12 (the discovery stay's purpose is "to prevent unnecessary imposition of discovery costs on defendants" and to ensure that complaints "stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed.").

Plaintiff's attempt to fit this case within the holding of *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301 (S.D.N.Y. 2002) is unavailing.  There, the court lifted the discovery stay to allow the plaintiffs "to make informed decisions" about whether to participate in settlements where they were competing with other plaintiffs to recover from insolvent defendants.  *Id.* at 305.  In contrast, Plaintiff here alleges that "Defendant Elon Musk is reportedly the richest man on Earth," Mot. at 2, and Defendant Tesla, Inc. is a "multi hundred-billion-dollar enterprise."  ECF No. 60 at 1.  Plaintiff's assertion that denying him discovery now "could threaten a successful recovery" is unsupported and contrary to his own allegations.  *See Smith Barney*, 2006 WL 1738078, at *2 (declining to lift the PSLRA stay and observing, "Plaintiffs offer no evidence that Defendants lack the resources needed to reach a settlement or to satisfy a judgment"); *In re Vivendi Universal S.A. Sec. Litig.*, 381 F. Supp. 2d 129, 130-131 (S.D.N.Y. 2003) (refusing to lift stay after finding "no evidence that plaintiffs face the same prospect, as in *WorldCom* ... that they would be left without remedy in light of settlement discussions or other intervening events, such as bankruptcy or attempt to take control over plaintiff by acquisition").[1]

Reading between the lines, it is apparent that Plaintiff's real purpose is to obtain discovery to bolster his complaint.  Despite already having five bites at the apple, Plaintiff is plainly concerned the Court will soon dismiss the Fourth Amended Complaint and would like to embark on a fishing expedition to try to state some—*any*—claim.  But "[t]his is not a permissible reason for lifting the discovery stay under the Act."  *SG Cowen*, 189 F.3d at 912.  "Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed."  *Medhekar v. United States Dist. Ct.*, 99 F.3d 325, 328 (9th Cir. 1996).  Accordingly, Courts in this District have repeatedly stated that the PSLRA's mandatory stay prohibits discovery for the purpose of pleading a viable complaint.[2]

---

[1] *In re Metropolitan Securities Litigation,* 2005 WL 940898 (E.D. Wash. Mar. 31, 2005)  is similarly inapposite.  The defendant there had declared bankruptcy and the requested documents were for purpose of evaluating settlement. *See id.* at *3.

[2] *See Melzer v. CNET Networks, Inc.*,  2006 WL 3716477, at *3 (N.D. Cal. Dec. 15, 2006) (rejecting request to lift the discovery stay to allow plaintiff to prepare an amended complaint,

That other plaintiffs are further along in their cases against Defendants because they managed to state a cognizable claim is irrelevant. Courts in this District and Circuit have consistently recognized that the mere existence of a purported "informational disadvantage" among various groups of private plaintiffs and investigative agencies does not constitute "undue prejudice" sufficient to justify lifting the PSLRA discovery stay. *See, e.g., In re Facebook, Inc. S'holder Derivative Priv. Litig.*, 411 F. Supp. 3d 649, 653 (N.D. Cal. 2019) (an "informational disadvantage ... does not justify lifting a PSLRA discovery stay").[3] In any event, Plaintiff's 73-page Fourth Amended Complaint—which includes a 16-page single-spaced chart littered with hyperlinks to external sources—makes clear the problem is not access to evidence; it is the absurdity of Plaintiff's conspiracy-laden allegations. *See* ECF No. 142 (Or.) ("As discussed in the order dismissing the third amended complaint, Dkt. No. 125 at 2, Greenspan has already filed hundreds of pages of pleadings in this case, and a total of five complaints.").

In short, Plaintiff has not come close to showing undue prejudice that would justify lifting the discovery stay. That Plaintiff has been delayed in obtaining discovery is the very purpose of

finding it to be "precisely the kind of request for discovery that ... *SG Cowen* denied."); *Verona Partners, LLC v. Tenet Capital Partners Convertible Opportunities Fund LP*, 2006 WL 2669035, at *13 (N.D. Cal. Sept. 18, 2006) (plaintiff must have evidence to support claims at time of filing).

[3] *See also Hallisey v. Zuckerberg*, 2018 WL 3474172, at *1 (N.D. Cal. July 19, 2018) (That documents have already been produced in other actions is insufficient; plaintiff must show undue prejudice); *Primo v. Pac. Biosciences of Cal., Inc.*, 2013 WL 4482739, at *4 (N.D. Cal. Aug. 20, 2013) (insufficient that plaintiffs "will be prejudiced without access to documents already produced to the plaintiffs in the State Action"); *In re Asyst Techs., Inc. Derivative Litig.*, 2008 WL 916883, at *2 (N.D. Cal. Apr. 3, 2008) ("Plaintiffs' argument that they need to be on an equal footing with other investigative agencies by obtaining documents already produced to those other agencies, without more, does not justify lifting the discovery stay."); *Avila v. LifeLock Inc.*, 2016 WL 7799624, at *2 (D. Ariz. Apr. 22, 2016) ("Many district courts in the Ninth Circuit have concluded … that the fact a defendant has produced documents to a governmental agency or other private parties in related lawsuits is, by itself, insufficient to constitute undue prejudice."); *New York State Teacher's Ret. Sys. v. Fremont Gen. Corp.*, 2009 WL 10675265, at *3 (C.D. Cal. Nov. 5, 2009) (plaintiff cannot obtain discovery to remedy complaint deficiencies, even where documents have already been produced in other proceedings); *In re Countrywide Fin. Corp. Deriv. Litig.*, 542 F. Supp. 2d 1160, 1180 n.29 (C.D. Cal. 2008) ("[T]he fact that discovery has commenced in other proceedings is insufficient, standing alone, to constitute 'undue prejudice.'"); *In re Am. Funds Sec. Litig.*, 493 F. Supp. 2d 1103, 1106 (C.D. Cal. 2007) ("Plaintiffs have not demonstrated how the PSLRA discovery stay prejudices them merely because the documents they seek have already been produced to a governmental agency.").

1   the stay.  Plaintiff is simply worried that the Court will imminently dismiss the case and, given his

2   obvious personal animus toward Defendants, wants permission to engage in a burdensome fishing

3   expedition to find *some* hook for his claims.  This is "precisely the kind of request for discovery

4   that ... *SG Cowen* denied." *Melzer*, 2006 WL 3716477, at *3.  The motion should be denied.[4]

### B.   Plaintiff's Discovery Requests Are Not Particularized

6        To lift the PSLRA's stay, the requested discovery must be "particularized."  15 U.S.C.

7   § 78u-4(b)(3)(B).   To be "particularized," a request must be "directed at specific persons,"

8   "sufficiently limit[] the type of documents," and "identify the '*specific types* of evidence that fall

9   within its scope.'" *In re Heckmann Corp.*, 2011 WL 10636718, at *4 (D. Del. Feb. 28, 2011)

10  (emphasis in original).  "Particularization requires a clearly defined universe of documents, and a

11  string of requests, even a string of individually particularized requests-is not sufficiently

12  particularized at the outset." *Id.* (internal quotation marks and brackets omitted).  A party seeking

13  to lift a discovery stay must therefore keep any requests "narrow," *Botton v. Ness Techs. Inc.*,

14  2011 WL 3438705, at *2 (D.N.J. Aug. 4, 2011), and "specif[y] the target of the requested

15  discovery and the types of information needed." *Davis v. Duncan Energy Partners*, 801 F. Supp.

16  2d 589, 592 (S.D. Tex. 2011).

17       Plaintiff's requests do not come close to meeting this standard—they are the opposite of

18  particularized.  Plaintiff requests carte blanche access to "all documents produced and transcripts

19  and videos of depositions taken" over an almost four-year period in an unspecified number of

20  investigations before seven federal agencies, "[t]he Federal Republic of Germany's Kraftfahrt-

21  Bundesamt," "[a]ny regulatory authorities of the People's Republic of China," or—in case this

22  was not broad enough—"[a]ny regulatory authorities not identified herein," "where any of the

23  above authorities requested or received a record pertaining to: a) alleged and/or actual securities

---

4   Plaintiff argues that Congress "did not intend the PSLRA's stay to apply to *pro se* plaintiffs."
Mot. 4.  Plaintiff provides no citation for this proposition, which is unsupported by the Statute. 15
U.S.C.A. § 78u-4(a)(1).  Indeed, the Court has correctly held that "Greenspan's securities fraud
claims come within the Private Securities Litigation Reform Act of 1995 (PSLRA)." *Greenspan
v. Qazi*, 2021 WL 2577526, at *4 (N.D. Cal. June 23, 2021).

law violations; b) interactions with Twitter, Inc. and associated personnel; c) autonomous vehicles; d) vehicle 'deliveries' metrics." ECF No. 162-2 (Proposed Or.).

Plaintiff fails to specify a single document or even category of documents within the government investigations that would support his allegations (for instance, a particular subpoena). He instead asks for a fishing expedition related to "alleged" "securities fraud," "Twitter," or "autonomous vehicles"—"'an open-ended, boundless universe' of materials," which "fails to meet the 'particularized discovery' standard." *In re Tyco Int'l, Ltd., Sec. Litig.*, 2000 WL 33654141, at *4 (D.N.H. July 27, 2000). Plaintiff simply seeks general discovery of any document bearing even the remotest connection to his (deficient) claims. However, "courts have made clear that '[g]eneral requests to open all discovery' do not satisfy" the "particularized" requirement. *Winer Fam. Tr. v. Queen*, 2004 WL 350181, at *6 (E.D. Pa. Feb. 6, 2004) (quoting *Sarantakis v. Gruttadauria*, 2002 WL 1803750, at *2 (N.D.Ill. Aug. 5, 2002)); *see also Benbow v. Aspen Tech., Inc.*, 2003 WL 1873910, at *4 (E.D. La. Apr. 11, 2003) (rejecting "general discovery addressing all of the plaintiffs' claims").

Instead of using narrow and targeted terms, Plaintiff asks for "all documents" related to "all" investigations. The requests are not reasonably limited by type, author, or time. Such requests plainly fail to comply with the particularity requirement of the PSLRA and should be rejected. *See Dipple v. Odell*, 870 F. Supp. 2d 386, 392 (E.D. Pa. 2012) (Document requests that "contain no time limitations and are not limited in scope to documents concerning the Proposed Transaction ... are the kind of 'overly broad or all-encompassing' requests that are not particularized within the meaning of" the PSLRA); *Davis*, 801 F. Supp. 2d at 594 (rejecting discovery requests seeking "all materials" relating to certain aspects of transaction because such requests are "neither limited nor particularized"); *Herrley v. Frozen Food Exp. Indus., Inc.*, 2013 WL 4417699, at *3 (N.D. Tex. Aug. 19, 2013) (requests for "all documents and communications" relating to transaction at issue were "neither limited nor particularized").

Accordingly, even if Plaintiff had complied with Civil Local Rule 7-9 (which he did not), and even if he managed to show undue burden resulting from the stay (which he has not), his discovery requests come nowhere close to resembling the type of particularized discovery where

the discovery stay has been lifted.  *Cf. In re China Intelligent Lighting & Elecs., Inc. Sec. Litig.*,
2012 WL 538267, at *2 (C.D. Cal. Feb. 14, 2012) (discovery permitted to obtain "current address,
government identification number, and employment status" of defendants for purpose of serving
them).  Courts routinely deny such blunderbuss, over-broad requests even when discovery has
opened, let alone while a stay is in place, and this case should be no different.  *See, e.g., In re
MGM Mirage Sec. Litig.*, 2012 WL 2367567, at *5 (D. Nev. June 21, 2012) (maintaining stay
when the "discovery order proposed by Lead Plaintiffs ... is unspecified in scope and is open-
ended").[5]

### C.     Plaintiff's Expansive Discovery Requests Would Impose A Significant Burden On Defendants

Plaintiff argues (without a shred of evidence) that "Defendants will not be unduly
burdened" by his expansive discovery requests because "the requested materials have already been
assembled " and produced to government agencies.  Mot. 4.  This is nonsense.  The only two
examples of other proceedings Plaintiff actually identifies—*In Re Tesla Securities Litigation*, Case
No.  3:16-cv-04865-EMC  (N.D.  Cal.)  and  *SEC v. Musk*,  Case  No.  1:18-cv-08865-AJN
(S.D.N.Y.)—have nothing to do with this case, but rather deal with Mr. Musk's statements in 2018
concerning taking Tesla private.  In his other motion, Plaintiff himself admitted these cases are
irrelevant.  ECF No. 60 at 3 ("The Tesla Defendants have already been fined a combined $40
million for violations of securities laws alleged by the Securities and Exchange Commission
*separate and apart from those raised here*.") (emphasis added).  Consequently, if granted,
Plaintiff's grossly overbroad requests would require Defendants to spend hundreds, if not
thousands, of hours searching for, collecting, and reviewing for relevance and privilege millions of

---

[5]  *See also Botton*, 2011 WL 3438705, at *3 ("[R]equest number one seeks minutes from 'any
meetings' attended by 'any member' of the Board at which the Proposed Transaction or 'any other
potential strategic transactions' were discussed. This is certainly not a narrow or particularized
request."); *In re: CFS-Related Secs. Fraud & Litig.*, 179 F. Supp. 2d 1260, 1265-67 (N.D. Okla.
2001) (broad requests seeking documents relating to all aspects of the parties' relationship were
not "particularized"); *In re Carnegie Int'l Corp. Secs. Lit.*, 107 F. Supp. 2d 676, 684 (D. Md.
2000) (no particularization where "breadth of discovery is so broad as to cover 'virtually every
piece of paper and every piece of information'" at defendants' former accountant and auditor).

documents concerning disparate investigations, many of which closed years ago and have no bearing on Plaintiff's allegations.

In any event, "there is no 'categorical exception' to the PSLRA discovery stay for documents that have already been provided to a governmental agency or other private parties." *Countrywide*, 542 F. Supp. 2d at 1180 n.29. Courts have routinely held that the PSLRA discovery stay applies even if the materials have already been assembled. *See, e.g., Am. Funds*, 493 F. Supp. 2d at 1105-07 (the mere fact that defendants had produced documents to state Attorney General did not warrant lifting the stay); *Vivendi*, 381 F. Supp. 2d at 129 (denying motion to lift PSLRA stay even though the documents were "already produced by defendants to the United States Department of Justice, Securities and Exchange Commission," and other regulatory agencies); *Rampersad v. Deutsche Bank Sec. Inc.*, 381 F. Supp. 2d 131, 133 (S.D.N.Y. 2003) (rejecting plaintiffs' contention that "the PSLRA stay of discovery does not apply when the information sought has already been provided to a governmental agency"); *In re AOL Time Warner, Inc. Sec.*, 2003 WL 21729842, at *2 (S.D.N.Y. July 25, 2003) (denying lift of stay because "Lead Plaintiff has not demonstrated that exceptional circumstances are present in this case requiring production of documents previously produced to various government agencies").

Indeed, even after discovery has commenced, federal courts have consistently held that "cloned discovery"—*i.e.*, the production of documents produced or received during a separate litigation or investigation—is improper even when the subject matters overlap (which they do not here). *See, e.g.*, *TravelPass Grp., LLC v. Caesars Entm't Corp.*, 2020 WL 698538, at *6 (E.D. Tex. Jan. 16, 2020) ("Defendants are not entitled to the wholesale reproduction of all of the FTC Documents and Expedia Documents simply because there may be overlap between the issues in those cases and those in this case."); *Goro v. Flowers Food Inc*., 2019 WL 6252499, at *18 (S.D. Cal. Nov. 22, 2019) ("The fact that the documents were or were not produced in other litigation is irrelevant.").

Granting Plaintiff's request for expansive, general discovery at this stage would undermine the statutory purposes of the PSLRA by imposing an "extreme" burden on Defendants before Plaintiff has managed to even state a claim, a prospect that seems doubtful at best. *Moomjy v. HQ*

1  *Sustainable Mar. Indus., Inc.*, 2011 WL 4048792, at *3 (W.D. Wash. Sept. 12, 2011); *see also In*

2  *re Dot Hill Sys. Corp. Sec. Litig.*, 594 F. Supp. 2d 1150, 1166 (S.D. Cal. 2008) (permitting state

3  court discovery to proceed "would impermissibly burden defendants, who need not participate in

4  discovery regarding securities fraud claims until the federal plaintiffs survive the motion to

5  dismiss or the consolidated class action complaint is dismissed with prejudice").

6  **D.   Plaintiff's Cases Are Inapposite**

7  Plaintiff's cited cases fail to support his position.  Some cases did *not* lift the PSLRA stay,

8  thus undermining Plaintiff's position, rather than supporting it.[6]  Other cases arose in substantially

9  different circumstances; namely, where companies filed for bankruptcy, a court ordered a global

10  settlement, or there was otherwise a limited pool of assets.[7]  Here, as discussed above, there is no

11

12

13  ───────────

14  [6]  *Asyst Technologies* held that Plaintiffs had *not* met their burden to demonstrate undue prejudice. 2008 WL 916883, at *2.  *Med. Imaging Ctrs. of Am., Inc. v. Lichtenstein*, 917 F. Supp. 717, 722

15  (S.D. Cal. 1996) affirmed the Magistrate's denial of the plaintiff's motion to lift the stay, holding that the Magistrate "correctly applied the 'undue prejudice' standard and found that Appellant had

16  failed to meet that standard."

17  [7]  *See In re Enron Corp. Sec, Deriv. & ERISA Litig.*, 2002 WL 31845114 (S.D. Tex. Aug. 16, 2002) (stay lifted where company filed for bankruptcy and produced documents to governmental

18  entities); *In re Delphi Corp. Sec., Deriv. & ERISA Litig.*, 2007 WL 518626, at *7 (E.D. Mich. Feb. 15, 2007) (Delphi's bankruptcy justified lifting the discovery stay; "it was precisely because the

19  defendants in *Enron* and *WorldCom* were bankrupt and subject to other civil lawsuits that a partial lifting of the PSLRA stay was necessary"); *Waldman v. Wachovia Corp.*, 2009 WL 86763 at *2

20  (S.D.N.Y. Jan. 12, 2009) (defendants had settled with the SEC, "which will afford some compensation to the plaintiff class," thus Plaintiffs needed to "determine whether to continue with

21  this case despite the settlement reached between defendants and the SEC."); *In re LaBranche Sec. Litig.*, 333 F. Supp. 2d 178, 183 (S.D.N.Y. 2004) (lifting stay where defendant had already agreed

22  to pay $63.5 million to settle similar regulatory claims); *N.Y. State Teachers' Ret. Sys. v. Gen. Motors Co.*, 2015 WL 1565462, at *4 (E.D. Mich. Apr. 8, 2015) (lifting stay where defendant

23  "GM … has entered into a $35 million regulatory settlement with NHTSA" and thus plaintiffs "face[d] the prospect that they may not be able to recover"); *Pension Tr. Fund for Operating*

24  *Eng'rs v. Assisted Living Concepts, Inc.*, 943 F. Supp. 2d 913, 916 (E.D. Wis. 2013) (relying on the "circumstance[] and concern[]" that the plaintiffs "face[d] the risk that there would not be any

25  funds at the conclusion of the action"); *In re Williams Sec. Litig.*, 2003 WL 22013464, at *1 (N.D. Oklahoma May 22, 2003) ("Defendant is fighting for its corporate life by selling assets, reducing

26  its work force and settling disputes with others."); *Courter v. CytoDyn, Inc.*, 2022 WL 621535, at *3 (W.D. Wash. Mar. 3, 2022) ("CytoDyn's solvency is of concern" because "there is a significant

27  risk that CytoDyn may file for bankruptcy in the near future.").

28

1   imminent insolvency or limited asset pool.  Yet other cases found a high likelihood of destruction

2   or spoliation of evidence, which is not alleged here.[8]

3       Courts have lifted the stay on rare occasions when they found the plaintiff's allegations

4   will likely survive a motion to dismiss[9] or to permit plaintiffs to obtain information that would

5   facilitate service on defendants.[10]  In this case, however,  the Court has already noted the weak

6   nature of the Complaint and all Defendants have been served.  *See* ECF No. 125 at 8, 9, 11

7   (Plaintiff's claims are "merely conclusory," "well short of the mark," and "entirely too vague and

8   speculative to support an allegation of securities fraud.").  For these reasons, Plaintiff's cases do

9   not support Plaintiff's position.

10                              **CONCLUSION**

11      Plaintiff's *de facto* motion for reconsideration should be denied.  Putting aside Plaintiff's

12  failure to comply with Civil Local Rule 7-9, there has been no showing that waiting a short

13  amount of additional time for the Court's decisions on the fully-briefed motions to dismiss is

14

15  [8]   *See In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246, 251-53 (D. Md. 2004) (lifting
    stay against one defendant due to "reasonable concern that documents may be lost," but *denying*
16  stay against other defendant who was "not reorganizing its affairs, so there [was] little to suggest a
    risk of documentary loss"); *In re Massey Energy Co. Sec. Litig.*, 2011 WL 4528509, at *6 (S.D.
17  W. Va. Sept. 28, 2011) (finding the inadvertent destruction of documents likely because of a
    corporate merger).
18

19  [9]   *See In re FirstEnergy Corp. Sec. Lit.*, 229 F.R.D. 541, 545 (N.D. Ohio 2004) ("Lead Plaintiff's
    complaint alleges facts that it found independently in support of its claims" and plaintiffs were not
20  "using discovery as a fishing expedition to find a sustainable claim."); *Turocy v. El Pollo Loco*,
    2017 WL 2495172, at *2 (C.D. Cal. May 10, 2017) ("Plaintiffs' case cannot fairly be considered
21  frivolous.").  Additionally, in *FirstEnergy*, at the time that the discovery stay was lifted, a motion
    to dismiss had not yet been filed, so the PSLRA stay did not even apply.  *See* 15 U.S.C. § 78u-
22  4(b)(3) (discovery stay applies "during the pendency of any motion to dismiss").  *In re Bank of
    Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 2009 WL 4796169
23  (S.D.N.Y. Nov. 16, 2009) is inapposite because it considered whether the PSLRA's purposes
    would be frustrated and "weigh[ed] the burden[s]" of the parties—a test this Circuit rejected in *SG
24  Cowen*.

25  [10]  *See China Intelligent*, 2012 WL 538267, at *2 (microtargeted discovery permitted to obtain
26  "current address, government identification number, and employment status" of six defendants for
    purpose of locating and serving them); *Hufnagle v. Rino Int'l Corp.*, 2011 WL 2650755, at *1
27  (C.D. Cal. July 6, 2011) (court lifted PSLRA stay to permit securities plaintiffs to obtain
    information that would enable effecting service on defendants).
28

causing any undue prejudice.  And even if it was, Plaintiff's blunderbuss requests for general discovery are far from "particularized" and would impose a significant, unnecessary burden on Defendants.

Respectfully submitted,

*/s/ Michael T. Lifrak*

Michael T. Lifrak (Bar No. 232430)
Jeanine Zalduendo (Bar No. 243374)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
(213) 443-3000
(213) 443-3100 (fax)
michaellifrak@quinnemanuel.com
jeaninezalduendo@quinnemanuel.com

Alex Spiro
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000
(212) 849-7100 (fax)
alexspiro@quinnemanuel.com

*Attorneys for Defendants Tesla, Inc. and Elon Musk*