Aaron Greenspan (*Pro Se*)
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON GREENSPAN,<br><br>    Plaintiff,<br><br>    v.<br><br>OMAR QAZI, SMICK ENTERPRISES, INC., ELON MUSK, and TESLA, INC.,<br><br>    Defendants. | Case No. 3:20-cv-03426-JD<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO PARTIALLY LIFT PSLRA DISCOVERY STAY PERTAINING TO FEDERAL, STATE AND INTERNATIONAL INVESTIGATIONS OF DEFENDANTS ELON MUSK AND TESLA, INC.**<br><br>Time:        10:00 A.M.<br>Date:        May 12, 2022<br>Courtroom:   11, 19th Floor<br><br>Judge: Hon. James Donato<br>4AC Filed: August 21, 2021 |

**I.    The Opposition Brief Filed By Defendants Elon Musk and Tesla, Inc. Should Be Struck From The Record For Multiple Intentional Rule Violations**

At the top of page 1 of Tesla Defendants' opposition brief, ECF No. 164, Attorney Alex Spiro notes that he has not been admitted to practice law before this Court, which is why the parenthetical note "*pro hac vice forthcoming*" appears.  Yet Attorney Spiro signed the opposition brief anyway with no note next to his name in the signature block on page 20, as though he is a member of the Bar of this Court in good standing.  This is because Attorney Spiro cannot claim

to have been admitted *pro hac vice* in this case, as he never was.[1]  Attorney Spiro has had since December 16, 2021, when his firm filed its Notice of Substitution of Counsel, to file his *pro hac vice* motion and correct the error in his contact information found in that Notice.  ECF No. 152.  Yet no motion has been "forthcoming."  "He has had an unlimited opportunity to bring himself into good standing.  He has not done that."  *Montoya v. Lazar*, Case No. 3: 17-cv-06534-JD (N.D. Cal. February 4, 2022).  This is because Attorney Spiro has a documented history of skirting the rules to get ahead—an unlawful pattern and practice that will be addressed in detail when Plaintiff files his opposition to Attorney Spiro's anticipated "forthcoming" *pro hac vice* motion.  As it stands, Attorney Spiro is in direct violation of Northern District of California Civil Local Rule 11-1.  The document he signed while in violation must be struck accordingly.  "He may not appear in any way as an attorney in this case, and may not file any docket entries.  He also may not ghostwrite any filings on Montoya's behalf, as the record indicates he likely has."  *Id*.

In addition to the fact that Tesla Defendants' opposition brief is signed by an attorney who is not a member of the Bar of this Court, the opposition brief's title has been modified to deliberately misrepresent Plaintiff's position, which itself violates Northern District of California Guideline For Professional Conduct 8: "A lawyer should not draft letters (i) assigning a position to an opposing party that the opposing party has not taken, or (ii) to create a "record" of events that have not occurred."  Plaintiff requests a *partial*, particularized lift of the PSLRA discovery stay in this case, as reflected by the motion's carefully chosen title.  ECF No. 162.  Tesla Defendants' counsel deliberately omitted the word "partially" in their brief's title to exaggerate Plaintiff's request.  Notably, counsel for Defendants Qazi and Smick Enterprises, Inc. did not.  ECF No. 165.  Tesla Defendants' action violates the Court's order in this case at ECF No. 72 ("All parties and counsel will be held accountable for conforming to the letter and spirit of the guidelines"), adding further weight to the argument that the brief should be struck in its entirety.

---

[1] Compare ECF No. 164 with Case No. 3:18-cv-04865-EMC, ECF No. 405, in which Attorney Spiro admits to a filing error, requests the deletion of a 300-page document he filed the day before, and signs his name "Alex Spiro (*appearing pro hac vice*)" (emphasis in original).

In addition, the opposition brief lacks a "succinct statement of the relevant facts" as required by Civil Local Rule 7-4(a)(4), instead using its "Background" section as a vehicle to inject additional hyperbolic and irrelevant argument, including rambling about Federal Rule of Civil Procedure 8 and bluster—not fact—that statements made by Defendant Musk himself constitute "wildly speculative and conspiratorial assertions" when simply recited back by Plaintiff. Tesla Defendants even went so far as to incorrectly "presum[e]" Plaintiff's motive for filing the instant motion,[2] again in violation of Guideline For Professional Conduct 8.

## II.   Plaintiff Is Not Asking For Reconsideration Of The Court's August 7, 2020 Order

In a third violation of Guideline For Professional Conduct 8, Tesla Defendants seek to improperly frame the instant motion as seeking reconsideration of the Court's order of August 7, 2020. That order was issued in response to Plaintiff's uncertainty as to whether the PSLRA even applied in a case that involved mostly non-securities claims, no class, and no plaintiff's lawyers. ECF No. 63. The Court did nothing to clarify these matters, addressing none of the substantive arguments in that motion, ignoring the Congressional record, and citing no precedent whatsoever. Accordingly, the Court gave Plaintiff nothing to ask that it "reconsider," as no support for the Court's dictum was provided, depriving Plaintiff of due process. *See Pulse Network, LLC v. Visa, Inc.*, Case No. 18-20669 (5th Cir. April 5, 2022) (ordering reassignment to a "different district judge" due in part to "a one-sentence order" and another "opinion with few citations to either record evidence or relevant legal authority"). Furthermore, the Court's one-sentence order related to Plaintiff's request to lift the *entire* PSLRA discovery stay if a stay even applied. In contrast, the instant motion is Plaintiff's first request for a *partial* lift of the PSLRA discovery stay in light of events that had not yet transpired in 2020. Accordingly, Civil Local

---

[2] Tesla Defendants would do well to stop imagining that they can read Plaintiff's mind. Although Defendant Musk's recently disclosed text messages indicate that he believes he has mind-reading powers (stating "It's just strategically obvious" in response to the United States Securities and Exchange Commission asking, "What's your basis for saying that [the Saudi Public Investment Fund] would like a controlling stake, aspirationally?" before admitting "They would not say something like that to me directly"), he does not. Nor do his lawyers.

Rule 7-9 does not apply, and as discussed, Tesla Defendants had to misrepresent the nature of the motion to make it seem as though it might.[3]

### III.   The PSLRA Is An Unconstitutional, Outdated Law Already Superseded By Congressional Approval Of The Federal Rules of Civil Procedure, Rendering The Undue Prejudice Suffered By Plaintiff Enormous and Undeniable

Access to discovery is Plaintiff's right as a litigant. The PSLRA, initially vetoed by President Clinton, is an unconstitutional shield for corporations fundamentally based upon a deliberate Catch-22: since plaintiffs generally must rely upon discovery in order to make specific claims of securities fraud, discovery is made unavailable until the claims are already highly specific. This is, in the overwhelming majority of cases, impossible.

Nonetheless, Plaintiff has managed to make highly specific claims in this case based upon years of public records research and evidence from one or more Confidential Witnesses, as alleged in the Fourth Amended Complaint. Predictably, even though Tesla Defendants bemoan a supposed shortage of detailed allegations in their latest motion to dismiss, they are opposed to providing any more detail themselves, even when the underlying documents have already been compiled in response to government investigative requests.

Tesla Defendants twist Plaintiff's motion as being simply about "delay" (which is false) and voice one falsehood after another in their opposition, in direct violation of paragraph 23 of the Standing Order for Civil Cases Before Judge James Donato ("All case citations and factual statements must be completely accurate…"). They argue that Plaintiff's arguments could be applied to "virtually every case subject to the PSLRA." This is false. Virtually no other cases in Ninth Circuit history involve *pro se* plaintiffs and multiple non-securities claims. Virtually no other cases involve defendants charged with fraud by the Securities and Exchange Commission who have already been found to have acted with scienter. Virtually no other cases involve defendants so frequently investigated for securities violations by government authorities. Yet

---

[3] Tesla Defendants' attempt to make a round peg fit in a square hole here is overly literal to the point of absurdity. When Tesla Defendants filed serial motions to dismiss in this case, they did not file a motion for leave to file a motion for reconsideration of the Court's outdated prior order(s) each time because the factual landscape had obviously changed, as it clearly has here.

these same defendants further argue that Plaintiff "*chose* to assert federal securities claims that fall squarely within the PSLRA discovery stay" (emphasis in original).  Opp. at 5.  This, too, is completely false.  Plaintiff believed upon filing and maintains that the PSLRA does not apply to *pro se* litigants as evidenced by the Congressional record and Supreme Court precedent, and Tesla Defendants have never once cited any Ninth Circuit precedent suggesting otherwise.

The notion that Plaintiff's "real purpose is to obtain discovery to bolster his complaint" is akin to accusing African Americans in the Jim Crow South—something Tesla Defendants would know about, given that their employees refer to their Fremont factory as "the slave ship" and "the plantation"[4]—of having the "real purpose" of wanting to sit anywhere on a city bus they desire regardless of skin color.  The right to discovery in civil court is, by definition, a civil right, and Plaintiff should not be discriminated against in violation of the Fourteenth Amendment just because Plaintiff has pursued his claims for the time being without the aid of counsel or because Plaintiff dares to dispute the dubious claims of a publicly traded corporation.

Not only is discovery Plaintiff's right, but it is a codified right.  Aside from the Constitution promising equal protection under law, the Federal Rules of Civil Procedure ("Rules"), approved by Congress pursuant to the Rules Enabling Act far more recently than the 27-year-old PSLRA, guarantee Plaintiff the right to discovery.  Federal Rules of Civil Procedure 26-37.  These rules, which make no mention of a carve-out for securities actions or the PSLRA—the word "securities" does not even appear once in the Rules—are supposed to be written "consistent with Acts of Congress."  28 U.S.C. § 2071.  While courts have often assumed that the 1995 PSLRA supersedes the most recent (at the moment, December 1, 2020) Rules, "it would be hard to see how a more recent enactment could be 'preempted' by anything earlier." *Sizemore v. Pacific Gas & Electric Retirement Plan*, 939 F.Supp.2d 987, 990 (N.D. Cal. March 25, 2013).  Furthermore, "All laws in conflict with such rules ***shall be of no further force or effect after such rules have taken effect***" (emphasis added).  28 U.S.C. § 2072.  "In other words,

---

[4] The word "scienter" alone cannot do these allegations justice.  *See* "Black Tesla employees describe a culture of racism: 'I was at my breaking point,'" *Los Angeles Times*, March 25, 2022, https://www.latimes.com/business/story/2022-03-25/black-tesla-employees-fremont-plant-racism-california-lawsuit.

if a Federal Rule of Civil Procedure is valid under the Constitution and the Enabling Act, it applies according to its terms *in all civil* cases in federal district court" (emphasis added). *Vess v. Ciba-Geigy Corp. USA*, 317 F. 3d 1097 (9th Cir. 2003).

With all of this in mind, "undue prejudice" could not be any more obvious: Plaintiff is being held to an impossible and unconstitutional standard concocted by corporate lobbyists in the mid-1990s and vetoed by the then-sitting President, whose nominal *raison d'etre* is the prevention of supposed abuses by a specific category of persons (securities attorneys) that Plaintiff *does not even fit into by definition*, which has been explicitly superseded on more than one occasion by the latest Rules approved by Congress. Certainly, if *any* plaintiff's credible claim is hampered due to the unjust requirements of the PSLRA, such prejudice would be "undue."[5] In *SG Cowen Sec. v. U.S. Dist. Court. for N.D. of CA*, 189 F. 3d 909 (9th. Cir. 1999), the Ninth Circuit based its analysis of what constituted "undue prejudice" by reasoning backward from what "Congress clearly intended," as described in a prior case. *Id.* at 912. Congress clearly intended the PSLRA to stem nominally abusive litigation by attorneys who file case after case after case, not *pro se* litigants who file one action because they were defrauded. ECF No. 60.

Another falsehood appears in Tesla Defendants' argument that Plaintiff's discovery requests are an unbounded "fishing expedition." Tesla Defendants claim, "Plaintiff asks for 'all documents' related to 'all' investigations." Opp. at 9. This is false. Plaintiff's document requests at this early stage are limited to four categories, which are explicitly described elsewhere in Tesla Defendants' brief from pages 8-9. Tesla Defendants further argue, "The requests are not reasonably limited by type, author, or time." *Id*. Again, this is false. The proposed order attached to Plaintiff's motion clearly specifies documents related to investigations "from June 1, 2018 to present," aligned with the timeframe at issue in the Fourth Amended Complaint. ECF No. 162-2.

---

[5] Tesla Defendants' statement, "Had Plaintiff been able to state a cognizable claim, the parties would be in discovery," is an example of circular reasoning. Opp. at 5. Plaintiff has not been able to state a "cognizable" claim *under the PSLRA* due to the undue prejudice the PSLRA has imposed.

The most obvious lie in Tesla Defendants' brief is that Plaintiff's reasonable and particularized requests would "require Defendants to spend hundreds, if not thousands, of hours searching for, collecting, and reviewing for relevance and privilege millions of documents concerning disparate investigations…" First, "searching for" and "collecting" mean the same thing. Second, that work has already been done. Third, to the extent it has not, much of the "reviewing" can be automated. After all, Tesla Defendants claim they can make cars safely drive themselves. Finding documents relevant to four particularized topics should be trivial.

Tesla Defendants cite a smattering of out-of-circuit cases that are inapposite here, many of which take the form that one factor *alone* is not enough to rise to the level of "undue prejudice." Yet here, multiple factors are present: 1) the most uneven playing field possible (*pro se* plaintiff versus world's wealthiest man); 2) rapidly proceeding litigation all around on both the federal and state levels while this case remains stalled; 3) extremely volatile financial conditions, with TSLA shares down over 12% *in a day* as this brief is being written, or **over $120 billion in market capitalization**, due to Defendant Musk's $44 billion hostile takeover of Twitter, Inc. financed via margin loans on his TSLA holdings; 4) fewer prospects of hiring capable attorneys without additional evidence already provided to the government. Plaintiff must also now contend with the previously unimaginable possibility that much of the evidence in this case previously stored on Twitter will disappear or become otherwise inaccessible if and when Twitter, Inc. is formally controlled by Defendant Musk.

The exceptional case of Tesla, Inc. is akin to *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301 (S.D.N.Y. 2002) in that rarely in history has a company or its founder been subject to so many securities lawsuits: forty-five (45) so far including its subsidiaries. Defendant Musk has faced securities litigation over Tesla, Inc., SolarCity Corporation, Maxwell Technologies, Inc., and now Twitter, Inc. (securities action number 46) as well. As alleged in the Fourth Amended Complaint, with a market capitalization in excess of $850 billon (yesterday, $1 trillion), the serial frauds at Tesla alone dwarf those at Enron, Madoff Securities, Theranos, and Worldcom *combined*. That Elon Musk is considered the richest man in the world today is no

guarantee that his businesses are solvent long-term, especially as he takes ever-riskier gambles on margin in the most inflationary environment in forty years.  As alleged, Defendant Musk attained that distinction through fraud.  Fraudulent gains have a tendency to evaporate suddenly.

## IV.   Conclusion

Tesla Defendants do not deserve to have their opposition brief to the instant motion given any consideration by the Court given the numerous violations of Court rules and orders described herein.  A referral to the Standing Committee on Professional Conduct may also be in order for Attorney Alex Spiro.  Regardless of their arguments, however, neither Tesla Defendants nor the Court have provided any substantive reason why the PSLRA should apply to any *pro se* plaintiff in the first place, let alone why it would be a substantial burden for Tesla Defendants to hand over documents they have already compiled and examined.  Tesla Defendants have, however, disclosed yet another federal investigation since this motion was filed, this time from the United States Equal Employment Opportunity Commission (EEOC).  Defendants Qazi and Smick Enterprises, Inc. literally have nothing further to say on any of these matters.  Plaintiff's motion should be granted.

Dated: April 26, 2022                    Respectfully submitted,

*Aaron Greenspan*
Aaron Greenspan
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org