1

2

3

4                                UNITED STATES DISTRICT COURT

5                               NORTHERN DISTRICT OF CALIFORNIA

6

7     AARON JACOB GREENSPAN,                      Case No.  20-cv-03426-JD

8                     Plaintiff,

9             v.                                  **SECOND ORDER RE MOTIONS TO
                                                  DISMISS**
10    OMAR QAZI, et al.,

11                    Defendants.

12

13         In the order that dismissed pro se plaintiff Greenspan's third amended complaint (TAC),

14    the Court detailed the many ways in which the TAC fell short of plausibly alleging federal

15    securities and copyright claims, among others, against defendants Elon Musk and Tesla, and Omar

16    Qazi and his company, Smick Enterprises, Inc.  Dkt. No. 125.  Greenspan was given leave to file a

17    fourth amended complaint (FAC), even though he had already filed more than 4,000 pages of

18    pleadings in an original and three amended complaints.  *Id*. at 2, 21.  The Court directed

19    Greenspan to amend his allegations in a manner consistent with the order, and limited the FAC to

20    50 pages.  *Id*. at 21.  At Greenspan's request, the Court increased the limit to 75 pages.  Dkt. No.

21    130 at 3.  The FAC Greenspan filed, Dkt. No. 131, complied with this expanded page limitation

22    only through the contrivance of 24 single-spaced pages of charts, *see id*. at 23-29, 40, 49-66.

23         The Tesla and Qazi defendants ask to dismiss the FAC.  Dkt. Nos. 143 (Tesla/Musk), 144

24    (Qazi/Smick).  At the Court's direction, the motions addressed only the federal securities and

25    copyright claims because those federal questions are the sole basis of the Court's subject matter

26    jurisdiction over the case.  Dkt. No. 125 at 22.

27         The parties' familiarity with the record as a whole, and the Court's dismissal order (Dkt.

28    No. 125), is assumed.  The prior dismissal order provides the essential legal standards and context

United States District Court
Northern District of California

United States District Court
Northern District of California

1  for this order, and it is incorporated here in lieu of repeating its detailed and lengthy analysis.  This

2  order and the prior order must be read in tandem.

3  Overall, the FAC did not adduce additional facts that might have made the securities or

4  copyright claims plausible, and did not otherwise fix the problems discussed at length in the prior

5  dismissal order.  Consequently, the federal claims are dismissed.  The dismissal is with prejudice

6  because Greenspan has been afforded every consideration as a pro se litigant, including the

7  extraordinary opportunity of filing five massive complaints, and has not been able to plausibly

8  allege those claims.  A sixth try is not warranted.  *See Zucco Partners, LLC v. Digimarc Corp.*,

9  552 F.3d 981, 1007 (9th Cir. 2009).

10  The Court declines to exercise supplemental jurisdiction over the state law claims, and

11  they are dismissed without prejudice.  *See* 28 U.S.C. § 1367(c)(3); *Ove v. Gwinn*, 264 F.3d 817,

12  826 (9th Cir. 2001).  The requests for judicial notice are denied, and the Court did not rely on any

13  disputed facts in those materials.  Dkt. Nos. 149, 150, 159, 169; *see Khoja v. Orexigen*

14  *Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

15  The reasons for dismissing the securities claims are straightforward.  In the TAC,

16  Greenspan alleged 35 ostensible incidents of securities fraud by the Tesla defendants.  *See* Dkt.

17  No. 103 at 49-72.  The Court devoted considerable effort to explaining why none of these

18  allegations "identified actionable false or misleading statements with the requisite level of

19  particularity," or scienter.  Dkt. No. 125 at 10-16.  The FAC did not allege any new facts that

20  might warrant a different conclusion.  For the most part, the allegations found lacking in the TAC

21  were simply repeated in the FAC.  *See* Dkt No. 131 ¶¶ 240-53.  The FAC parrots the same

22  allegations in the TAC about "cash and cash equivalents" in Tesla's SEC disclosures that the

23  Court found to be "an excessively general attack devoid of any factual particularity."  Dkt. No.

24  125 at 13; Dkt. No. 131 at 49-50.  Much of the "Reasons Why Statements Were False and

25  Misleading When Made" in the FAC was taken directly from the "Supporting Evidence" in the

26  TAC.  *See, e.g.,* Dkt. No. 103 ¶ 268; Dkt. No. 131 ¶ 245; Dkt. No. 103 at 51; Dkt. No. 131 at 52.

27  To highlight just one example, the falsity and scienter allegations for the solar product posts by

28  Musk are based on the same articles and photographs in both complaints.  Dkt. No. 103 at 65-66;

1    Dkt. No. 131 at 60.

2           The scant handful of new statements in the FAC essentially doubled down on the infirmity

3    of the allegations, without materially changing them.  For example, the FAC includes statements

4    attributed to Musk about products Tesla might produce in the future, such as the Tesla truck.  *Id.* at

5    58, 61.  These forward-looking comments are within the PSLRA safe harbor.  *See* 15 U.S.C. §

6    78u-5(c)(1); *Karri v. Oclaro, Inc.*, No. 18-CV-03435-JD, 2020 WL 5982097, at *3-4 (N.D. Cal.

7    Oct. 8, 2020).  Aside from this smattering of additions, the FAC relies on the same allegations as

8    the TAC, which did not support a plausible Section 10-b or Rule 10b-5 claim, a "market

9    manipulation" theory, or a control person liability claim under Section 20(a).  Dkt. No. 125 at 16.

10          The securities allegations against Qazi also remain implausible.  As stated in the dismissal

11   order, the TAC did not allege anything close to an agency relationship between Musk and Qazi

12   such that Qazi's comments on social media might support a securities claim.  *See* Dkt. No. 125 at

13   16.  So too for the FAC.  The suggestion that Musk on occasion tweeted favorably in relation to

14   Qazi again does not plausibly indicate that the two had an agency relationship, or that either party

15   made a material misrepresentation for purposes of the securities laws.  Dkt. No. 125 at 20-21.

16   Other comments attributed to Qazi in the FAC, such as calling the Tesla autopilot functionality the

17   "eight [sic] wonder of the world," Dkt. No. 131 at 62, are obvious expressions of opinion that do

18   not give rise to a claim that Qazi made a material misrepresentation in violation of federal

19   securities laws.  *See Oregon Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 606 (9th Cir.

20   2014).

21          For the federal copyright claims against Qazi and Smick, the FAC does not allege any new

22   facts to make them plausible.  As discussed in the prior dismissal order, the challenged conduct

23   was well within fair use as commentary and criticism.  Dkt. No. 125 at 16-20; *see also In re*

24   *DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 884-85 (N.D. Cal. 2020).  Nothing in the

25   FAC provides a good reason to revisit the Court's conclusions about the fair use elements of the

26   nature of the work, the amount and substantiality of the portion used, and the effect of the use on

27   the market.  Dkt. No. 125 at 16-20; *see also Harper & Row Publishers, Inc. v. Nation Enterprises*,

28   471 U.S. 539, 563-66 (1985).  The same goes for the allegations with respect to posting a

1   photograph without CMI (copyright management information), and Qazi's alleged

2   misrepresentations in DMCA notices and counternotices.  The FAC gives no grounds for reaching

3   a different outcome.  Dkt. No. 125 at 19-20.

4          Consequently, for the reasons stated here and in the prior dismissal order, the federal

5   claims in the FAC are dismissed with prejudice.  The state law claims are dismissed without

6   prejudice on the declination of supplemental jurisdiction.  The case is closed.

7          **IT IS SO ORDERED.**

8   Dated: May 19, 2022

9

10

11  _____
    JAMES DONATO
    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

4