Aaron Greenspan (*Pro Se*)
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| AARON GREENSPAN,<br><br>    Plaintiff,<br><br>    v.<br><br>OMAR QAZI, SMICK ENTERPRISES, INC., ELON MUSK, and TESLA, INC.,<br><br>    Defendants. | Case No. 3:20-cv-03426-JD<br><br>**PLAINTIFF'S MOTION TO STRIKE DEFENDANT OMAR QAZI'S AND SMICK ENTERPRISES. INC'S MOTION FOR ATTORNEY FEES, ECF NO. 173**<br><br>Time: 10:00 A.M.<br>Date: July 14, 2022<br>Courtroom: 11, 19th Floor<br><br>Judge: Hon. James Donato<br>4AC Filed: August 13, 2021 |

## TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................................................. 1

II.  STATEMENT OF ISSUES .................................................................................................... 2

III. FACTUAL BACKGROUND ................................................................................................. 2

IV. ARGUMENT .......................................................................................................................... 3

    A.  Legal Standard ................................................................................................................ 3

    B.  The Attorney Fees Motion Fails To Comply With Civil Local Rule 54-5 ...................... 4

    C.  Counsel's Unilateral Decision To File A Motion At The Wrong Time In Violation Of An Agreement With Plaintiff With No Notice Violated The Guidelines For Professional Conduct And This Court's Prior Order To Follow Them .................................................. 6

    D.  Striking The Attorney Fee Motion Is A Just Remedy Given Counsel's History of Perjury, Violating Agreements, and Breaking Rules ....................................................... 6

V.  CONCLUSION ....................................................................................................................... 7

## TABLE OF AUTHORITIES

**Cases**

*Bias v. Moynihan*, 508 F. 3d 1212, 1217-1218 (9th Cir. 2007) ....................................................... 3

*Durazo v. Cal-Western Reconveyance Corp.*,
   Case No. 3:11-cv-00099-GPC-KSC (S.D. Cal. May 7, 2013) ..................................................... 3

*Federal Trade Commission v. AH Media Group, LLC et al*,
   Case No. 3:19-cv-04022-JD (N.D. Cal. November 1, 2021) ...................................................... 7

*Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ........................................................................... 3

*Infineon Technologies AG v. Volterra Semiconductor Corp.*,
   Case No. 3:11-cv-06239-MMC at 8 (N.D. Cal. January 28, 2013) ............................................. 3

*Oracle America, Inc. v. Hewlett Packard Enterprise Co.*,
   Case No. 3:16-cv-01393-JST (N.D. Cal. February 14, 2019) ..................................................... 5

*United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979) ........................................................... 3

**Statutes**

18 U.S.C. § 1623(d) ......................................................................................................................... 6

**Rules**

Civil Local Rule 1-4 ........................................................................................................................ 4

Civil Local Rule 54-5 ............................................................................................................. passim

Civil Local Rule 54-5(a) .................................................................................................................. 3

Civil Local Rule 54-5(b)(1) ......................................................................................................... 3, 6

Civil Local Rule 54-5(b)(2) .................................................................................................. 6

Civil Local Rule 6-2 ............................................................................................................. 3

Civil Local Rule 6-3 ............................................................................................................. 3

Federal Rule of Civil Procedure 15(a) ................................................................................. 2

Federal Rule of Civil Procedure 54 ...................................................................................... 7

Federal Rule of Civil Procedure 60(b) ............................................................................. 2, 5

**Other Authorities**

Guideline for Professional Conduct 3 ............................................................................... 4, 6

Guideline for Professional Conduct 4 ............................................................................... 4, 6

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on July 14, 2022 at 10:00 A.M., or as soon thereafter as the matter may be heard, in the above-titled Court, in Courtroom 11, 19th Floor, located at 450 Golden Gate Avenue, San Francisco, CA 94102—or in the alternative, via digital videoconference pursuant to this Court's General Order 78—Plaintiff Aaron Greenspan ("Plaintiff") will and hereby does move the Court for an Order striking Defendant Omar Qazi's and Smick Enterprises, Inc.'s (together, "Qazi Defendants") motion for attorney fees, ECF No. 173 (the "Attorney Fees Motion"), from the record.

The Court should grant Plaintiff's motion because the "Attorney Fees Motion" fails to comply with both Civil Local Rule 54-5 and the commentary thereto, and was presented to the Court in deliberate bad faith in violation of Guidelines for Professional Conduct 3 and 4 at least.

This motion is based on this notice of motion and motion, the supporting memorandum of points and authorities, the pleadings and other papers on file in this action, and any other evidence that may be offered at a hearing if necessary.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Aaron Greenspan ("Plaintiff") moves the Court for an Order striking the Attorney Fees Motion from the record. On June 1, 2022 at 12:56 P.M., counsel for Qazi Defendants sent an e-mail to Plaintiff stating as follows:

> "I am contacting you under LR 54-5 to meet and confer about a motion for attorney's fees that we intend to file.
>
> We intend ask the Court to award fees that we incurred related to the copyright and securities law claims that were dismissed. We are seeking approximately $114,607.32 in fees related to these claims, which is a portion of the total fees incurred in the case.
>
> Are you available today at 2:00, 3:00, or 4:00 to for a meet and confer call? The purpose of the call would be to resolve the fee issue prior to us having to file a motion."

Plaintiff responded promptly, within minutes, to the message:

"I'm not sure this would be the appropriate time to file such a motion. I intend to file a Rule 60(b) motion, and if that is denied, I will be appealing to the Ninth Circuit.

Glad to discuss at 2:00 if that works for you."

At 2:00 P.M., Plaintiff and counsel for Qazi Defendants did, in fact, discuss the then-planned Attorney Fees Motion, as well as Plaintiff's intent to file a Rule 60(b) motion and if necessary, appeal the Court's Judgment and its ruling on that motion to the United States Court of Appeals for the Ninth Circuit. It was agreed that filing a joint stipulation to extend the deadline to file would be the best course of action, and Attorney Kronenberger asked Plaintiff to prepare a draft stipulation for him to review, even despite Plaintiff's *pro se* status. Plaintiff specifically asked Attorney Kronenberger if he was sure that was how he wanted to proceed given that he likely had considerably more experience preparing stipulations than Plaintiff. Attorney Kronenberger expressed his fear that the Court would move too slowly to sign the joint stipulation in time for him to meet his 14-day deadline, but nonetheless, when concluding the call, Attorney Kronenberger listed various action items and reiterated that Plaintiff should send him a draft stipulation to extend time, to which Plaintiff agreed.

At 3:13 P.M., acting promptly on this agreement, Plaintiff e-mailed Attorney Kronenberger a draft stipulation and asked him to "Please review and send back with any edits."

Attorney Kronenberger did not respond. Instead, he ignored the agreement he had just made and at 6:05 P.M. the following day, June 2, 2022, he filed a defective document laden with falsehoods and errors on the court docket: the Attorney Fees Motion, ECF No. 173.

## II.   STATEMENT OF ISSUES

The main issue raised by this motion is whether the Court should strike ECF No. 173 for failure to comply with the Civil Local Rules and Guidelines for Professional Conduct.

## III.   FACTUAL BACKGROUND

The initial Complaint in this case was filed on May 20, 2020. ECF No. 1. The First Amended Complaint was filed pursuant to Federal Rule of Civil Procedure 15(a) on July 2,

2020.  ECF No. 20.  With the consent of the parties, the Second Amended Complaint was filed on August 26, 2020.  ECF No. 70.  On January 15, 2021, the Court granted leave for Plaintiff to lodge a Third Supplemental and Amended Complaint, filed on February 12, 2021.  ECF No. 103.  On June 23, 2021, the Court issued its first substantive ruling on some of Plaintiff's claims, granting leave to amend.  ECF No. 125.  Plaintiff's Fourth Amended Complaint was timely filed on August 13, 2021.  Motions to dismiss the Fourth Amended Complaint were granted with prejudice regarding federal claims and without prejudice regarding state claims on May 19, 2022.  ECF No. 171.  The Court's Judgment was entered the same day.  ECF No. 172.

## IV.   ARGUMENT

### A.   Legal Standard

Civil Local Rule 54-5 requires filing of a motion for attorney's fees "within 14 days of entry of judgment by the District Court, unless otherwise ordered by the Court after a stipulation to enlarge time under Civil L.R. 6-2 or a motion under Civil L.R. 6-3."  Civil L.R. 54-5(a).  Such a motion "must be supported by declarations or affidavits containing…  A statement that counsel have met and conferred for the purpose of attempting to resolve any disputes with respect to the motion or a statement that no conference was held [if applicable]."  Civil L.R. 54-5(b)(1).

"District courts have broad discretion to enact and apply local rules... *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion); *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979)."  *Durazo v. Cal-Western Reconveyance Corp.*, Case No. 3:11-cv-00099-GPC-KSC (S.D. Cal. May 7, 2013).

The Court may strike or disregard portions of the record that fail to comply with various rules, including the Civil Local Rules, under its own authority.  *See Bias v. Moynihan*, 508 F. 3d 1212, 1217-1218 (9th Cir. 2007) (disregarding documents filed "without prior approval from the district court as required by Northern District of California Civil Local Rule 7-3(d)").  *See also Infineon Technologies AG v. Volterra Semiconductor Corp.*, Case No. 3:11-cv-06239-MMC at 8 (N.D. Cal. January 28, 2013) (striking "deficient" claim chart for failing to comply with Patent

L.R. 3-1). Pursuant to Civil Local Rule 1-4, "Failure by counsel or a party to comply with any duly promulgated local rule or any Federal Rule may be a ground for imposition of any authorized sanction." Civil L. R. 1-4.

Finally, the Northern District of California Guidelines for Professional Conduct address scheduling and extensions for time. Guideline 3 states, "A lawyer should understand and advise his or her client that civility and courtesy in scheduling meetings, hearings, and discovery are expected as professional conduct." Guideline 4 states, "Consistent with existing law and court orders, a lawyer should agree to reasonable requests for extensions of time when the legitimate interests of his or her client will not be adversely affected."

### B. The Attorney Fees Motion Fails To Comply With Civil Local Rule 54-5

As evidenced by his aforementioned e-mail to Plaintiff citing it in the first sentence, Attorney Kronenberger knew that Qazi Defendants were required to comply with Civil Local Rule 54-5. Section (b)(1) of this Rule, *supra*, requires a declaration or affidavit attesting to an attempt to meet and confer for the purpose of avoiding needless motion practice and wasted time. The Civil Local Rules further contemplate situations in which 14 days might not be enough time to file a motion for attorney's fees. The commentary embedded in Civil Local Rule 54-5 revised November 1, 2021 directly between sections (a) and (b) states as follows:

> "Fed. R. Civ. P. 54(d)(2)(B) sets a time period of 14 days from the entry of judgment to file a motion for attorney's fees. Counsel who desire to seek an order extending the time to file such a motion, either by stipulation (See Civil L.R. 6-2) or by motion (See Civil L.R. 6-3), are advised to seek such an order as expeditiously as practicable."

*See* https://www.cand.uscourts.gov/rules/civil-local-rules/#COSTS.

This paragraph directly addresses the situation Qazi Defendants' counsel found themselves in when they waited until the day before the deadline to ask Plaintiff to meet and confer with only an hour's notice. Nonetheless, Plaintiff made every effort to accommodate

opposing counsel's lack of diligence. The parties even reached an agreement on how to proceed. And then, with absolutely no notice, Attorney Kronenberger violated it.[1]

As Plaintiff told Attorney Kronenberger in writing, "I intend to file a Rule 60(b) motion, and if that is denied, I will be appealing to the Ninth Circuit." This same point was repeated and discussed during the Zoom videoconference 2:00 P.M. Attorney Kronenberger appeared to understand and agree that it would therefore be inappropriate and untimely to seek attorney's fees in a case that was far from over,[2] especially since Plaintiff's state claims were dismissed without prejudice.[3] ECF No. 172. It is therefore perplexing that Attorney Kronenberger proceeded to file his motion despite his knowing the proper procedure outlined directly in the text of the Rule and his explicit and repeated request that Plaintiff, a *pro se* litigant, accordingly prepare a legal document for him to review, which Plaintiff did.

Aside from contesting the dollar amount of fees being sought and the calculations used to determine them during the Zoom videoconference, Plaintiff also made clear to Attorney Kronenberger that there was precedent for enlarging time to file under Civil Local Rule 54-5 in this type of situation. *Oracle America, Inc. v. Hewlett Packard Enterprise Co.*, Case No. 3:16-cv-01393-JST (N.D. Cal. February 14, 2019). Attorney Kronenberger reiterated his concern about the Court's slow pace. Yet it was *his* choice to wait until the day before a clear deadline to address these issues—not Plaintiff's, and not the Court's.

Much to Plaintiff's surprise, instead of following the Rules, Attorney Kronenberger jammed the Attorney Fees Motion through anyway, failing to comply with several sections of Civil Local Rule 54-5. His five-page declaration and the associated exhibit contains no

---

[1] The Court may recall that Qazi Defendants also violated an agreement negotiated by Attorney Kronenberger to keep settlement discussions confidential. On September 9, 2020, Attorney Kronenberger apologized to Plaintiff for this breach in a recorded voicemail. On October 13, 2020, Attorney Kronenberger lied to the Court about the nature of that agreement in ECF No. 78, footnote 2. By January 2021, Qazi Defendants had violated it again anyway. *See* ECF No. 99-1.

[2] Attorney Kronenberger acknowledges in his declaration that his filing is premature, citing "an anticipated motion for relief from judgment that Greenspan is expected to file" in paragraph 6. ECF No. 173-1.

[3] On May 19, 2022, Defendant Qazi declared victory to his Twitter followers and falsely informed them that all claims had been dismissed with prejudice, further highlighting his persistent bad faith. *See* https://twitter.com/WholeMarsBlog/status/1527347202258980872.

statement about meeting and conferring in violation of section (b)(1), and no "summary of the time spent" by each lawyer and/or paralegal who billed for their time in violation of section (b)(2).  Since many of the pages are arbitrarily submitted as scanned images with no embedded text, manually creating such a summary is that much more difficult, and it should not be Plaintiff's responsibility in the first place.[4]

### C. Counsel's Unilateral Decision To File A Motion At The Wrong Time In Violation Of An Agreement With Plaintiff With No Notice Violated The Guidelines For Professional Conduct And This Court's Prior Order To Follow Them

Given Qazi Defendants' outrageous and contemptuous behavior, which necessitated the filing of a number of motions, the Court previously ordered that, "All parties and counsel will be held accountable for conforming to the letter and spirit of the [District's G]uidelines[ for Professional Conduct]…"  ECF No. 72 at 4.  The Guidelines exist to avoid situations and motions such as this one.  It must be noted that Qazi Defendants' counsel once again deliberately chose to ignore them, specifically, Guidelines 3 and 4, not even providing Plaintiff with any notice that he had changed his mind.

Attorney Kronenberger's decision led to the Court filing an Order at 11:55 A.M. on June 3, 2022 prohibiting Plaintiff from filing "a response to the motion," depriving Plaintiff of due process.

### D. Striking The Attorney Fee Motion Is A Just Remedy Given Counsel's History of Perjury, Violating Agreements, and Breaking Rules

This is not the first, second, or even third time that Qazi Defendants and their counsel have violated a rule, court order, or worse, in this action.  Attorney Kronenberger complains that Plaintiff, who studied the legal profession at Stanford Law School as a CodeX Fellow, had the temerity to accuse him of ethical lapses.  Such accusations are based on an undeniable pattern of extremely problematic behavior, discussion of which Plaintiff will defer to another time and

---

[4] The number of errors in the declaration calls counsel's arguments and calculations into question.  For example, it states the wrong case number ("Case No. 3:19-cv-04022-JD"), and contains confusing statements such as, "He received my *[sic]* J.D., *magna cum laude*" and "he was elected to the Order of the Coif...and received my *[sic]* A.B. from Stanford University."

place, except to say that it is outrageous that Qazi Defendants and their counsel now seek to be paid for their repeated perjury—and hurried backtracking pursuant to 18 U.S.C. § 1623(d) when caught—which alone should disqualify any consideration of this type of motion. *See* ECF No. 86 at 2.

But Plaintiff's view on the matter is of no import. The Court need only review its own prior statements on Attorney Kronenberger. In another case, the Court referred to Qazi Defendants' same counsel as "disingenuous," "egregiously disingenuous," and "disingenuous" a third time, before calling out his "frequent distortions of the record." *Federal Trade Commission v. AH Media Group, LLC et al*, Case No. 3:19-cv-04022-JD (N.D. Cal. November 1, 2021). The situation here—where the Court has already expressed "concerns about some of the conduct engaged in by Qazi"—is arguably as bad or worse. ECF No. 102 at 1:26-27.

Attorney Kronenberger could have avoided this motion by simply allowing enough time to follow the Rules and safely agree to a stipulation to enlarge time. He literally had a draft of that very document in his inbox when he unilaterally decided to file the untimely Attorney Fee Motion on CM/ECF in violation of an agreement with Plaintiff. Instead, he created a procedural mess. Given Qazi Defendants' and his own persistent bad faith, it is only proper that their facially defective Attorney Fee Motion and accompanying declaration be struck from the record without the ability to re-file given the clear deadlines and requirements set out under Federal Rule of Civil Procedure 54 and Civil Local Rule 54-5.

## V.   CONCLUSION

Plaintiff respectfully requests that the Court strike ECF No. 173 from the record.

Dated: June 3, 2022               Respectfully submitted,

Aaron Greenspan
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org