Aaron Greenspan (*Pro Se*)
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

AARON GREENSPAN,

    Plaintiff,

       v.

OMAR QAZI, SMICK ENTERPRISES, INC.,
ELON MUSK, and TESLA, INC.,

    Defendants.

Case No. 3:20-cv-03426-JD

**DECLARATION OF AARON GREENSPAN IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT OMAR QAZI'S AND SMICK ENTERPRISES. INC'S MOTION FOR ATTORNEY FEES, ECF NO. 173**

I, Aaron Greenspan, declare as follows:

1.    On June 1, 2022 at 12:56 P.M. Pacific Time, I received an e-mail from Karl Kronenberger, counsel for Omar Qazi and Smick Enterprises, Inc.  The e-mail informed me of his clients' intent to file a motion for attorney's fees in this action.

2.    Attorney Kronenberger offered three separate time choices to "meet and confer" pursuant to "LR 54-5," giving one, two and three hours notice, respectively.

3.    I responded promptly to Attorney Kronenberger informing him of my intent to file a motion pursuant to Federal Rule of Civil Procedure 60(b) on or before June 16, 2022, and if necessary, to appeal the case to the United States Court of Appeals for the Ninth Circuit.  I also expressed my willingness to meet at 2:00 P.M. that day.  At 1:06 P.M., in response, he sent me another e-mail containing a link to a Zoom meeting.

4.    I met with Attorney Kronenberger over Zoom at 2:00 P.M.  We had a cordial

1  meeting where I expressed my concern with his plan to file a motion for fees in the middle of the

2  case, which seemed to me to be an unwise choice due to the likelihood that it would cause

3  needless follow-up filings and expenses for both sides.  Instead, I suggested that based on

4  precedent, we file a joint stipulation to extend the filing deadline, and as I understood it,

5  Attorney Kronenberger agreed.

6          5.          I further told Attorney Kronenberger that the amount he was planning to request

7  at the time, $114,607.32, was grossly disproportionate to the time spent defending the copyright

8  and securities claims, which I believed and still believe have been incorrectly decided.  I

9  estimated that his firm spent $20,000 at most defending these claims given that the vast majority

10  of the case concerned his clients' libelous and harassing actions.  Regarding these state law

11  claims, Attorney Kronenberger's firm repeatedly prepared baseless anti-SLAPP motions, later

12  confirmed to have no legal basis by the California Court of Appeals in two cases decided after

13  this action was filed: *Block v. Bramzon*, Case Nos. B292129, B297198, Cal. App. 2d (January

14  22, 2021), and *Hothi v. Musk*, Case No. A162400, Cal App. 1st (December 20, 2021).

15          6.          Attorney Kronenberger seemed unaware of the decision in *Block* and asked me to

16  repeat it despite my citing the case in ECF Nos. 121, 123, and 148.

17          7.          Attorney Kronenberger asked me to prepare a draft joint stipulation along the

18  lines of what I was suggesting.  I found this unusual because it is rare for attorneys to ask *pro se*

19  litigants to prepare legal documents for them.  I asked him if he was sure that he did not want to

20  prepare the draft joint stipulation himself given his relative degree of experience.  Attorney

21  Kronenberger reiterated that I should draft it, and he further indicated that he would review the

22  draft and ideally get it on file that afternoon or evening given the impending deadline set out by

23  Civil Local Rule 54-5.

24          8.          Our meeting concluded around 2:25 P.M.

25          9.          I complied with our agreement, and I sent him an e-mail containing a draft joint

26  stipulation prepared to the best of my ability at 3:13 P.M.

27          10.          Attorney Kronenberger never responded to the message containing the draft.

28

1  Instead, he disregarded our agreement and on June 2, 2022 at 6:05 P.M. he filed a motion for

2  attorney's fees, ECF No. 173, along with a declaration that omitted any mention of our meeting

3  and omitted a summary of hours by legal practitioner, in violation of Civil Local Rule 54-5.

4      11.      Had Attorney Kronenberger included a truthful statement regarding our Zoom

5  meeting, he would have been forced to disclose that he had asked me at least twice to draft a

6  joint stipulation to extend the time to file, and that he had received such a draft from me, which

7  he then unilaterally ignored due to his apparent rush to request fees.

8      12.      As Exhibit A, I have attached a true and correct copy of my e-mail

9  correspondence with Attorney Kronenberger concerning the motion he filed as ECF No. 173.

10      I declare under penalty of perjury under the laws of the United States that the above

11  statements are true and correct and that this declaration was executed on June 3, 2022 in San

12  Francisco, California.

13

14  Dated: June 3, 2022

15

16  _____
    Aaron Greenspan
17

18

19

20

21

22

23

24

25

26

27

28

<u>**EXHIBIT A**</u>
E-Mail Correspondence With Kronenberger Rosenfeld LLP Regarding
Motion For Attorney's Fees

From: **Karl Kronenberger** karl@krinternetlaw.com 📎
Subject: Meet and Confer re Motion for Fees (Greenspan v. Qazi, et al.)
Date: June 1, 2022 at 12:56 PM
To: Aaron Greenspan aaron.greenspan@plainsite.org
Cc: Jeff Rosenfeld jeff@krinternetlaw.com, Kate Hollist kate@krinternetlaw.com

Hello Aaron,

I am contacting you under LR 54-5 to meet and confer about a motion for attorney's fees that we intend to file.

We intend ask the Court to award fees that we incurred related to the copyright and securities law claims that were dismissed. We are seeking approximately $114,607.32 in fees related to these claims, which is a portion of the total fees incurred in the case.

Are you available today at 2:00, 3:00, or 4:00 to for a meet and confer call? The purpose of the call would be to resolve the fee issue prior to us having to file a motion.

Sincerely,

Karl

_____

## Karl S. Kronenberger,

### PARTNER
### KRONENBERGER ROSENFELD, LLP

150 Post Street, Ste 520 San Francisco, CA 94108
**Phone:** (415) 955-1155 Ext. 114

**Get vCard   LinkedIn**   karl@krinternetlaw.com
**www.krinternetlaw.com**



Follow us

 

NOTICE: This email may contain material that is privileged, confidential, and/or attorney-client work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express written permission is strictly prohibited. If you are not the intended recipient, please contact the sender at the above number and delete all copies.  Inadvertent waiver shall waive no privileges.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein (the foregoing paragraph has been affixed pursuant to U.S. Treasury Regulations governing tax practice).

**From:** **Aaron Greenspan** aaron.greenspan@plainsite.org
**Subject:** Re: Meet and Confer re Motion for Fees (Greenspan v. Qazi, et al.)
**Date:** June 1, 2022 at 1:02 PM
**To:** Karl Kronenberger  karl@krinternetlaw.com
**Cc:** Jeff Rosenfeld  jeff@krinternetlaw.com, Kate Hollist  kate@krinternetlaw.com

Karl,

I'm not sure this would be the appropriate time to file such a motion. I intend to file a Rule 60(b) motion, and if that is denied, I will be appealing to the Ninth Circuit.

Glad to discuss at 2:00 if that works for you.

Aaron

PlainSite I https://www.plainsite.org

> On Jun 1, 2022, at 12:59 PM, Karl Kronenberger <karl@krinternetlaw.com> wrote:
>
> Hello Aaron,
>
> I am contacting you under LR 54-5 to meet and confer about a motion for attorney's fees that we intend to file.
>
> We intend ask the Court to award fees that we incurred related to the copyright and securities law claims that were dismissed. We are seeking approximately $114,607.32 in fees related to these claims, which is a portion of the total fees incurred in the case.
>
> Are you available today at 2:00, 3:00, or 4:00 to for a meet and confer call? The purpose of the call would be to resolve the fee issue prior to us having to file a motion.
>
> Sincerely,
>
> Karl
>
> _____
>
> # Karl S. Kronenberger,
>
> **PARTNER**
> **KRONENBERGER ROSENFELD, LLP**
> 150 Post Street, Ste 520 San Francisco, CA 94108
> **Phone:** (415) 955-1155 Ext. 114
>
> **Get vCard**  **LinkedIn**   karl@krinternetlaw.com
> **www.krinternetlaw.com**
>
> <image001.png>
>
> Follow us
>
> <image002.png>   <image003.png>
>
> NOTICE: This email may contain material that is privileged, confidential, and/or attorney-client work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express written permission is strictly prohibited.  If you are not the intended recipient, please contact the sender at the above number and delete all copies.  Inadvertent

prohibited. If you are not the intended recipient, please contact the sender at the above number and delete all copies. Inadvertent waiver shall waive no privileges.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein (the foregoing paragraph has been affixed pursuant to U.S. Treasury Regulations governing tax practice).

**From:** **Karl Kronenberger** karl@krinternetlaw.com 📎
**Subject:** Meet and Confer re Motion for Fees (Greenspan v. Qazi, et al.)
**Date:** June 1, 2022 at 1:06 PM
**To:** Aaron Greenspan aaron.greenspan@plainsite.org
**Cc:** Jeff Rosenfeld jeff@krinternetlaw.com, Kate Hollist kate@krinternetlaw.com

https://us06web.zoom.us/j/88564854980?
pwd=ZVFUT3R4c3hIbWdlMjR4b1k4amk4dz09&from=addon

_____
**From:** Aaron Greenspan <aaron.greenspan@plainsite.org>
**Sent:** Wednesday, June 1, 2022 1:03 PM
**To:** Karl Kronenberger <karl@krinternetlaw.com>
**Cc:** Jeff Rosenfeld <jeff@krinternetlaw.com>; Kate Hollist <kate@krinternetlaw.com>
**Subject:** Re: Meet and Confer re Motion for Fees (Greenspan v. Qazi, et al.)

Karl,

I'm not sure this would be the appropriate time to file such a motion. I intend to file a Rule 60(b) motion, and if that is denied, I will be appealing to the Ninth Circuit.

Glad to discuss at 2:00 if that works for you.

Aaron

PlainSite | https://www.plainsite.org

> On Jun 1, 2022, at 12:59 PM, Karl Kronenberger <karl@krinternetlaw.com> wrote:
>
> Hello Aaron,
>
> I am contacting you under LR 54-5 to meet and confer about a motion for attorney's fees that we intend to file.
>
> We intend ask the Court to award fees that we incurred related to the copyright and securities law claims that were dismissed. We are seeking approximately $114,607.32 in fees related to these claims, which is a portion of the total fees incurred in the case.
>
> Are you available today at 2:00, 3:00, or 4:00 to for a meet and confer call? The purpose of the call would be to resolve the fee issue prior to us having to file a motion.
>
> Sincerely,
>
> Karl
>
> _____
>
> ## Karl S. Kronenberger,
>
> **PARTNER**
> **KRONENBERGER ROSENFELD, LLP**
> 150 Post Street, Ste 520 San Francisco, CA 94108

150 Post Street, Ste 520 San Francisco, CA 94108

**Phone:** (415) 955-1155 Ext. 114

**Get vCard**   **LinkedIn**   karl@krinternetlaw.com
**www.krinternetlaw.com**

<image001.png>

Follow us

<image002.png>   <image003.png>

NOTICE: This email may contain material that is privileged, confidential, and/or attorney-client work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express written permission is strictly prohibited.  If you are not the intended recipient, please contact the sender at the above number and delete all copies.  Inadvertent waiver shall waive no privileges.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein (the foregoing paragraph has been affixed pursuant to U.S. Treasury Regulations governing tax practice).



Hi there,

Karl Kronenberger (he/him) is inviting you to a scheduled Zoom meeting.

# Join Zoom Meeting

| | |
|---|---|
| Meeting URL: | https://us06web.zoom.us/j/88564854980?pwd=ZVFUT3R4c3hIbWdlMjR4b1k4amk4dz09&from=addon |
| Meeting ID: | 885 6485 4980 |
| Passcode: | 640291 |



Mail Attachment
6 KB

From: **Aaron Greenspan** aaron.greenspan@PLAINSITE.ORG  📎
Subject: Re: Meet and Confer re Motion for Fees (Greenspan v. Qazi, et al.)
Date: June 1, 2022 at 3:13 PM
To: Karl Kronenberger  karl@krinternetlaw.com
Cc: Jeff Rosenfeld  jeff@krinternetlaw.com, Kate Hollist  kate@krinternetlaw.com

Karl,

See attached draft.

Since I just saved your client the 45 minutes I spent putting this together, I assume you will be taking that into account in your planned motion for fees with an appropriate deduction from whatever the total request comes out to be. As we discussed, your estimate of $114,607.32 is frankly absurd. I cannot imagine that you actually billed more than $20K (meaning, maximum, but much more likely $10-15K) related to the copyright and securities claims and I expect the invoices you attach to support your ultimate request.

As we also discussed, it would be financially sensible for your client to settle the case rather than continue paying for legal fees whether there ends up being an appeal or not. Even responding to the Rule 60(b) motion will take some time.

Please review and send back with any edits.

Aaron

PlainSite I https://www.plainsite.org



20220601.stipul
ationdraft.docx

1 │ KRONENBERGER ROSENFELD, LLP
  │ KARL S. KRONENBERGER (226112)
2 │ (karl@KRInternetLaw.com)
  │ JEFFREY M. ROSENFELD (222187)
3 │ (jeff@KRInternetLaw.com)
  │ 150 Post Street, Suite 520
4 │ San Francisco, CA   94108
  │ Telephone:     (415) 955-1155
5 │ Facsimile:     (415) 955-1158

6 │ Attorneys for Defendants
  │ OMAR QAZI and SMICK ENTERPRISES, INC.
7 │

8 │ Aaron Greenspan (*Pro Se*)
  │ 956 Carolina Street
9 │ San Francisco, CA  94107-3337
  │ Phone: +1 415 670 9350
10│ Fax: +1 415 373 3959
  │ E-Mail: aaron.greenspan@plainsite.org
11│

12│

13│                    UNITED STATES DISTRICT COURT

14│                   NORTHERN DISTRICT OF CALIFORNIA

15│                       SAN FRANCISCO DIVISION

16│

17│ AARON GREENSPAN,                          Case No. 3:20-cv-03426-JD

18│                  Plaintiff,               **STIPULATED REQUEST AND
  │                                           [PROPOSED] ORDER TO ENLARGE
19│       v.                                  TIME FOR FILING OF MOTION
  │                                           FOR ATTORNEY'S FEES**
20│ OMAR QAZI, SMICK ENTERPRISES,
  │ INC., ELON MUSK, and TESLA, INC.,         **(CIV. L.R. 7-12)**
21│
  │                  Defendants.              Judge: Hon. James Donato
22│                                           4AC Filed: August 13, 2021

23│

24│

25│

26│

27│

28│

                                          **STIPULATION AND [PROPOSED] ORDER
                                          TO ENGLARGE TIME
                                          CASE NO. 3:20-CV-03426-JD**

1    Pursuant to Civil Local Rules 6-2, 7-12, and 54-5, Defendants Omar Qazi and Smick

2  Enterprises, Inc. (together, "Qazi Defendants"), through their respective attorneys, and Plaintiff

3  Aaron Greenspan ("Plaintiff") hereby submit this stipulated request to enlarge the time set for any

4  briefing on Qazi Defendants' planned motion for attorney's fees as follows:

5    WHEREAS, on May 20, 2020, Plaintiff filed his initial Complaint (ECF No. 1) in this

6  matter;

7    WHEREAS, on July 2, 2020, Plaintiff filed his First Amended Complaint (ECF No. 20);

8    WHEREAS, on August 26, 2020, Plaintiff filed his Second Amended Complaint (ECF No.

9  70);

10    WHEREAS, on February 12, 2021, Plaintiff filed his Third Amended Complaint (ECF No.

11  103);

12    WHEREAS, on August 13, 2021, Plaintiff filed his Fourth Amended Complaint (ECF No.

13  131);

14    WHEREAS, on May 19, 2022, the Court issued its final Order and Judgment (ECF Nos. 171,

15  172) dismissing Plaintiff's federal claims with prejudice and state claims without prejudice;

16    WHEREAS, pursuant to Federal Rule of Civil Procedure 60(b), Plaintiff is permitted up to

17  one year from the date of judgment to file a motion for relief from judgment;

18    WHEREAS, pursuant to Federal Rule of Appellate Procedure 4(a)(4)(A)(vi), Plaintiff is

19  permitted 28 days from the date of judgment to file a motion for relief from judgment while

20  preserving the right to appeal while that motion is being considered;

21    WHEREAS, Plaintiff intends to file a motion for relief from judgment pursuant to Federal

22  Rule of Civil Procedure 60(b) on or before June 16, 2022;

23    WHEREAS, Plaintiff intends to file a Notice of Appeal to the United States Court of Appeals

24  for the Ninth Circuit should the aforementioned motion be denied;

25    WHEREAS, Qazi Defendants intend to file a motion asking the Court to determine that it is

26  the prevailing party and for an award of reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

27

28

1    STIPULATION AND [PROPOSED] ORDER
TO ENGLARGE TIME
CASE NO. 3:20-CV-03426-JD

1    WHEREAS, Civil Local Rule 54-5 states that: "Motions for awards of attorney's fees by the

2    Court must be served and filed within 14 days of entry of judgment by the District Court, unless

3    otherwise ordered by the Court after a stipulation to enlarge time under Civil L.R. 6-2 or a motion

4    under Civil L.R. 6-3.";

5    WHEREAS, the Parties agree that the following briefing schedule would allow the parties to

6    prepare Qazi Defendants' intended motion for attorney's fees in a way that would be most useful to

7    the Court and would also allow the parties to "meet and confer for the purpose of resolving all

8    disputed issues relating to attorney's fees" (Civil L.R. 54-5(a));

9    WHEREAS, the Parties agree that Qazi Defendants shall file their motion for attorney's fees

10    under Local Rule 54-5 no later than 14 days after the final resolution of this action by the Ninth

11    Circuit Court of Appeals;

12    WHEREAS, the Parties agree that Plaintiff shall file his opposition to Qazi Defendants'

13    motion for attorney's fees no later than 30 days after the filing of that motion;

14    WHEREAS, the Parties agree that Qazi Defendants shall file their reply brief in support of

15    their motion for attorney's fees no later than 21 days after Plaintiff files his opposition;

16    WHEREAS, the Parties agree that if any of the stipulated deadlines fall on a holiday or

17    weekend, that deadline shall be extended to the next regular Court day;

18    WHEREAS, other than setting the briefing deadlines above, nothing in this stipulation

19    waives or in any way affects any procedural or substantive argument that either Party may make in

20    relation to the issue of costs or fees in this matter.

21

22    **NOW, THEREFORE**, the parties respectfully request that the Court allow the Parties to

23    proceed in accordance with the briefing schedule described above.

24

25                                        Respectfully submitted,

26    Dated: June 1, 2022                 OMAR QAZI
                                          SMICK ENTERPRISES, INC.
27

28
                                              2          STIPULATION AND [PROPOSED] ORDER
                                                                        TO ENGLARGE TIME
                                                                  CASE NO. 3:20-CV-03426-JD

1

2      By: /s/ _DRAFT_____
           Omar Qazi

3

4      By: /s/ _DRAFT_____ _____
           Smick Enterprises, Inc.

5

6      Attorneys for Defendants Omar Qazi and Smick
       Enterprises, Inc.

7      Dated:  June 1, 2022         AARON GREENSPAN

8

9

10     By: /s/ _DRAFT_____ _____
           Aaron Greenspan

11

12     **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

13

14     Dated: _____        _____ _____

15                                    JAMES DONATO
                                      United States District Judge

16

17                **ATTESTATION PURSUANT TO GENERAL ORDER 45**

18         Pursuant to General Order 45, I attest that concurrence in the filing of the document has

19     been obtained from each of the other signatories, or from the single signatory (in the case, e.g., of a

20     declaration) which shall serve in lieu of their signature(s) on the document.

21     Dated:  June 1, 2022         By: /s/ __DRAFT _____ _____

22                                      [Attorney]

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER
TO ENGLARGE TIME
CASE NO. 3:20-CV-03426-JD