UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AARON JACOB GREENSPAN,

    Plaintiff,

v.

OMAR QAZI, et al.,

    Defendants.

Case No. 20-cv-03426-JD

**ORDER RE ATTORNEY'S FEES AND MOTION TO STRIKE**

After affording pro se plaintiff Greenspan the opportunity to file five complaints, the Court dismissed all of the federal claims against all defendants, and declined to exercise supplemental jurisdiction over state law claims of defamation and stalking. *See* Dkt Nos. 125, 171. Judgment was entered pursuant to these orders. Dkt. No. 172. The federal claims that were dismissed included copyright and securities claims against defendants Qazi and his company, Smick Enterprises, Inc. Dkt. Nos. 125, 171.

The Qazi defendants have asked for an award of attorney's fees and costs under 17 U.S.C. § 505 for the defense of the copyright claims, and as a sanction under 28 U.S.C. § 1927 for the securities claims. Dkt. No. 173. The requests are denied, and the parties will bear their own fees and costs. Greenspan's motion to strike the fees request, Dkt. No. 175, is denied as moot.

The main copyright claim involved Qazi's use of portions of Greenspan's autobiography on Twitter and other platforms. *See* Dkt. No. 125 at 17. A copyright claim was also alleged for a photograph of Greenspan. The Court concluded in a detailed analysis that the alleged conduct was non-infringing under the fair use doctrine. *Id*. at 16-20. This was because Qazi used the materials for criticism and satirical commentary, and did not usurp Greenspan's works for commercial gain.

The record does not support an award of fees and costs to Qazi for the copyright claims. "[I]t is the general rule in this country that unless Congress provides otherwise, parties are to bear their own attorney's fees." *Fogarty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994) (citation omitted). Section 505 is an instance where Congress has allowed for the award of fees to a prevailing party.

*Id*. An award is by no means automatic, but is entrusted to the Court's sound discretion. 17 U.S.C. § 505; *Fogarty*, 510 U.S. at 534. "There is no precise rule or formula" for deciding whether to award fees; several factors may be relevant, such as "frivolousness, motivation, objective unreasonableness," and the need "to advance considerations of compensation and deterrence." *Fogarty*, 510 U.S. at 534 and n.19 (cleaned up); *see also Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1180 (9th Cir. 2013). The Ninth Circuit has added considerations of the degree of success obtained, the purposes of the Copyright Act, the potential chilling effect of an award, and whether an award would be an inequitable burden on an impecunious plaintiff. *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 675 (9th Cir. 2017) (citations omitted). All of the factors are for guidance, and they are neither exclusive nor mandatory in any way. *Id*.

The successful defense of an infringement claim should not be given undue weight, as Qazi urges here. *Id.* Qazi's success must be viewed in the context of fair use, which is a complex doctrine that entails the application of multiple factors, as evidenced by the Court's analysis. Dkt. No. 125 at 16-20. While the record amply warranted a finding of fair use, this does not mean that Greenspan's copyright allegations were objectively unreasonable in the first instance. They were simply unsuccessful, which is not enough for Section 505 purposes. *See Seltzer*, 725 F.3d at 1181 ("the mere fact that [plaintiff] lost cannot establish his objective unreasonability."). Nor does the record indicate that the copyright claims were so frivolous that fee shifting would serve the ends of justice or copyright policy.

Another consideration is Greenspan's pro se status. While this in no way relieved him of the duty of properly prosecuting his claims, some allowance should be made for the fact that Greenspan was acting without legal counsel, whether by choice or necessity. For Section 505 purposes, a pro se litigant's failure to allege a plausible copyright claim is not necessarily a sign of bad faith or ill will.

It is also not at all certain that Qazi's success served the ultimate purpose of copyright law "of enriching the general public through access to creative works." *Fogarty*, 510 U.S. at 527. As the Court stated in the first dismissal order, the copyright claims arose out of an "online feud" between Greenspan and Qazi. Dkt. No. 125 at 17. Qazi made fair use of portions of Greenspan's

autobiography and a photograph for criticism and satire. These materials had no known commercial value.

In light of the totality of the circumstances in this case, the Court cannot say that an award of fees under Section 505 would serve the goals of copyright law, or the ends of justice. Consequently, the request is denied.

The request for fees as a sanction under 18 U.S.C. § 1927 is also denied. Although the statute refers to attorneys, it permits the imposition of sanctions on a pro se litigant who acts in bad faith by multiplying the proceedings in a case "unreasonably and vexatiously." *Wages v. I.R.S.*, 915 F.2d 1230, 1235-36 (9th Cir. 1990). Section 1927 requires "a finding of subjective bad faith," which may be demonstrated by making a frivolous argument knowingly or recklessly, or by pursuing a claim or argument primarily to harass an opponent. *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996); *see also Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001) ("sanctions are available if the court specifically finds bad faith or conduct tantamount to bad faith," which may include "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose.").

There is no question that this case saw an atypical volume of pleadings, and an unusually high degree of rancor and personal animosity between Greenspan and Qazi. *See* Dkt. No. 125 at 1-2. The Court filed two "civility" orders to try to moderate their conduct, without much success. *See* Dkt. Nos. 72, 102. As these orders and the record as a whole establish, no one side held a monopoly on questionable behavior. At various times in the litigation, Greenspan and Qazi each engaged in conduct that was unbecoming. In effect, the parties reached parity on a somewhat ignoble playing field. Consequently, the Court declines to make a finding of subjective bad faith against one party, or award of sanctions under Section 1927.

**IT IS SO ORDERED.**

Dated: June 13, 2022

JAMES DONATO
United States District Judge

3