**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com

Attorneys for Defendants Omar Qazi
and Smick Enterprises, Inc.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **AARON GREENSPAN**, <br><br> Plaintiff, <br><br> v. <br><br> **OMAR QAZI**, et al., <br><br> Defendants. | Case No. 3:20-cv-03426-JD <br><br> **DEFENDANTS OMAR QAZI AND SMICK ENTERPRISES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)** <br><br> Time: 10:00 a.m. <br> Date: July 21, 2022 <br> Before: The Hon. James Donato <br> Ctrm.: 11, 19th Floor |

Defendants Omar Qazi ("Qazi") and Smick Enterprises, Inc. (collectively, the "Smick Defendants") hereby oppose Plaintiff Aaron Greenspan ("Greenspan")'s Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b).

## STATEMENT OF ISSUES

Whether the Court should grant Greenspan relief from its May 19, 2022 judgment [D.E. 171-172] as to his claims against the Smick Defendants.

## BACKGROUND

Greenspan filed his Complaint in this case on May 20, 2020, alleging various federal and state law claims against Elon Musk, Tesla, Inc. (collectively, the "Tesla Defendants"), and the Smick Defendants. [D.E. 1.] Greenspan subsequently filed a First [D.E. 20], Second [D.E. 70], and Third [D.E. 103] Amended Complaint. On June 23, 2021, the Court dismissed Greenspan's claims with leave to amend. [D.E. 125.] Greenspan subsequently filed his Fourth Amended Complaint on August 13, 2021. [D.E. 131.] On May 19, 2022, the Court dismissed Greenspan's federal claims with prejudice (and his state law claims without prejudice) [D.E. 171] and entered judgment that same day. [D.E. 172.]

In his Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b) (the "Motion"), Greenspan seeks relief from the Court's dismissal as to all claims, against all Defendants. As relates to the Smick Defendants, Greenspan argues the following:

- New evidence shows that Qazi praised Tesla on Twitter while repeatedly taking his own vehicle in for servicing. [D.E. 178 at 11:5-19.];

- On September 19, 2021, a third party posted a YouTube video with Qazi in which the third party stated, "Tesla doesn't want us sharing all of the clips of the videos, um, just like when it looks good, because they know people take it out of context." Greenspan argues that this third-party statement contradicts the Court's finding that Greenspan failed to plead that Qazi acted as the agent of the Tesla Defendants. [D.E. 178 at 11:25-28.];

- The Smick Defendants and their counsel allegedly misled the Court that Qazi was not the agent of the Tesla Defendants. [D.E. 178 at 12:8-14.];

- The Court allegedly failed to consider the allegations contained in Greenspan's Fourth Amended Complaint, which allegations compelled an opposite ruling. [D.E. 178 at 12:16-14:3.]; and

Case No. 3:20-cv-03426-JD     1     **SMICK DEFENDANTS' OPP TO MOTION FOR RELIEF FROM JUDGMENT**

- Judge Donato did not recuse himself from the case despite his spouse's interest. [D.E. 14:16-15:20].

The remainder of Greenspan's Motion relates solely to his claims against the Tesla Defendants.

## ARGUMENT

Greenspan seeks relief from dismissal of his claims pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. This rule permits a court to relieve a party from a final judgment under certain narrow, specifically enumerated circumstances: mistake, newly discovered evidence, fraud or misconduct by an opposing party, the fact that the judgment is void, the fact that the judgment has already been satisfied, or for any other reason that justifies relief. *See* Fed. R. Civ. P. Rule 60(b)(1)–(6). The last and broadest of these bases should be used only in "extraordinary circumstances." *U.S. v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). "Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, are not grounds for relief under Rule 60(b)." *Lenk v. Monolithic Power Systems, Inc.*, 2017 WL 4025559 at *5 (N.D. Cal. Sep. 13, 2017) (citing *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981)).

**A.  Greenspan's supposedly new evidence does not reflect an agency relationship.**

Greenspan argues that newly discovered evidence reflects an agency relationship between Qazi and the Tesla Defendants. [D.E. 178 at 11:25-12:6.]

To warrant relief under Rule 60(b) based on newly discovered information, Greenspan must show that the newly discovered evidence existed at the time of the Court's ruling, could not have been discovered through due diligence, and was "of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990). Evidence which was "in the possession of the party before the judgment was rendered is not newly discovered." *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (denying relief where the movant's attorneys had received information eight days before judgment was entered).

Greenspan argues for relief under Rule 60(b) because: (a) Qazi's Tesla vehicle allegedly required servicing; and (b) a third party's YouTube comments suggest that Qazi was unable to

speak freely about his thoughts on his Tesla vehicle. Greenspan argues that this evidence shows that Qazi was the Tesla Defendants' agent. [D.E. 178 at 11:25-12:6.]

Greenspan's argument fails for two reasons. First, in his Fourth Amended Complaint, Greenspan alleged that Qazi had signed a written contract that restricted his discussions with the media about Tesla's beta software. [D.E. 131 at 151(f).] Thus, Greenspan's evidence of alleged restrictions on Qazi's ability to share discussions about Tesla is not new.

Second, the evidence of such restrictions does not show or even reflect an agency relationship between Qazi and the Tesla Defendants. "In California, the law indulges no presumption that an agency exists but instead presumes that a person is acting for himself and not as agent for another." *Davenport v. Litton Loan Servicing, LP*, 725 F. Supp. 2d 862, 882-83 (N.D. Cal. 2010) (*Walsh v. Am. Trust,* 7 Cal. App. 2d 654, 659) (internal quotations and brackets omitted)). Greenspan's evidence reflects neither the Tesla Defendants' right to control and direct the activities of Qazi in rendering services nor the Tesla Defendants' conduct in allowing third parties to believe that Qazi was their agent. *See id.* (discussing actual and ostensible agencies).

In summary, Greenspan's evidence of Tesla's EAP contract is neither new nor material to the existence of an agency relationship between Qazi and the Tesla Defendants.

**B.  Greenspan's fraud argument fails when the Court analyzed only the sufficiency of Greenspan's own allegations.**

Greenspan next seeks relief under Rule 60(b)(3), claiming alleged fraud. "To prevail under [Rule 60(b)(3)], the moving party must establish that a judgment was obtained by fraud, misrepresentation, or misconduct, and that the conduct complained of prevented the moving party from fully and fairly presenting the case." *In re M/V Peacock on Complaint of Edwards*, 809 F.2d 1403, 1405 (9th Cir. 1987). "The rule is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Id.*

Greenspan argues that the "Qazi Defendants lied to and misled the Court at least about the fact that Defendant Qazi is Defendant Tesla's agent." [D.E. 178 at 12:13-14.] However, in resolving the motion to dismiss Greenspan's Fourth Amended Complaint, the Court looked solely to the sufficiency of Greenspan's own allegations, not to any of the Smick Defendants' factual

claims. Thus, the judgment was not based on the alleged fraud, but solely on Greenspan's deficient pleading.

**C.  Greenspan's new argument regarding recusal does not identify any plausible way in which Judge Donato's spouse's interest could have been substantially affected.**

Finally, Greenspan argues that he is entitled to relief based on errors of law: namely, Greenspan claims that the Court erred both in dismissing his claims and in failing to grant his request for recusal. However, Rule 60 is "not intended to be resorted to as an alternative to review by appeal, nor as a means of enlarging by indirection the time for appeal except in compelling circumstances where justice requires that course." *Perrin v. Aluminum Co. of America*, 197 F.2d 254, 255 (9th Cir. 1952). Likewise, "[a] motion for relief from judgment is not an appeal or an otherwise proper vehicle to relitigate the underlying claims at issue." *Lenk*, 2017 WL 4025559 at *6 (denying a request for Rule 60 relief where the pro se plaintiff argued the court had made an "oversight" in failing to consider certain of the plaintiff's positions). To the extent Greenspan argues that the Court erred in applying the law, his request for Rule 60 relief should be denied.

Greenspan's only novel argument for recusal focuses on the occupation of Judge Donato's spouse.[1] However, Greenspan still fails to raise any basis warranting recusal. Of the enumerated spousal interests that possibly warrant recusal, only two have arguable relevance: first, a judge should recuse themselves if their spouse "is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding" (28 U.S.C. 455(b)(5)(iii)); and second, a judge should recuse themselves if they know their spouse "has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. 455(b)(4).

Greenspan fails to explain how Judge Donato's spouse's interest in placing job candidates could be "substantially affected" by the Court's rulings in this case. This case is similar to *Perry v. Schwarzennegger*, in which Judge Reinhart declined to recuse himself due to his spouse's role as Executive Director of the American Civil Liberties Union in a case involving the legality of

---

[1] It is unclear from Greenspan's Motion why he failed to raise this argument in his previously filed request for recusal.

Proposition 8. 630 F.3d 909, 909 (9th Cir. 2011). There, as here, the judge's spouse's interest was far too removed from the case, even where the ACLU had participated in the proceedings in the lower court. *See id.* at 914-15. Recusal was not required here, nor was it appropriate for Greenspan to raise these arguments only now, after his federal claims have been dismissed with prejudice.

## CONCLUSION

For the above-stated reasons and others, the Smick Defendants request that the Court deny Greenspan's Motion.

Respectfully Submitted,

DATED: June 29, 2022

**KRONENBERGER ROSENFELD, LLP**

By:      s/ Karl S. Kronenberger
              Karl S. Kronenberger

Attorneys for Defendants Omar Qazi and Smick Enterprises, Inc.