UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON JACOB GREENSPAN,<br><br>Plaintiff,<br><br>v.<br><br>OMAR QAZI, et al.,<br><br>Defendants. | Case No. 20-cv-03426-JD<br><br>**ORDER RE RULE 60(B) MOTION**<br><br>Re: Dkt. No. 178 |

Pro se plaintiff Aaron Greenspan asks for relief from judgment under Federal Rule of Civil Procedure 60(b). Dkt. No. 178; *see also* Dkt. No. 172 (judgment). The parties' familiarity with the record, including the Court's several orders, is assumed. Relief from judgment is denied.

As the Supreme Court recently stated:

> Federal Rule of Civil Procedure 60(b) permits "a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). Under Rule 60(b)(1), a party may seek relief based on "mistake, inadvertence, surprise, or excusable neglect." Rules 60(b)(2) through (b)(5) supply other grounds for reopening a judgment. Finally, Rule 60(b)(6) provides a catchall for "any other reason that justifies relief." This last option is available only when Rules 60(b)(1) through (b)(5) are inapplicable. *See Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, n.11, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). Even then, "'extraordinary circumstances'" must justify reopening. *Ibid.*

*Kemp v. United States*, ___ U.S. ___, 142 S.Ct. 1856 (2022).[1] Greenspan appears to invoke all 6 provisions of Rule 60(b), but the main thrust is about "newly discovered evidence" relating to the SEC allegations against the Tesla defendants, and "errors" by the Court.

---

[1] *Kemp* was decided on June 13, 2022, and does not have page citations available at this time.

Nothing in the motion warrants reconsideration of the judgment or the reasons leading up to it. Most of the motion simply rehashes Greenspan's prior unsuccessful arguments, and emphasizes his disagreement with the Court's findings and conclusions. These are not good grounds for reconsideration under Rule 60(b). *See Amer. Ironworks & Erectors, Inc., v. N. Amer. Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001). The "new evidence" Greenspan says he has acquired from the SEC and other sources is essentially more of the same that was found wanting in the Court's orders of dismissal, *see* Dkt. No. 125 (first order) and Dkt. No. 171 (second order), and does not materially improve the pleading shortfalls in the complaints. Greenspan's passing comment that he was "denied" due process, Dkt. No. 178 at 12, is belied by the ECF docket, which demonstrates that he was given five opportunities over a period of two years to plausibly allege a claim, and other accommodations in light of his pro se status. *See* Dkt. No. 171 at 2.

Greenspan's effort to revisit recusal is equally unavailing. Greenspan filed a recusal request after the Court dismissed his complaint with leave to amend. The Court denied the request on the merits, namely that an old law firm affiliation which ended many years ago, well before this case started and the Court dismissed Greenspan's complaint, was not a circumstance that would cause any reasonable person to question the Court's impartiality. *See* Dkt. No. 130. Greenspan's comment about alleged financial ties between "the Donato household" and defense counsel, Dkt. No. 178 at 15, is unfounded conjecture. The Court has written extensively on the standards of recusal, *see Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, 257 F. Supp. 3d 1084 (N.D. Cal. 2017); *Sanai v. Kozinski*, Case No. 19-cv-08162-YGR (JD), 2021 WL 2273982, (N.D. Cal. May 24, 2021), and incorporates that discussion here. No reasonable person with knowledge of all the facts would conclude that the Court's impartiality might reasonably be questioned on the basis of Greenspan's speculation. *See Nat'l Abortion Fed'n*, 257 F. Supp. 3d at 1089 (citation omitted).

**IT IS SO ORDERED.**

Dated: June 30, 2022

_____
JAMES DONATO
United States District Judge

2